# Steven B. Jacobson
## Attorney at Law
### A Limited Liability Law Company

E-MAIL:
SJACOBSON.LAW@VERIZON.NET

June 10, 2004

<u>VIA FAX (536-4977), E-MAIL AND U.S. MAIL</u>

Gisela Iglesias, Esq.
Lance S. Fujisaki, Esq.
Neeley & Anderson LLP
733 Bishop Street, Suite 2301
Honolulu, HI 96813

     Re: <u>Grande v. Na Pali Haweo Community Association</u>

Dear Counsel:

     This is in response to your letter concerning Mr. Anthony Grande and Mrs. Narindar Grande, dated June 7, 2004, and sent on purported behalf of Na Pali Haweo Community Association.

     The allegations in the letter are rejected and denied. It is Mr. and Mrs. Grande who have claims against the Association, and individuals who are acting and/or failing to act in its name, for violation of the duties and obligations they owe to Mr. and Mrs. Grande and wrongful interference with Mr. and Mrs. Grande's rights as Association members and property owners.

     Given the delays and the intransigence they have been experiencing, and since direct discussions do not appear to be a viable option, Mr. and Mrs. Grande are willing to mediate their claims and the Association's allegations before The Mediation Center of the Pacific. However, the mediation must take place within a reasonable time, the Association must be willing to mediate expeditiously and in good faith, and any other conditions must be reasonable.

     Mr. and Mrs. Grande are not interested in a "mediation" which is just another delaying tactic or just another way for the Association to waste their time and resources. They have just had to wait for over six months, for the Association's Board to make a so-called "decision" on the *de minimus* setback question, and the Board's "decision" was to refuse to make a decision.

     As for the conditions proposed in your letter, the request that "unapproved and unauthorized construction immediately cease" and the reference to "construction of non-compliant items" are ambiguous under the circumstances, since your apparent reference is to steps to secure the existing structure and/or to protect the existing structure from the elements and/or

EXHIBIT "Y"

Gisela Inglesias, Esq.
June 10, 2004
Page Two

to remove potentially hazardous conditions and/or to things previously approved. Also, it is unclear, given your letter's allegations, whether the scope of your reference to alleged "construction" includes landscaping in accordance within already-approved plans. Landscaping should not be considered "construction."

In addition, the proposed condition requiring a Court ruling on a proposed motion for a temporary restraining order needs to be revised to include some kind of time limit. The Association and those acting/omitting to act on its behalf could prevent a decision from ever being rendered on such a motion, by not filing one, by not proceeding to act on any such motion, or by other acts or omissions to act. Here again, we are recalling the delays Mr. and Mrs. Grande have experienced already. It appears that the only times the Association wants to act quickly are when the heart condition of Mr. and Mrs. Grande's architect precludes him from working, or when Mr. and Mrs. Grande are out of the country.

Please let me know if you have any questions about any of the above. Also, please provide me with a copy of the Association's original approval of Mr. and Mrs. Grande's plans. The original became weathered.

Sincerely yours,

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

Steven B. Jacobson