Joyce Y. Neeley
M. Anne Anderson
Philip L. Lahne
Gisela Iglesias
Lance S. Fujisaki

Robin Miller
Janiffer Loder

**Neeley & Anderson LLP**
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813

Telephone
(808) 536-8177
Facsimile
(808) 536-4977
E-mail
nanda@lava.net

June 23, 2004

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Email: sjacobson.law@verizon.net
and U.S. Mail

Re: <u>Na Pali Haweo Community Association v. Anthony Charles Grande, et al.</u>, Civil No. 04-1-1008-06 (GWBC)

Dear Mr. Jacobson:

Your June 10, 2004, letter fails to adequately respond only to our June 7, 2004, letter. Our letter stated that the Association would be amenable to mediation only if the following conditions were met:

> (1) the unapproved and unauthorized construction immediately cease; and (2) your clients provide written confirmation that they will cease and desist construction of all non-compliant items on this property, as set forth in the Complaint, while this matter is mediated and, if mediation fails, until the Court renders a ruling on the Association's Motion for Temporary Restraining Order.

You have failed to provide any assurances that the Grandes have ceased construction of non-compliant items and that the Grandes will agree to cease such construction in the future as requested in our letter.[1] In fact, we have been advised that they are continuing with unauthorized, unapproved and non-compliant construction. Unless and until the Association receives assurances that the

---

[1] We do not believe there is any ambiguity with respect to the Association's demand that the Grandes' cease all "unapproved and unauthorized construction" and "construction of non-compliant items." However, if you have any questions regarding these terms, please advise as to which terms you do not understand. If you believe steps are required to "secure the existing structure and/or to protect the existing structure from the elements and/or to remove potentially hazardous conditions," please advise what steps the Grandes are proposing to take. We will pass this information to the Board and ARC for their consideration and approval. While the Grandes are responsible for maintaining safety on their property, they are not authorized to proceed with construction on non-compliant items.

EXHIBIT "Z"

Steven B. Jacobson, Esq.
June 23, 2004
Page 2

construction will cease, the Association cannot agree to mediate. However, once these conditions are met, the Association will agree to "mediate expeditiously and in good faith."

With regard to your concerns about the time frame for filing a Motion for Temporary Restraining Order ("Motion") if mediation fails, the Association will agree to file the Motion as soon as possible following mediation and have the Motion heard on the earliest available date in accordance with Court rules and procedures.

The Association disputes that the Grandes have meritorious "claims against the Association, and individuals who are acting and/or failing to act in its name, for violation of the duties and obligations they owe to Mr. and Mrs. Grande and wrongful interference with Mr. and Mrs. Grande's rights as Association members and property owners." The Board of Directors and ARC discharged their duties in this matter appropriately and with due care and the "delays and the intransigence" in this matter are attributable to the Grandes, not the Association. Since January 28, 2004, the ARC has requested that the Grandes submit plans, specifications and other information to resolve the outstanding violations of the governing documents, including, among other things, documentation to correct violations of Article III, Section 3.2.1(d) of the Na Pali Haweo Design Guidelines regarding construction of improvements which protrude beyond the "Building Envelope." The Grandes failed to provide the requested documentation. As the building envelope issue is closely intertwined with the 20 foot setback encroachment, the requested documentation would have allowed the Board to render a decision on the setback encroachment issue. As the Grandes have failed to comply with the Association's requests, the Grandes are simply in no position to question the Board's handling of this matter. Moreover, the Grandes should understand that the Board <u>denied</u> their request for a variance. Your letter incorrectly states that the "Board's 'decision' was to refuse to make a decision." This is completely false.

To the extent that landscaping plans have been approved, the Grandes are not precluded from proceeding with landscaping in accordance with plans approved by the ARC, except to the extent that said landscaping affects any unauthorized, unapproved and/or non-compliant additions and/or improvements. Should modifications be required to the landscaping due to remedial work on any unauthorized, unapproved and/or non-compliant additions and/or improvements, the Grandes will be required to make such modifications in accordance with plans and specifications to be approved by the ARC.

With respect to Mr. and Ms. Grande's request for a copy of the originally approved plans, please be advised that they may contact Mr. Jeff Kloetzel of Hawaiiana Management Co., Inc. at (808) 593-9100 to obtain a copy.

Steven B. Jacobson, Esq.
June 23, 2004
Page 3

In summary, the Association has provided the Grandes with numerous opportunities to resolve this matter which they have ignored, thus, necessitating the filing of the instant litigation against them. Unless you confirm in writing within 24 hours that Mr. and Ms. Grande will comply with the conditions of this letter, which we believe are entirely reasonable, mediation will be fruitless, litigation will be inevitable, and the legal fees and costs for which your clients are liable will increase dramatically.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Gisela Iglesias
Lance S. Fujisaki

GI:LSF:ak/etb

cc: Client

X:\NaPaliHaweo\Grande\Jacobson Ltr2-fnl.wpd