ORIGINAL

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON      4117-0
 (sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI  96824-0761
Telephone:  (808) 377-1814
Facsimile:  (808) 377-1814

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 01 2006

at ___ o'clock and ___ min ___M
SUE BEITIA, CLERK

Attorneys for Defendants Anthony Charles
Grande and Narindar Kaur Grande

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs, | CIVIL NO. CV04-00413-DAE LEK<br><br>NOTICE OF MOTION; EX PARTE MOTION OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS ANTHONY GRANDE AND NARINDAR GRANDE FOR THIRTY DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND DOCUMENT PRODUCTION REQUEST; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF STEVEN B. JACOBSON; EXHIBITS 1-5; CERTIFICATE OF SERVICE |

v.

NA PALI HAWAO COMMUNITY
ASSOCIATION; RONALD K.
AWA; and DOES 1-25,

      Counterclaim Defendants.

## NOTICE OF MOTION

TO:   JOYCE Y. NEELEY, ESQ.
       LANCE S. FUJISAKI, ESQ.
       Neeley & Anderson LLP
       733 Bishop Street, Suite 2301
       Honolulu, Hawai'i 96813

       Attorneys for Plaintiff and Counterclaim Defendant
       Na Pali Haweo Community Association

       JOHN D. ZALEWSKI, ESQ.
       Case, Bigelow & Lombardi
       737 Bishop Street, Suite 2600
       Honolulu, HI 96813

       Attorneys for Plaintiff and Counterclaim Defendants
       Na Pali Haweo Community Association and Ronald K. Awa

     PLEASE TAKE NOTICE that the following ex parte motion has been lodged with the Court.

     DATED: Honolulu, Hawai'i, May 1, 2006.

                                STEVEN B. JACOBSON
                                Attorney at Law
                                A Limited Liability Law Company

                                STEVEN B. JACOBSON
                                Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>　　　　Defendants.<br><br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　　　Counterclaim Plaintiffs,<br><br>　　v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>　　　　Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>EX PARTE MOTION OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS ANTHONY GRANDE AND NARINDAR GRANDE FOR THIRTY DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND DOCUMENT PRODUCTION REQUEST |

### EX PARTE MOTION OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS ANTHONY GRANDE AND NARINDAR GRANDE FOR THIRTY DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND DOCUMENT PRODUCTION REQUEST

Defendants and Counterclaim Plaintiffs Anthony Grande and Narindar Grande (collectively "Grandes") hereby move for a thirty day extension of time, from Monday, May 1, 2006, to Wednesday, May 31, 2006, to respond to (1) Plaintiff's First Request for Answers to Interrogatories to Defendant Narindar Kaur Grande, (2) Plaintiff's First Request for Answers to Interrogatories to Defendant Anthony Charles Grande, and (3) Plaintiff's Request for Production of Documents and Things to Defendants Anthony Charles Grande and Narindar Kaur Grande.

Grandes' counsel has asked counsel for the plaintiff Association to stipulate to an extension, but an agreed-upon extension appears unlikely. The Association's counsel has indicated that it will only agree to a short and inadequate extension, and only under unacceptable conditions. In return for a brief two-week extension, the Association wants the Grandes to agree (1) that the Association never needs to make its Initial Disclosures required by FRCP Rule 26(a)(1) – which were due a year and a half ago –; (2) that the Association does not need to provide the Grandes with discovery responses until after the hearing on the Association's pending summary judgment

motion, which is set for June 26, 2006; and (3) that the Association need not provide its expert witness disclosures until after the hearing on its summary judgment motion. In essence, the Association wants the Grandes to agree to defend against its summary judgment motion without the benefit of any discovery.

This motion is made pursuant to FRCP Rules 6(b), 33(b)(3) and 34(b) and Local Rule 6.2(b), and is based upon the attached Memorandum, Declaration and Exhibits, and the records and files herein. No previous extensions to respond to said discovery requests have been sought or granted.

DATED: Honolulu, Hawai'i, May 1, 2006.

> STEVEN B. JACOBSON
> Attorney at Law
> A Limited Liability Law Company
>
> _____
> STEVEN B. JACOBSON
> Attorneys for Defendants