IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>      Defendants.<br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>      Counterclaim Plaintiffs,<br><br>  v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>      Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

This motion seeks a thirty-day extension of the date by which Mr. and Mrs. Grande must respond to comprehensive interrogatories and a comprehensive document production request served on behalf of the plaintiff Association. Copies of the Association's requests are attached as Exhibits 3-5. The Association's requests seek every fact and every document supporting the Grandes' defenses to the Association's allegations.

The Association's requests were served by mail on March 30, 2006. Then on April 12, 2006 – way before the responses to its discovery were due – the Association filed and served a summary judgment motion, which is set for hearing on June 26, 2006.

The Grandes are seeking a thirty-day extension to respond to the Association's requests because they need that much additional time to properly respond. Mrs. Grande's slightly-older sister unanticipatedly died in Singapore in April, so she and Mr. Grande have been out of the country, and literally half-way around the world from their home in Florida – unable to work on preparation of the responses, distracted, and emotionally drained. Their counsel has had other pressing business requiring short-notice discovery and the preparation and filing of exhaustive memoranda and other documents in other matters in the District Court. He also has an appellants'

7

brief and massive record excerpts due in the Ninth Circuit – on a final extension – on May 17, 2006. (See the attached Declaration).

The requested extension will not prejudice the Association. Because new matters cannot be presented in the Association's reply memo in support of its summary judgment motion, it appears, in context, that the Association's requests are primarily an attempt to obtain an "early look" at Grandes' opposition to summary judgment due June 8, 2006.

The Association must have had sufficient information, in its view, to move for summary judgment without the discovery responses – or it would have waited to file its summary judgment motion until after it had seen them.

Moreover, the Association itself has been in default of its formal discovery obligations for more than a year. Under paragraph 9 of the Court's Order of October 6, 2004, the Association's Initial Disclosures under FRCP Rule 26(a)(1) were due in early December 2004. See the Report of Parties Planning Meeting, filed September 17, 2004. But the Association has not yet made its Initial Disclosures, and it is now May 2006.

Indeed, the Association is attempting to use its current discovery requests as leverage to deny the Grandes *any* discovery prior to the hearing on the Association's summary judgment motion.

8

When Grandes' counsel asked counsel for the plaintiff Association to stipulate to an extension to respond, the Association's counsel responded that it would only agree to an extension of two weeks, and only if the Grandes agreed (1) that the Association never needs to make its Initial Disclosures required by FRCP Rule 26(a)(1); (2) that the Association does not need to provide the Grandes with responses to their about-to-be-served discovery responses until after the hearing on the Association's summary judgment motion; and (3) that the Association need not provide its expert witness disclosures until after the hearing on its summary judgment motion. (Declaration, *infra*; Ex. 1-2)

WHEREFORE the requested extension to May 31, 2006, which would still give the Association an eight-day "early look" at Grandes' summary judgment reply, should be granted.

DATED: Honolulu, Hawai'i, May 1, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Defendants