IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>    Defendants.<br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>    Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>DECLARATION OF STEVEN B. JACOBSON |

10

## DECLARATION OF STEVEN B. JACOBSON

Steven B. Jacobson declares as follows:

1.    I am counsel of record for Mr. and Mrs. Grande in this action. I have personal knowledge of the facts in this Declaration.

2.    Exhibits 1 and 2 hereto are true and correct copies of my emails with Mr. Fujisaki concerning the Grandes' request for an extension of time to respond to the Association's discovery requests. Mr. Fujisaki's item 5, in Exhibit 2, refers to the Association's request for a waiver of FRCP Rule 26(a)(1) obligations. Mr. Fujisaki has not responded to my replies of April 28, 2006, in any way – either by email or by telephone.

3.    My April was largely taken up with discovery, witness interviews, document location and analysis, and other preparation of the opposition to class certification and related documents filed in this Court's Civil No. 05-00303 JMS KSC, *Yokoyama et al. v. Midland National Life Insurance Co.*, on April 27, 2006. In addition, I largely prepared the oppositions to summary and default judgment in *Stanley v. Sears Roebuck et al.*, Civil No. 05-00716 ACK LEK, also filed on April 27, 2006, as well as the forthcoming reply in support of the defendants' motion to dismiss.

4.    Amidst all that, Mr. and Mrs. Grande called to advise me that her sister, two or three years older than Mrs. Grande, had unexpectedly

11

died in Singapore, and that they were having to leave their Florida home to fly there for the funeral and necessary post-funeral family conferences and arrangement-making. As a result of being out of the country, grieving, and making family arrangements, they have not been able to address the discovery requests.

5. Because of the press of my April business, I have had to obtain a final extension from the Ninth Circuit for the filing of the opening brief and excerpts of record in *Morgan v. Chicago Title Insurance Company*, Ninth Circuit No. 05-17145, on second appeal from this Court's Civil No. 00-00145 BMK. The opening brief and excerpts are now due on Wednesday, May 17, 2006, and I am not available to do much work on anything else until then. That appeal involves a trial with in excess of 200 exhibits, as well as over 200 docketed filings.

6. For the Court's information, the bubble skylights on the Grandes' house have been replaced with flat non-opening ones, the vents on the roof moved to where the Association wanted them, the metal painted, the air conditioner fenced, and the two light fixtures' direction changed so the bulbs don't show – despite delays resulting from this winter's rains, and all before the filing of the Association's summary judgment motion. Plans showing the as-built items the Association wanted as-built plans showing

(the items *not* alleged to be Design violations) have been provided to the Association's Review Committee. The submitted plans also include a lowering of the front wall to the height the Association wanted, for which approval has been requested (no response from the ARC yet). Consequently, the only truly open items remaining appear to be the "building envelope" question (alleged height and street encroachment) and the "storage space" question.

7.	This ex parte motion is being served by first-class mail, rather than hand-delivery, because it is now evening and the offices of opposing counsel are closed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of May, 2006, at Honolulu, Hawaii.

_____
STEVEN B. JACOBSON

13