NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY          (3134-O)
LANCE S. FUJISAKI        (4224-O)
SCOTT R. GRIGSBY         (6673-O)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Tel. No. (808) 536-8177
X:\NaPaliHaweo\Grande\RPOD1-fnl.wpd

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation, | ) ) ) ) | CIVIL NO. CV04-00413-DAE LEK (Injunctive Relief) |
| Plaintiff, | ) ) ) | PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S |
| vs. | ) ) ) | REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS ANTHONY CHARLES |
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) | GRANDE AND NARINDAR KAUR GRANDE;  EXHIBIT "A" |
| Defendants. | ) ) ) ) ) | |
| _____ | ) | |

EX HIBIT 3

PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION`S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS ANTHONY CHARLES GRANDE AND NARINDAR KAUR GRANDE

TO:      STEVEN B. JACOBSON, ESQ..
         Post Office Box 240761
         Honolulu, Hawai`i 96824-0761
              Attorney for Defendants
              ANTHONY CHARLES GRANDE
              And NARINDAR KAUR GRANDE

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.2 of the Local Rules of Practice for the United States District Court for the District of Hawai`i, Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("Association"), by and through its attorneys, NEELEY & ANDERSON LLP A Limited Liability Law Partnership, hereby request the Defendants    ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE ("Defendants"), permit the Association to examine, inspect and/or copy each of the documents and other things in the possession, custody, or control of the Defendants or their agents, attorneys, representatives, partners, joint venturers, trustees, receivers, trustees in bankruptcy, experts, consultants or related persons and/or entities as specified in Exhibit "A" attached hereto, at the offices of NEELEY & ANDERSON LLP A Limited Liability Law Partnership, or at some other convenient location mutually agreed upon by the parties, within thirty (30) days of receipt of this Request.

PLEASE TAKE FURTHER NOTICE that Defendants are required by Rule 34 to file a written response hereto within thirty (30) days after service of this Request and that failure to respond or to produce the documents or items requested will be grounds for a motion to compel production of documents pursuant to the provisions of Rule 37 of the Federal Rules of Civil Procedure.

IT IS FURTHER REQUESTED that, if possible, Defendants produce the documents according to the numbered paragraphs of this Request for Production of Documents and Things.

This Request for Production of Documents and Things EXCLUDES documents and/or communications which are privileged or are not otherwise subject to discovery, like attorney-client confidential communications.

It is requested, however, that the Defendants IDENTIFY, as hereinafter defined, any documents and/or communications responsive to this Request for Production but withheld on the grounds of attorney-client privilege or on any other grounds. It is also requested that Defendants state the grounds for their being withheld, and sufficient information to fairly and adequately apprise the Association, the grounds for being withheld, and whether the basis for withholding of the documents has been waived by Defendants, pursuant to Local Rule 26.2(d).

## DEFINITIONS

As used in this Request for Production of Documents and Things, the following words and/or phrases shall have the following meanings (unless otherwise indicated):

1.  The term "document" or "documents and other things" as used herein shall mean and include each and every item and thing described below which are in the possession, custody or control of the Defendants:

(a)    The original and all copies of any and all communications;

(b)    Any and all writings of any kind or type whatsoever;

(c)    Any and all tangible things or items, whether handwritten, typed, printed, faxed, tape recorded, electronic recordings, video-tape recorded, visually reproduced, stenographically reproduced or reproduced in any other manner;

(d)    Any and all microtape, microfilm, photographs, movies, records, recordings, tape recordings and video-tape recordings, stenographically or otherwise reproduced;

(e)    Any and all diaries and appointment books;

(f)    Any and all cables, wires, e-mail, memoranda, reports, notes, minutes and inter-office communications;

(g)    Any and all letters and correspondence;

(h)    Any and all financial statements, balance sheets, profit and loss statements, statements of financial condition, income tax returns, worksheets, reports, projections, schedules, ledgers, books, records, and journals;

(i)    Any and all investigations, summary or analysis reports;

(j)    Any and all files and records;

(k)     Any and all notes, summary or writings or conferences, meetings, discussions, interviews, or telephone conversations or messages;

(l)     Any and all writings relating or involving calculations or mathematical computations;

(m)     Any and all drafts or draft copies of any of the above;

(n)     Any and all amendments or changes to any of the above;

(o)     Any and all writings, communications (including oral, visual or written) or things which the party upon whom this request is served intends to or may use in connection with any discovery, hearing, pleading or trial of the subject lawsuit.

2.     The terms "Defendants", "you" and "your" mean Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE and all other persons or entities acting or purporting to act on behalf thereof, including, without limitation, their attorneys, representatives, investigators, and/or agents.

3.     The term "person" includes any natural person or persons, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, other unincorporated business entities or associations and any and all other legal entities.

4.     The word "identify", when used in reference to any document or tangible evidence, means to state, as applicable, the title, date, author, addressee and/or persons who received copies and general subject matter of the document, and the common name and identifying number of any object, together with the name and address of the current custodians of each and every copy of the document or object. If a document and all copies thereof are no longer in existence, the document must nevertheless be identified and the circumstances under which it was lost or destroyed stated in detail.

