NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY          (3134-O)
LANCE S. FUJISAKI        (4224-O)
SCOTT R. GRIGSBY         (6673-O)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Tel. No. (808) 536-8177
X:\NaPaliHaweo\Grande\Interrogatory Narindar Grande-fnl.wpd

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>    Defendants.<br>_____ | CIVIL NO. CV04-00413-DAE LEK<br><br>(Injunctive Relief)<br><br>PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT NARINDAR KAUR GRANDE; INTERROGATORIES; VERIFICATION |

EXHIBIT 4

PLAINTIFF'S FIRST REQUEST FOR ANSWERS TO
<u>INTERROGATORIES TO DEFENDANTS NARINDAR KAUR GRANDE</u>

IT IS REQUESTED that the Interrogatories served upon DEFENDANT NARINDAR KAUR GRANDE which are attached hereto, be answered fully in writing and under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi.

DATED:  Honolulu, Hawaii, _____MAR 3 0 2006_____.


JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

## INSTRUCTIONS

A.    In answering these Interrogatories, you are required to furnish all information that is available to you, not merely such information as you know of your own personal knowledge, including information in the possession of your attorneys, or other persons directly or indirectly employed by, or connected with, you or your attorneys, or anyone acting on your behalf or otherwise subject to your control.

B.    In answering these Interrogatories, you are requested to make a diligent search of your records and of other papers and materials in your possession, available to you or your representatives.

C.    If you cannot answer any Interrogatory fully, answer to the extent possible, explain why you cannot answer the remainder, and state the nature of the information and knowledge that you cannot furnish.

D.    If an Interrogatory has subparts, answer each part in full, by way of amplifying, and not limiting, your answer to the Interrogatory as a whole.

E.    If your answer to any Interrogatory is derived from a document or writing, describe the writing or forward a copy as indicated below.

F.    In answering these Interrogatories whenever information is sought as to which you purport to refer to documents or business records, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure: it is a sufficient answer to such an interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.  A specification shall be in sufficient detail to permit the interrogating party

to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

G.    The answers may be inserted in the spaces provided in the Interrogatories, and, to the extent that such spaces are inadequate, in the space on the last page or attached sheet of paper.

H.    PLEASE TAKE NOTICE that two (2) copies of the Answers to Interrogatories must be served upon the undersigned within thirty (30) days after service.

I.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney obtains further information on the matters covered by the questions propounded herein.

## DEFINITIONS

As used in this Request for Answers to Interrogatories, the following words and/or phrases shall have the following meanings (unless otherwise indicated):

1.    "You," and "your" shall mean Defendant NARINDAR KAUR GRANDE, the person answering the interrogatory, and all other persons or entities acting or purporting to act on your behalf, including, without limitation, your present and former attorney(s), investigator(s), insurance carrier(s) and/or agent(s), accountant(s), advisor(s) and their agents, employees and consultants.

2.    The terms "person" or "persons" include entities of all kinds, whether partnerships, corporations, sole proprietorships, etc., and government agencies of every type and level, as well as individual persons acting in their individual capacities.

3.    The term "identify":

- 2 -

(a)    when used with a person or other entity, means to give the full name and address and telephone number of that person or entity, as well as the person's present employer and position with that employer.

(b)    when used with a document, means to describe the document by giving its author, recipient(s), title, date, subject matter, number of pages, and the persons receiving copies (as an alternative, you may produce copies of said documents); and

(c)    when used with a communication, means to give the name of the person making the communication, its recipient(s), the date, place subject matter and the names of all persons who were present at the time of such communication, or who reviewed copies of it.

4.    "Association" shall mean Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION.

5.    The term "subject lawsuit" shall mean the lawsuit entitled <u>Na Pali Haweo Community Association, vs. Anthony Charles Grande, et al.</u>; Civil CV04-00413-DAE-LEK filed in the United States District Court for the District of Hawai'i.

6.    The term "Complaint" shall mean that certain document entitled "Complaint," filed in the subject lawsuit.

7.    The term "Answer" shall mean that certain document entitled "Answer" filed in the subject lawsuit.

8.    "Declaration" means the Declaration of Covenants, Conditions, and Restrictions of Na Pali Haweo Subdivision ("Declaration") recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 91-049173 on April 18, 1991.

