NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY      (3134-O)
(JNeeley@neeley-anderson.com)
PHILIP L. LAHNE      (3709-O)
LANCE S. FUJISAKI     (4224-O)
SCOTT R. GRIGSBY     (6673-O)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i  96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\MOP-Mtn Joinder Brandt-dr2.wpd

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 6 2006

at 3 o'clock and 5 min. P. M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

NA PALI HAWEO COMMUNITY
ASSOCIATION, a Hawaii nonprofit
corporation,

    Plaintiff,

    vs.

ANTHONY CHARLES GRANDE;
NARINDAR KAUR GRANDE; JOHN
DOES 1-10; JANE DOES 1-10; DOE
PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE
ENTITIES 1-10; AND DOE
GOVERNMENTAL UNITS 1-10,

    Defendants.

ANTHONY CHARLES GRANDE
and NARINDAR KAUR GRANDE,

    Counterclaim Plaintiffs,

    vs.

CIVIL NO. CV04-00413 DAE/LEK
(Injunctive Relief)

PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO MOTION FOR
JOINDER OF ADDITIONAL PARTIES,
FILED MAY 12, 2006; EXHIBIT "A";
CERTIFICATE OF SERVICE

Date: June 16, 2006
Time: 9:00 A.M.
Judge: Honorable Leslie E. Kobayashi

TRIAL:  December 12, 2006

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA
and DOES 1-25,

      Counterclaim Defendants.

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR JOINDER OF ADDITIONAL PARTIES, FILED MAY 12, 2006

Plaintiff and Counterclaim Defendant NA PALI HAWEO COMMUNITY ASSOCIATION ("Association") opposes the Motion for Joinder of Additional Parties filed by Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE (collectively, the "Grandes") on May 12, 2006 ("Motion") as the Motion is untimely, the Motion is unnecessary as there is ongoing litigation in the Circuit Court of the First Circuit, State of Hawai`i, in which the Grandes have asserted nearly the identical claims and issues, and the granting of the Motion will substantially prejudice the Association.

First, the Association will be substantially prejudiced by the granting of the Motion. If the Grandes are allowed to join Brandt and Brandt Homes at this late stage in the litigation, it will likely result in a delay of the hearing on the Association's Motion for Summary Judgment, which is scheduled to be heard on June 26, 2006, and of the trial of this matter, which is set for December 12, 2006. The Grandes' untimely Motion will result in significant prejudice to the Association and should be denied.

Second, the Grandes have offered no explanation or legitimate excuse for their delay in bringing the present Motion, which was filed almost two years after the

Complaint herein was filed on June 1, 2004, only six weeks before the hearing on the Association's Motion for Summary Judgment filed April 12, 2006, which is scheduled to be heard on June 26, 2006, and only seven months before the trial of this matter which is set for December 12, 2006.

Third, the Grandes' Motion is not based upon newly discovered evidence. Since the inception of this dispute, the Grandes have been well aware of the identities of Jeffrey A. Brandt ("Brandt") and Brandt Homes, Incorporated ("Brandt Homes") and their involvement in this matter. The Grandes contracted with Brandt and Brandt Homes to construct the dwelling and Defendant Narindar Kaur Grande was present on October 16, 2003, when the dwelling, then under construction, was inspected. Measurements revealed that (1) portions of the second floor balcony and garage roof encroached beyond the building envelope, and (2) the front facade of the dwelling breached the 20 foot front yard setback restriction of the Association's Design Guidelines. *See* Affidavit of Jeff Kloetzel at paragraph 18, attached to the Association's Motion for Summary Judgment filed on April 12, 2006. (Three days later, on October 19, 2003, the Grandes' architect, Edward Resh, wrote a letter to the Association's Architectural Review Committee requesting a building envelope and front setback variance for the dwelling. *See* Exhibit "N" and Affidavit of Ronald K. Awa at paragraph 24, attached to the Association's Motion for Summary Judgment filed on April 12, 2006.)

Fourth, the claims and issues which the Grandes seek to interject into this action are already being litigated in state court. The Grandes have been engaged in state court

3

litigation with Brandt Homes regarding the construction of the subject dwelling since February of 2005. On February 11, 2005, Brandt Homes filed an Application for Mechanic's and Materialman's Lien against the Grandes in the Circuit Court of the First Circuit, State of Hawaii, Civil Case No. 1ML05-1-0004. A Stipulation Regarding Attachment of Mechanic's and Materialman's Lien was filed on September 20, 2005.

On November 16, 2005, Brandt Homes filed an Complaint to Foreclose on Lien against the Grandes in the Circuit Court of the First Circuit, State of Hawaii, Civil Case No. 1CC05-1-002061. On February 21, 2006, the Grandes filed an Amended Answer to Complaint and Counterclaim against Brandt and Brandt Homes alleging in part:

5.   Counterclaimants and Brandt Homes, Incorporated entered into a contract whereby Brandt Homes was to construct a home on their property. Brant was the contractor-licensee responsible for the construction.

6.   Counterclaimants are informed by the Association, and believe in part, that Brandt Homes failed to comply with the Association's Design Guidelines and the architectural plans approved by the Association in constructing their home. Brandt Homes also failed to complete the construction. Brandt's breaches of duty were one factor in Brandt Homes' non-compliance.

Attached hereto as Exhibit "A" is a copy of the Amended Answer to Complaint; Counterclaim; Certificate of Service; Summons filed by the Grandes in the Circuit Court of the First Circuit, State of Hawaii, on February 21, 2006 in Civil Case No. 1CC05-1-002061.

The allegations against Brandt and Brandt Homes in the Grandes' proposed Third-Party Complaint are essentially the same allegations currently being litigated in the state court action between the Grandes, Brandt and Brandt Homes, and are set forth below in part:

4.   Third-Party Plaintiffs and Brandt Homes entered into a contract whereby Brandt Homes was to construct a home on their property. Brant was the contractor-licensee responsible for the construction.

5.   Third-Party Plaintiffs have been sued by Na Pali Haweo Community Association ("Association"), which alleges that aspects of those parts of the construction of their home performed by Brandt, Brandt Homes and/or its subcontractors violate aspects of the Association's Design Guidelines, in ways that deviate from the architectural plans provided to Brandt and Brandt Homes for their use in constructing their home. Brandt Homes also failed to complete the construction.

Fifth, the joinder of Brandt and Brandt Homes is not required as they are not indispensable parties under Rule 19, Federal Rules of Civil Procedure. "A defendant's right to contribution or indemnity from an absent non-diverse party does not render that absentee indispensable pursuant to Rule 19." Gardiner v. Virgin Islands Water & Power Authority, 145 F.3d 635, 641 (3 rd Cir. Virgin Islands 1998). Moreover, the alleged mistakes of Brandt Homes in constructing the Grandes' home do not confer immunity upon the Grandes from the Association's right to enforce its restrictive covenants. See Sandstrom v. Larsen, 59 Haw. 491, 500, 583 P.2d 971, 978 (1978) ("[A]lthough appellants may have mistakenly relied upon the incorrect advice of their architect, such a mistaken assumption that they were acting legally and properly did not confer immunity upon them from the right of appellees or any other homeowners in the subdivision to seek, equitable enforcement of the restriction."). Therefore, the

5

joinder of Brandt and Brandt Homes is not necessary for an adjudication of the Association's right to equitably enforce its restrictive covenants against the Grandes, and would unnecessarily complicate and delay the present action.

Sixth, the Grandes' request to join Brandt and Brandt Homes should not be granted under Rule 14(a), Federal Rules of Civil Procedure, as it is untimely. "[T]he decision whether to grant or deny leave is one committed to the discretion of the trial court; and the timeliness of the motion is an urgent factor governing the exercise of such discretion." Merritt-Chapman & Scott Corp. v. Frazier, 289 F.2d 849, 856 (9th Cir. Ariz. 1961) (citations omitted) (internal quotation marks omitted); Jones v. Bender Welding & Machine Works, Inc., 581 F.2d 1331, 1337-1338 (9th Cir. Wash. 1978) (trial court did not abuse discretion in denying defendant's motion to add a third-party defendant, first made over two years after filing of the action, after suit had been set for trial, and one month before trial).

Sixth, on January 15, 2005, the Grandes filed a motion to join Glen Y. Moribe and Sandra E. Moribe as parties to this action. This Court denied the Grandes' motion. Denial of the instant motion would be consistent with this Court's prior ruling. Moreover, as noted above, the concerns about joining additional parties to this litigation are enhanced given the pending hearing and trial dates.

In summary, the Motion should be denied as it is untimely, the Grandes provide no excuse for their delay in bringing the Motion, the joinder of Brandt and Brandt Homes at this late stage would unnecessarily complicate and delay the present case and result in substantial prejudice to the Association, while providing no benefit as

there is a pending state court action involving claims that are similar or the same as those the Grandes seek to interject in this action. For the reasons set forth above, the Grandes' Motion for Joinder of Additional Parties, filed on May 12, 2006, should be denied.

DATED: Honolulu, Hawai'i, May 26, 2006

JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY