STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON            4117-0
(sjacobson.law@verizon.net)
Post Office Box 240761
Honolulu, HI 96824-0761
Telephone: (808) 377-1814
Facsimile: (808) 377-1814

Attorneys for Defendants and
Counterclaimants Anthony Charles
Grande and Narindar Kaur Grande

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 FEB 21 PM 3:18

F. OTAKE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE; et al.,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaimants,<br><br>v.<br><br>BRANDT HOMES INCORPORATED; JEFFREY BRANDT; and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants | CIVIL NO. 05-1-2061-11 KNB<br><br>AMENDED ANSWER TO COMPLAINT; COUNTERCLAIM; CERTIFICATE OF SERVICE; SUMMONS |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT "A"**

## AMENDED ANSWER TO COMPLAINT

Defendants Anthony Charles Grande and Narindar Kaur Grande ("Grandes" or "Answering Defendants"), by counsel, answer the Complaint To Foreclose On Lien ("Complaint") filed by Plaintiff Brandt Homes Incorporated ("Plaintiff") as follows:

1. Answering Defendants admit that Plaintiff is and has been a Hawaii corporation in good standing since 2001. Answering Defendants lack sufficient information or belief to answer the remaining allegations of paragraph 1 of the Complaint, and upon that basis deny each and every remaining allegation thereof.

2. Answering Defendants admit that they are the owners of the real property in the City and County of Honolulu bearing TMK No. (1)-3-9-107-039. Answering Defendants deny that they are residents of Honolulu, Hawaii. Answering Defendants lack sufficient information or belief to answer the remaining allegations of paragraph 2 of the Complaint, and upon that basis deny each and every remaining allegation thereof.

3. Answering Defendants lack sufficient information or belief to answer the allegations of paragraph 3 of the Complaint, and upon that basis deny each and every allegation thereof.

4. Answering Defendants admit that there was a construction contract between Plaintiff and Answering Defendants, and that Plaintiff furnished some labor, materials and supplies for construction on their property. Answering Defendants are informed and believe, and upon that basis deny, that the construction was performed properly and that the materials and supplies Plaintiff furnished complied with applicable requirements. Answering Defendants lack sufficient information or belief to answer the remaining allegations of paragraph 4 of the Complaint, and upon that basis deny each and every remaining allegation thereof.

5. Answering Defendants deny each and every allegation of paragraph 5 of the Complaint.

6. Answering Defendants deny that they owe any additional amounts to Plaintiff. Plaintiff in fact owes monies to the Answering Defendants. Answering Defendants admit that they have not paid all amounts Plaintiff has demanded. Answering Defendants deny each and every remaining allegation of paragraph 6 of the Complaint.

7. Answering Defendants deny each and every allegation of paragraph 7 of the Complaint.

8. Answering Defendants deny each and every allegation of paragraph 8 of the Complaint. Answering Defendants deny that they owe any additional amounts to Plaintiff. Plaintiff in fact owes monies to the Answering Defendants.

9. Answering Defendants incorporate their responses in paragraphs 1-8 above as their responses to paragraph 9 of the Complaint.

10. Answering Defendants admit that Plaintiff filed an Application with the Court on February 11, 2005, that the filing initiated the Court's M.L. No. 05-1-0014 EEH, and that the contents of said Application as were set forth therein. Answering Defendants deny each and every remaining allegation of paragraph 10 of the Complaint.

11. Answering Defendants deny each and every allegation of paragraph 11 of the Complaint, and specifically deny that Plaintiff completed the improvements to their property.

12. Answering Defendants admit that the original of Exhibit B was filed with the Court on the date file-stamped thereon, and that the contents of the original are as set forth therein. Answering Defendants deny each and every remaining allegation of paragraph 12 of the Complaint.

13. Answering Defendants deny each and every allegation of paragraph 13 of the Complaint, specifically noting that the allegations therein are contrary to paragraph 3 of Exhibit B.

14. Answering Defendants deny each and every allegation of paragraph 14 of the Complaint. Answering Defendants deny that they owe any additional amounts to Plaintiff. Plaintiff in fact owes monies to the Answering Defendants.

15. Answering Defendants incorporate their responses in paragraphs 1-14 above as their responses to paragraph 15 of the Complaint.

16. Answering Defendants deny each and every allegation of paragraph 16 of the Complaint. Answering Defendants deny that they owe any additional amounts to Plaintiff. Plaintiff in fact owes monies to the Answering Defendants.

17. Answering Defendants incorporate their responses in paragraphs 1-16 above as their responses to paragraph 17 of the Complaint.

18. Answering Defendants deny each and every allegation of paragraph 18 of the Complaint. Answering Defendants deny that they owe any additional amounts to Plaintiff. Plaintiff in fact owes monies to the Answering Defendants.

## AFFIRMATIVE DEFENSES

Plaintiff's Complaint, and each and every purported claim for relief set forth therein, fails to state a claim upon which relief can be granted, and is barred by defective performance, failure of performance, failure and refusal to complete, discharge, assumption of risk, contributory and comparative negligence, payment, setoff, restitution, waiver and estoppel.

WHEREFORE, Answering Defendants pray:

1. For dismissal of Plaintiff's Complaint with prejudice;

2.  For release of any and all lien documents Plaintiff may have recorded against their property, and an award of the costs of recording the release;

3.  For an award of their attorneys' fees and costs;

4.  For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawai'i, February 22, 2006.

                  STEVEN B. JACOBSON
                  Attorney at Law
                  A Limited Liability Law Company

                  _____
                  STEVEN B. JACOBSON
                  Attorneys for Answering Defendants
                  and Counterclaimants

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE; et al.,<br><br>      Defendants. | CIVIL NO. 05-1-2061-11 KNB<br><br>COUNTERCLAIM |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>      Counterclaimants,<br><br>      v.<br><br>BRANDT HOMES INCORPORATED; JEFFREY BRANDT; and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>      Counterclaim Defendants. | |

## COUNTERCLAIM

Counterclaimants Anthony Charles Grande and Narindar Kaur Grande allege as follows:

1. Counterclaimants are the owners of the real property in the City and County of Honolulu bearing TMK No. (1)-3-9-107-039.

2. Counterclaim Defendant Brandt Homes, Incorporated ("Brandt Homes") is a Hawaii corporation which did business within the City and County of Honolulu.

3. Counterclaim Defendant Jeffrey A. Brandt ("Brandt") is a resident of the City and County of Honolulu and President of Brandt Homes. Brandt was a licensed Hawaii contractor

6

from November 1, 1990 until October 26, 2005, and a licensed Hawaii general building contractor from November 9, 2000 until October 26, 2005, when his licenses were terminated by the State of Hawaii.

4. Counterclaim Defendant Na Pali Haweo Community Association ("Association") is a Hawaii corporation doing business within the City and County of Honolulu. Counterclaimants' property is located within the Na Pali Haweo Community.

5. Counterclaimants and Brandt Homes, Incorporated entered into a contract whereby Brandt Homes was to construct a home on their property. Brandt was the contractor-licensee responsible for the construction.

6. Counterclaimants are informed by the Association, and believe in part, that Brandt Homes failed to comply with the Association's Design Guidelines and the architectural plans approved by the Association in constructing their home. Brandt Homes also failed to complete the construction. Brandt's breaches of duty were one factor in Brandt Homes' non-compliance.

7. As a result of Brandt Homes' non-compliance and purported non-compliance, and Brandt's breaches, the Association has filed suit against the Counterclaimants purportedly seeking compliance, and has recorded a lien against the property for a total of $59,114.50 of allegedly resultant engineers, architects and attorneys' fees and costs through August 25, 2005. The suit was filed in this Court on June 1, 2004, initiating this Court's Civil Action No. 04-1-1008-06, and is now pending in the U. S. District Court for the District of Hawaii as that Court's Civil No. 04-00413. The lien was recorded in the Bureau of Conveyances on September 13, 2005, as Document No. 2005-183299. Counterclaimants have had to incur and will incur fees, costs and expenses in defending themselves in that action, including (but not limited to) the expense of traveling from their residence on the U. S. Mainland to Honolulu for a settlement

7

conference, and the Association is alleging that it is entitled to recover related professional and legal fees, costs and expenses from them.

8. As a result of Brandt Homes' non-compliance and purported non-compliance, and Brandt's breaches, Counterclaimants were sued by adjacent property owners, Glen Moribe and Sandra Moribe, in this Court's Civil Action No. 04-1-002132, on November 16, 2004. Counterclaimants have had to incur fees, costs and expenses in defending themselves in that action.

9. As a result of Brandt Homes' non-compliance and purported non-compliance, and Brandt's breaches, Counterclaimants have incurred and/or will incur costs of modifying and completing the construction of their home, and have suffered and will suffer additional losses in the form of additional interest expense, among others.

10. The alleged violations raised by the Association in its Complaint against the Counterclaimants, even to the extent (if any) that they may constitute violations, are not matters upon which the Courts can properly grant relief to the Association. The Association is not entitled to recover any of the relief it has requested from the Counterclaimants.

WHEREFORE Counterclaimants pray as follows:

1. For an award against Brandt Homes and Brandt of all fees, costs and expenses Counterclaimants have incurred and will incur in defending the Associations' and the Moribes' claims against them, all fees, costs and expenses of completing construction and modifying their home to meet Association requirements, and all other losses they have suffered and/or will suffer as a result of their non-compliance and breaches.

2. For a declaration that the Association is not entitled to any relief against them.

3. For an award of their attorneys' fees, costs and expenses.

4.      For such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, February 22, 2006.

                                        STEVEN B. JACOBSON
                                        Attorney at Law
                                        A Limited Liability Law Company

                                        _____
                                        STEVEN B. JACOBSON
                                        Attorneys for Answering Defendants
                                        And Counterclaimants

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER ~~CIVIL COMPLAINT~~ COUNTERCLAIM | CASE NUMBER 05-1-2061-11 KNB |
|---|---|---|
| PLAINTIFF  Brandt Homes, Incorporated | vs. | DEFENDANT Anthony Charles Grande, et al. |

**~~PLAINTIFF'S~~ ADDRESS (NAME, ADDRESS, TEL. NO.)**

STEVEN B. JACOBSON, ESQ.
Steven B. Jacobson, AAL, ALLLC
P. O. Box 240761
Honolulu, HI 968240761
(808)-377-1814
Attorney for Counterclaimants

TO THE ~~DEFENDANTS~~: Counterclaim Defendants:

You are hereby summoned and required to serve upon ~~plaintiff's~~ Counterclaimants' attorney, whose address is stated above, and answer to the ~~complaint~~ * which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.     * counterclaim

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the ~~complaint~~ counterclaim.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

| DATE ISSUED FEB 21 2006 | CLERK F. OTAKE (SEAL) | CIRCUIT COURT CLERK |
|---|---|---|
| I do hereby certify that this is a full, true, and correct copy of the original on file in this office. | | |

1C-P-306

SUMMONS TO ANSWER CIVIL COMPLAINT