STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON        4117-0
 (sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI  96824-0761
Telephone:  (808) 377-1814



Attorneys for Defendants Anthony Charles
Grande and Narindar Kaur Grande

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,<br><br>Defendants.<br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>v.<br>NA PALI HAWAO COMMUNITY | CIVIL NO. CV04-00413-DAE LEK<br><br>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JOINDER OF ADDITIONAL PARTIES; DECLARATION OF STEVEN B. JACOBSON; EXHIBITS 1-4; CERTIFICATE OF SERVICE<br><br>Date:  June 16, 2006<br>Time:  9:00 a.m<br>Judge:  Hon. Leslie E. Kobayashi |

ASSOCIATION; RONALD K.
AWA; and DOES 1-25,

      Counterclaim Defendants.

## MOTION FOR JOINDER OF ADDITIONAL PARTIES

The plaintiff Association's opposition to Grandes' motion for joinder of Brandt Homes and Mr. Brandt (collectively Brandt) essentially concedes that Brandt's absence from this action subjects Mr. and Mrs. Grande to a risk of bearing inconsistent obligations.

The Association's opposition overlooks the following additional points:

First, there were lengthy settlement negotiations in this action in which Brandt and his counsel were playing active roles, with all other activity in this action frozen, until this past December.

Second, the current joinder motion was filed by the deadline set in January *following the collapse of those negotiations* and in light thereof. The Association made no objection to the new joinder date, and the logical parties to be added were Brandt and/or the Moribes.[1]  Indeed, the Court may

---

[1] Moribes dismissed their state court action on February 21, 2006, after losing almost all of their panoramic ocean view (not just an alleged 3-1/2") to new homes built across the street from theirs (and Grandes') on Kamehame Drive.  See Exhibit 4.

2

recall Association counsel saying that it wanted new dates for such activity because, in January, the Association itself was contemplating amending its own complaint.

Third, the Association has just now, on May 31, 2006, effectively amended its complaint by recasting its positions on many of the matters involved herein, without explaining any basis for the recasting – so, unless their counter-motion for summary judgment is granted following the hearing before Judge Ezra on June 26, Grandes will now be required to ferret out the basis for the Association's new positions.

The Court will recall the Association saying that many of the matters in Mr. Nishimoto's list of purported violations were merely technical – in the sense that the Association merely wanted Grandes to submit as-built plans showing the revisions made during construction. However, in its response to Grandes' subsequently-submitted as-built plans emailed just five days ago – on May 31, 2006 – the Association made a 180° turn and "disapproved" those items – without any explanation whatsoever. Compare attached Exhibits 1 and 2.

Fourth, Brandt hasn't merely been fully aware of this proceeding. As the Association admits, Brandt has filed a parallel action in Circuit Court, to

3

which both Grandes *and the Association* are parties.  See Association Exhibit A.

Fifth, Brandt's Circuit Court action places the Association itself at a risk of bearing inconsistent obligations.  Grandes' Counterclaim against the Association in Brandt's action raises all of the same issues raised in this action, as the Association's Exhibit A shows (para. 10).

The Association defaulted in the Brandt action, but that did not make it go away.

The Association has just now served a motion, on June 2, 2006, to have its default set aside.[2]  Exhibit 3 *infra*.

Sixth, the present joinder motion was filed *after* the Association's pending summary judgment motion.  It is only because of differences in available hearing dates that it was set for hearing first.

---

[2] Suffice it to say that the Association has substantially revised its position on defaults.

4

WHEREFORE, Grandes' Motion for Joinder of Additional Parties should be granted.

DATED: Honolulu, Hawai'i, June 5, 2006.

> STEVEN B. JACOBSON
> Attorney at Law
> A Limited Liability Law Company
>
> /s/ Steven B. Jacobson
>
> STEVEN B. JACOBSON
> Attorneys for Defendants