Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P.H. SUMIDA        2544-0
ANTHONY L. WONG          6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600

Attorneys for Counterclaim Defendant
Na Pali Haweo Community Association

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, et al.,<br><br>Defendants.<br>_____<br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE<br><br>Counterclaimants,<br><br>vs.<br><br>BRANDT HOMES INCORPORATED, JEFFREY BRANDT, and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants. | CIVIL NO. 05-1-2061-11 (KNB)<br><br>COUNTERCLAIM DEFENDANT NA PALI HAWEO COMMUNITY ASSOCIATION'S MOTION TO SET ASIDE ENTRY OF DEFAULT FILED ON APRIL 26, 2006; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF KEN WITTEN; NOTICE OF HEARING; CERTIFICATE OF SERVICE<br><br>Hearing Date:<br><br>Date: _____<br><br>Time: _____<br><br>Judge: Karen N. Blondin |

DEFENDANT NA PALI HAWEO COMMUNITY ASSOCIATION'S
MOTION TO SET ASIDE ENTRY OF DEFAULT FILED ON APRIL 15, 2005

EXHIBIT 3

Comes now, Defendant NA PALI HAWEO COMMUNITY ASSOCIATION, by his attorneys, and respectfully moves this Honorable Court for an Order setting aside the Clerk's Entry of Default, filed herein on April 15, 2005 against him as to the Counterclaim filed on February 21, 2006.

This Motion is made pursuant to Rules 7 and 55 of the Hawaii Rules of Civil Procedure and is based upon the Memorandum in Support of Motion, the declaration of counsel and the exhibits attached hereto, and the entire record and file herein.

DATED:   HONOLULU, HAWAII,     JUN 0 2 2006

_____
KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Counterclaim - Defendant
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, et al.,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE<br><br>Counterclaimants,<br><br>vs.<br><br>BRANDT HOMES INCORPORATED, JEFFREY BRANDT, and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants. | CIVIL NO. 05-1-2061-11 (KNB)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION:

Counterclaim Defendant NA PALI HAWEO COMMUNITY ASSOCIATION respectfully requests an Order setting aside the Entry of Default filed on April 26, 2006, and entering default against him as to the Counterclaim filed herein on February 21, 2006. As discussed further below, good cause exists to set aside the Entry of Default under the circumstances of this case, and the claims against Counterclaim Defendant

-3-

NA PALI HAWEO COMMUNITY ASSOCIATION should be determined according to their merits.

II.  STATEMENT OF THE FACTS:

   A.  The Counterclaim

As far as can be determined at this time, the Complaint was filed by counsel for plaintiff BRANDT HOMES INCORPORATED on November 16, 2005.

Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE filed their Answer to Complaint on February 2, 2006. Then, on February 21, 2006, they filed their Amended Answer to Complaint which contained a counterclaim against then non-party NA PALI HAWEO COMMUNITY ASSOCIATION.

As explained by the property manager Ken Whitten of Hawaiiana Management Company, the Counterclaim was delivered to Hawaiiana on March 30, 2006, and an officer of the company signed for receipt of the document at 1:30 p.m. that day.

The standard procedure of Hawaiiana Management Company when it receives legal process for one of its clients is for the officer who signs for the legal documents to give it to the property manager for the client in question. The property managers then faxes the document to the Board of Directors of the Property, the Association's attorney, and any insurance agent for the property.

In this particular case, Mr. Whitten can only assume that the summons was placed on his desk or in his in-tray, and he failed to notice that it was a legal document that required a response, and he filed it without taking appropriate action. [Declaration of Ken Whitten]

Indeed, when one examines the Amended Answer to Complaint and Counterclaim, one can see the basis for Mr. Whitten's failure to immediately notice that NA PALI HAWEO COMMUNITY ASSOCIATION was now made a party to this action. NA PALI HAWEO COMMUNITY ASSOCIATION's name is not immediately apparent because the document is entitled as an Answer and Counterclaim, one might assume that it relates to claims between the original plaintiff and defendant without adding any new parties. Moreover NA PALI HAWEO COMMUNITY ASSOCIATION is not either a plaintiff nor a defendant, and the lower portion of the caption is entitled "Counterclaimants" and Counterclaim-Defendants" which leads one to believe that the counterclaim is against the plaintiff, unless one reads the additional party listed following BRANDT HOMES INCORPORATED.

In addition, while adding new parties not initially named might conceivably be done by a "counterclaim" against the non-party, non-parties are usually joined in ongoing litigation by a third-party complaint, or by amending the complaint to list them as a Defendant.

Furthermore, Mr. Whitten has been periodically provided with legal documents from the case in the United States District Court for the District of Hawaii entitled <u>Na Pali Haweo Community Association vs. Anthony Charles Grande, et al.</u> Civil No. CV04-00413-DAE LEK, and also documents pertaining to the case filed in the Circuit Court of the First Circuit, State of Hawaii entitled <u>Glen Moribe and Sandra Moribe vs. Anthony Charles Grande, Narindar Kaur Grande; Na Pali Haweo Community Association, Hawaiiana Management, Ltd., Edward A. Resh doing business as</u>

Architectural Associates, Brandt Homes Incorporated, et al. Civil No. 04-1-2132-11 (GWBC).

The similarity in the parties in those other two cases may have caused Mr. Whitten to assume that the document delivered to him pertained to one of those on-going cases, and that it did not require the protocol normally followed for new matters.

III.  ARGUMENT

A.  Defaults And Default Judgments Are Disfavored.

HRCP Rule 55(c) provides that, for good cause shown, the Court may set aside any entry of default. Our Supreme Court has made it clear that defaults and default judgments are not favored, and that "any doubt should be resolved in favor of the party seeking relief from the entry of default or default judgment so that, in the interests of justice, there can be a full trial on the merits." BDM, Inc. v. Sageco, Inc., 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976) (per curiam); Lambert v. Lua, 92 Haw. 228, 235, 990 P.2d 126, 133 (Ct. App. 1999).

Consequently, a motion to set aside entry of default "may and should be granted" whenever the Court finds:

    1.    That the nondefaulting party will not be prejudiced by the reopening,

    2.    That the defaulting party has a meritorious defense, and

    3.    That the default was not the result of inexcusable neglect or a willful act.

BDM, Inc., supra, 57 Haw. at 77, 549 P.2d at 1150.

B.    There Will Be No Prejudice To Counterclaimants

No prejudice will result to the Counterclaimants by the granting of the instant Motion. The instant Motion is presented less than sixty days after the entry of default against NA PALI HAWEO COMMUNITY ASSOCIATION. The main prejudice which Plaintiffs may be able to allege if the case is reopened as to NA PALI HAWEO COMMUNITY ASSOCIATION is that they would now have to prove their case against it at trial. This is clearly insufficient. The Hawaii Supreme Court has stated that:

> The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening.

BDM, Inc. v. Sageco, Inc., supra, 57 Haw. at 77, 549 P.2d at 1150.

In Federal Deposit Insurance Corp. v. Francisco Investment Corp., 873 F.2d 474, 479 (1st Cir. 1989), the court applied a similar test under the identical federal counterpart of HRCP Rule 55(c) to hold that it was reversible error to deny a request to set aside an entry of default based solely on a two-year delay between the entry of default and the motion to set aside the entry of default where the dangers of loss of evidence, increased difficulty in conducting discovery, or an enhanced opportunity for fraud or collusion were minimal.

Accordingly, it is respectfully submitted that Counterclaimants cannot establish any undue prejudice by virtue of this Motion.

C.    Defendant NA PALI HAWEO COMMUNITY ASSOCIATION Possesses Meritorious Defenses

Courts construing the federal counterpart of HRCP Rule 55(c) have held that the "meritorious defense" factor does not entail a showing of likelihood of success

on the merits. In order to establish a "meritorious defense" sufficient to set aside an entry of default, and in view of the judicial preference for cases to be litigated on the merits, the movant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989). See also Berthelsen v. Kane, 907 F.2d 617, 621-22 (6th Cir. 1990) ("[The court] must resolve all ambiguous or disputed facts in the light most favorable to the defendant; if he 'states a defense good at law, then a meritorious defense has been advanced.'"); accord TCI Life Insurance Plan v. Knoebber, 2001 WL 286424 at 8 (9th Cir. Mar. 26, 2001) (burden of establishing a meritorious defense is "not extraordinarily heavy").

   In the instant case, NA PALI HAWEO COMMUNITY ASSOCIATION denies and disputes all allegations of wrongful conduct on its part.

   It should be noted that NA PALI HAWEO COMMUNITY ASSOCIATION has been involved in two other law suits involving ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE and the same subject matter as the present case.

   In the matter designated Civil No. CV04-00413 DAE/LEK The United State District Court NA PALI HAWEO COMMUNITY ASSOCIATION is defending claims made by CHARLES GRANDE and NARINDAR KAUR GRANDE that are nearly identical to those made in the present case.

   Under these circumstances, NA PALI HAWEO COMMUNITY ASSOCIATION is entitled to a jury determination of all of the evidence, and the credibility of all of the witnesses, with regard to whether or not counterclaimants can meet their burden of proof against it.

D. **The Default Was Not The Result Of Inexcusable Neglect Or A Willful Act.**

The determination of whether neglect is excusable or inexcusable depends, in part, on the matter involved. BDM, Inc. v. Sageco, Inc., supra, 57 Haw. at 76, 549 P.2d at 1149. In Bassan v. Holzman, 3 Haw. App. 677, 657 P.2d 1065 (1983), the Hawaii Intermediate Court of Appeals found reversible error in a trial court's denial of a motion to set aside an entry of default judgment on the basis of "inexcusable neglect" where the defaulting party had miscalculated its return day and had promptly attempted to rectify the situation.

In the instant case, any default by NA PALI HAWEO COMMUNITY ASSOCIATION was not the result of any inexcusable neglect or willful act. As discussed above,

Given these facts, any default by NA PALI HAWEO COMMUNITY ASSOCIATION was not the result of inexcusable neglect or a willful act on its part. To the extent that there may have been any delays in the retention of defense counsel on behalf of NA PALI HAWEO COMMUNITY ASSOCIATION, such delays were beyond its individual control, and should not be personally attributed to it. In any event, there is no evidence of any intentional, deliberate or culpable conduct by NA PALI HAWEO COMMUNITY ASSOCIATION, but merely a mistake by its property manager in not immediately recognizing that the "counterclaim" which usually does not add new parties did so in this case.

IV. **CONCLUSION:**

Based upon the foregoing, Defendant NA PALI HAWEO COMMUNITY ASSOCIATION respectfully requests that this Honorable Court **GRANT** the instant

Motion To Set Aside Entry Of Default Filed On April 26, 2006, and issue an Order setting aside default entered against him.

DATED: HONOLULU, HAWAII, JUN 0 2 2006

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Counterclaim -
Defendant
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, et al.,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE<br><br>Counterclaimants,<br><br>vs.<br><br>BRANDT HOMES INCORPORATED, JEFFREY BRANDT, and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants. | CIVIL NO. 05-1-2061-11 (KNB)<br><br>DECLARATION OF KEN WITTEN |

## DECLARATION OF KEN WHITTEN

KEN WHITTEN, declares under penalty of perjury and says that:

1. I am the property manager for NA PALI HAWEO COMMUNITY ASSOCIATION.

2. An Amended Answer To Complaint; Counterclaim; Certificate of Service; Summons for Civil No. 05-1-2061 (KNB) was delivered to Hawaiiana Management Company on March 30, 2006.

-11-

3. An officer of the company signed for receipt of the document at 1:30 p.m. that day.

4. The standard procedure at Hawaiiana Management Company when it receives a summons on behalf of one of its clients is for the officer who signs for the document to give it to the property manager responsible for the property, who in turn faxes it to the Board of Directors for the property in question, the Association's attorneys, and any insurance carrier which might apply.

5. In this particular case, I can only assume that the document was placed on my desk or in my in-tray, and I failed to notice that it was a document that required a response, and I must have sent it to filing without taking the actions described above.

6. I have been receiving many legal documents pertaining to the case in the United States District Court for the District of Hawaii entitled <u>Na Pali Haweo Community Association vs. Anthony Charles Grande, et al.</u> Civil No. CV04-00413-DAE LEK, and also documents pertaining to the case filed in the Circuit Court of the First Circuit, State of Hawaii entitled <u>Glen Moribe and Sandra Moribe vs. Anthony Charles Grande, Narindar Kaur Grande; Na Pali Haweo Community Association, Hawaiiana Management, Ltd., Edward A. Resh doing business as Architectural Associates, Brandt Homes Incorporated, et al.</u> Civil No. 04-1-2132-11 (GWBC).

7. I believe that one explanation for my failure to notice that the document delivered on March 30, 2006 was one that required action on my part was that I had been receiving documents from the other cases listed above which involve

many of the same parties, and I assumed upon viewing the parties involved that it was pertaining to one of those other cases, and merely "for my information".

Further Declarant sayeth naught.

I declare under penalty of law that the foregoing is true and correct.

Executed in Honolulu, Hawai`i, on June 2, 2006.


_____
KEN WHITTEN

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, et al.,<br><br>Defendants.<br>_____<br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE<br><br>Counterclaimants,<br><br>vs.<br><br>BRANDT HOMES INCORPORATED, JEFFREY BRANDT, and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants. | CIVIL NO. 05-1-2061-11 (KNB)<br><br>NOTICE OF HEARING |

## NOTICE OF HEARING

TO:  CID H. INOUYE, ESQ.
AARON R. CREPS, ESQ.
CHARLES PRATHER, ESQ.
733 Bishop Street, 24th floor
Honolulu, Hawai'i 96813
Attorneys for Plaintiffs
BRANDT HOMES INCORPORATED

STEVEN B. JACOBSON, ESQ.
P. O. Box 240761
Honolulu, Hawaii 96824
Attorney for Defendants and Counterclaimants
ANTHONY CHARLES GRANDE
and NARINDAR KAUR GRANDE

-14-

PLEASE TAKE NOTICE that the undersigned will bring *Counterclaim Defendant Na Pali Haweo Community Association's Motion To Set Aside Entry Of Default Filed On April 26, 2006* on for hearing before the Honorable ____KAREN N. BLONDIN_____, Judge of the above-entitled Court, in her courtroom in the Kaahumanu Hale, 777 Punchbowl Street, Honolulu, Hawaii, at _____ o'clock ____. m. on _____, _____, 2006, or as soon thereafter as counsel can be heard.

DATED:   HONOLULU, HAWAII,        JUN 0 2 2006

_____
KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Counterclaim - Defendant
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, et al.,<br><br>Defendants. | CIVIL NO. 05-1-2061-11 (KNB)<br><br>CERTIFICATE OF SERVICE |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE<br><br>Counterclaimants,<br><br>vs.<br><br>BRANDT HOMES INCORPORATED, JEFFREY BRANDT, and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on the following attorney(s) by hand delivering same or by placing the same in the United State mail, postage prepaid on this  2nd  day of  June  2006:

        CID H. INOUYE, ESQ.
        AARON R. CREPS, ESQ.
        CHARLES PRATHER, ESQ.
        733 Bishop Street, 24th floor
        Honolulu, Hawai`i  96813
        Attorneys for Plaintiffs
        BRANDT HOMES INCORPORATED

STEVEN B. JACOBSON, ESQ.
P. O. Box 240761
Honolulu, Hawaii 96824
Attorney for Defendants and Counterclaimants
ANTHONY CHARLES GRANDE
and NARINDAR KAUR GRANDE

DATED: HONOLULU, HAWAII,    June 2, 2006.

KEVIN P.H. SUMIDA
ANTHONY L. WONG
Attorneys for Counterclaim -
Defendant
NA PALI HAWEO COMMUNITY
ASSOCIATION