ORIGINAL

STEVEN B. JACOBSON,
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON    4117-0
 (sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI 96824-0761
Telephone: (808) 377-1814

Attorneys for Defendants Anthony
Grande and Narindar Kaur Grande

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 8 2006

at 11 o'clock and 49 min. ᴀ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>Defendants.<br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>v. | CIVIL NO. CV04-00413-DAE LEK<br><br>DEFENDANTS' CONCISE STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE |

NA PALI HAWAO COMMUNITY
ASSOCIATION; RONALD K.
AWA; and DOES 1-25,

        Counterclaim Defendants

## DEFENDANTS' CONCISE STATEMENT IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Paras. 1-5, 11, 14. Accepted.

Para. 6. Dispute whether the documents constituting Exhibit G were submitted in October 2000, whether they were executed by either of the Defendants, whether Mr. Awa's Declaration establishes that he has personal knowledge of what the entire Association did or did not receive, whether the difference in square footage (56 sq. feet on the ground floor) was material, whether there was any change in the front roofline, whether the alleged change in the rear roofline was material, whether Association members may change their interior space as they wish, and whether there is a difference between toilet and storage rooms under the Design Guidelines. Exs. A (at 10, 13) B (at 16), D (at D-1 and D-7), G (at G-1 and G-6), T (para. 10 and Att. 8 & 11), and 2; Chock Declaration [CD], paras. 8-12, 18, 29; Resh Declaration [RD], para. 16-17.

Paras. 7 & 8. Disputed as to pluralizing "neighbor," and as to the correctness of the neighbor's statement. Ex. H and para. 10.

Para. 9. Disputed. See Ex. J (As to building heights Resh's letter said "Residential elevation heights to *existing grades* by job-site verification").

Para. 10. Disputed as to the qualifications re Awa's inspection. See Ex. K (no qualifications). Disputed as to "unauthorized." See Ex. A, at 10, and Ex. B, at 1 (The CC&Rs say *"Nothing contained herein shall be construed to limit the right of an Owner to remodel or redecorate the interior of structures comprising a lot in any manner desired,"* and the CC&Rs control.).

Para. 12. Disputed. See Ex. D, at D-3 (the location of the approved building envelope), and Ex. M (the "building envelope" location).

Para. 13. Disputed as to "protruded beyond the building envelope," "the 20 foot front setback restriction of the Design Guidelines," and the status of construction. Ex. D, at D-3; Ex. B, at 1, 11-13; Ex. 10.

Para. 15. Disputed as to the ARC's alleged lack of authority. Ex. A, at 17.

Para. 16. Disputed as to the ARC's alleged lack of authority, and the alleged garage storage "deviation." Ex. A, at 10, 17; Ex. B, at 1, 16; paras. 33-43 of Concise Statement supporting counter-motion.

Para. 17. Disputed as to "moving other portions of the Dwelling." Ex. Q.

Para. 18. Disputed as to there being "non-compliant portions" and the dwelling being "substantially incomplete." See previous paragraphs; Anthony Grande Declaration [AGD], para. 10, 27; Narindar Grande Declaration [NGD].

para. 10; Ex. 10; and paras. 13-43 of Concise Statement supporting counter-motion.

Para. 19.  Disputed as to the unsupported description of Resh's plans, the unsupported reason for the ARC's rejection, and the allegation of alleged "inadequate garage storage space." See the previous paragraphs and paras. 33-43 of Concise Statement supporting counter-motion.

Paras. 20 and 21.  Disputed as to the implications that there was construction in disputed areas on January 28 or March 4, 2004, that the disputed areas were non-compliant, and that what the plans were to show was sufficiently specified. See AGD, para. 10, 27-29, 31, 33-34; NGD, para. 10; Exs. R, S, 10, 15, 18; previous paras.; and paras. 13-43 of Concise Statement supporting counter-motion.

Paragraph 22.  Disputed as to the implications that there was non-protective or unauthorized construction in disputed areas on May 25, 2004, that the disputed areas were non-compliant, and that what the plans were to show was sufficiently specified. See paras. 114-123 of Concise Statement supporting counter-motion.

Paras. 23-25.  Disputed as to the implications that there was construction in disputed areas on June 7, 2004, that there was non-protective or unauthorized construction in disputed areas on June 23, 2004, that there was any construction after late June or very early July 2004, that the disputed areas were non-compliant, and that what the Association was referring to as "unauthorized construction" was

ascertainable. See para. 13-43, 112-123 of Concise Statement supporting counter-motion.

Para. 26. Disputed that the front setback approved by the ARC for Grandes' home is 20 feet, or that a 3 ½" encroachment would be material if the front setback were 20'. See Ex. D, at D-3; Ex. T, Att. 1-2; CD, para. 4-7; Ex. 1.

Para. 27. Disputed that any part of the Grandes' home extends beyond the building envelope approved by the ARC for Grandes' home, or beyond the "typical" building envelope described in the Design Guidelines if properly measured – from existing heights. See para. 13-32 of Concise Statement supporting counter-motion.

Para. 28. Disputed. See para. 55-61 of Concise Statement supporting counter-motion; CD, para. 18.

Para. 29. Disputed as to the implications that the air conditioner is unscreened, that it was unscreened at the time Plaintiff's motion was filed, and that installing it was a material deviation or violation. See para. 62-69 of Concise Statement supporting counter-motion; CD, para. 18.

Para. 30. Disputed as to the implications that the roof exhaust vents are now a color not matching the roof, or now are on a roof facing the street, and were at the time Plaintiff's motion was filed. Also materiality. See See para. 70-74 of Concise Statement supporting counter-motion; CD, para. 18.

Para. 31. Disputed as to the implications that Grandes have completed construction, that Plaintiff did not tell Grandes to stop construction in the front setback area, and that Plaintiff did not tell Grandes they need not show the gate in their as-built plans. Also materiality. See para. 75-78 of Concise Statement supporting counter-motion; CD, para. 18.

Para. 32. Disputed as to the implications that the front entry light fixtures now have exposed bulbs, that they had exposed bulbs at the time Plaintiff's motion was filed, and that installing fixtures without them was a material deviation or violation. See para. 79 of Concise Statement supporting counter-motion; CD, para. 18; AGD, para. 14.

Para. 33. Disputed as to the implications that Grandes didn't agree to lower the garden wall height upon being notified that it exceeded Design Guidelines, that Grandes haven't submitted plans to lower it below Guideline height, and that the Association hasn't rejected those plans although they were "compliant." See para. 80-85 of Concise Statement supporting counter-motion; CD, para. 18.

Para. 34. Eyebrow: Disputed as to the implications that Grandes have completed construction, that Plaintiff did not tell Grandes to stop construction in the front setback area, and that Grandes haven't repeatedly said throughout this action that they will construct the eyebrow roof once the Association ceases

objecting to construction in the front setback area. Also materiality. See para. 90-97 of Concise Statement supporting counter-motion; CD, para. 18.

Separate and distinct roof elements. Disputed. See para. 86-89 of Concise Statement supporting counter-motion.

Second floor windows. Disputed. See para. 101-106 of Concise Statement supporting counter-motion; CD, para. 18.

Other items. Disputed as to materiality. See para. 101-108 of Concise Statement supporting counter-motion; CD, para. 18.

Para. 35. Disputed as to the size of the storage room shown on the approved plans, the assertion that substituting a toilet room for a storage room violates Section 3.2.4(b), the implication that substituting a toilet room for a storage room isn't allowed by the CC&Rs, and as to any other implication that there is any kind of "garage storage" violation. See the previous paragraphs and paras. 33-43 of Concise Statement supporting counter-motion.

Para. 36. Disputed. See paras. 98-100 of Concise Statement supporting counter-motion.

DATED: Honolulu, Hawai'i, June 8, 2006.

          STEVEN B. JACOBSON
          Attorney at Law
          A Limited Liability Law Company

          _____
          STEVEN B. JACOBSON
          Attorneys for Defendants