JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

May 31, 2006

**Via Fax, E-Mail and U.S. Mail**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Re:  **Na Pali Haweo Community Association v. Anthony Charles Grande, et al., Civil No. CV04-00413 DAE/LEK**

Dear Mr. Jacobson:

This letter and the enclosed document comprise the Na Pali Haweo Community Association's response to the set of plans hand-delivered to Hawaiiana Management Company, Ltd., on April 19, 2006. The plans consist of architectural Sheets A-1 through A-15 (excluding Sheet A-11) and Landscape Sheets L-1 and L-2. The sheets are notated with different dates or, in some instances, are not dated. Delta revision numbers and dates, where used, have changed from previously submitted plans. Only a few revisions are clouded to indicate changes from previously submitted plans. Moreover, the plans are internally inconsistent. For example, the roof alteration is shown on Sheets A-3 through A-6; however, Sheets A-2 and A-10 show the existing roof (dashed lines) without the proposed alteration. There are other inconsistencies within the plans. The poor documentation renders the plans potentially confusing and difficult to interpret.

The plans were submitted with a letter from the Grandes dated April 14, 2006, which states, in part:

> *Although the front setback and the house as constructed are within the Building Envelope as approved by the Committee on October 17, 2000, we are nonetheless willing to modify the roofline, gutters, etc., as shown on the updated plans . . .*
>
> *In addition to the 100+ square feet of enclosed and covered area for service and storage facilities already in the garage, the plans show additional storage areas and as-yet unbuilt cabinets where we would also place stored items.*

The Grandes' statements are untrue. The house was not constructed within the Building Envelope as set forth in the Na Pali Haweo Design Guidelines. *See* Attachment No. 2 to the Report of James I. Nishimoto, AIA, dated April 1, 2005. (The plans submitted by the Grandes in October 2000 did not accurately reflect the location of the building envelope, *i.e.*, the building envelope was shown 10' rather than 20' from the property line. *See* Article III, § 3.2.1(d) of the Design Guidelines. Article VI, § 6.3(f) of the Design Guidelines states: "[t]he maximum permitted Building Envelope must be

 

Steven B. Jacobson, Esq.
May 31, 2006
Page 2

shown in relation to the proposed structure for all elevations." Thus, the onus was on the Grandes to accurately depict the building envelope on the set of plans submitted to the ARC.) Moreover, the plans do not reflect at least 100 square feet of enclosed and covered area for service and storage facilities.

The attached matrix describes the items which the Association is approving or disapproving. To the extent that the Grandes are seeking approval for any other alterations or additions, including without limitation deviations from the plans approved by the ARC on October 17, 2000, the proposed changes are hereby denied. Nothing herein should be construed to waive and/or impair any of the Association's rights under its governing documents and/or applicable laws.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

/s/ Lance S. Fujisaki

Joyce Y. Neeley
Lance S. Fujisaki
Scott R. Grigsby

JYN/LSF/SRG:etb

encls.: Response To Plans Submitted by Anthony Charles Grande
and Narindar Kaur Grande (hand-delivered April 19, 2006)

cc: John Zalewski, Esq.
Case Lombardi & Pettit

Client

X:\NaPaliHaweo\Grande\Jacobson Ltr18-fnl.wpd



**Response To Plans Submitted by Anthony Charles Grande and Narindar Kaur Grande (Received April 19, 2006)**

**Na Pali Haweo Community Association v. Anthony Charles Grande, et al., Civil No. CV04-00413 DAE/LEK**

May 31, 2006

| Description of Deficiency Per Report of James I. Nishimoto, AIA, April 1, 2005 | Grandes' Proposed Remedy Per Plans Received April 19, 2006 | Responses |
|---|---|---|
| 1. Building encroachment of 3-1/2 inches into the required twenty foot front setback at left building appendage. (Reference Site Survey plan drawing, Attachment No. 1) | No change. | Disapproved. |
| 2. Building encroachment within a front setback building envelope for a setback of one foot for every two feet of additional height over twenty feet. (Reference elevation drawing, Attachment No. 2) | Construct new CMU columns and beam within building envelope and cut back roof line along the front and sides of second floor master bedroom/balcony to maintain a hip roof profile for a maximum 2'-6" projection beyond envelope. | Approved. |
| 3. Two skylights on the north roof slope are bubble type with white frost, plastic lens, and natural aluminum curbs. (Reference photograph, Attachment No. 3) | Grandes installed flat panel skylights with aluminum frame painted red, without approval of ARC. | Disapproved; however, approval may be granted upon owners painting frame to match color of roof tile, dressing over exposed lead flashing with roof tiles or painting to match the roof color, and submitting manufacturer's brochure or similar product information for skylights. |
| 4. Air conditioning equipment is exposed at the rear yard, with no fence or earth embankment screening. (Reference photograph, Attachment No. 4) | Grandes installed lattice work fencing to screen air conditioning equipment. | Disapproved. Lattice work fencing is prohibited. NPH Design Guidelines § 3.2.7. Fencing material must be consistent with house design and equipment must be screened from view and insulated for sound attenuation. NPH Design Guidelines § 3.2.14. |
| 5. Roof exhaust vents (two) are natural aluminum finish instead of a color matching the roof material and are visible from the street. (Reference photographs, Attachment No. 3) | Grandes installed two replacement vents without approval of ARC. | Two replacement vents are disapproved; however, approval may be granted upon submission of revised plans reflecting new exhaust vents and manufacturer's brochure or similar product information for vents. |



| Description of Deficiency Per Report of James I. Nishimoto, AIA, April 1, 2005 | Grandes' Proposed Remedy Per Plans Received April 19, 2006 | Responses |
|---|---|---|
| 6. Sliding garage gate is missing leaving a double wall receptor exposed. (Reference photograph, Attachment No. 5) | No change. | Disapproved. |
| 7. Front entry light fixtures on the entry column bases have exposed bulbs. (Reference photograph, Attachment No. 6) | New light fixtures installed. | Approved |
| 8. Portions of the garden wall at the front property line exceed the height indicated on the approved drawings and as permitted by the Design Guidelines. (Reference photographs and Site Survey drawing, Attachment No. 7) | Plans do not clearly indicate how Grandes will modify wall. Sheet A-1 front wall elevation simply shows a dashed line above the garden wall with no other description or notation concerning the alteration. | Disapproved. |
| 9.a. 1) Front Elevation (Reference photograph & submitted drawing, Attachment No. 8): Roof eyebrow above the garage is missing. | Install roof eyebrow; however, plans do not indicate roof slope or roofing material to be used. | Approved subject to owners submitting information concerning roof slope and roofing material to be used. |
| 9.a. 2) Garage wall opening is squared-off at the top corners vs. an arch. | No change. | Disapproved. |
| 9.a. 3) The arched clerestory window above the entry door has been deleted and substituted with a decorative window. | No change. | Disapproved. |
| 9.a. 4) The windows at the living room are lower than the submitted drawings. | No change. | Disapproved. |
| 9.a. 5) Planters indicated on the submitted drawings located on the side of the front entry balcony are missing. Further, the locations of the adjacent metal railings are inconsistent between elevation and plan. | No change. | Disapproved. |
| 9.a. 6) The roof over the entry and the roof over the master bedroom are not separate and distinct elements as shown in the submitted drawings. | Modify roof over the master bedroom to create separate and distinct elements. | Approved. |
| b. Right (South) Elevation (Reference | | |

2



| Description of Deficiency<br>Per Report of James I. Nishimoto, AIA,<br>April 1, 2005 | Grandes' Proposed Remedy<br>Per Plans Received April 19, 2006 | Responses |
|---|---|---|
| photograph & submitted drawing, Attachment No. 9 & 11);<br>b.1) The <u>back corner</u> has been moved out to align with the living room exterior wall causing a change in the building square footage. This resultant plan change has also affected the roofline, resulting in a higher ridgeline and a less variegated elevation. | No change. | Disapproved. |
| b.2) <u>Windows</u> at the back corner are smaller than the submitted drawings. | No change. | Disapproved. |
| b.3) The windows at the living room are lower than the submitted drawings. | No change. | Disapproved. |
| b.4) The <u>decorative panel</u> indicated on the submitted drawings has been deleted. | No change. | Disapproved. |
| c. Left (North) Elevation (Reference photograph & submitted drawing, Attachment No. 10):<br>c.1) Exterior windows at the second floor Master Bedroom have been revised. | No change. | Disapproved. |
| c.2) The <u>metal railing</u> at the balcony corner has been deleted and a solid railing wall constructed in place. | Retain solid railing wall after moving columns and beam and altering roof. | Solid railing is disapproved. Owners must install metal railing per plans approved October 17, 2000. |
| 10. The enclosed <u>storage space</u> within the garage, as required by the Design Guidelines and as indicated on the approved drawings, is not provided. (Reference photographs and submitted drawing, Attachment No. 12 & 13) | No additional storage space shown on plans. | Disapproved. |
| 11. The <u>concrete pad</u> at the trash area as noted in the approved submitted drawings is missing as noted by landscape architect Mike Miyabara. (Reference plan, Attachment No. 14) | Sheet L-1 of plans indicate addition of concrete pad at trash area; however, concrete pad has not been constructed. | Concrete pad as shown on Sheet L-2 is approved. |

X:\NaPaliHaweo\Grande\List of Violations-fnl.wpd

3

