# Reinwald O'Connor & Playdon LLP

Arthur B. Reinwald*
Dennis E. W. O'Connor
George W. Playdon, Jr.*
Gilbert D. Butson*
Jerrold K. Guben
W. Thomas Fagan
Michael J. McGuigan
James A. Kawachika*
Cid H. Inouye
Kelvin H. Kaneshiro, D.M.D.
Jeffre W. Juliano, LL.M.

*A Law Corporation

A LIMITED LIABILITY LAW PARTNERSHIP
ATTORNEYS AT LAW   *Since 1876*

Pacific Guardian Center o Makai Tower o 733 Bishop Street o 24th Floor
Honolulu, Hawaii 96813-4070

P.O. Box 3199
Honolulu, Hawaii 96801-3199
Telephone: (808) 524-8350 o Fax: (808) 531-8628
email: info@roplaw.com

Dennis E. W. O'Connor Jr.
S. Kalani Bush
Charles S. O'Neill, Jr., LL.M.
Elmira K.L. Tsang
Lisette S. Blumhardt
R. Aaron Creps

COUNSEL
Dennis J. Hwang

April 5, 2005

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawaii 96824-0761

Lance S. Fujisaki, Esq.
Neeley & Anderson LLP
733 Bishop Street, Suite 201
Honolulu, Hawaii 96813

      Re:    <u>Na Pali Haweo Community Association v. Grande, et al.</u>,
              Civil No. 04-00413 DAE LEK (U.S.D.C.)

Dear Sirs:

      This is in response to the Listing of Violations dated March 22, 2005.

      As you know, Brandt Homes was the original contractor on the project and was provided with plans that were approved by the City and County Building Department. They were not given the set of plans that were submitted to the AOAO for their approval. Brandt Homes has yet to be provided with those plans. Brandt Homes' obligation as the contractor was to build the Grande home in accordance with the plans and information given to him. The following is Brandt Homes' position regarding each issue raised by James I. Nishimoto. References to Exhibits ending with a "-1" are from the plans provided to Brandt and were the basis of construction, and those ending with a "-2" are from plans submitted to the Association for approval, but only given to Brandt last week. All other Exhibits are attachments from the Association's list of alleged violations recently presented to the parties.

Exhibit "EE"

159774/03-228/CHI

Steven B. Jacobson, Esq.
Lance S. Fujisaki, Esq./Neeley & Anderson LLP
April 5, 2005
Page 2

1. **Building encroachment of 3-1/2 inches into the required twenty-foot front setback at left building appendage.**

The Plans require a twenty-foot front setback. Brandt Homes is responsible for the setback being only 19.6-1/2 feet, but cite the "de minimus" rule as accepted by the City and County building inspector. This is consistent with Hawaii Revised Statutes Section 669-12, which provides that where a residential structure has a position discrepancy of less than a half of a foot, such a discrepancy is not a zoning violation. See also HRS § 669-12 (1).

Further, Jeff Kloetzel, a representative of the Association, stated to Mr. Brandt in November of 2003 that a similar de minimus exception would be extended to this encroachment if all of Grande's other violations are corrected.

2. **Building encroachment within a front setback building envelope for a setback of one foot for every two feet of additional height over twenty feet.**

Brandt Homes is not responsible for this problem as this portion of the building was built accordance with the plans supplied by owner and approved by City and County of Honolulu. See Exhibits "B"-1-3.

3. **Two skylights on the north roof slope are bubble type with white frost, plastic lens, and natural aluminum curbs.**

Brandt Homes is not responsible for these claims as no specifications and/or CC&R requirements were provided to it. See Exhibit "B"-1 and 2. The skylights are located as per the plan. No further details were given to Brandt Homes.

4. **Air conditioning equipment is exposed at the rear yard, with no fence or earth embankment screening.**

Brandt Homes is not responsible for the problem with the location of the air conditioning equipment. The plans and specifications given to Brandt did not provide the location and/or enclosure requirements for the air conditioner. See Exhibit "C"-1. The specific location for the air conditioning unit was determined by owner.

Steven B. Jacobson, Esq.
Lance S. Fujisaki, Esq./Neeley & Anderson LLP
April 5, 2005
Page 3

> **5.  Roof exhaust vents (two) are natural aluminum finish instead of a color matching the roof material and are visible from the street.**

Brandt Homes is not responsible for these color issues as this requirement was not in the plans or specifications given to Brandt for the project. See Exhibit "D"-1. The location of the vents differs from the plans due to location and size of solar panels.

> **6.  Sliding garage gate is missing leaving a double wall receptor exposed.**

Brandt Homes installed the double wall receptor as required by its contract. Brandt Homes did not install the sliding front gate as this work was excluded from its construction contract. See Exhibits "E"-1 and 2 (sliding front gate is omitted, but the double wall still in the plans).

> **7.  Front entry light fixtures on the entry column bases have exposed bulbs.**

The fixtures referenced were not on the plans given to Brandt Homes. These fixtures were added as a change order. No specifications were given to Brandt Homes as to the specific fixtures.

> **8.  Garden walls at the front property line exceed the maximum six feet height.**

The planned height for left side garden wall was to be 36". The right side wall was to be of a matching height. See Exhibits "C"-1, "E"-1, and "F". Grande requested that the wall height be increased because he had security concerns. No specifications or CC&R requirements were provided to Brandt indicating a maximum height restriction.

Steven B. Jacobson, Esq.
Lance S. Fujisaki, Esq./Neeley & Anderson LLP
April 5, 2005
Page 4


9. **Exterior fenestrations have been modified from the approved/ submitted drawings:**

   a. **Front Elevation:**

   1) **Roof eyebrow above the garage is missing.**

   The AOAO issued a stop work order before this work was completed by Brandt Homes. Additional finish work in these areas was completed by owner.

   2) **Garage wall opening is squared-off at the top corners vs. an arch.**

   The AOAO issued a stop work order before this work was completed by Brandt Homes. Additional finish work in these areas was completed by owner.

   3) **The arched clerestory window above the entry door has been deleted and substituted with a decorative window.**

   These windows were built in accordance with the plans provided to Brandt Homes. See Exhibits "G"-1 and 2.

   4) **The windows at the living room are lower than the submitted drawings.**

   These windows were built in accordance with the plans provided to Brandt Homes. See Exhibits "G"-1 and 2.

Steven B. Jacobson, Esq.
Lance S. Fujisaki, Esq./Neeley & Anderson LLP
April 5, 2005
Page 5

     **5)    Planters indicated on the submitted drawings located on the side of the front entry balcony are missing. Further, the locations of the adjacent metal railings are inconsistent between the elevation and plan.**

The plans given to Brandt homes were not consistent. In some views, the planters and railings were drawn, in other views of the same area, there were no planters and no railings. The owner requested that the front area be modified to delete the planters. Brandt Homes built the front area in accordance with the owner's request. See Exhibits "G"-1 and "H"-1.

     **6)    The roof over the entry and the roof over the master bedroom are not separate and distinct elements as shown in the submitted drawings.**

The roof area could not be built in accordance with the plans. The plans require a 3 feet overhang for all roofs. A three foot overhang would allow for a one-foot space between roof sections. See Exhibits "D"-1 and "G"-1. If the roof were built in this manner then the front gutters could not be installed on the roof. In order to accommodate this conflict, a decision was made to combine the distinct roof in order to allow for the installation of gutters. This change was approved by the architect.

    **b.    Right (South) Elevation:**

     **1)    The back corner has been moved out to align with the living room exterior wall causing a change in the building square footage. This resultant plan change has also affected the roofline, resulting in a higher ridgeline and a less variegated elevation.**

Brandt Homes built this section of the home in accordance with the plans provided to it. See Exhibits "D"-1 and 2.

Steven B. Jacobson, Esq.
Lance S. Fujisaki, Esq./Neeley & Anderson LLP
April 5, 2005
Page 6

      2)      **Windows at the back corner are smaller than the submitted drawings.**

These windows are sized in accordance with the plans provided to Brandt Homes. <u>See</u> Exhibits "A"-1 and 2.

      3)      **The windows at the living room are lower than the submitted drawings.**

These windows are located in accordance with the plans provided to Brandt Homes. <u>See</u> Exhibits "A"-1 and 2.

      4)      **The decorative panel indicated on the submitted drawings has been deleted.**

This decorated panel was not installed by Brant Homes based on a directive from Mr. Grande. Mr. Grande deleted this item because he thought it looked Asian and wanted to maintain a Mediterranean look.

    c.    **Left (North) Elevation:**

      1)      **Exterior windows at the second floor Master Bedroom have been revised.**

The installed windows are in accordance with the plans provided to Brandt Homes. <u>See</u> Exhibits "B"-1 and 2.

      2)      **The metal railing at the balcony corner has been deleted and a solid railing wall constructed in place.**

This change was made in order to relocate the front column on the home after the setback issue was discovered. <u>See</u> Exhibits "B"-1 and 2. This change would have allowed relocation of the front columns in order to comply with the AOAO's setback requirement. The AOAO never approved the relocation of these columns.

Steven B. Jacobson, Esq.
Lance S. Fujisaki, Esq./Neeley & Anderson LLP
April 5, 2005
Page 7

10. **The required enclosed storage space within the garage is not provided. While the toilet and heater space may be counted as a service space, it is far short of the 100 square feet.**

This storage space was not in the drawings provided to Brandt Homes. <u>See</u> Exhibits "H"-1, "H"-2, "I"-1 and "J".

11. **The concrete pad at the trash area as noted in the approved submitted drawings is missing as noted by landscape architect Richard Miyabara.**

This simply is not true. The concrete trash pad was built in accordance with the plans.

If you have any questions then please contact me.

Very truly yours,

Cid H. Inouye

CHI:gfm

Enclosures