JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

ROBIN MILLER
CHERRYLINA C. PIEDAD
PAMELA J. SCHELL

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

August 11, 2005

**VIA: FACSIMILE TRANSMISSION
and U.S. MAIL**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu Hawai`i 96824-0761

Re: **Na Pali Haweo Community Association v. Grande;**
**Civil No. 0410-00413 DAE LEK (USDC)**

Dear Mr. Jacobson:

The Na Pali Haweo Community Association's Board of Directors and Architectural Review Committee (ARC) have reviewed plans submitted by Anthony Charles Grande and Narindar Kaur Grande ("Grandes") on July 20, 2005. The submittal consisted of the following drawing sheets with the latest revision numbers and dates, as they pertain to this subject matter:

| Sheet No. | Original Plan Date | Latest Revision No. | Revisions Date |
|---|---|---|---|
| A-1 | July 2000 | delta 3 | 7/17/05 |
| A-2 | July 2000 | delta 8 | 11/13/03* *(incorrectly dated) |
| A-3 | July 2000 | delta 10 | 7/17/05 |
| A-6 | July 2000 | delta 14 | 7/17/05 |
| A-9 | September 2000 | delta 2 | none shown |

A. **GENERAL**

The Board and ARC have reviewed the Grandes' proposed plans to assess the general concept of the proposed fix. The review of the proposed plans is subject to the submission of additional information, including a complete set of revised plans, for review and approval by the ARC and Board. The current submission is incomplete, inconsistent or otherwise inadequate for, among other things, the following reasons:

EXHIBIT "GG"

Steven B. Jacobson, Esq.
August 11, 2005
Page 2

1. The submission does not include a cover letter by the Grandes or their architect explaining the intent or extent of the submitted revisions.

2. Only a partial set of plans was submitted, although the proposed revisions affect other drawing sheets which were not included.

3. The plans do not accurately reflect the true as-built conditions, some of which are germane to the above-referenced subject.

4. Revisions were annotated to photocopies of previous generations of the sheets which already had prior markups but were not updated properly in accordance with standard practice. Given the lack of clarity, the Board and ARC made their best judgment as to which revisions were applicable for this review.

5. The plans contain various revision numbers and inconsistent dates (*i.e.*, per above listing.)

6. The plans contain various revisions, numbered 1 through 13 all dated 11/13/03, which were not previously approved by the ARC.

**B.  DESIGN REVIEW**

Despite the lack of completeness or clarity, the Board and the ARC based their review on the submitted sheets and revisions along with the List of Violations dated April 1, 2005, prepared by James Nishimoto AIA.

1. Sheet A-1

    a. Site Plan, delta 3 note reads "REVISIONS TO "AS-BUILT" SET TO MEET ARCHITECTURAL COMMITTEE REQUIREMENTS". However, delta 3 drawing revisions were limited to showing a "NEW" garage finish floor elevation revised from 581.0 to 581.99 feet (presumably the elevation indicated by Mr. Nishimoto) and house finish floor elevation revised from 586.0 to 587.29 feet (an increase of nearly 16 inches). No other sheets reflect these changes. The Grandes must submit revised plans reflecting the new elevation measurements.

    b. Although a 20'-0" front yard building setback is still shown, it is also noted "SEE DEMINIMUS LAW, 19'-8½" ACTUAL TO REMAIN." The plans do not correct the setback encroachment.

Steven B. Jacobson, Esq.
August 11, 2005
Page 3

    c. Detail 5/A-1, Front Wall Elevation, is the same property line fence wall as that shown on the ARC approved plan, except with the delta 1 note "OMIT GATES." By e-mail dated August 3, 2005, the Grandes confirmed they will modify the front wall so as to conform with the plans previously approved by the ARC.

2. Sheet A-2

    a. Lower Floor Plan

        1) A new storage room noted as 106 sf, but dimensioned at 9' x 9' (or 81 sf), is shown within the garage. Its delta revision 7 date is noted 11/13/03. The 106 sf may have been intended to include a portion of the floor below the adjacent steps, which is not suitable for this storage purpose due to the limited height and access. Although noted by delta revision 7, dated 11/13/03, this item was reviewed by the Board and ARC as it was apparently intended to address one of the violations listed by Mr. Nishimoto.

    b. Upper Floor Plan

        1) Although graphically shown, CMU columns located at the master bedroom balcony are noted for removal. The Association presumes, for purposes of this review, that the Grandes are proposing to remove the columns. Although this delta 8 revision is dated 11/13/03, it appears consistent with Sheet A-3, delta 10 (see following discussion) and was reviewed as addressing the height setback violation.

        2) Also part of delta 8 revisions is the garage roof overhang, noted as "NEW." This could be construed to reinstate the original design. However, the Association presumes the "new" roof will be consistent with Sheet A-3, delta 10.

3. Sheet A-3, Front & Left Elevations

    a. The delta 10 revision indicates removal and reconstruction of the roof fronting the property line and overhanging the balcony, in conformance with the height setback envelope.

Steven B. Jacobson, Esq.
August 11, 2005
Page 4

    b.    A delta 8 hand sketch is shown of the 19'-8½" front yard setback, with "Deminimus Law" referenced.

    c.    As stated in B.2.b.2, the garage roof overhang is reinstated as "NEW ROOF."

    d.    Reference earlier comment B.1.a. The "old" floor elevation of 581.0 feet remains on the front elevation; however, the elevation as shown on the left elevation was increased to 581.99 feet at the same point. The building envelope line and height of roof have not been revised to reflect the new elevation and are based on an elevation of 581.0 feet, rather than 581.99 feet (a difference of nearly 12 inches). The plans must be revised to reflect the revised elevation of 581.99 feet, the new finish floor elevations and corresponding building height increases.

4.    Sheet A-6, Roof Plan and Sheet A-9, Roof Framing Plan

    a.    The removal of the existing and construction of a new roof line over the master bedroom balcony is shown, consistent with Sheet A-3, Left Elevation. On Sheet A-9, the omission of the columns below is noted.

    b.    The separation of the roof mass above the master bedroom from that of the entry roof is also shown, consistent with Sheet A-3, Front Elevation. However, this does not match the existing conditions.

## C. CONCLUSION

1.    Subject to the submission of additional information, including a complete set of revised plans, for review and approval by the ARC and Board, the Association approves the design concepts presented for the following revisions only:

    a.    Addition of a minimum 100 sf storage room within the garage.

    b.    Removal of columns, beams and roof over the master bedroom balcony and the reconstruction of the roof entirely within the height setback envelope, maintaining the separation of bedroom and entry roof masses as shown on the plans.

    c.    Construction of the garage roof brow and rounding of garage facade corners.

    d.    Construction of the front wall as depicted on the plans previously approved by the ARC.

Steven B. Jacobson, Esq.
August 11, 2005
Page 5

2.  The plans do not reflect any other proposed design revisions or corrective actions. However, to the extent the plans propose any other revisions to the plans previously approved by the ARC, such revisions are hereby disapproved.

3.  The Grandes must submit for review by the Board and the ARC a complete set of revised plans, accurately showing the corrective work for all violations. All approved revisions shall be made to the original drawing, accurately reflecting the as-built and/or approved corrective work, clouded with a revision symbol, date and description, all in accordance with standard professional practice.

Thank you for your attention to this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Joyce Y. Neeley
Lance S. Fujisaki

JYN/LSF:etb

cc: The Honorable Magistrate Judge Leslie E. Kobayashi
United States District Court for the District of Hawai`i

John D. Zalewski, Esq. (via fax & mail)
Case Bigelow & Lombardi

Tony Wong, Esq. (via fax & mail)
Matsui Chung Sumida & Tsuchiyama

Cid H. Inouye, Esq. (via fax & mail)
Reinwald O'Connor & Playdon

Stanford H. Nakamoto, Esq. (via fax & mail)
Kiuchi & Nakamoto

Blake W. Bushnell, Esq. (via fax & mail)
Bushnell & Miller, LLLC

Na Pali Haweo Community Association

X:\NaPaliHaweo\Grande\Jacobson Ltr12-fnl.wpd