# Reinwald O'Connor & Playdon LLP

Arthur B. Reinwald*
Dennis E. W. O'Connor
George W. Playdon, Jr.*
Gilbert D. Butson*
Jerrold K. Guben
W. Thomas Fagan
Michael J. McGuigan
James A. Kawachika*
Cid H. Inouye
Kelvin H. Kaneshiro, D.M.D.
Jeffre W. Juliano, LL.M.

*A Law Corporation

A LIMITED LIABILITY LAW PARTNERSHIP
ATTORNEYS AT LAW  *Since 1876*

Pacific Guardian Center • Makai Tower • 733 Bishop Street • 24th Floor
Honolulu, Hawaii 96813-4070

P.O. Box 3199
Honolulu, Hawaii 96801-3199
Telephone: (808)524-8350 • Fax: (808)531-8628
email: djh@roplaw.com

Dennis E. W. O'Connor Jr.
S. Kalani Bush
Charles S. O'Neill, Jr., LL.M.
Lisette S. Blumhardt

*COUNSEL*
Dennis J. Hwang

April 1, 2004

**VIA E-MAIL & U. S. MAIL**
**sjacobson.law@verizon.net**

Steven Jacobson, Esq.
P.O. Box 240761
Honolulu, HI 96815

> RE:  Lot 2A-49 (1251 Kamehame Dr.)

Dear Mr. Jacobson:

    We have been informed that Mr. Grande had a conversation with Jeff Brandt this morning regarding the above referenced property. Before proceeding, I wish to give you a status report and provide some historical background.

    First, Brandt Homes, Inc. has finished all work on the compliant portions of the Grande residence. Furthermore, the work for the entire house, except for the non-compliant portions, has been inspected by the architect, who agrees that the quality of the work is in accordance with the contract documents and that the remaining portions that cannot be completed are for reasons beyond the control of the contractor (see Attachment).

    Second, the building inspector signed off on completion of the Grande residence, and the structure is now suitable for habitation and rental. The inspector views the unfinished non-compliant portions of the house as cosmetic. Therefore, the house is available for renting while the issue of the non-compliant portions is resolved with the Na Pali Haweo Community Association ("Association").

    We note that on February 23rd, we sent Mr. Grande a letter asking him to obtain all proper approvals, and seeking a full indemnity agreement, with hold harmless and duty to defend clauses, if the Grandes insist that Brandt Homes finish work on the non-compliant areas. This letter has not been signed, but was discussed today between our clients. Since that letter, several significant events have occurred.

EXHIBIT "RR"

00183

142689/03-228/DJH

Steven Jacobson, Esq.
April 1, 2004
Page 2

On March 4th, our office received, as well as the Grandes, a Notice of Covenants Violations from the law office of Neeley & Anderson, which represents the Association. In that letter, the Neeley firm reiterated the position of the Association, that construction must cease on all non-compliant issues until approval is obtained by the Architectural Review Committee. The Notice further informed our client that a lawsuit may ensue and that injunctive relief, damages and other remedies may be sought, including attorneys' fees.

On March 8th, Mr. Grande told Jeff Brandt that he would not sign the indemnity agreement. When Mr. Brandt told him of the burden it would place on his company if he were sued by the Association, Mr. Grande indicated this should not be a problem since Brandt Homes' insurance company can defend. Be advised that there is no guarantee that Brandt Homes' insurance company would accept a tender of defense. In addition, the increased insurance premiums that Brandt Homes may incur do not warrant taking such risks.

Mr. Grande then told our client on March 11th, that if there is a lawsuit, he would be sued and not Brandt Homes, thus implying that it was okay to proceed with construction for the non-compliant portions. Again, there is no guarantee that Brandt Homes would not be made a party in an Association lawsuit. On the contrary, if the Association files a suit, Brandt Homes may likely be named as a party.

This morning, Mr. Grande told our client that if Brandt Homes stopped work, he would proceed with another contractor, in contravention of the cease construction orders of the Association and their law office, as well as the professional judgment of the architect and our client. Furthermore, Mr. Grande apparently does not wish to inform Merril Lynch about the issue of the non-compliant portions of the house. He mentioned that the Grandes received written approval from the Association for the current plans, but would not provide our client a copy. Finally, he threatened to tarnish the reputation of Brandt Homes. Your client does not appear to appreciate the significance or implication of the construction agreements, most notably the one with Merril Lynch.

We have reviewed the Construction Loan Agreement between Merril Lynch Credit Corporation ("MLCC") and the Grandes. Brandt Homes is affected by the MLCC Agreement, since under the Agreement, the Brandt Construction Contract has been assigned from the Grandes to MLCC. The relevant portions of the MLCC Agreement are:

00184

Steven Jacobson, Esq.
April 1, 2004
Page 3

>Section 2.2 – Owner certifies that the Improvements will be built and constructed in a first class and workmanlike manner, in accordance and in material compliance with the Plans and Specifications, and in full and strict compliance with all limitations, reservations, covenants and restrictions of record affecting the Property or the construction of the Improvements, and with all applicable Federal, State, county or municipal building and zoning, land use, environmental, construction and mechanics lien law, and public safety codes, laws, ordinances, rules and regulations.
>
>Section 5.1 – Upon the failure of the Owner or the Contractor to perform according to the terms of this Agreement, or in the event that MLCC should be prevented from so performing, or if conditions should arise that performance would be rendered difficult or hazardous for MLCC, or in the event of the failure of any condition by Owner, or if MLCC in good faith deems that Owner may default or shows signs of inability to fulfill contractual obligations, then Owner will be deemed in default under this Agreement, and thereupon, MLCC is authorized to withhold further disbursements of the Loan Proceeds and such other funds as have been delivered to MLCC pursuant to this Agreement until all objections are removed or cured to MLCC's satisfaction.

The failure of the Grandes to obtain all permits and approvals from the Association is in violation of Section 2.2 of the Construction Loan Agreement. In a default, MLCC can withhold payment to our client. If Brandt Homes were to proceed with the work, without Association approvals, MLCC can withhold payment to Brandt Homes. Also under the MLCC Agreement, it is MLCC and not the Grandes that have the authority to decide on issues such as moving ahead with construction without Association approvals or hiring another contractor.

In light of the recent developments, Brandt Homes can not proceed with work on any of the non-compliant portions of the dwelling unless one of the following two conditions are met:

1)     (a) Your client obtains all approvals from the Association and the Architectural Review Committee necessary to complete the work and (b) all past due payments must also be made current; or

00185

Steven Jacobson, Esq.
April 1, 2004
Page 4

2)    (a) Brandt Homes is provided with a full indemnity, with hold harmless and duty to defend clauses, excluding any costs associated with the de minimus 2.4 inch excursion into the setback, (b) all past due payments are made current, (c) proof of prior design approval by the Association that the Grandes refer to is provided to Brandt Homes, and (d) the Grandes agree that Brandt Homes can provide ten day notice to the Association and MLCC that although the issue of approval is in dispute, construction is proceeding, against Brandt Homes wishes, and at the demand of the homeowner.

Please note that as of March 24th, Brandt Homes has completed all approved work and has obtained approvals from the architect and the building inspector. Any outstanding work is beyond the control of Brandt Homes. Brandt Homes will provide the Grandes and MLCC an updated accounting of the work performed, and any outstanding payments due pursuant to the Construction Contract.

Since MLCC is a party to Brandt Homes Construction Contract, they should be informed that Brandt Homes has completed all work on the compliant portions of the house, but cannot complete work on the non-compliant portions based on outstanding issues with the Association. We therefore request the following:

A) Please provide notice to MLCC that there are outstanding issues related to the non-compliant portions of the house. The March 4th Neeley & Anderson letter and background materials should be provided to MLCC as soon as possible.

B) We request that you provide proof to our office that MLCC has been notified and received the materials listed above.

C) We urge your client to obtain all approvals from the Association as soon as possible. It would cost much less to work this matter out with the Association rather than fight this relatively minor issue in the courtroom. If there is a dispute with the Association, we suggest you utilize any available arbitration provision.

D) Please let us know if the Grandes will proceed to obtain the proper approvals, or if they intend to proceed with another contractor. If it is the

00186

Steven Jacobson, Esq.
April 1, 2004
Page 5

latter, we will seek final payment from MLCC, since they are a party in the Brandt Homes Construction Contract.

Brandt Homes would like to work with the Grandes to finish the house, and will do all that is possible, within reason. Please feel free to give me a call if you have any question or comments.

Sincerely

REINWALD O'CONNOR & PLAYDON LLP

Dennis J. Hwang

DJH:as
Attachment

cc: Jeffrey Brandt w/o attachment

00187