IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai'i non-profit corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>ANTHONY CHARLES GRANDE, ET AL.,<br><br>      Defendants. | CIVIL NO. 04-00413 DAE-LEK |

**ORDER DENYING DEFENDANTS AND COUNTERCLAIM PLAINTIFFS'
MOTION FOR JOINDER OF PARTIES, FILED MAY 12, 2006**

      Before the Court is Defendants and Counterclaim Plaintiffs Anthony Charles Grande and Narindar Kaur Grande's (collectively, "the Grandes") Motion for Joinder of Additional Parties, filed on May 12, 2006 ("Motion"). Plaintiff and Counterclaim Defendant Na Pali Haweo Community Association ("Na Pali") filed its memorandum in opposition on May 26, 2006. The Grandes filed their reply on June 5, 2006. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY DENIES the Motion for the reasons set forth below.

## BACKGROUND

This case arises from a dispute between Na Pali[1] and the Grandes, two of Na Pali's members, concerning construction on the Grandes' property which allegedly violated Na Pali's Design Guidelines. Na Pali originally filed its Complaint on June 1, 2004 in the Circuit Court of the First Circuit of the State of Hawai`i, seeking, *inter alia*, an injunction compelling compliance with the Design Guidelines. The Grandes removed the case to Federal Court on July 8, 2004.

On May 12, 2006, the Grandes filed the instant Motion, seeking to bring a third-party complaint against Brandt Homes, Incorporated, and its president, Jeffrey A. Brandt (collectively, "Brandt Homes"). The Grandes contracted with Brandt Homes to construct the residence which is the subject of the instant lawsuit. The Grandes assert that Brandt Homes' deviations from Na Pali's Design Guidelines should be deemed immaterial and that the Federal Court should rule that the construction does not contravene enforceable aspects of those guidelines. [Exh. to Motion, Proposed Third-Party Complaint, at ¶¶ 4-6.] If, however, the Grandes are found liable for these deviations, they allege that "Brandt Homes . . . should be responsible for making any required alterations to Third-Party Plaintiffs' home, and for

---

[1] Na Pali operates the Na Pali Haweo Planned Community, which is located in Maunalua, Honolulu, Hawai`i.

paying any damages, costs, fees, etc., which are assessed." [Id. at ¶ 7.]  The Grandes also allege that Brandt Homes is liable to them for:

> all damages they have incurred and will occur as a result of their failure to complete the construction and their deviations from the plans provided, for their fees and costs incurred in defending against the Associations' claims, for their fees and costs incurred in defending a related lawsuit brought against them by Glen and Sandra Moribe, and for their fees and costs incurred in the prosecution of this Third-Party Complaint.

[Id. at ¶ 8.]

The Grandes assert that, if the Court does not grant the Motion and does not allow the Grandes to join Brandt Homes as a party in this action, the Grandes may be forced to bear "inconsistent obligations," such as paying Brandt Homes for work that the Federal Court may determine a violation of Na Pali's Design Guidelines.  [Mem. in Supp. of Motion at 4-5.]

Na Pali filed its memorandum opposition on May 26, 2006.  It argues that, if the Court permits the third-party complaint, Na Pali will be prejudiced because permitting the additional parties may delay the hearing on Na Pali's Motion for Summary Judgment, currently scheduled for hearing on June 26, 2006, and the trial, currently set to commence on December 12, 2006.  Na Pali submits that the Grandes' delay in bringing the Motion is unreasonable because the Grandes filed it almost two years after the Complaint was filed and six weeks before the

summary judgment hearing, and because the Grandes were aware of Brandt Homes' involvement in this matter from the inception of this case. [Mem. in Opp. at 2-3.] Na Pali also asserts that the Motion is unnecessary in light of ongoing litigation between the Grandes and Brandt Homes in state court, in which the Grandes have asserted nearly identical claims and issues. [Id. at 3-5.] Na Pali further contends that both Rule 19 and Rule 14 of the Federal Rules of Civil Procedure are inapplicable because Brandt Homes is not an indispensable party and because the Grandes did not file the Motion in a timely manner as required by Rule 14(a). Finally, Na Pali notes that denying the Motion would be consistent with this Court's previous ruling denying the Grandes' motion to join their neighbors, Glen and Sandra Moribe (collectively "the Moribes"), as parties. [Id. at 5-6.]

    The Grandes filed their reply on June 5, 2006. They point out that Brandt Homes was actively involved in the settlement negotiations in this action. The Grandes emphasize that the Motion is timely according to the new deadline to add parties and amend pleadings that the Court set in January and that Na Pali did not object to the new deadlines. [Reply at 2.] Further, according to the Grandes, Na Pali itself has injected new issues into the litigation by changing its position on many aspects of the case. [Id. at 3.] The Grandes also argue that, unless Brandt Homes is joined in the instant action, both they

and Na Pali are at risk of bearing inconsistent obligations because of Brandt Homes' state court action.[2]  Finally, the Grandes note that they filed the Motion after Na Pali's pending summary judgment motion and that hearing date availability is the only reason that the Motion was scheduled to be heard before the summary judgment hearing.  [Id. at 3-4.]

## DISCUSSION

The deadline for all motions to join additional parties or to amend the pleadings was May 12, 2006.  Thus, the Motion has been timely filed.  Timeliness alone, however, does not dictate the outcome of this Motion.  The Grandes bring this Motion pursuant to Rules 14(a), 19(a) and 21 of the Federal Rules of Civil Procedure.  [Motion at 2.]

**I.   Rule 21**

Rule 21 states, in pertinent part, "[p]arties may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21 (emphasis added).  The Court declines to exercise its discretion to permit the Grandes to add Brandt Homes as a party to this action at this late date.  The Grandes removed this litigation to Federal Court nearly two years ago, and they have been involved in multiple litigations in state court

---

[2] The Grandes state that, although Na Pali defaulted in the Brandt Homes action, it filed a motion to set the default aside on June 2, 2006.  [Reply at 4.]

regarding the same residential construction that is the subject of the instant lawsuit. Brandt Homes' identity and role in the residential construction have been known to the Grandes from the commencement of the instant lawsuit. As a result, the Court finds that Brandt Homes cannot be added on any terms that would be just.

## II.  **Rule 19**

> Rule 19(a) provides, in relevant part:
>
> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). A person described in subsection (a) is considered a "necessary party," and should be joined if possible. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004) (citation omitted).[3] The purpose

---

[3] If it is not possible to join the person, the court must determine if the suit should be dismissed because the absent person is an "indispensable" party. See Disabled Rights, 375 F.3d at 878-79 (citing Fed. R. Civ. P. 19(b)). Rule 19(b) states:

(continued...)

of Rule 19(a) is "to protect a party's right to be heard and to participate in adjudication of a claimed interest." In re Republic of the Philippines, 309 F.3d 1143, 1152 (9th Cir. 2002) (citation and quotation marks omitted).  The Rule 19(a)(1) "complete relief" factor "'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" Disabled Rights, 375 F.3d at 879 (quoting Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)).

        Thus, the issue is whether Brandt Homes' absence would prevent the Federal Court from fashioning meaningful relief between Na Pali and the Grandes.  See id.  The Court finds that Brandt Homes' absence in the instant lawsuit would not prevent

---

[3](...continued)
> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

the Federal Court from doing so.  Na Pali's action against the Grandes, and the Grandes' counterclaim against Na Pali, arise out of alleged obligations between the community association and its members.  As such, Brandt Homes is not a "necessary party" to these claims.

### III. <u>Rule 20</u>

Alternatively, even though Brandt Homes is not a necessary party under Rule 19, the Court may permit permissive joinder.  Federal Rule of Civil Procedure Rule 20(a) governs permissive joinder and provides, in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a).  This rule's purpose is "to promote judicial economy, and reduce inconvenience, delay, and added expense."  <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997) (citation omitted).  If permitted, the Grandes would file a third-party complaint against Brandt Homes.  Joinder is only proper where both requirements, transactional relatedness and commonality, have been met.  <u>See</u> <u>Desert Empire Bank v. Ins. Co.</u>

of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) ("Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." (citing League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914 (9th Cir. 1977); Wright & Miller, Federal Practice and Procedure: Civil § 1653).

Although an argument can be made that both requirements are met here, this Court must also examine other relevant factors of fundamental fairness in determining whether permissive joinder would be fair. These other factors were specifically enumerated in Desert Empire:

> Although the specific requirements of Rule 20, discussed above, may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. For example, when making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *See also*, cases cited in 3A J. Moore, Federal Practice

¶ 15.08[4]-[5].

Id. at 1375.  Overall, the factors weigh against permissive joinder.  The Grandes have greatly delayed in seeking to join Brandt Homes.  This litigation was initially filed two years ago, and the Rule 16 conference was held in January, at least four months before the Motion was filed.  The Grandes are well aware of Brandt Homes' identity, and have been defendants in state court litigation filed by Brandt Homes as well as the Moribes, regarding the construction of the Grandes' home.  The Grandes' delay in seeking a joinder at this late date, and filing such a motion only after Na Pali filed its Motion for Summary Judgment raise questions about motives to delay or extend the litigation.  As earlier noted, Brandt Homes' identity and role in the residential construction have been known for years, and certainly before litigation commenced.  With regard to the factor concerning the closeness of the relationship between Na Pali, the current plaintiff and counterclaim defendant, and Brandt Homes, there is no relationship.  The Grandes hired Brandt Homes to serve as their contractor.  Brandt Homes has no contractual or other relationship with Na Pali.  Thus, all but the last two factors, the effect the joinder would have on jurisdiction, and the new party's notice of the pending action, militate against permissive joinder.

**IV.  Rule 14**

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice.  If the third-party complaint is not filed within ten days after the defendant serves the original answer, then leave of court must be obtained to file a third-party complaint.  See Fed. R. Civ. P. 14(a); see also Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).  Under such circumstances, the decision whether to permit a third-party complaint to be filed is within the sound discretion of the trial court.  See Sw. Adm'rs, 791 F.2d at 777; see also United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir. 1983).

The purpose behind Rule 14 "is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim."  Kim v. Fujikawa, 871 F.2d 1427, 1434 (9th Cir. 1989) (citation omitted); see also Sw. Adm'rs, 791 F.2d at 777.  However, a third-party claim must be based upon the plaintiff's claim against the defendant, not merely related to the plaintiff's claim.  See One 1977 Mercedes Benz, 708 F.2d at 452 ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.").  Here, the Grandes seek to bring a third-party complaint against Brandt Homes for any damages that the Grandes may be held liable to Na Pali or to the Moribes.

While one could possibly construe the Grandes' third-party claim against Brandt Homes as a claim for contribution and/or indemnity that is derivative of Na Pali's claim for violating Na Pali's Design Guidelines, other factors weigh against permitting the third-party complaint.  Among the factors that a court may consider in determining whether to permit the filing of a third-party complaint are: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted."  Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (citation omitted).  For the reasons stated above, the Court concludes that: the Grandes were derelict in filing the Motion; the third-party complaint against Brandt Homes would unduly delay the trial currently scheduled for December 14, 2006, as the deadlines for defense expert witnesses and dispositive motions will expire in less than six weeks; and bringing Brandt Homes in as a defendant at this point in the litigation would prejudice Brandt Homes in light of the rapidly approaching deadlines and a trial date in approximately six months.

**CONCLUSION**

For the reasons stated above, Defendants and Counterclaim Plaintiffs' Motion for Joinder of Additional Parties, filed May 12, 2006, is hereby DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 20, 2006.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NA PALI HAWEO COMMUNITY ASSOCIATION V. ANTHONY CHARLES GRANDE; CIVIL NO. 04-00413 DAE-LEK; ORDER DENYING DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' MOTION FOR JOINDER OF PARTIES, FILED MAY 12, 2006**