IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br><br>    Defendants.<br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>    Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

Mr. and Mrs. Grande hereby move for reconsideration of the Court's

Order of June 21, 2006, denying their motion for joinder of their contractor –

3

Brandt Homes and Jeff Brandt (collectively Brandt) – as third-party defendants in this action.

Reconsideration should be granted, and Brandt added as a party, for multiple reasons:

First, the Court's Rule 19 analysis (at 6-8) overlooks the pertinent part of the rule, *i.e.*, Rule 19(a)(2)(ii).

The question under Rule 19(a)(2)(ii) – unaddressed by the Court's Order – is whether Brandt is "so situated" that disposing of this case in his absence would leave Grandes at "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

He clearly is so situated. Brandt claims an interest relating to the subject matter of this lawsuit, namely the right to be paid for work he performed on Grandes' home. At the same time, the Association is claiming that same work was improperly performed, and is seeking an injunction requiring Grandes' to modify it. Those claims, and the obligations Brandt and the Association are attempting to impose on Grandes, are plainly inconsistent.

Second, the Court's concern that adding Brandt as a third-party defendant might somehow delay the June 26 hearing on the parties' cross-

4

motions for summary judgment has been mooted. That hearing took place as scheduled on June 26.

Third, the Court's Rule 21 analysis (at 5-6) appears to have manifestly overestimated the theoretical negative effects of adding Brandt as a third-party defendant, in possibly creating other delay.

In Grandes' view,[1] the principal things Brandt did wrong were with respect to their home's front setback and front height – he 1) built the front of their home 3 ½ inches too close to the front property line, and 2) built the front of their home 29 inches too high.

On the setback question, contrary to the Court's apparent assumption, no discovery or other investigative activity would be required by Brandt's addition as a party because Brandt has *already* admitted that "Brandt Homes is responsible" for the home being built less than 20' feet from Grandes' front property line. (Exhibit EE, Sec. 1)

The only remaining issues on the setback are what the legal effects, if any, of the discrepancy should be -- issues largely before the Court already.

On the height question, while not admitting error as such, Brandt does admit that he was supposed to follow "the plans . . . approved . . . by the City and County of Honolulu." (Exhibit EE, Sec. 2)

---

[1] Assuming *arguendo* that the Association isn't bound by its approval of an atypical building envelope.

5

Those plans, identical in that regard to the plans approved by the Association, called for the front height of Grandes' home – ground to bottom of the roof overhang – to be in the vicinity of 20 feet. (Exhibit D, at D-3; Exhibit G, at A-3)

However, the Association's purported expert has measured that same height, as built by Brandt, at 22.41 feet – 604.4 feet elevation minus 581.99 feet elevation – a 2.41 foot difference. (Exhibit T, Att. 2)

The as-built front height is what it is – an issue requiring very little discovery (measuring it). The only remaining issues on the front height as-built are whether the Association's measurement is correct and, if so, what the legal effects, if any, of the discrepancy should be, issues likewise largely before the Court already.

Especially given Brandt's concessions, it is very easy – in terms of FRCP Rule 21 – to add Brandt as a party to this action "on . . . terms that would be just," simply by granting Grandes' joinder motion. The issues concerning Brandt are not ones requiring much discovery, and it is "just" that the person responsible for two of the Association's original complaints be part of the case brought to resolve them.

Fourth, the Court's remaining analysis appears to have manifestly underestimated the problems created by Brandt's absence as a party, for the Court as well as the parties.

This is an action in which the trial judge will attempt to determine and do what is most equitable under the circumstances.

If the trial judge determines that the 3 ½ front setback is a material violation of an applicable guideline, or that the front height difference is a material violation of an applicable guideline, the trial judge will next have to determine what is most equitable under the circumstances.

If the party – Brandt – responsible for creating those violations (if any) isn't before the Court, the trial judge's hands will be tied. He will be prevented from ordering action by the responsible party, and forced to decide what is most equitable in light of his inability to deal in any way with the responsible party.

At the same time, Brandt's absence as a party inhibits the possibilities for settlement of this case – and does so at a time the trial judge clearly wants maximum settlement efforts to be made, having said that he will hold off in deciding the cross-motions for summary judgment while such efforts are made.

If there is zero possibility of the trial judge ordering him to do anything, because he isn't even a party, Brandt is certainly going to be less likely to step up to the plate and meaningfully participate in settlement negotiations, notwithstanding his being the one responsible for any setback and height violations – if there are any.

For similar reasons, Grandes' flexibility in settlement negotiations is limited by the absence of meaningful participation by Brandt.

Grandes do not have unlimited resources, and have been unable to convert their construction loan to a permanent loan with a lower interest rate because of this litigation and the improper fee lien recorded by the Association.[2]

Mr. Grande is a Northwest pilot, Northwest is in bankruptcy, and Northwest pilots were forced to make two very substantial wage concessions during the pendency of this action. (Exhibit 1)

Grandes' ability to deal in settlement negotiations with alleged violations created by Brandt, in the absence of Brandt as a meaningful participant in those negotiations, is severely limited.

---

[2] Under HRS § 421J-10(a), the Association is not entitled to recover its fees, costs and expenses unless and until it is determined to be the prevailing party in this action, and it appears that certainly is *not* going to be the case.

8

Fifth, with respect to timing, the Court appears to be overlooking that (1) although the Association effectively agreed to the addition of the complaining neighbors, the Moribes, as parties in February 2005, the Court denied Grandes' motion to add them given the pending settlement negotiations; (2) those negotiations, and an effective stay, were in effect until very late December 2005; (3) shortly thereafter a new date for adding additional parties was set; (4) the stipulation disposing of Moribes' case, making clear that they didn't need to be added as parties, wasn't filed until February 21, 2006; (5) from December 2005 through the present Grandes' efforts have been devoted to preparing the requested as-built plans and eliminating disputed items; and (6) their motion was in fact timely under the schedule set by the Court.

WHEREFORE, the Court's Order of June 21 should be reconsidered, and Brandt Homes, Inc. and Mr. Brandt added as parties.

DATED: Honolulu, Hawai'i, June 27, 2006.

    STEVEN B. JACOBSON
    Attorney at Law
    A Limited Liability Law Company

    _____
    STEVEN B. JACOBSON
    Attorneys for Defendants
    and Counterclaim Plaintiffs

9