STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON        4117-0
 (sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI  96824-0761
Telephone:  (808) 377-1814

Attorneys for Defendants Anthony
and Narindar Kaur Grande

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 3 2006

at 5 o'clock and 43 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25, | CIVIL NO. CV04-00413-DAE LEK<br><br>STATEMENT OF APPEAL; REQUEST FOR MANDATORY JUDICIAL NOTICE; EXHIBITS B, D, G, T, EE, 1-3; CERTIFICATE OF SERVICE<br><br>Judge:  Hon. David Alan Ezra |

Counterclaim Defendants.

## STATEMENT OF APPEAL

## THE ORDERS APPEALED FROM

Defendants and Counterclaim Plaintiffs Anthony and Narindar Grande (collectively "Grandes") hereby appeal from:

1. The Magistrate Judge's interlocutory "Order Denying Defendants and Counterclaim Plaintiffs' Motion for Joinder of Parties, filed May 12, 2006," which Order was filed June 21, 2006; and

2. The Magistrate Judge's interlocutory Order filed June 28, 2006, denying Mr. and Mrs. Grande's motion for reconsideration of that Order.

## STATEMENT IN SUPPORT OF APPEAL

## INTRODUCTION

This appeal is from the Magistrate Judge's refusal to allow joinder of Mr. and Mrs. Grande's builder, Brandt Homes Incorporated and Jeff Brandt (collectively Brandt), as a party to this action.

As shown below, Brandt is responsible for both the 3 1/2 inch front setback difference at issue herein, and the 29 inch front building height difference.

Absent the builder's presence as a party, Grandes are at risk of incurring double, multiple, or otherwise inconsistent obligations.

Absent the builder's presence, the Court's own hands are tied because (1) the builder's absence severely reduces any possibility of settlement and (2) the builder's absence restricts the Court's ability to fashion equitable relief.

## THE RELEVANT FACTS

### The Association's Claims and the Builder's Errors

As the Court knows from previous filings, this action was brought by Plaintiff Na Pali Haweo Community Association ("Association") against Mr. and Mrs. Grande ("Grandes"), alleging that aspects of Grandes' as-built home in the Na Pali Haweo subdivision allegedly violate the Association's Design Guidelines.

One of the Association's allegations is that, although entirely within the "building envelope" approved for Grandes' home by the Association's Architectural Review Committee, Grandes' home nonetheless violates the

Guidelines because minor aspects thereof were constructed outside of a "typical" building envelope.[1]

The Association contends that (1) the front of Grandes' home as built is 3 ½ inches closer to their front property line than a "typical" front setback, and (2) the front of Grandes' home as built is 29 inches higher than a "typical" front building height.

More exactly, the Association alleges that (1) the as-built front setback is 19' 8 1/2" rather than the "typical" 20 feet, and (2) the as-built front building height – ground to bottom of the roof overhang – is 22.41 feet rather than the "typical" 20 feet (604.4 feet elevation minus 581.99 feet elevation). Ass'n Ex. T, filed April 12, 2006, Att. 1-2 (copy attached)

***Both the 3 ½ inch difference and the 29 inch difference are the result of the builder's errors.***

On the setback question, builder Brandt has *already* admitted that "Brandt Homes is responsible" for the home being built less than 20' feet from Grandes' front property line. Ass'n Ex. EE, filed 6-15-06, Sec. 1 (copy attached).

---

[1] The Design Guidelines define a building envelope as "The three dimensional limits of a residence that sets the maximum height, setback and bulk of each residence." Ex. B, filed 6-8-06, at 3 (copy attached).

On the height question, while not admitting error as such, Brandt admits that he was supposed to follow "the plans . . . approved . . . by the City and County of Honolulu." Ass'n Ex. EE, filed 6-15-06, Sec. 2 (copy attached).

As to the front building height, the plans approved by the City were identical to the plans approved by the Association's ARC, and called for the front height of Grandes' home – ground to bottom of the roof overhang – to be 20 feet rather than 22.41. Exhibit D, filed 6-8-06, at D-3; Exhibit G, at A-3 (copies attached)

*In other words, if the builder had followed the plans provided to him, Grandes' home would be within both (1) the building envelope approved for their home by the ARC and (2) a "typical" building envelope as described in the Guidelines – and the Association would have no basis for making even a "typical" building envelope claim.*

### The Builder's Suit Against Grandes

Builder Brandt has sued Grandes in First Circuit Court, seeking payment in full for building of their home, despite his errors in failing to construct the front setback and the front building height in accordance with the plans provided to him. A copy of Brandt's Complaint is attached as Exhibit 1.

5

The First Circuit Court action, among Brandt, Grandes and the Association, just finished the pleading stage last week, with the Association's filing of its answer on June 28, 2006. See Exhibits 2-3.

## The Procedural History of this Action

Grandes were allowed to file their answer herein under an Order of the Magistrate Judge filed November 19, 2004.

At that point, the parties were already engaged in required settlement conferences. The first settlement conference herein was on November 16, 2004, as the Docket Sheet shows.

During the settlement conference phase, the Magistrate Judge would not allow additional parties to be joined. Grandes moved for joinder of their complaining neighbors (Moribes) on January 15, 2005, but although the Association joined in Grandes' motion on January 28, 2005, the Magistrate Judge denied it in a Minute Order filed February 15, 2005 – without prejudice.

Instead, Moribes' counsel and builder Brandt's counsel participated in the settlement negotiations on a sometime basis – as mere guests.

When settlement negotiations eventually broke down, at a settlement conference on December 23, 2005, the Court immediately – that same day – entered a minute order setting new dates for activity in this action.

6

That order was amended three weeks later by a new scheduling order, filed January 17, 2006. The new scheduling order allowed motions to join additional parties, as long as they were filed by May 12, 2006.

Grandes timely moved to join Brandt Homes and Brandt as parties on May 12, 2006, in compliance with the new deadline. However, the Magistrate Judge denied their motion on June 21, 2006, and denied reconsideration on June 28, 2006.

## ARGUMENT

I. THE MAGISTRATE JUDGE ERRED IN DENYING MR. AND MRS. GRANDES' MOTION, WITHOUT EVEN CONSIDERING THE STATED BASIS FOR IT.

Grandes' moved to add builder Brandt as a party because his absence clearly exposes Mr. and Mrs. Grande – "persons already parties" – to a risk of bearing "inconsistent obligations," *i.e.*, the risk of being (1) required by the Circuit Court to pay Brandt for work which was inconsistent with the plans provided to him, while being (2) required by this Court to make alterations to that very same work because of Brandt's inconsistencies.

That risk exists because, as a matter of standard *res judicata* law, this Court's decision on the inconsistencies cannot bind Brandt or the Circuit Court, unless Brandt is a party herein.

Brandt should therefore be added as a party to this action under FRCP Rule 19(a)(2), which provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

In denying Mr. and Mrs. Grandes' motion for joinder, the Magistrate Judge did not deal, at all, with Rule 19(a)(2) – either in denying the motion initially, or when reminded of Rule 19(a)(2) on reconsideration.

Nonetheless, Rule 19(a)(2) clearly applies, and requires that Brandt be joined. As stated in 4 *Moore's Federal Practice* §19.02[2][a], at 19.10 (3d ed.):

> "[N]ecessary parties consist of proper parties who are so closely related to the pending litigation that their absence creates a risk of harm (. . . to the defendant). The Rules embody the policy decision that avoiding such harm is more important than deferring to plaintiff autonomy."

See also FRCP Rule 21: "parties may be . . . added by order of the court on motion of any party or of its own initiative *at any stage of the action*." (emphasis added)

Brandt's absence is highly prejudicial to Grandes. Indeed, because it impedes and continues to impede settlement negotiations, it is prejudicial to the best interests of the Association as well.

II. THE ABSENCE OF THE BUILDER AS A PARTY IMPEDES THE COURT'S ABILITY TO FASHION EQUITABLE RELIEF.

This is an equitable action in which the Court will need to decide, when this action moves to the question of remedies, which remedies are most equitable under the applicable circumstances.

*If* the Court decides that anything needs to be done with respect to Grandes' front setback or front building height, the applicable circumstances will include (1) the Association's *guilt*, inasmuch as its ARC approved a non-typical building envelope for Grandes' home; (2) Grandes' *innocence*, inasmuch as they provided the builder with plans meeting the requirements for both a "typical" building envelope as described in the Guidelines, and the non-typical envelope the ARC decided to approve; and (3) the builder's comparative *guilt* in failing to comply with the plans provided to him.

Given those circumstances, the most equitable solutions would be to either (1) have the Association itself pay for any mandated adjustments to the front setback and/or front building height, or (2) have the Association and builder Brandt somehow share that burden – perhaps with Brandt doing the necessary work.

9

However, if Brandt – the person responsible for any deviations from a "typical" building envelope – isn't even before the Court when it becomes time to consider remedies, the second alternative will be unavailable, as will possible variations thereof.

### III.   THE ABSENCE OF THE BUILDER AS A PARTY SEVERELY REDUCES ANY POSSIBILITY OF SETTLEMENT.

The absence of builder Brandt – the person responsible for Grandes' home not being within a "typical" building envelope – has severely impeded, and will continue to impede, any possibility of settlement of this action.

It is too much to ask Grandes to agree to move their home back 3 ½", or to agree to lower its front height by 29", without the Association and/or Brandt agreeing to step up to the plate – to either pay for the necessary building supplies and work, and/or to perform it.

Particularly when Brandt is suing Grandes in a separate action in a different court, for full payment for his work despite the 3 ½" and 29" discrepancies from the plans provided to him – a separate action which would continue notwithstanding any settlement herein.

If there is zero possibility of this Court ordering him to do anything, because he isn't even a party, Brandt is obviously going to remain unwilling to be a meaningful participant in the settlement negotiations herein.

The proposition that Mr. and Mrs. Grande should agree to a piecemeal settlement requiring them to pour tens of thousands of dollars into re-construction work, without any agreement as to who will perform it or pay for it, and while their suit with Brandt will continue on, is simply not realistic.

The related thought that Brandt's deviations from the plans and his state court action are entirely "separate matters," which need not be addressed in any settlement herein, is equally unrealistic.

## CONCLUSION

The Magistrate Judge's Orders should be vacated and Grandes' motion to join Brandt as a party(ies) should be granted.

DATED: Honolulu, Hawai'i, July 3, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Defendants
and Counterclaim Plaintiffs