REINWALD O'CONNOR & PLAYDON LLP
A Limited Liability Law Partnership

| | |
|---|---|
| CID H. INOUYE | 4243-0 |
| R. AARON CREPS | 8142-0 |
| CHARLES R. PRATHER | 7664-0 |

Pacific Guardian Center
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350

Attorneys for Defendant
BRANDT HOMES INCORPORATED

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 NOV 16 PM 4:00

P. HIGA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL UNITS 1-10; and DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 05-1-2061-11<br>(~~Other Civil Action~~) Foreclosure<br><br>COMPLAINT TO FORECLOSE ON LIEN; EXHIBITS "A"-"B"; SUMMONS |

COMPLAINT TO FORECLOSE ON LIEN

Plaintiff BRANDT HOMES INCORPORATED, a Hawaii corporation ("Plaintiff"), by and through its attorneys, Reinwald O'Connor & Playdon LLP, for cause of action against the above-named Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE ("Defendants"), allege as follows:

EXHIBIT 1

## COUNT I
## (Breach of Contract)

1. Plaintiff is and was at all times relevant herein a Hawaii corporation in good standing and doing business in Honolulu, Hawaii as a material supplier.

2. Defendants are residents of Honolulu, Hawaii, and are the owner of the real property bearing Tax Map Key No. (1) 3-9-107-039 more particularly described in Exhibit "A" attached hereto and made a part hereof by reference (the "Property"), and the improvements thereon (the "Project").

3. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Units 1-10 And Doe Entities 1-10 are named herein as unidentified Defendants pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure for the reason that their true names and identities are presently unknown to Plaintiff, and such Defendants may claim an interest in the Property. Plaintiff has reviewed its records and files in a good faith attempt to ascertain the true names and identities of these parties. Plaintiff is unable to ascertain the true identity of all the above-named parties, or what their representatives, activities, capacities or interests may be with respect to the Property. Plaintiff will be conducting discovery to further determine the identities of Defendants Does.

4. Plaintiff furnished materials, equipment and supplies ("Materials") for or in connection with the construction of the Project, on or for the benefit of the Property, pursuant to its contract(s) with Defendants.

5. Plaintiff fully provided all Materials according to its contracts and agreements with Defendants, for Defendants' benefit.

168402/CRP

6. Defendants failed, neglected and refused to pay Plaintiff for the labor, materials and/or equipment provided by Plaintiff pursuant to the contract(s), although demand has been made for such payment.

7. The remaining amount due and owing to Plaintiff representing the fair and reasonable value and/or the price agreed to be paid, for the Materials furnished by Plaintiff to the Project, and for the improvement of the Property is $31,875.74.

8. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in the principal amount of $31,875.74 for labor, materials and/or equipment, plus interest, Plaintiff's costs and attorneys' fees, together with such other relief as the Court deems just, equitable and proper.

## COUNT II
## (FORECLOSURE ON MONIES DEPOSITED WITH THE COURT)

9. Plaintiff repeats, reiterates, and incorporates by reference herein the allegations contained in paragraphs 1 through 8 above.

10. On or about February 11, 2005, Plaintiff filed an Application for Mechanic's and Materialman's Lien and Demand for Payment, M.L. No. 05-1-0014 (EEH), in the First Circuit Court of the State of Hawaii, pursuant to Chapter 507, Hawaii Revised Statutes (the "Application").

11. At the time of the filing of the Application, 45 days had not elapsed since the date of completion of the improvements to the Property, as that term is defined in Hawaii Revised Statutes, Section 507-43.

12. On or about September 20, 2005, a Stipulation Re Attachment of Mechanic's and Materialman's was filed in M.L. No. 05-1-0014, ("Stipulation"), a true and correct copy of which is attached hereto as Exhibit "B" and made a part hereof.

13. As part of the Stipulation, Defendants allowed a lien to attach on the Property and the Project in the amount of $31,875.14 in favor of Plaintiff.

14. Pursuant to Chapter 507-45, Hawaii Revised Statutes, Plaintiff is entitled to foreclose its lien on the Property and the Project in the principal sum of $31,875.14, plus interest, costs and attorneys' fees.

## COUNT III
## (UNJUST ENRICHMENT)

15. Plaintiff repeats, reiterates, and incorporates by reference herein the allegations contained in paragraphs 1 through 14 above.

16. By reason of the foregoing, Defendants have been unjustly enriched by the labor, materials and/or equipment provided by Plaintiff for the improvement of the Property in the amount of $31,875.14.

## COUNT IV
## (QUANTUM MERUIT)

17. Plaintiff repeats, reiterates, and incorporates by reference herein the allegations contained in paragraphs 1 through 16 above.

18. By reason of the foregoing, Defendants are indebted to Plaintiff for the reasonable value of Plaintiff's labor, material and/or equipment provided for the improvement of the Property.

WHEREFORE, Plaintiff BRANDT HOMES INCORPORATED prays as follows:

A. That process issue herein, citing and summoning Defendants above-named to appear, and answer this Complaint as by law provided, and to stand to

and perform and abide by such orders, decrees, and directions as may be made and entered herein;

        B.    That judgment be entered in favor of Plaintiff and against Defendants, in the principal sum of $31,875.14 for labor, materials and/or equipment used in the construction of the improvements in and to the Property, plus interest, costs and attorneys' fees;

        C.    That Plaintiff be allowed to foreclose on the lien pursuant to the terms of the Stipulation and pursuant to Chapter 507-45, Hawaii Revised Statutes;

        D.    That Plaintiff have such other and further relief as the Court deems just, equitable and proper.

DATED: Honolulu, Hawaii, November 16, 2005.

_____
CID H. INOUYE
R. AARON CREPS
CHARLES R. PRATHER
Attorneys for Lienor