ORIGINAL

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY       (3134-O)
(JNeeley@neeley-anderson.com)
PHILIP L. LAHNE       (3709-O)
LANCE S. FUJISAKI     (4224-O)
SCOTT R. GRIGSBY      (6673-O)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 14 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\Resp to Stmt of App-dr3-srg.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>　　Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　Counterclaim Plaintiffs,<br><br>vs. | CIVIL NO. CV04-00413 DAE/LEK (Injunctive Relief)<br><br>PLAINTIFF'S RESPONSE TO STATEMENT OF APPEAL, FILED JULY 3, 2006<br><br>Judge: Honorable David Alan Ezra<br><br>TRIAL: none |

| |
|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25,<br><br>    Counterclaim Defendants. |

PLAINTIFF'S RESPONSE TO STATEMENT OF APPEAL
FILED JULY 3, 2006

Plaintiff and Counterclaim Defendant NA PALI HAWEO COMMUNITY ASSOCIATION ("Association") hereby responds to the Statement of Appeal filed by Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE (collectively, the "Grandes") on July 3, 2006 ("Appeal").

STANDARD OF REVIEW

A district court may set aside a magistrate judge's order regarding a nondispositive pretrial matter on appeal if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 74.1. Thus, the district judge must affirm the magistrate judge unless it is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992). The reviewing court may not simply substitute its judgment for that of the deciding court. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

2

## DISCUSSION

I.  **Joinder of Brandt Homes is Not Necessary For a Just Adjudication of This Matter.**

    A.  **Brandt Homes is Not a Necessary Party Under Rule 19(a)(1).**

Judge Kobayashi correctly ruled that Brandt Homes Incorporated and Jeff Brandt (collectively "Brandt Homes") are not necessary parties within the meaning of Rule 19(a) of the Federal Rules of Civil Procedure ("FRCP"), which provides in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Judge Kobayashi found that Brandt Homes' absence in the instant lawsuit would not prevent the Court from fashioning meaningful relief between the Association and the Grandes within the meaning of Rule 19(a)(1). "Na Pali's action against the Grandes, and the Grandes' counterclaim against Na Pali, arise out of alleged obligations between the community association and its members. As such, Brandt Homes is not a 'necessary party' to these claims." *See* Order Denying Defendants and Counterclaim Plaintiffs' Motion For Joinder of Parties, Filed May 12, 2006, at pages 7-8.

The Grandes argue "the builder's absence restricts the Court's ability to fashion equitable relief." This is not true. Brandt Homes' absence has no bearing on the Court's ability to award injunctive relief. The Grandes are <u>solely</u> responsible for complying with the Association's governing documents and the Grandes are solely responsible for correcting violations of the governing documents to the extent this Court awards injunctive relief against them. The Declaration authorizes the Association to pursue claims for injunctive relief against owners for covenant violations.

    Article XII, Section 12.2.1 of the Declaration provides in relevant part:

> [T]he Association, or any Owner or Owners shall have the right to enforce any and all of the limitations, covenants, conditions, restrictions, obligations liens and charges now or hereafter imposed by this Declaration upon the Owners or upon any lot in the Project.

*See* Exhibit "A" to the Association's Motion for Summary Judgment, filed April 12, 2006.

    Article XII, Section 12.2.2 of the Declaration states, in relevant part:

> Every act or omission whereby a covenant, condition or restriction of this Declaration is violated in whole or in part is hereby declared to be a nuisance and may be enjoined or abated, whether or not the relief sought is for negative or affirmative action, by Declarant, the Trustees..., the Association, or an Owner or Owners.

<u>Id</u>. Whether or not the Grandes have claims against Brandt Homes for contribution, indemnification or other causes of action is not material to the Association's Complaint for equitable relief.

Moreover, the alleged mistakes of Brandt Homes in constructing the Grandes' dwelling do not immunize the Grandes from claims for injunctive relief. See Sandstrom v. Larsen, 59 Haw. 491, 500, 583 P.2d 971, 978 (1978) ("[A]lthough appellants may have mistakenly relied upon the incorrect advice of their architect, such a mistaken assumption that they were acting legally and properly did not confer immunity upon them from the right of appellees or any other homeowners in the subdivision to seek, equitable enforcement of the restriction.").

In summary, the absence of Brandt Homes in this action will not prevent the Association from obtaining complete equitable relief against the Grandes.

B.      Brandt Homes is Not a Necessary Party Under Rule 19(a)(2)(ii).

The Grandes assert that if they are not allowed to join Brandt Homes they will be exposed to a risk of "inconsistent obligations" within the meaning of Rule 19(a)(2)(ii):

> Grandes moved to add builder Brandt as a party because his absence clearly exposes Mr. and Mrs. Grande - "persons already parties" - to a risk of bearing "inconsistent obligations," *i.e.*, the risk of being (1) required by the Circuit Court to pay Brandt for work which was inconsistent with the plans provided to him, while being (2) required by this Court to make alterations to that very same work because of Brandt's inconsistencies.

Statement of Appeal at page 7.

The Grandes argument makes no sense. An award of injunctive relief against the Grandes would not be inconsistent with a ruling by the Circuit Court requiring the Grandes to pay for the work performed by Brandt Homes. As discussed above, the Association's governing documents authorize the Association to seek injunctive relief

against the Grandes. As owners of the property, the Grandes are responsible for any violations of the governing documents on their property, regardless of whether the violation were caused by their contractor.

    C.    <u>Brandt Homes is Not a Necessary Party Under Any Other Rule</u>.

The Grandes have not asserted on appeal, and have therefore waived, any contention that Brandt Homes is a necessary party under any other Rule, including but not limited to, Rule 14, Rule 19(a)(2)(i), Rule 20 and Rule 21.

II.    <u>The Association will be Prejudiced by the Late Joinder of Brandt Homes</u>.

The joinder of Brandt Homes at this late stage will likely result in further delay and substantial prejudice to the Association. The Grandes have been involved in multiple litigation in state court regarding the same residential construction that is the subject of the instant lawsuit. Brandt Homes' identity and role in the residential construction have been known to the Grandes from the commencement of this action. The Grandes have offered no explanation or legitimate excuse for their delay in bringing the motion to join Brandt Homes as an additional party, which was filed almost two years after the Complaint herein was filed on June 1, 2004, and only six weeks before the hearing on the Association's Motion for Summary Judgment on June 26, 2006. The Grandes' delay in seeking a joinder and filing their motion to join Brandt Homes only after the Association filed its Motion for Summary Judgment raises questions about the Grandes' motives to delay or extend the litigation. Moreover, the Court has not yet ruled upon the Association's Motion for Summary Judgment. If Brandt Homes is joined as a party, Brandt Homes may argue that it is not

bound by the Court's ruling, which could result in the parties having to file another motion for summary judgment.

III.  There is No Merit to the Grandes' Assertion that the Absence of Brandt Homes Severely Reduces the Possibility of Settlement.

There is no merit to the Grandes' assertion that the absence of Brandt Homes severely reduces the possibility of settlement. Brandt Homes and its counsel have been willing participants in prior settlement conferences. In fact, at the status conference held before Judge Kobayashi on June 16, 2006, counsel for Brandt Homes asked the Court whether this case could be put back into settlement mode. Neither Brandt Homes nor their attorneys have given any indication that they would not be willing to participate in further settlement negotiations.

IV.  There is No Merit to the Grandes' Argument that they are Innocent Parties.

The record is clear that the Grandes wilfully violated the Association's governing documents. The Grandes submitted a set of plans to the Association, which was approved subject to certain modifications. The Grandes inexplicably, and without notice to or approval by the Association, submitted a different set of plans to the City and County of Honolulu, Department of Planning and Permitting. The Grandes did not provide the Association with the plans approved by the City. The plans approved by the City differed from the plans approved by the Association in that the footprint of the dwelling had been altered, floor area increased, roof line revised, there was a toilet room in the garage instead of storage space, and exterior fenestrations were modified.   The Grandes provided Brandt Homes with the plans that were approved

by the City, and in accordance with those plans, Brandt Homes constructed a dwelling that violated the Association's Design Guidelines. During construction of the dwelling the Association made repeated demands that the Grandes cease construction on all non-compliant portions of the dwelling. In spite of the Association's repeated demands, the Grandes completed construction of the dwelling.

The Grandes maintain their "innocence" by claiming that they "provided the builder with plans meeting the requirements for both a 'typical' building envelope as described in the Guidelines, and the non-typical envelope the ARC decided to approve." *See* Statement of Appeal at page 9. This is a false and misleading statement. The Grandes provided Brandt Homes with plans that were approved by the City, not the Association. The location of the house depicted in those plans violates the height setback requirements of the Association's Design Guidelines. The dwelling would have violated the height setback requirements even if it had been constructed exactly in accordance with those plans. Further, the Association did not approve a unique front height setback requirement for the Grandes' lot. The Grandes are subject to the same restrictions applicable to other owners. In any event, the Association did not approve the plans that the Grandes submitted to the City and to Brandt Homes.

## CONCLUSION

Magistrate Judge Kobayashi's ruling is not "clearly erroneous or contrary to law." Brandt Homes is not a necessary party within the meaning of Rule 19. Brandt Homes' identity and role in this matter have been known to the Grandes from the commencement of this action, but the Grandes have offered no explanation or excuse

for their delay in seeking to join Brandt Homes. The Grandes are not "innocent" parties in this litigation; it was the Grandes' intentional acts or failure to act that necessitated this litigation. The late joinder of Brandt Homes will likely result in substantial prejudice to the Association, and may require the parties to file another motion for summary judgment. Moreover, the joinder of Brandt Homes is completely unnecessary as Brandt Homes has been a willing participant in settlement negotiations. For the reasons set forth above, the Order Denying Defendants and Counterclaim Plaintiffs' Motion For Joinder of Parties, Filed May 12, 2006, should be affirmed.

DATED: Honolulu, Hawai'i, July 14, 2006

/s/ Scott R. Grigsby
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai'i non-profit corporation, | CIVIL NO. CV04-00413 DAE/LEK |
| | CERTIFICATE OF SERVICE |
| Plaintiff, | |
| vs. | |
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, | |
| Defendants. | |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25, | |
| Counterclaim Defendants. | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following attorneys in the manner and on the date indicated below:

STEVEN B. JACOBSON, ESQ.          U.S. Mail
P.O. Box 240761
Honolulu, HI 96824-0761
    Attorney for Defendants
    ANTHONY CHARLES GRANDE
    and NARINDAR KAUR GRANDE

JOHN D. ZALEWSKI, ESQ.             U.S. Mail
Case Lombardi & Pettit
Pacific Guardian Center, Mauka Tower
733 Bishop Street, Suite 2600
Honolulu, HI 96813
    Attorney for Counterclaim Defendants
    NA PALI HAWEO COMMUNITY ASSOCIATION
    and RONALD K. AWA

DATED: Honolulu, Hawai'i, July 14, 2006

/s/ Scott R. Grigsby
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION