ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 1 1 2006

at 4 o'clock and 42 min. P M
SUE BEITIA, CLERK

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY        (3134-O)
(JNeeley@neeley-anderson.com)
PHILIP L. LAHNE        (3709-O)
LANCE S. FUJISAKI      (4224-O)
SCOTT R. GRIGSBY       (6673-O)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\MOP Recon MSJ-fnl.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>vs. | CIVIL NO. CV04-00413 DAE/LEK (Injunctive Relief)<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF "ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING IN PART DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT", FILED AUGUST 1, 2006; CERTIFICATE OF SERVICE<br><br>Judge: Honorable David Alan Ezra<br><br>TRIAL: April 27, 2007 |

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA
and DOES 1-25,

    Counterclaim Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION OF "ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING IN PART DEFENDANTS' COUNTER-MOTION FOR SUMMARY JUDGMENT", FILED AUGUST 1, 2006**

Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("Association") opposes the Motion for Reconsideration of "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying in Part Defendants' Counter-Motion for Summary Judgment" filed by Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE (collectively, the "Grandes") on August 1, 2006 ("Motion").

## STANDARD OF REVIEW

Reconsideration of a judgment after its entry is "an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir.1999). Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the

need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds,* 863 F.2d 617 (9th Cir. 1988). The District of Hawaii has implemented similar standards in Local Rule 60.1, which provides:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

The Ninth Circuit has recognized the Black's Law Dictionary definition of manifest error as "[a]n error that is plain and indisputable, and that amounts to a ***complete disregard*** of the controlling law or the credible evidence in the record." *See* Andreiu v. Ashcroft, 253 F.3d 477, 490 (9th Cir. 2001), *citing with approval,* Black's Law Dictionary 563 (7th ed. 1999) (emphasis added).

Mere disagreement with a previous order is an insufficient basis for reconsideration. *See* Leong v. Hilton Hotels Corp., 689 F.Supp. 1572 (D. Haw. 1988). Furthermore, reconsideration may not be based on evidence and legal arguments that

could have been presented at the time of the challenged decision. *See* <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir.2000); <u>All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.</u>, 116 F.R.D. 645, 649-50 (D. Haw. 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir.1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." <u>Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir.2003) (citing <u>Kona Enter., Inc.</u>, 229 F.3d at 883).

## DISCUSSION

In the instant case, none of the conditions precedent for reconsideration of the Court's July 17, 2006 Order are present. The Grandes have not presented any new evidence, there has been no intervening change in the controlling law and, as discussed in detail below, the Court has not committed a manifest error in rendering its decision. The Association will address the Grandes' arguments in the same order as their supporting memorandum.

I. <u>Background (pp. 2-10)</u>

<u>Page 5, line 18, through Page 6, line 4.</u>

The Grandes contend that there are "a number of manifest errors of fact and law" that must be reconsidered and corrected. In support of this contention, they identify numerous alleged "inaccuracies" which are not material to the Court's ruling

in this matter and which do not rise to the level of manifest error, *i.e.*, an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.

The Grandes assert that it is "inaccurate" for the Court to state that construction began 'approximately three years' after the City approved their plans, however, they do not contend that this alleged "inaccuracy" affected the outcome of this matter. Similarly, it is immaterial to the outcome of this matter whether or not plans were submitted to the City and the ARC simultaneously. The Grandes submitted plans to the City that differed from the plans they submitted to the ARC and then the Grandes used those plans to construct a dwelling without prior approval of the ARC in violation of the Design Guidelines.

Page 8, lines 4-5. Defendants argue that "[i]t is inaccurate to say, or imply, that 'the ARC did not have the authority to grant a height setback variance.'" Defendants have not correctly quoted this sentence. The sentence at page 8, lines 4-5, actually reads: "On October 29, 2003, the Grandes were advised that the ARC did not have the authority to grant a height setback variance and that it would be in the Grandes' best interest to cease all further construction on non-compliant areas.'" This Court was merely restating what had been communicated to the Defendants and clearly did not completely disregard evidence in this case.

Page 9, lines 6-7, 10-11, et seq. The Grandes assert that it was "inaccurate" for the Court to "presume" that construction on the house continued between October 30, 2003 and May 2004, however they do not contend that this alleged "inaccuracy" affected the outcome of this matter. The record is clear that the Grandes continued with construction on the house after the Association notified them to cease construction. Mr. Grande's own Declaration confirms that he received the Board's letter of January 28, 2004, requiring him to cease construction on all non-compliant portions of the home, but that in May of 2004, he had the roof tiled and shingles installed and the front of the house stuccoed. He later had the garage door installed. *See* Declaration of Anthony Grande at paragraphs 27, 33 and 34. Whether or not construction continued between October 30, 2003 and May 2004 is not significant to the outcome of this matter -- it is obvious that work was done as the house was eventually completed.

Harmless errors encountered during the course of a proceeding are not proper grounds for amendment of a judgment. Rygg v. County of Maui, 122 F. Supp.2d 1140, 1158 (D. Hawaii, 2000). "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 61, Federal Rules of Civil Procedure.

II. Building Height (pp.13-16)

Grandes' First Argument

Although the Grandes challenge this Court's finding that § 3.2.1 of the Design Guidelines is "clear an unequivocal," they do not contend that the Court committed manifest error in this regard. Indeed, the Grandes cannot argue in good faith that the Court's finding *completely disregards* the evidence. The Association established via its Reply Memorandum that § 3.2.1 is unequivocal. All owners must comply with the specified height setback. The word "typical" is used as several of the lots are "Restricted Lots" which are subject to a *stricter* height restriction than the second story envelope. "Typical" does not appear in the section entitled "Height Setbacks," which the Grandes have violated. Exhibit "B" attached to Defendant's Counter-Motion for Summary Judgment at 13.

With regard to the argument that the Design Guidelines "express intentions rather than absolutes," during the June 26, 2006, hearing, this Court disposed of this argument stating, "let's put aside this '[they are] intentions' because that's a loser argument. That isn't going to go anywhere." The Court's comments are consistent with the evidence in this case, which is that the Design Guidelines (1) provide owners with general concepts for design and construction of homes, and (2) provide specific requirements and restrictions for the design and construction of homes. The mandatory requirements include, but are not limited to, the building height envelope, the 20 foot

front setback, the requirements and restrictions concerning vents and skylights, air conditioning screening, and garage storage, all of which are at issue in this case. *See* Declaration of Ronald Awa at ¶ 14, and James I. Nishimoto at ¶ 25-26 attached to the Association's Reply in Support of Motion For Summary Judgment Filed April 12, 2006 ("Reply Memo"), and Memorandum in Opposition to Counter-Motion For Summary Judgment Filed June 8, 2006, which was filed on June 15, 2006 ("Memo in Opp"). The Grandes' interpretation of the Design Guidelines simply ignores the clear language contained therein. Furthermore, the Declaration provides that owners "shall conduct their activities strictly in accordance with the Design Guidelines" (Exhibit "A" to Plaintiff's Motion for Summary Judgment at 10), and the Design Guidelines state that the Declaration shall control in the event of any conflict with Design Guidelines. Exhibit "B" attached to Defendants' Counter-Motion for Summary Judgment at 1.

The Grandes are rehashing their argument regarding Hiner v. Hoffman, 90 Hawaii 188, 977 P.2d 878 (1999), and Fong v. Hashimoto, 92 Haw. 568, 994 P.2d 500 (2000). Those decisions are inapposite as they involved the interpretation of a height restriction which the Hawai`i Supreme Court found ambiguous. This Court found the building height setback *unambiguous*. In any event, under Hawai`i law, in construing restrictive covenants, a court must interpret the covenant or restriction based upon the

entire context of the provision, with words interpreted in accordance with the ***intention of the parties*** and in their ***ordinary and popular sense.*** DeMund v. Lum, 5 Haw. App. 336, 690 P.2d 1316 (1984), *cert. denied,* 67 Haw. 685, 744 P.2d 781 (citing 20 Am.Jur.2d Covenants, Sec. 186 (1965)); Pelosi v. Wailea Ranch Estates, 10 Haw. App. 424, 435-36, 876 P.2d 1320, 1326-27 (1994).

The Declaration expressly requires the restrictions to be liberally construed:

> 12.5.1 All of the covenants, conditions and restrictions of this Declaration shall be ***liberally construed*** together to ***promote and effectuate the fundamental concepts of*** the Project as set forth in this Declaration.

Exhibit "OO" attached to Plaintiff's Motion for Summary Judgment. The expressed purpose of the restrictions is "to enhance, protect and preserve the value, desirability and attractiveness of the Project and each of its parts." Declaration at Article I.C, Id.

The RESTATEMENT (THIRD) OF PROPERTY (SERVITUDES) ("*Restatement*"), § 4.1 (2000) also emphasizes that a servitude should be interpreted to carry out the purpose for which it was created. The drafters of the *Restatement* were especially critical of any rule of construction that would impair the purpose especially in the context of a community association enforcement dispute:

> The rule that language will be construed against the drafter . . . can be applied in resolving disputes in which the drafter is involved, but should not uncritically be applied to the detriment of successors to the drafter.

*Restatement*, §4.1 Comment d. Here, the covenants in question are not ambiguous and should be enforced to effectuate the expressed intent.

Finally, the Grandes make the ridiculous argument that strict construction of restrictive covenants "serves the important public function of limiting opportunities for disguised racism and 'for locals only' prejudice within planned community associations -- matters of particular concern here, where the Grandes are from out-of-state, Mr. Grande is originally from the Mainland, Mrs. Grande is originally from Singapore, and they have both been Florida citizens since before this action was filed." There is nothing in the record to support the suggestion that the Grandes have been discriminated against because of their background. Moreover, this argument is not based upon the discovery of new evidence or an intervening change in controlling law.

### Grandes' Second Argument

The Grandes argue that the Court erred in finding that the Grandes "waived their right to rely on the ARC's approval of a 10' building envelope." However, the Court's ruling does not address the issue of "waiver." Instead, the Court ruled: (1) a variance was not approved, and (2) the Grandes cannot rely on the plans that were approved by the Association because they did not use those plans. Furthermore, there is no evidence in the record to show that the Grandes relied on the approved plans. The Declarations of the Grandes and their architect Ed Resh do not allege that they used

or relied upon the approved plans for any purpose. Only Mr. Jacobson argues that the Grandes relied on the plans. Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *See* British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir.1978).

III. Building Setback (pp.16-18)

Grandes' First Argument

*See* discussion above regarding the Grandes' argument that the Design Guidelines do not set forth mandatory requirements.

Grandes' Second Argument

As discussed above, the Court did not discuss or infer a 'waiver' in its ruling and there is no evidence in the record to show that the Grandes or their architect relied upon the plans that were approved by the Association. Mr. Jacobson's misplaced argument regarding the issue of waiver does not constitute evidence sufficient to stave off entry of summary judgment.

Grandes' Third and Fourth Arguments

The Grandes are raising new arguments that were not, but could have been, asserted previously. In opposing the Association's Motion for Summary Judgment on this issue, the Grandes simply argued:

> The 3 ½ setback difference from a "typical" envelope is not material, and there are other homes in the Subdivision within 20' of their front property lines and/or appearing to possibly be within 20'. [Citations omitted.]

The Grandes did not make any argument regarding "de minimus structure position discrepancy" under HRS Chapter 669. The Grandes previously made the argument that they are only required to "substantially comply" with the governing documents; however, the 20 foot setback is a mandatory requirement and there is nothing in the governing documents permitting owners to deviate from the requirements of the governing documents, provided that they are merely in substantial compliance. Furthermore, the issue of whether or not the 3 1/2" encroachment is a "material" deviation from the Design Guidelines is irrelevant. The Hawai`i Supreme Court has stated that a restrictive covenant is enforceable "regardless of the relative damage which may ensue from the injunction" and a breach "may be enjoined even absent a showing of the amount of damage." Sandstrom v. Larson, 59 Haw. 491, 500-1, 583 P.2d 971, 978-79 (1978).

    IV. <u>Skylights</u> (pp.18-20)

The Court denied summary judgment as to the skylights. The Grandes' Motion expressly states, "[t]his reconsideration motion does not ask that the Court go ahead and resolve the issues relating to skylights." However, without any factual or legal basis, the Grandes assert that "the conclusion that abandonment is a moot question is,

12

unfortunately premature, and should be withdrawn." Mere disagreement with a previous order is an insufficient basis for reconsideration. *See* Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988).

V. Front Garden Wall (pp. 22-23)

The Grandes dispute whether the Association exhausted the "pre-litigation requirements of the CC&Rs" before filing its Complaint. This issue was raised by the Grandes before entry of summary judgment and cannot be the basis for reconsideration. Reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See* Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The procedures in the CC&Rs are triggered by owners submitting a notice of completion of all framing and/or completion of all construction. The Grandes failed to provide the Association with such notice. Hence, the procedures were never triggered and do not apply.

VI. Sliding Garage Gate (pp. 25-26)

The Grandes assert that the Association failed to exhaust the "pre-litigation requirements of the CC&Rs" before filing its Complaint with respect to the Sliding Garage Gate. As discussed above, this issue was raised by the Grandes before entry of summary judgment and cannot be the basis for reconsideration. Moreover, prior to the entry of summary judgment, the Grandes did not dispute the Association's

assertion that Article VI, Section 6.3.4 of the Design Guidelines requires the installation of the sliding garage gate.

## CONCLUSION

In summary, none of the conditions precedent for reconsideration are present: (1) the Grandes have presented no newly discovered evidence; (2) there has been no intervening change in controlling law, and (3) the Court did not commit a manifest error of law or fact in rendering its decision. For the reasons set forth above, the Grandes' Motion for Reconsideration of "Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying in Part Defendants' Counter-Motion for Summary Judgment" filed on August 1, 2006, should be denied.

DATED: Honolulu, Hawaii, August 11, 2006

_/s/ Scott R. Grigsby_
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai‘i non-profit corporation, | ) CIVIL NO. CV04-00413 DAE/LEK ) ) CERTIFICATE OF SERVICE ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, | ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| vs. | ) ) |
| NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25, | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following attorneys in the manner and on the date indicated below:

| | |
|---|---|
| STEVEN B. JACOBSON, ESQ.<br>P.O. Box 240761<br>Honolulu, HI 96824-0761<br>    Attorney for Defendants<br>    ANTHONY CHARLES GRANDE<br>    and NARINDAR KAUR GRANDE | U.S. Mail |
| JOHN D. ZALEWSKI, ESQ.<br>Case Lombardi & Pettit<br>Pacific Guardian Center, Mauka Tower<br>733 Bishop Street, Suite 2600<br>Honolulu, HI 96813<br>    Attorney for Counterclaim Defendants<br>    NA PALI HAWEO COMMUNITY ASSOCIATION<br>    and RONALD K. AWA | HAND DELIVERY |

DATED: Honolulu, Hawai'i, August 11, 2006

*/s/ Scott R. Grigsby*
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

2