IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br><br>    Defendants.<br><br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs,<br><br>    v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>    Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

## INTRODUCTION

The present motion seeks reconsideration of the Court's Order of September 25, 2006, under Local Rule 60.1, because it is based upon manifest errors.

The Order should be reconsidered under Local Rule 60.1(c), and no sanctions should be awarded upon reconsideration.

The Court properly declined (at 11) to resort to its inherent powers in entering its Order. However, other errors remain in its analysis:

I.   RULES 37 AND 60(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND 28 USC § 1927, ARE NOT APPLICABLE.

The Court's Order indicates (8-11) that it is entering sanctions against Mr. and Mrs. Grande, not under its inherent powers, but rather under some combination of FRCP Rule 37, FRCP Rule 60(b)(2), or 28 USC § 1927.

Specifically, the Court relies upon Nilsson, Robbibs, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1541 (9th Cir. 1988), which involved the setting aside of multiple default *judgments* under FRCP 60(b)(2) rather than a mere single entry of default under FRCP 55(c), and which this Court apparently views as being based upon FRCP 37 and/or 28 USC § 1927 rather than inherent powers; and E. & J. Gallo Winery v. Cantine Rallo, S.P.A., 430 F. Supp. 2d 1064, 1068 (E. D. Cal. 2006), which likewise involved the setting aside of a

default *judgment* under FRCP 60(b)(2) rather than a mere entry of default under FRCP 55(c).

However, none of those provisions can possibly authorize a sanction award against Mr. and Mrs. Grande here. Rule 37 deals with discovery violations, not entries of default. FRCP 60(b)(2) applies to the setting aside of default *judgments*, not mere entries of default. Section 1927 authorizes fee-shifting awards against attorneys under circumstances not presented here, but not against parties.

Notably, under FRCP 60(b)(2), default *judgments* may be set aside "on motion and upon such terms as are just." In contrast, with respect to mere entries of default, FRCP 55(c) states only that "for good cause shown the court may set aside an entry of default."

There is no provision, in FRCP 55(c), authorizing *any* terms to be imposed upon a default's being set aside, let alone authorizing sanctions when one is set aside.

II. **FEES AND COSTS INCURRED AFTER THE ASSOCIATION KNEW OF MR. AND MRS. GRANDE'S INTENTION TO DEFEND THIS ACTION SHOULD NOT BE AWARDED IN ANY EVENT.**

The decision in Gallo Winery shows another reason why *sua sponte* sanctions should not be awarded in this action. In Gallo Winery, 430 F. Supp. 2d

3

at 1095, the District Court held that fee and cost sanctions should not be awarded for any actions performed by plaintiff Gallo's attorneys after Gallo had been informed of defendant Rallo's "intention to defend." After that, "the fees incurred by E&J Gallo to defend the default judgment were by its own choice." Id.

In this action, the plaintiff Association, and its attorneys, were fully aware that Mr. and Mrs. Grande had retained counsel and intended to defend once Grandes appeared through counsel and removed this action from state court on July 8, 2004 – even assuming *arguendo* the Association's attorneys version of default-related events.

Thus, *all* fees and costs incurred in obtaining entry of the default, and *all* fees and costs incurred in *unsuccessfully* opposing Grandes' motion, were incurred by the Association's "own choice."

Even assuming, *arguendo*, the Association's version of default-related events, the Association's counsel could easily have avoided any fees and costs relating to the entry of the default, and to opposing the motion to set aside the default, by following accepted standards of civility and professional conduct and asking Grandes' counsel if they intended to defend.

Moreover, the fees and costs incurred in *unsuccessfully* opposing the motion to set aside the default could easily have been avoided, by the Association's simply agreeing to stipulate to set it aside.

4

By comparison, after no answer was filed in Gallo Winery, 430 F. Supp. 2d at 1070, 1095, Gallo's attorney sent Rallo's attorney advance written notice that its default would be taken if one was not filed, and Gallo was *not* awarded its fees and costs incurred in connection with opposing the motion to set aside the subsequently-entered default.

### III.    THIS ACTION IS NOTHING LIKE ANY OF THE OTHER ACTIONS CITED IN THE COURT'S ORDER.

It should also be noted that the facts of this action, where an answer was filed only two business days late, are nothing like those in any of the other cases cited by the Court either.

Compare, Nilsson, 854 F.2d at 1541, 1547 (three defaults, three default judgments, and four awards of monetary sanctions for violating discovery orders); Gallo Winery, *supra* (advance notice of intention to take default given); Hart v. Parks, 2001 U.S. Dist. LEXIS 24331, at 1-2, 4-5, 15 (C. D. Cal. 2001) (long delay in answering required plaintiffs to respond to an order to show cause why the action should not be dismissed; only $1,850 in fees awarded); Foy v. Dicks, 146 F.R.D. 113, 117 & n.9 (E. D. Pa. 1993) (repeated pattern of defaults by defense counsel); IBEW Local 313 v. Skaggs, 130 F.R.D. 526, 529 (D. Del. 1990) (pleading not addressed until "well after a response was due," and there was a 3 ½ month delay in responding to a motion for entry of a default judgment); and

5

<u>Kryzak v. Dresser Industries</u>, 118 F.R.D. 12 , 13-14 (D. Me. 1987) (delay of approximately two months in answering).

## CONCLUSION

For the foregoing reasons, the Order of September 25, 2006, should be reconsidered and, upon reconsideration, no sanctions should be awarded.

DATED:  Honolulu, Hawai'i, October 5, 2006.

          STEVEN B. JACOBSON
          Attorney at Law
          A Limited Liability Law Company

          _____
          STEVEN B. JACOBSON
          Attorneys for Defendants