NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY         (3134-O)
(JNeeley@neeley-anderson.com)
PHILIP L. LAHNE         (3709-O)
LANCE S. FUJISAKI       (4224-O)
SCOTT R. GRIGSBY        (6673-O)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\MOP- Mtn Recon Sanctions fnl.wpd

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 16 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>  Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>  Counterclaim Plaintiffs,<br><br>  vs. | CIVIL NO. CV04-00413 DAE/LEK<br>(Injunctive Relief)<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF "ORDER REGARDING SANCTIONS ASSOCIATED WITH SET ASIDE OF ENTRY OF DEFAULT" FILED OCTOBER 5, 2006; CERTIFICATE OF SERVICE<br><br>Magistrate Judge:<br>Honorable Leslie E. Kobayashi<br><br>TRIAL: April 27, 2007 |

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA
and DOES 1-25,

    Counterclaim Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF "ORDER REGARDING SANCTIONS ASSOCIATED WITH SET ASIDE OF ENTRY OF DEFAULT" FILED OCTOBER 5, 2006**

Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("Association") opposes the Motion for Reconsideration of "Order Regarding Sanctions Associated With Set Aside of Entry of Default" filed by Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE (collectively, the "Grandes") on October 5, 2006 ("Motion").

## STANDARD OF REVIEW

Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds,* 863 F.2d 617 (9th Cir.

1988). The District of Hawaii has implemented similar standards in Local Rule 60.1, which provides:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

The Ninth Circuit has recognized the Black's Law Dictionary definition of manifest error as "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *See* Andreiu v. Ashcroft, 253 F.3d 477, 490 (9th Cir. 2001), *citing with approval,* Black's Law Dictionary 563 (7th ed. 1999).

Mere disagreement with a previous order is an insufficient basis for reconsideration. *See* Leong v. Hilton Hotels Corp., 689 F.Supp. 1572 (D. Haw. 1988). Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See* Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649-50 (D. Haw. 1987), *rev'd on other*

*grounds,* 855 F.2d 860 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc., 229 F.3d at 883).

## DISCUSSION

In the instant case, the Grandes seek reconsideration of the Order Regarding Sanctions Associated With Set Aside of Entry of Default filed September 25, 2006 ("Order"); however, none of the conditions precedent for reconsideration of the Order are present. The Grandes have not presented any new evidence, there has been no intervening change in the controlling law and the Court has not committed a manifest error in rendering its decision.

   I.   THE COURT DID NOT RELY ON RULE 37, RULE 60(b)(2) OR 28 USC § 1927 AS AUTHORITY FOR IMPOSING SANCTIONS IN THIS CASE.

The Grandes erroneously conclude that the Court imposed sanctions against them "under some combination of FRCP Rule 37, FRCP Rule 60(b)(2), or 28 USC § 1927" and based upon this faulty premise the Grandes argue that none of those provisions authorize an award of sanctions under the circumstances of this case. *See* Motion at 2-3. However, nothing in the Court's Order indicates that the Court relied

on FRCP Rule 37, FRCP Rule 60(b)(2) or 28 USC § 1927 as authority for imposing sanctions.

To the contrary, it is plain that the Court relied on <u>Nilsson v. Louisiana Hydrolec</u>, 854 F.2d 1538, 1546-1547 (9th Cir. 1988), in which the Ninth Circuit decided that "it is appropriate to condition setting aside a default upon the payment of a sanction." *See* Order at 8. In <u>Nilsson</u>, as in the present case, the court did not rely on FRCP Rule 37, FRCP Rule 60(b)(2), 28 USC § 1927 or the court's inherent powers in imposing sanctions against the defaulting party. Instead the Ninth Circuit set forth the following rationale:

> By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified. 10 C. Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u>, § 2700, p. 538 (1983). According to Wright, Miller & Kane, ***the most common type of prejudice is the additional expense caused by the delay, the hearing on the rule 55(c) motion, and the introduction of new issues.*** Courts have eased these burdens by requiring the defaulting party to provide a bond to pay costs, to pay court costs, or to cover the expenses of the appeal. <u>Id</u>. The use of imposing conditions can serve to "promote the positive purposes of the default procedure without subjecting either litigant to their drastic consequences." <u>Id</u>. at 539.

<u>Id</u>. at 1546. (emphasis added).

In the present case, the Court found that the Grandes' default resulted in the same kind of prejudice to the Association that justified an award of sanctions in <u>Nilsson</u>:

5

> Contrary to the Grandes' argument, their failure to comply with the rules of court have caused delay, albeit not to such an extent that would have warranted denying the Motion to Set Aside. Na Pali faced the delay and additional expense of obtaining the entry of default and responding to the Motion to Set Aside. Further, the dispute has injected additional issues into the case, such as whether Mr. Jacobson actually did request an extension from Na Pali's counsel before the answer deadline. This Court finds that, under the circumstances of this case, it was appropriate to condition the setting aside of the default upon the payment of Na Pali's reasonable attorneys' fees and costs incurred in obtaining the entry of default and in opposing the Motion to Set Aside.

See Order at 12-13.

Nevertheless, the Grandes argue that "[t]here is no provision, in FRCP 55(c), authorizing *any* terms to be imposed upon a default's being set aside, let alone authorizing sanctions when one is set aside." See Motion at 3. This argument ignores the fact that in Nilsson the Ninth Circuit expressly decided that a district court has authority to condition the setting aside of a default upon the payment of a sanction under FRCP Rule 55(c):

> In Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986), we observed that this circuit has not ruled ***whether a district court has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under Fed. R. Civ. P. 55(c)*** . . . . Since we have not done so previously, we must rule upon this issue today. . . .
>
> . . . .
>
> . . . [W]e now hold that it is appropriate to condition setting aside a default upon the payment of a sanction.

6

<u>Nilsson v. Louisiana Hydrolec</u>, 854 F.2d at 1546-1547. (emphasis added). Accordingly, it was appropriate for the Court to condition the setting aside of the Grandes' default upon the payment of a sanction.

    II.    IT IS APPROPRIATE TO REQUIRE THE GRANDES TO PAY THE REASONABLE ATTORNEYS' FEES AND COSTS INCURRED BY THE ASSOCIATION IN OBTAINING THE ENTRY OF DEFAULT AND RESPONDING TO THE MOTION TO SET ASIDE.

The Grandes argue that they should not be required to pay sanctions because the fees and costs incurred by the Association "were incurred by the Association's own choice." *See* Motion at 4. The Grandes made this same argument in Defendants' Opening Statement on Remand Re Sanctions, filed September 9, 2005:

> Any fees and costs incurred by the Association in filing for the entry of Grandes' default were the result of the Association's own election to so proceed . . . It would therefore [sic] inappropriate for such fees and costs to be assessed against anyone else.
>
> Similarly, any fees and costs the Association incurred in unsuccessfully opposing Grandes' motion to set aside their default were the result of the Association's own election . . . It would therefore be inappropriate for those fees and costs to be assessed against anyone else either.

*See* Defendants' Opening Statement on Remand Re Sanctions at 30-31.

These arguments have already been rejected by the Court and cannot be the basis for reconsideration. A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the court is presented with newly discovered

evidence, committed clear error, or there is an intervening change in the controlling law. See Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The Grandes' rehashed arguments do not satisfy the conditions for reconsideration.

Further, the case cited by the Grandes in support of their argument, J. Gallo Winery v. Cantine Rallo, S.P.A., 430 F. Supp. 2d 1064 (E.D. Cal. 2005), is distinguishable from the present case. In Gallo Winery the court stated "[i]n this case, Rallo received actual notice of the instant lawsuit but, whether caused by a communication failure or some other act of negligence, inadvertence, or inattention, failed to recognize the need to respond to the district court complaint." Id. at 1095. In contrast, the Grandes' default involved a deliberate failure to answer the complaint:

> At some point, it became clear that Na Pali's counsel was not going to respond to the request for an extension by the answer deadline. At that point, it became incumbent upon Mr. Jacobson to ensure that the Grandes did not miss the deadline. He could have timely filed an answer or filed a motion for an extension of time. Instead, Mr. Jacobson deliberately chose to do noting.

See Order at 12. Thus, it was appropriate for the Court to condition the setting aside of the Grandes' default upon the payment of a sanction.

### III. THE FACTS OF THE PRESENT CASE WARRANT THE IMPOSITION OF SANCTIONS.

The Grandes' assertion that the facts in the present action are "nothing like those in any of the other cases cited by the Court" is without merit. See Motion at 5.

The Grandes' default was deliberate and resulted in prejudice to the Association. The Grandes' failure to comply with the rules of court resulted in delay, caused the Association to incur the additional expense of obtaining the entry of default and responding to the Motion to Set Aside, and injected additional issues into this case. Under the holding in <u>Nilsson</u>, it was appropriate for the Court to condition the setting aside of the default upon the payment of the Association's reasonable attorneys' fees and costs.

## CONCLUSION

In summary, none of the conditions precedent for reconsideration are present: (1) the Grandes have presented no newly discovered evidence; (2) there has been no intervening change in controlling law, and (3) the Court did not commit a manifest error of law or fact in rendering its decision. For the reasons set forth above, the Grandes' Motion for Reconsideration of "Order Regarding Sanctions Associated With Set Aside of Entry of Default" filed on October 5, 2006, should be denied.

DATED: Honolulu, Hawaii, October 16, 2006

*/s/ Scott R Grigsby*
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai`i non-profit corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>    Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs,<br><br>    vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25,<br><br>    Counterclaim Defendants. | CIVIL NO. CV04-00413 DAE/LEK<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following attorneys in the manner and on the date indicated below:

    STEVEN B. JACOBSON, ESQ.        U.S. Mail
    P.O. Box 240761
    Honolulu, HI 96824-0761
        Attorney for Defendants
        ANTHONY CHARLES GRANDE
        and NARINDAR KAUR GRANDE

    JOHN D. ZALEWSKI, ESQ.        HAND DELIVERY
    Case Lombardi & Pettit
    Pacific Guardian Center, Mauka Tower
    733 Bishop Street, Suite 2600
    Honolulu, HI 96813
        Attorney for Counterclaim Defendants
        NA PALI HAWEO COMMUNITY ASSOCIATION
        and RONALD K. AWA

DATED: Honolulu, Hawai'i, October 16, 2006

                */s/ Scott R Grigsby*
                JOYCE Y. NEELEY
                LANCE S. FUJISAKI
                SCOTT R. GRIGSBY
                Attorneys for Plaintiff
                NA PALI HAWEO COMMUNITY ASSOCIATION