IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,<br><br>    Defendants.<br><br> and<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs,<br><br>  vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>    Counterclaim Defendants.<br>_____ | CV. NO. 04-00413 DAE-LEK |

ORDER AFFIRMING MAGISTRATE'S ORDERS DENYING DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' MOTION FOR JOINDER OF PARTIES AND DENYING MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing Defendants/Counterclaim Plaintiffs ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE's ("Grande Defendants") Appeal and the supporting and opposing memoranda, the court AFFIRMS the Magistrate's Order Denying Defendants and Counterclaim Plaintiffs' Motion for Joinder of Parties, filed June 21, 2006 ("Joinder Order"). The court also AFFIRMS the Magistrate's interlocutory Order filed on June 28, 2006 denying Grande Defendants' motion for reconsideration of the Joinder Order.

## BACKGROUND

In her Joinder Order, Magistrate Judge Leslie E. Kobayashi ("Magistrate Kobayashi") denied Grande Defendants' motion to allow joinder of Grande Defendants' builder, Jeff Brandt and Brandt Homes, Incorporated (collectively, "Brandt Homes"). The Grande Defendants contracted with Brandt Homes to construct the residence which lies at the heart of the instant lawsuit. Grande Defendants had argued that Brandt Homes was responsible for front setback and height differences in the construction of the residence. According to Grande Defendants, the absence of Brandt Homes as a party to the lawsuit: 1) puts

2

Grande Defendants at risk for bearing additional and/or inconsistent obligations; 2) reduces any possibility of settlement; and 3) restricts the Court's ability to fashion equitable relief.  Magistrate Kobayashi denied the motion for joinder of additional parties.  She found that the identity and role of Brandt Homes in the residential construction had been known to Grande Defendants from the commencement of the instant lawsuit nearly two years ago.  As such, the Court declined to exercise its discretion pursuant to Rule 21 of the Federal Rules of Civil Procedure.  See Order Denying Defendants and Counterclaim Plaintiffs' Motion for Joinder of Parties, filed May 12, 2006 ("Joinder Order").  Magistrate Kobayashi also found that absence of Brandt Homes in the instant lawsuit would not prevent the Federal Court from fashioning a meaningful relief between Na Pali Haweo Community Association (the "Association") and the Grande Defendants, and that Brandt Homes is not a "necessary party" to the claims alleged for purposes of Rule 19(a) of the Federal Rules of Civil Procedure.  See id. at 7.  The magistrate examined Federal Rule of Civil Procedure Rule 20(a) governing permissive joinder, as well as other relevant factors under Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371 (9th Cir. 1980) of fundamental fairness in determining whether permissive joinder would be fair in this case.  The Court found that close examination of these factors, which include possible prejudice to any of the parties, delay, motive,

3

closeness of the relationship between the new and old parties, the effect of an amendment on the Court's jurisdiction, and the new party's notice of the pending action, weighed against permissive joinder.

Finally, in her Joinder Order, Magistrate Kobayashi also addressed Rule 14 of the Federal Rules of Civil Procedure because Grande Defendants sought to bring a third-party complaint against Brandt Homes for any damages that the Grande Defendants would have been held liable to the Association or to the Moribes, the owners of the adjacent lot to the Grande residence in the subdivision. The magistrate concluded that Grande Defendants were derelict in filing their motion for joinder and that a third-party complaint against Brandt Homes would unduly delay the trial currently scheduled for December 14, 2006. The magistrate also cited the expiration of deadlines for defense experts and dispositive motions in less than six weeks, and that joining Brandt Homes as a party at this point in the litigation would prejudice Brandt Homes in light of the rapidly approaching deadlines and trial date. Joinder Order at 12.

Grande Defendants appeal on the grounds that the Order was clearly erroneous and contrary to law. Specifically, Grande Defendants argue that Magistrate Kobayashi did not consider Federal Rules of Civil Procedure Rule 19(a)(2) and that by denying Defendants' motion, the Grandes are highly

prejudiced.  See Grande Defendants' Statement of Appeal ("Appeal"), filed July 3, 2006, at 9.  Grande Defendants argue that  "Brandt's absence is highly prejudicial to Grandes" and that the failure to join Brandt to the action "impedes and continues to impede settlement negotiations...[and is] prejudicial to the best interests of the Association as well."  Id.

Plaintiff/Counterclaim Defendant Na Pali Haweo Community Association (the "Association") filed a Response  to Statement of Appeal on July 14, 2006 ("Opposition").

STANDARD OF REVIEW

Pursuant to Local Rule 74.1, the district court may only set aside a magistrate judge's order of non-dispositive matters on appeal if it finds the order to be "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 74.1.  Thus, the district judge must affirm the magistrate judge unless the district judge is left with the "definite and firm conviction that a mistake has been committed."  Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992). The reviewing court may not simply substitute its judgment for that of the deciding court, as it may under a de novo standard.  See Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

DISCUSSION

Grande Defendants argue in their appeal that Magistrate Kobayashi denied the Grandes' Motion for Joinder of Parties without even considering Federal Rules of Civil Procedure Rule 19(a)(2). This Court finds otherwise. In her Joinder Order, the magistrate specifically addressed the issue of whether or not Brandt Homes is a "necessary party," as defined by Rule 19. The magistrate found that the absence of Brandt Homes would not prevent the federal court from fashioning meaningful relief between the Association and the Grande Defendants.

The magistrate furthered her consideration of the matter by also examining Rule 20 and alternatively found that the overall factors that must be weighed by the court when considering *permissive* joinder weigh against allowing Brandt Homes to be joined as a party to the action. As noted by the magistrate, litigation in this matter was filed over two years ago, and a Rule 16 conference was held at least four months before the Joinder Motion for filed. The identity of Brandt Homes was known to Grande Defendants from the initiation of the lawsuit.

Upon her denial of Grande Defendants' Motion for Reconsideration, the magistrate found that the Grandes failed to establish any of the three grounds that warrant granting reconsideration of an order. There was no establishment of

(1) an intervening change in the controlling law; (2) the availability of new witnesses; or (3) the need to correct clear error or prevent manifest injustice. White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

      Magistrate Kobayashi exercised her discretion under Federal Rules of Civil Procedure Rule 21 and declined to permit the Grandes to add Brandt Homes as a party to the action at this late date and found that to allow Grande Defendants to do so would be under unjust terms.  Here, both the Magistrate Judge's Joinder Order and interlocutory order denying Grande Defendants' motion for reconsideration  was not clearly erroneous or contrary to law.  Indeed, the Court finds the Magistrate Judge was correct in both her legal assessment and her conclusion.

## CONCLUSION

      For the reasons stated above, the court AFFIRMS the Magistrate's Order Denying Defendant and Counterclaim Plaintiffs' Motion for Joinder of Parties, filed June 21, 2006.  The court also AFFIRMS the Magistrate's

interlocutory Order filed on June 28, 2006 denying Grande Defendants' motion for reconsideration of the Joinder Order.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 19, 2006.



_____
David Alan Ezra
United States District Judge

Na Pali Haweo Comm. Assoc. v. Grande, et al., Civil No. 04-00413 DAE-LEK; ORDER AFFIRMING MAGISTRATE'S ORDER DENYING DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' MOTION FOR JOINDER OF PARTIES AND DENYING MOTION FOR RECONSIDERATION