ORIGINAL

STEVEN B. JACOBSON,
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON    4117-0
 (sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI  96824-0761
Telephone:  (808) 377-1814



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 8 2006

at __5__ o'clock and __56__ min. __P__M
SUE BEITIA, CLERK

Attorneys for Defendants Anthony Charles
Grande and Narindar Kaur Grande

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

NA PALI HAWEO COMMUNITY
ASSOCIATION, a Hawaii non-profit
corporation,

       Plaintiff,

       v.

ANTHONY CHARLES GRANDE;
NARINDAR KAUR GRANDE; and
DOES,

       Defendants.

ANTHONY CHARLES GRANDE
and NARINDAR KAUR GRANDE,

       Counterclaim Plaintiffs,

       v.

NA PALI HAWAO COMMUNITY
ASSOCIATION; RONALD K.
AWA; and DOES 1-25,

CIVIL NO. CV04-00413-DAE LEK

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR RECONSIDERATION
OF "ORDER REGARDING SANCTIONS
ASSOCIATED WITH SET ASIDE OF
ENTRY OF DEFAULT"; REQUEST FOR
JUDICIAL NOTICE; EXHIBITS 1-4;
CERTIFICATE OF SERVICE

Magistrate Judge:  Hon. Leslie E.
Kobayashi

Counterclaim Defendants.

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF "ORDER REGARDING SANCTIONS ASSOCIATED WITH SET ASIDE OF ENTRY OF DEFAULT"

The Association's arguments in opposition to Mr. and Mrs. Grande's Motion for Reconsideration essentially miss the point.

Moreover, those arguments ignore the Association's contrary position in the parallel Circuit Court action, where the Association's managing agent let Mr. and Mrs. Grandes' cross-claim sit in his inbox for nearly two months, and for more than one month after the Association's default had been entered.

There, upon the Association's motion, the Circuit Court simply set aside the default, and allowed the Association to answer, without assessing any sanctions or otherwise setting any conditions upon the default being set aside.

I.      RULES 37 AND 60(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND 28 USC § 1927, ARE NOT APPLICABLE.

The Association's discussion of Nilsson, Robbibs, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1541 (9th Cir. 1988), misses the essential point that Nilsson involved the setting aside of multiple default *judgments* under FRCP 60(b)(2), not just multiple entries of default under FRCP Rule 55(c), or just – as here – a mere single entry of default under Rule 55(c).

Rule 60(b)(2) authorized the sanctions assessed in <u>Nilsson</u>. But no default judgment was entered here, so Rule 60(b)(2) does not and cannot apply.

Again, under FRCP 60(b)(2), default *judgments* may be set aside "on motion and upon such terms as are just." In contrast, with respect to mere entries of default, FRCP 55(c) states only that "for good cause shown the court may set aside an entry of default." Nothing in Rule 55(c) authorizes conditions to be imposed upon a default's being set aside, let alone authorizing sanctions when one is set aside.

II.    <u>FEES AND COSTS INCURRED AFTER THE ASSOCIATION KNEW OF MR. AND MRS. GRANDE'S INTENTION TO DEFEND THIS ACTION SHOULD NOT BE AWARDED IN ANY EVENT.</u>

The Association's opposition simply ignores the parallel Circuit Court action, <u>Brandt Homes v. Grande v. Brandt Homes, Na Pali Haweo Community Ass'n. et al.</u>, First Circuit Court Civil No. 05-1-2061-11, where no sanctions whatsoever were awarded against the Association, *sua sponte* or otherwise, even though the Association's managing agent himself – rather than merely an attorney – let Mr. and Mrs. Grandes' cross-claim sit in his inbox for nearly two months, and for more than one month after the Association's default had been entered, before taking any action whatsoever to respond to that cross-claim. (Request for Judicial Notice, *infra*; Exhibits 1-4).

In contrast, Mr. and Mrs. Grandes' answer in this action was filed just two business days after its due date.

This Court's Order and the Circuit Court's Order are remarkably inconsistent.

Moreover, the Circuit Court's Order shows that it necessarily followed the same reasoning as Gallo Winery in denying sanctions because it could be inferred, because of the existence of this federal action, that the Association probably intended to defend the Circuit Court action after all.

## CONCLUSION

For the foregoing reasons, and those previously shown, the Order of September 25, 2006, should be reconsidered and, upon reconsideration, no sanctions should be awarded.

DATED:  Honolulu, Hawai'i, October 18, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON