STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 JUN 19 PM 2:56

STEVEN B. JACOBSON       4117-0
(sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI 96824-0761
Telephone: (808) 377-1814

H. CHING
CLERK

Attorneys for Defendants and
Counterclaimants Anthony Charles
Grande and Narindar Kaur Grande

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| BRANDT HOMES INCORPORATED, a Hawaii corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE; et al.,<br><br>Defendants. | CIVIL NO. 05-1-2061-11 (KNB)<br><br>MEMORANDUM IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT; REQUEST FOR MANDATORY JUDICIAL NOTICE; EXHIBITS 1-10; CERTIFICATE OF SERVICE<br><br>DATE: June 27, 2006<br><br>TIME: 9:30 a.m.<br><br>JUDGE: Hon. Karen N. Blondin |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaimants,<br><br>v.<br><br>BRANDT HOMES INCORPORATED; JEFFREY BRANDT; and NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Counterclaim-Defendants | |

EXHIBIT 3

## MEMORANDUM IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT

Counterclaimants Anthony and Narindar Kaur Grande (Grandes) oppose Counterclaim Defendant Na Pali Haweo Community Association's (Association) motion to set aside their default.

Alternatively, if the Association's motion is granted, it should be conditioned upon (1) the Association's withdrawal of its request for $7,689.30 of sanctions in the related federal court action, based upon Grandes' filing their federal court answer only two business days late; and (2) the Association's release of its $59,114.50 lien against Grandes' home, which was improperly recorded because it seeks to secure fees and costs which have not been awarded.

### I.   THE ASSOCIATION HAS FAILED TO SHOW A MERITORIOUS DEFENSE.

The Association recognizes (at 6) the requirement that it show a meritorious defense before its default can be set aside. However, its moving papers do not even attempt such a showing.

The mere statement in the Association's memorandum (at 8) that "Na Pali Haweo Community Association denies and disputes all allegations of wrongful conduct on its part" is *not* an evidentiary showing.

Grandes' motion for summary judgment against the Association in the related USDC action, USDC Civil No. 04-413 DAE/LEK, will be heard by Judge Ezra on June 26, 2006. (Judicial Notice Request, para. 1) The results of that motion will indicate whether the Association has colorable defenses.

II.  **IF THE ASSOCIATION'S DEFAULT IS SET ASIDE, IT SHOULD BE SET ASIDE CONDITIONALLY.**

1. At the same time it is asking that its own default be set aside herein without penalty, the Association – through other counsel – is doggedly pursuing a request for $7,689.30 of sanctions against Grandes in the related federal action, based upon their federal answer being filed only two business days late because of the unavailability of Mr. Grande (an airline pilot) to review it. (Judicial Notice Request, para. 3; Exs. 2-10; esp. Ex. 2, Memo at 2, 13-16; Ex. 6, *passim*; Ex. 8, at 3, 4; Ex. 9, *passim*)

Needless to say, the Association's arguments in the federal action are very different from those it is raising here. (Exs. 3, 6 & 9, *passim*)

In the federal action, the Association even filed perjured declarations, falsely denying that Grandes' counsel had requested an extension of time to answer. (See Ex. 3, at 9-10; Ex. 4, Memo at 5-7 and Declaration at para. 2)

If the Association's motion to set aside its default herein is granted, its being set aside should be conditioned upon its withdrawal of its request for sanctions in federal court. Any other result would be "unjust." The Association cannot properly ask that one standard be applied to the Association itself, and a vastly more severe standard be applied to Grandes.

2. The Association has filed a $59,114.50 lien against Grandes' property, based upon its assumption that it will recover its fees, costs and expenses incurred in the federal action. (Judicial Notice Request, para. 2, and Ex. 1)

However, as a matter of Hawaii law, that lien was improperly recorded because under HRS § 421J-10(a), the Association would only become entitled to its fees, costs and expenses *if* it prevailed in the federal action and *if* the US District Court awarded them.

3

Accordingly, if the Association's motion to set aside its default herein is granted, its being set aside should also be conditioned upon its release of the improperly recorded lien.

DATED: Honolulu, Hawaii, June 19, 2006.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Defendants
and Counterclaimants