IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,<br><br>　　　　Defendants.<br><br>　and<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　　　Counterclaim Plaintiffs,<br><br>　vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>　　　　Counterclaim Defendants. | CV. NO. 04-00413 DAE-LEK |

ORDER DENYING MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. On August 11, 2006, Defendants/Counterclaim

Plaintiffs Anthony Charles Grande and Narindar Kaur Grande ("Grande Defendants") filed a Motion for Reconsideration of Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and Denying in Part Defendants' Counter-Motion for Summary Judgment ("Summary Judgment Order") filed August 1, 2006 ("Motion for Reconsideration").

Plaintiff/Counterclaim Defendants Na Pali Haweo Community Association (the "Association") timely filed its Memorandum in Opposition to the Motion for Reconsideration on August 11, 2006.  After careful review of the supporting and opposing memorandum and the underlying order, the Court DENIES the Motion for Reconsideration.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir.  2003); Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rogers v. Watt, 772 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. There are three major grounds that justify reconsideration: "(1) An intervening change in controlling law; (2) The availability of new evidence; (3) The need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988).

The District of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Id. Manifest error is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." See Andreiu v. Ashcroft, 253 F.3d 477, 490 (9th Cir. 2001).

## DISCUSSION

In their Motion for Reconsideration, Grande Defendants assert that the Court's Summary Judgment Order contained manifest errors of fact and law and should be reconsidered and corrected under Federal Rules of Civil Procedure Rule 54(b) and Local Rule 60.1(c).  In support of their motion, Grande Defendants cite to alleged errors in the sections of the Summary Judgment Order that address the background facts, building height, building setback, skylights, front garden wall, and sliding garage gate.

In each section of their Motion for Reconsideration, Grande Defendants attempt to advance a theory that there are numerous "inaccuracies" throughout the Court's Order.  However, Grande Defendants unequivocally fail to establish that these alleged errors were either manifest error or material to the ruling on the matter.  Instead of properly addressing its burden as established by the applicable federal rules and relevant caselaw, Grande Defendants erroneously view its motion as another opportunity to reargue the same position it advanced in its summary judgment pleadings and at the hearing on the motions already heard by this Court on June 26, 2006.

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006)(citing Mustafa v. Clark County Sch. Dist., 157 f.3d 1169, 1178-79 (9th Cir. 1998))(some citations omitted); see also, Local Rule 60.1.  Grande Defendants have failed to establish any of these grounds in their Motion for Reconsideration.

### CONCLUSION

For the reasons stated above, the Court DENIES Grande Defendants' Motion for Reconsideration, filed on August 11, 2006.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 20, 2006.



_____
David Alan Ezra
United States District Judge

Na Pali Haweo Comm. Assoc. v. Grande, et al., Civil No. 04-00413 DAE-LEK; ORDER DENYING MOTION FOR RECONSIDERATION