IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai'i non-profit corporation,<br><br>      Plaintiff,<br><br>  vs.<br><br>ANTHONY CHARLES GRANDE, ET AL.,<br><br>      Defendants. | CIVIL NO. 04-00413 DAE-LEK |

ORDER DENYING DEFENDANTS/COUNTER-CLAIMANTS'
MOTION FOR RECONSIDERATION OF "ORDER REGARDING
SANCTIONS ASSOCIATED WITH SET ASIDE OF ENTRY OF DEFAULT"

      Before the Court is Defendants/Counter-Claimants Anthony Charles Grande and Narindar Kaur Grande's (the "Grandes") Motion for Reconsideration of "Order Regarding Sanctions Associated with Set Aside of Entry of Default" ("Motion"), filed October 5, 2006.  Plaintiff/Counter-defendant Na Pali Haweo Community Association's ("Na Pali") filed its memorandum in opposition to the Motion on October 16, 2006.  The Grandes filed their reply on October 18, 2006.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Grandes' Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

On September 25, 2006, this Court issued its Order Regarding Sanctions Associated with Set Aside of Entry of Default ("Order"). In the Order, this Court ruled that, pursuant to Nilsson Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, ("Nilsson") 854 F.2d 1538 (9th Cir. 1988) (per curiam), this Court could condition the setting aside of an entry of default on the payment of sanctions. The Court further found that such sanctions were appropriate under the circumstances of this case and awarded Na Pali attorney's fees in the amount of $3,386.96 and costs in the amount of $255.46, for a total award of $3,642.42.

In the instant Motion, the Grandes argue that this Court erred in relying on "some combination of [Federal Rules of Civil Procedure] Rule 37, . . . Rule 60(b)(2), or 28 USC § 1927." [Mem. in Supp. of Motion at 2.] The Grandes contend that none of these provisions apply in the instant case, which is distinguishable from the cases cited in the Order. They also argue that nothing in Rule 55(c) authorizes the imposition of sanctions as a condition of setting aside an entry of default. In addition, the Grandes argue that the Court should not award any fees and costs Na Pali incurred after it learned of the Grandes' intention to defend the action.

In its memorandum in opposition, Na Pali argues that the Grandes have not met the standard for reconsideration and that mere disagreement with a prior order does not warrant reconsideration.  Further, the Grandes cannot raise evidence and legal arguments they could have presented during the briefing on the sanctions issue.  Na Pali argues that the Order did not rely on Rule 37, Rule 60(b)(2), or § 1927 and that this Court appropriately ruled that sanctions were available under Nilsson. Finally, Na Pali asserts that the imposition of sanctions was appropriate under the facts of this case.

In their reply, the Grandes argue that Nilsson does not apply because it involved the setting aside of default judgments pursuant to Rule 60(b)(2), not entries of default.  They also reiterate that fees incurred after Na Pali knew the Grandes were going to defend the action should not be awarded.

## DISCUSSION

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.

The Grandes have not argued that there has been an intervening change in the law or that there is new evidence. They apparently argue that reconsideration is necessary to correct clear error. The Order was based on clear language from the Ninth Circuit in Nilsson. See 854 F.2d at 1546-47 (stating that "it is appropriate to condition setting aside a default upon the payment of a sanction"). The Grandes' arguments regarding the applicability of Nilsson constitute mere disagreement with the Order, which is not grounds for reconsideration. See White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)). Further, this Court has already addressed the issue of what fees are appropriate in the Order.

The Grandes therefore have not presented any argument which establishes that reconsideration is necessary to correct clear error. This Court FINDS that reconsideration is not warranted.

### **CONCLUSION**

On the basis of the foregoing, the Grandes' Motion for Reconsideration of "Order Regarding Sanctions Associated with Set Aside of Entry of Default", filed October 5, 2006, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 1, 2006.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NA PALI HAWEO COMMUNITY ASSOCIATION V. ANTHONY CHARLES GRANDE, ET AL; CIVIL NO. 04-00413 DAE-LEK; ORDER DENYING DEFENDANTS/COUNTER-CLAIMANTS' MOTION FOR RECONSIDERATION OF "ORDER REGARDING SANCTIONS ASSOCIATED WITH SET ASIDE OF ENTRY OF DEFAULT**