NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY       (3134-0)
(JNeeley@neeley-anderson.com)
PHILIP L. LAHNE       (3709-0)
LANCE S. FUJISAKI     (4224-0)
SCOTT R. GRIGSBY      (6673-0)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\Resp to Stmt of App Filed 12-8-06-dr1-SRG.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, | CIVIL NO. CV04-00413 DAE/LEK (Injunctive Relief)<br><br>PLAINTIFF'S RESPONSE TO STATEMENT OF APPEAL, FILED DECEMBER 8, 2006<br><br>Judge: Honorable David Alan Ezra<br><br>TRIAL: April 24, 2007 |

|  |
|---|
| Counterclaim Plaintiffs,<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25,<br><br>Counterclaim Defendants. |

PLAINTIFF'S RESPONSE TO STATEMENT OF APPEAL
FILED DECEMBER 8, 2006

Plaintiff and Counterclaim Defendant NA PALI HAWEO COMMUNITY ASSOCIATION ("Association") hereby responds to the Statement of Appeal filed by Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE (collectively, the "Grandes") on December 8, 2006 ("Appeal").

STANDARD OF REVIEW

A district court may set aside a magistrate judge's order regarding a nondispositive pretrial matter on appeal if it finds the order to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 74.1. Thus, the district judge must affirm the magistrate judge's ruling unless it is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992). The reviewing court may not simply

substitute its judgment for that of the deciding court. <u>Grimes v. City & County of San Francisco</u>, 951 F.2d 236, 241 (9th Cir. 1991).

## ARGUMENT

I. <u>The Court Appropriately Conditioned the Setting Aside of Default Upon the Payment of a Sanction Under FRCP Rule 55(c).</u>

The Grandes argue that "the Magistrate Judge was wrong because there is nothing in FRCP 55(c), empowering them to set aside mere defaults entered under FRCP 55(a), which further empowers the federal district courts to impose sanctions when doing so." Appeal at p. 6. This argument ignores the Ninth Circuit's holding in <u>Nilsson v. Louisiana Hydrolec</u>, 854 F.2d 1538 (9th Cir. 1988), wherein the Court of Appeals held that a district court has authority to condition setting aside a default upon the payment of a sanction under FRCP Rule 55(c):

> In <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 512 (9th Cir. 1986), we observed that this circuit has not ruled *whether a district court has authority to condition the setting aside of a default upon payment of attorneys' fees and costs under Fed. R. Civ. P. 55(c).* . . . Since we have not done so previously, we must rule upon this issue today. . . .
>
> . . . .
>
> [W]e now hold that *it is appropriate to condition setting aside a default upon the payment of a sanction.*

<u>Nilsson v. Louisiana Hydrolec</u>, 854 F.2d at 1546-1547. (emphasis added).

3

FRCP Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Clearly, Rule 55(c) applies to both an "entry of default" as well as a "judgment by default." There is no indiction that the Nilsson court intended to treat setting aside an "entry of default" differently than a "judgment by default." Nor have the Grandes cited any authority or advanced any rationale for treating them differently.

In holding that a district court may condition setting aside a default upon the payment of a sanction, the Ninth Circuit set forth the following rationale:

> By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation can be rectified. 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2700, p. 538 (1983). According to Wright, Miller & Kane, *the most common type of prejudice is the additional expense caused by the delay, the hearing on the rule 55(c) motion, and the introduction of new issues.* Courts have eased these burdens by requiring the defaulting party to provide a bond to pay costs, to pay court costs, or to cover the expenses of the appeal. Id. The use of imposing conditions can serve to "promote the positive purposes of the default procedure without subjecting either litigant to their drastic consequences." Id. at 539.

Id. at 1546 (emphasis added).

In the present case, the Magistrate Judge found that the Grandes' default resulted in the same kind of prejudice to the Association that justified an award of sanctions in Nilsson:

> Contrary to the Grandes' argument, their failure to comply with the rules of court have caused delay, albeit not to such an extent that would have warranted denying the Motion to Set Aside. Na Pali faced the delay and additional expense of obtaining the entry of default and responding to the Motion to Set Aside. Further, the dispute has injected additional issues into the case, such as whether Mr. Jacobson actually did request an extension from Na Pali's counsel before the answer deadline. This Court finds that, under the circumstances of this case, it was appropriate to condition the setting aside of the default upon the payment of Na Pali's reasonable attorneys' fees and costs incurred in obtaining the entry of default and in opposing the Motion to Set Aside.

*See* Order Regarding Sanctions Associated With Set Aside of Entry of Default, filed September 25, 2006 ("Order"), at 12-13.

Accordingly, it was appropriate for the Magistrate Judge to condition the setting aside of the Grandes' default upon the payment of a sanction.

II.   A Finding of Bad Faith is Not Required Under the Holding in *Nilsson*

In the present case the Magistrate Judge, like the Nilsson court, did not rely on the court's inherent powers in imposing sanctions against the defaulting parties:

> This Court, however, declines to apply those decisions because they are inconsistent with Nilsson. Thus, this Court, without resorting to its inherent power, may condition the setting aside of an entry of default upon the payment of sanctions.

5

*See* Order at p. 11. In Nilsson there was no finding of bad faith with respect to the defaults of the defendants, nevertheless the Court of Appeals upheld the district court's imposition of sanctions against the defendants under HRCP Rule 55(c). Similarly, in the present case, there is no requirement that the Magistrate Judge make a finding of bad faith on the part of the Grandes.

III.  It is Appropriate to Require the Grandes to Pay the Reasonable Attorneys' Fees and Costs Incurred by the Association in Obtaining the Entry of Default and Responding to the Motion to Set Aside.

The Grandes assert that the Association should not be awarded sanctions because the fees and costs incurred by the Association to defend the default were incurred by the Association's "own choice." In support of this contention, the Grandes cite E. & J. Gallo Winery v. Cantine Rallo, S.P.A., 430 F.Supp.2d 1064 (E.D. Cal. 2005), however E. & J. Gallo is distinguishable from the present case. In E. & J. Gallo, the court stated, "[i]n this case, Rallo received actual notice of the instant lawsuit but, whether caused by a communication failure or some other act of negligence, inadvertence, or inattention, failed to recognize the need to respond to the district court complaint." Id. at 1095. In contrast, the Grandes' default involved a deliberate failure to answer the complaint[1]:

---

[1] The Association rejects the statements contained in footnote 10 of the Grandes' Appeal.

6

> At some point, it became clear that Na Pali's counsel was not going to respond to the request for an extension by the answer deadline. At that point, it became incumbent upon Mr. Jacobson to ensure that the Grandes did not miss the deadline. He could have timely filed an answer or filed a motion for an extension of time. Instead, Mr. Jacobson ***deliberately chose to do nothing.***

*See* Order at 12 (emphasis added). Thus, it was appropriate for the Court to condition the setting aside of the Grandes' default upon the payment of a sanction.

IV.   The Court Applied the Correct Standard in Deciding the Grandes' Motion for Reconsideration.

Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), *rev'd on other grounds,* 863 F.2d 617 (9th Cir. 1988). The District of Hawaii has implemented similar standards in Local Rule 60.1, which expressly applies to interlocutory orders, and which provides:

> Motions for reconsideration of ***interlocutory orders*** may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
>
> (b) Intervening change in law;
>
> (c) Manifest error of law or fact.

> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

(Emphasis added).

FRCP Rule 54(b) provides that any interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The Grandes assert that, "[i]nsofar as LR 60.1 purports to limit the scope of FRCP 54(b), it is unenforceable." This argument is without merit for several reasons. First, the Grandes' Motion For Reconsideration of "Order Regarding Sanctions Associated With Set Aside of Entry of Default," filed on October 5, 2006, was brought under Local Rule 60.1 and not under FRCP Rule 54(b). Second, the Grandes have not identified how LR 60.1 has limited the scope of FRCP 54(b), under the facts of this case. Third, the Grandes failed to raise this issue before the Magistrate Judge below and have thereby waived the issue. Fourth, the cases cited by the Grandes are distinguishable from the present case.

The decision in Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462 (4th Cir. 1991), held that a "motion for reconsideration could not be treated under [FRCP] Rules 60 or 59, as these rules apply only to final judgments. . . ." Id. at 1472. Fayetteville did not involve a local rule that governs motions for reconsideration of interlocutory orders, such as LR 60.1.

The Grandes cite Great Hawaiian Financial Corp. v. Aiu, 863 F.2d 617 (9th Cir. 1988), which involved a *de novo* review of the district court's order granting summary judgment. Great Hawaiian Financial Corp. does not mention FRCP Rule 54, Rule 60 or LR 60.1.

The decision in Anixter v. Home-Stake Production Co., 977 F.2d 1533 (10th Cir. 1992), involved an appeal from the district court's order granting partial summary judgment. Anixter does not mention FRCP Rule 60, and does not involve a local rule that governs motions for reconsideration of interlocutory orders, such as LR 60.1.

Therefore, the Magistrate Judge correctly applied LR 60.1 in deciding the Grandes' interlocutory motion for reconsideration.

## CONCLUSION

Magistrate Judge Kobayashi's ruling is not "clearly erroneous or contrary to law." In accordance with the holding in Nilsson it was appropriate to condition setting aside the Grandes' default upon the payment of a sanction. A finding of bad faith is not required under Nilsson. Grandes should be required to pay the reasonable attorneys' fees and costs incurred by the Association in obtaining the entry of default and responding to the motion to set aside because the Grandes' default resulted from a deliberate failure to answer the complaint. The court correctly applied Local Rule 60.1 in deciding the Grandes' motion for reconsideration. For the reasons set forth

above, this Court should affirm: 1) the Order Regarding Sanctions Associated With Set Aside of Entry of Default, filed September 25, 2006, and 2) the Order Denying Defendants/Counter-Claimants' Motion for Reconsideration of "Order Regarding Sanctions Associated With Set Aside of Entry of Default" filed December 4, 2006.

DATED: Honolulu, Hawai'i, January 18, 2007

_/s/ Scott R Grigsby_
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai'i non-profit corporation, | ) CIVIL NO. CV04-00413 DAE/LEK )<br>) CERTIFICATE OF SERVICE )<br>) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, | ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| vs. | ) ) |
| NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25, | ) ) ) ) |
| Counterclaim Defendants. | ) ) |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following attorneys in the manner and on the date indicated below:

STEVEN B. JACOBSON, ESQ.   U.S. Mail
P.O. Box 240761
Honolulu, HI 96824-0761
    Attorney for Defendants
    ANTHONY CHARLES GRANDE
    and NARINDAR KAUR GRANDE

JOHN D. ZALEWSKI, ESQ.   U.S. Mail
Case Lombardi & Pettit
Pacific Guardian Center, Mauka Tower
733 Bishop Street, Suite 2600
Honolulu, HI 96813
    Attorney for Counterclaim Defendants
    NA PALI HAWEO COMMUNITY ASSOCIATION
    and RONALD K. AWA

DATED: Honolulu, Hawai'i, January 18, 2007

*/s/ Scott R. Grigsby*
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION