IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>MEMORANDUM IN SUPPORT OF REQUEST |

MEMORANDUM IN SUPPORT OF REQUEST

INTRODUCTION

Under Local Rule 53.1 (emphasis added):

**Unless otherwise ordered by a district judge**, the magistrate judge designated to handle non-dispositive matters in a civil case is, in accordance with 28 U.S.C. § 636(b)(2) and Fed. R. Civ. P. 53, 54(d)(2)(A), and 54(d)(2)(D), designated to serve as special master to

adjudicate any motion for attorneys' fees and related non-taxable expenses filed in the civil case.

Under 28 USC § 455(a) (emphasis added):

Any justice, judge, **or magistrate of the United States** shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

Under 28 USC § 455(b)(1):

[Sh]e shall also disqualify [her]self in the following circumstances (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

Under 28 USC § 144 (emphasis added):

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom a matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, **such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.**

Under each and all of these provisions, (1) **a District Judge** should enter an Order, pursuant to LR 53.1 and the District Court's other powers, designating a Judge other than the current Magistrate Judge to handle all further non-dispositive matters in this action, and to adjudicate any and all motions or other requests for attorneys' fees, costs and/or expenses; and/or (2) the current Magistrate Judge should disqualify herself or be disqualified pursuant to 28 USC §§ 455(a) & 455(b)(1); and/or (3) the current Magistrate Judge should proceed no further

2

pursuant to 28 USC § 144 in light of the attached Declaration Re Bias and/or Prejudice.

## THE RELEVANT FACTS

This action was brought by plaintiff and counterclaim defendant Na Pali Haweo Community Association ("Association"), which is represented by both (1) the Neeley & Anderson law firm in pursuing its allegations as plaintiff and (2) (nominally) by Case Lombardi & Pettit in its overlapping defense of defendants' counterclaim.

The defendants, Mr. and Mrs. Grande, are homeowners in the Na Pali Haweo development.

From the outset of this action, Mr. and Mrs. Grande have been attempting to resolve this action in a prompt, reasonable, and inexpensive manner – trying to ferret out exactly what the Association was accusing them of, and exactly what the Association would deem as bringing them into compliance.

The parties appear to have reached agreement on matters relating to the alleged non-compliance (what changes to Grandes' house and lot will suffice to resolve compliance issues), through renewed negotiations between counsel in the last months of 2006 – although there is no written settlement agreement as of yet. Grandes are awaiting both the Association's approval of final architectural plans,

3

and the Association's draft of elements of a proposed written settlement agreement.

However, the parties have not reached any agreement on attorneys' fees, costs, and expenses, because of astronomical fee, cost, and expense demands by the Association and other factors (shown below), and it is presently contemplated that fee, cost, and expense matters will be litigated – unless the parties can reach subsequent agreement thereon.

The two law firms representing the Association have indicated that, if fees, costs, and expenses are litigated, they would make separate applications which would total more than $200,000.

Specifically, at a December 2006 settlement conference with the current Magistrate Judge, Neeley & Anderson's attorneys indicated that they would seek fees in the $130,000 range, plus up to $20,000 of "fees on fees" (*i.e.*, fees incurred in seeking fees, costs, and expenses), and plus significant expert witness fees. Grandes are awaiting a more specific demand from Neeley & Anderson.

Since the December 2006 settlement conference, Case Lombardi & Pettit has indicated that it would seek fees, costs, and expenses of almost $50,000, and would seek its "fees on fees" too, absent a settlement. (Exhibit 1)

Unfortunately, at the same December 2006 settlement conference, the current Magistrate Judge made it extremely clear that any decision(s) she renders

4

on requests by Association attorneys for fees, costs, and expenses will be affected by extraneous matters from outside of this case, rather than the merits (or lack thereof) of the requests.

This, in turn, is making it more difficult to negotiate a reasonable settlement of fee, cost, and expense matters, as Exhibit 1 evidences.

Specifically, at the December 2006 settlement conference, the current Magistrate Judge advised that if she rules on fee, cost, and expense requests, she will:

(1) award "fees on fees" (see Exhibit 1) and expert witness fees to the Association, based upon the representations of a Neeley & Anderson attorney, Mr. Fujisaki, that *Village Park Community Association v. Nishimura*, 108 Haw. 487 (App. 205), and that federal limitations on expert fees are irrelevant under applicable case law, because her past experiences in unrelated prior cases and the legal community have shown her that Mr. Fujisaki "is always meticulous and right" and that the Neeley & Anderson firm is "the experts" who "know the area"; and

(2) award the Association at least 85-90% of whatever attorneys' fees it requests (see Exhibit 1) because its attorneys come from law firms she views favorably, based upon her past experiences in unrelated prior cases.

Quite naturally, the Association's attorneys have jacked up their fee demands, and are attempting to use the Magistrate Judge's statements that she will award "fees on fees," expert witness fees, and a high percentage of any demand, as negotiating leverage. (See also Exhibit 1)

<u>IRRESPECTIVE OF WHETHER THE CURRENT MAGISTRATE JUDGE DISQUALIFIES HERSELF OR IS DISQUALIFIED, A DISTRICT JUDGE SHOULD DESIGNATE A DIFFERENT JUDGE TO HANDLE ALL FURTHER NON-DISPOSITIVE MATTERS AND TO ADJUDICATE MOTIONS AND OTHER REQUESTS FOR ATTORNEYS' FEES, COSTS AND/OR EXPENSES</u>

The simplest and most expedient way to resolve the dilemma presented by the current situation is for a District Judge, exercising the District Judge's powers under LR 53.1 and from other sources, to simply designate a different judge to handle all further non-dispositive matters in this action, and to adjudicate any motions and other requests for attorneys' fees, costs, and expenses.

In that regard, aside from the problems of pre-conceived biases and prejudgments, and the fact that they are adversely affecting the parties' settlement negotiations, it should be noted that the Neeley & Anderson representations upon which the current Magistrate Judge intends to rely are simply wrong.

Accordingly, if the current Magistrate Judge were to continue on, and to rule on fees, costs, and expenses, that would force the filing of a *third* meritorious appeal in this action. The current Magistrate Judge has already entered two reversible sanctions orders (one already reversed) against the defendants.

Contrary to Neeley & Anderson, *Village Park Community Association v. Nishimura*, 108 Haw. 487 (App. 205), does **not** hold that "fees on fees" and expert witness fees can be awarded under HRS § 421-J10, nor does it hold that expert witness fees are recoverable in federal court thereunder.

*Village Park* says nothing whatsoever about "fees on fees." *Id., passim.* That is hardly surprising, since the community association in *Village Park* did not even bother with trying to ask for them, so no such fees were ever considered, awarded, or at issue on appeal. Request for Judicial Notice, *infra*; Exhibit 2, *infra*; see *Village Park*, 108 Haw. at 500, 502-503.

The association attorneys in *Village Park* sought $27,383.12 of pretrial and trial fees, which trial judge McKenna reduced to $17,500. See Exhibit 2, *infra*; *Village Park*, 108 Haw. at 500.

*Village Park* does not say anything about expert witness fees either. *Id., passim.* No expert fees were sought there, none were awarded, and none were at issue on appeal. See Exhibit 2, *infra*; *Village Park*, 108 Haw. at 500 (only copying charges and the like were requested, and all costs were denied by the trial judge).

Furthermore, as the Supreme Court made clear in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S 437, 439-445 (1987), **federal** law governs the kinds of costs and expenses which are recoverable in federal district court actions, **federal** law provides that expert witness fees are only recoverable where the expert has

7

testified at trial, and **federal** law provides that any such recovery is limited to the amount specified under 28 USC § 1821(b) (now $40/day).

"We hold that absent **explicit** [federal] statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U. S. C. § 1821 and § 1920." *Id.* at 445 (emphasis added). "We will not lightly infer that Congress has repealed §§ 1920 and 1821, either through Rule 54(d) or any other provision not referring explicitly to witness fees. As always, 'where there is no *clear* intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.' Any argument that a **federal** court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of **congressional** intent to supersede those sections ignores our longstanding practice of construing statutes *in pari materia*." *Id.* (bold emphasis added). See also the Supremacy Clause of the United States Constitution.

<u>BOTH THE APPEARANCE AND ACTUALITY OF BIAS AND PREJUDICE, BASED UPON EXTRAJUDICIAL SOURCES, REQUIRE THAT THE CURRENT MAGISTRATE JUDGE DISQUALIFY HERSELF OR BE DISQUALIFIED.</u>

Moreover, even if a District Judge does not designate a different judge, the current Magistrate Judge should disqualify herself or be disqualified under the circumstances.

Under 28 USC § 455(a) (emphasis added):

> Any justice, judge, **or magistrate of the United States** shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned.

Under 28 USC § 455(b)(1):

> [Sh]e shall also disqualify [her]self in the following circumstances (1) Where [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

Given the foregoing facts, the current Magistrate Judge's impartiality is obviously subject to reasonable question, and the current Magistrate Judge obviously has bias or prejudice in favor of the Association and/or against the Grandes, based *inter alia* upon the Association's choice of attorneys favored by the current Magistrate Judge.[1]

Disqualification under 28 USC § 455(a) is usually limited by the extrajudicial source doctrine as described in *Liteky v. United States*, 510 U.S. 540, 554 (1994). That requirement is met here as well. As observed in *Liteky*, an extrajudicial source is any "source outside the judicial proceeding at hand . . . includ[ing] . . . earlier judicial proceedings conducted by the same judge." *Id.* at 544-545 & n. 1; see also *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Disqualification is required under 28 USC § 144 (emphasis added) too:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom a matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, **such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.**

Under 28 USC § 144, as indicated in *Berger v. United States*, 255 U.S. 22, 33-34, 35 (1921), and *Liteky v. United States*, 510 U.S. 540, 544-545 & n. 1 (1994), whenever a judge has a "bent of mind that may prevent or impede impartiality of judgment" or an "objectionable inclination or disposition," and that bent of mind comes from an "extra-judicial source, the judge's duty is "to 'proceed no further' in the case." See also *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Moreover, under *Liteky*, 510 U.S. at 551, there is an exception to the requirement that bias or prejudice come from an extrajudicial source, and that exception would apply here too:

> "'[E]xtrajudicial source' . . . is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from . . . events occurring at trial, it is so extreme as to display clear inability to render a fair judgment."

---

[1] Favoritism toward particular law firms is a particularly delicate issue with non-Article III judges who lack lifetime tenure.

The current Magistrate Judge has already demonstrated an inability to render fair judgments, as evidenced by the statements made at the December 2006 settlement conference.

In addition, the current Magistrate Judge has twice entered *sua sponte* sanction awards of over $3,500 against the defendants, and in favor of the Association, which were clearly and obviously inappropriate under the governing law.  See the Statement of Appeal, filed December 8, 2006.

The first such order has already been vacated by the assigned District Judge because of the rule that inherent power sanctions cannot be imposed without "a specific finding of bad faith" – an obvious and well established requirement the current Magistrate Judge had not complied with.  Order of July 5, 2005, at 6, 8.

On remand, the current Magistrate Judge still did **not** make a specific finding of bad faith – none was possible given the record (an answer filed only two business and four calendar days late, at the very outset of this action) – but nonetheless entered a second *sua sponte* sanctions award in excess of $3,500.  Order of September 25, 2006.

In that second order, in an attempt to avoid the "specific finding of bad faith" requirement, the current Magistrate Judge theorized that **some** statute or rule might allow entry of a sanctions award even **without** bad faith – but could not

11

specify any such statute or rule. Order of September 25, 2006, *passim*, esp. at 9-11.

There is, of course, no such statute or rule, as shown in the Statement of Appeal filed December 8, 2006, at 6-12.

The very fact that the current Magistrate Judge would go to extraordinary lengths, intensely searching for some basis to award *sua sponte* sanctions against Grandes *even though they did not act or omit to act in bad faith*, by itself shows that the current Magistrate Judge is unable to render a fair judgment involving them on fees, costs, and expenses herein.

## CONCLUSION

A District Judge should enter an Order, pursuant to LR 53.1 and the District Court's other powers, designating a Judge other than the current Magistrate Judge to handle all further non-dispositive matters in this action, and to adjudicate any and all motions or other requests for attorneys' fees, costs and/or expenses, and/or the current Magistrate Judge should disqualify herself or be disqualified and/or proceed no further, for each and all of the foregoing reasons.

DATED: Honolulu, Hawai'i, January 27, 2007.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

_____
STEVEN B. JACOBSON
Attorneys for Defendants