5.     The term "communications" shall mean and include meetings, discussions, negotiations, conversations, interviews, statements, correspondence, telegrams, telephone conversations, whether written, oral or otherwise.

6.     The term "Association" shall mean Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION and its directors, officers, agents, employees, attorneys, consultants, experts, investigators, and representatives, and all other persons acting or purporting to act on its behalf.

- 4 -

7.    The term "subject lawsuit" shall mean <u>Na Pali Haweo Community Association, vs. Anthony Charles Grande, et al.</u>; Civil CV04-00413-DAE-LEK filed in the United States District Court for the District of Hawai'i.

8.    The term "Complaint" shall mean that certain document entitled "Complaint," filed in the subject lawsuit.

9.    The term "Answer" shall mean that section of the "Answer and Counterclaim; Certificate of Service," filed in the subject lawsuit.

10.    The term "Declaration" shall mean the Declaration of Covenants, Conditions, and Restrictions of Na Pali Haweo Subdivision ("Declaration") recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 91-049173 on April 18, 1991.

11.    The term "Governing Documents" shall mean the "Declaration" and the Na Pali Haweo Design Guidelines, collectively.

12.    The term "Dwelling" shall mean and include the dwelling located at 1251 Kamehame Drive, Honolulu, Hawai'i, Lot No. 49 (Kamehame Ridge Subdivision, Unit II-Phase II-A shown on File Plan Number 2028), Maunalua, Honolulu, Hawai'i 96825.

DATED:  Honolulu, Hawai'i, _____MAR 3 0 2006_____.


_____
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

- 5 -

EXHIBIT "A"

1.    Documents regarding the Dwelling which Defendants received at or about the time they purchased the Dwelling, including but not limited to escrow documents, sales brochures, correspondence, title reports, disclosure statements, the Governing Documents, documents referring to the Governing Documents, rules and regulations regarding use of the Dwelling, closing statements and notes.

2.    Documents which support or relate to statements made by any director, officer or agent of the Association and/or their representatives which support or relate to any claim or defense asserted in this action.

3.    Documents which support or relate to Defendants' defense of failure to state a claim upon which relief can be granted.

4.    Documents which support or relate to Defendants' defenses of consent, waiver, estoppel, laches, license, the statute of frauds, and breaches of the Governing Documents and the implied covenant of good faith and fair dealing.

5.    Documents which support or relate to studies, surveys or compilations of information relating to the claims and/or defenses asserted in the subject lawsuit, including, without limitation, Defendants' compliance with the Governing Documents.

6.    Documents which support or relate to any investigation conducted by or on behalf of Defendants regarding the claims and/or defenses asserted in the subject lawsuit.

7.    Documents regarding Defendants' ownership of any interest in real estate subject to restrictive covenants (other than the Dwelling), including without limitation declarations of covenants, conditions and/or restrictions; condominium declarations; condominium association by-laws; rules and regulations; and documents relating to the enforcement of the above documents against Defendants.

8.    Documents which are referenced in your response to, or which you reviewed or relied upon in responding to, the Association's requests for answers to interrogatories to Defendants in the subject lawsuit.

9.    Any and all documents shown to your expert or consultant, if any, and relied upon by the expert or consultant in arriving at any opinion or conclusion pertinent to the subject lawsuit including, but not limited to, any photographs, charts, graphs, diagrams, blueprints, or any other written or pictorial representations, and excluding any documentary material which is part of the record and pleadings on file herein.

10.    Any and all documents you intend to use in connection with the trial of and/or any evidentiary hearing in this case, including all documents you intend to use as demonstrative exhibits or exhibits to be introduced at trial.

11.     Any and all documents exchanged between you and any expert or consultant retained in connection with the subject lawsuit and/or between you and any witness identified in the subject lawsuit.

12.     Any and all documents containing any statements or summary of statements made by any witnesses expected to testify at the trial and/or any evidentiary hearing in the subject lawsuit, and any witnesses having any knowledge of any matter relating to the subject lawsuit.

13.     Any and all documents relating to, concerning, or containing the educational, academic, or professional qualifications of any expert and/or consultant retained by you.

14.     Any and all documents relating to or involving communications between you and the Association concerning the Dwelling, the Association's enforcement of the Governing Documents regarding the Dwelling and/or any act or event alleged in the Answer and/or counterclaim.

18.     Any and all documents exchanged between you and the City and County of Honolulu, including any department within the City and County of Honolulu, relating to the construction of the Dwelling including, but not limited to, any permits, applications, plans, drawings, submissions, notes, receipts and correspondence.

19.     Any and all documents relating to the labor, services or materials utilized in making the construction of the Dwelling including, but not limited to, all work orders, invoices, contracts, estimates, receipts, canceled checks, lists, notes and correspondence.

20.     Any and all documents that were utilized, reviewed, consulted or relied upon in making the new construction to the Dwelling which is the subject of the Complaint including, but not limited to, all plans, drawings, sketches, blueprints, reports, notes, estimates and correspondence.

21.     A list of any and all documents and other things which will be withheld from production on the basis of work product or attorney-client privilege.