9.      "Governing Documents" mean the "Declaration" and the Na Pali Haweo Design Guidelines, collectively.

10.     "Property" means the real property situated at 1251 Kamehame Drive, Honolulu, Hawai`i, Lot No. 49 (Kamehame Ridge Subdivision, Unit II-Phase II-A shown on File Plan Number 2028), Maunalua, Honolulu, Hawai`i  96825.

11.     "Dwelling" means the dwelling constructed on the "Property."

INTERROGATORIES

1.    Identify all administrative, civil or criminal proceedings in which you have been involved, whether as a party or a witness.  Include the name of the case, the court or other forum, the case number and a synopsis of each such proceeding.

ANSWER:

2.    State each of your residence addresses during the last fifteen (15) years and give the inclusive dates during which you resided at each.

ANSWER:

- 1 -

3.     State the addresses of all real property you have owned during the last fifteen (15) years and give the dates during which you owned each property.

ANSWER:

4.     State the name and address of each of your employers during the last fifteen (15) years, including your present employer, giving the inclusive dates of employment with each and a description of your occupation with each.

ANSWER:

5.    Describe your education and vocational or professional training including the name and address of every school or institution attended, the dates of attendance and any degree, diploma or certificate received.

ANSWER:

6.    For each and every allegation of the Association's Complaint which you deny, please state all facts upon which you rely in denying each such allegation.

ANSWER:

a.    Identify all persons having knowledge of the facts asserted in your response to Interrogatory 6 above and detailing as to each person, the specific basis of their knowledge.

ANSWER:

7.    With respect to Paragraph 13 of the Answer to the Complaint filed in the subject lawsuit which states:

13.    The purported claims for relief set forth in the Complain, and each of them, are barred by consent, waiver, estoppel, laches, license, the statute of frauds, and breaches of the Governing Documents and the implied covenant of good faith and fair dealings set forth therein.

(a)    Please state with specificity all facts in detail which support or form the basis of the foregoing statement.

ANSWER:

- 4 -

(b)     Please identify any and all persons, together with their complete names, addresses, and telephone numbers, who have knowledge of any facts (indicating facts that they are aware of), which support or form the basis of the foregoing statement.

ANSWER:

8.      Identify each and every communication you have had with any representative of the Association concerning construction of the Dwelling, including the date of the communication, the nature of the communication, the substance of the communication and the name of the individual with whom you communicated.

ANSWER:

9.      Identify each and every person involved in the construction of the Dwelling.

        ANSWER:

10.     With regard to paragraph 12 of the Complaint which states:

        12.     Portions of the Dwelling, including without limitation, the second floor balcony columns and the front roof section above the garage protrude beyond the Building Envelope in violation of Section 3.2.1(d) of the Design Guidelines.

        a.      Identify the date when you first discovered that the Dwelling protrudes beyond the Building Envelope in violation of Section 3.2.1(d) of the Design Guidelines.

                ANSWER:

b.      Describe how you discovered that the Dwelling protrudes beyond the Building Envelope in violation of Section 3.2.1(d) of the Design Guidelines.

ANSWER:

11.     With regard to paragraph 14 of the Complaint which states:

14.     The Dwelling is in violation of Article III, Section 3.1 of the Design Guidelines in that a significant portion of the Dwelling is not set back 20 feet from the front property line.

a.      Identify the date when you first discovered that the Dwelling is not set back 20 feet from the front property line.

ANSWER:

b.      Describe how you discovered that the Dwelling is not set back 20 feet from the front property line.

ANSWER:

12.     For each expert whom you expect to call as a witness at trial, please state:

a.      The name and address of the expert.

ANSWER:

b.     The substance of the facts and opinions to which each such expert is expected to testify.

ANSWER:

c.     A summary of the grounds for each such opinion.

ANSWER:

13.    Provide the name and address of each and every person you intend to call as a witness at trial, and describe the subject matter regarding which each such witness will be called to testify.

ANSWER: