IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>　　　　Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　　　Counterclaim Plaintiffs,<br><br>　　v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>　　　　Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>DECLARATION RE BIAS OR PREJUDICE |

## DECLARATION RE BIAS OR PREJUDICE

Steven B. Jacobson declares as follows:

1. I am an attorney duly licensed to practice law in the State of Hawaii and before this Court. I was first admitted to practice in 1973 in the District of Columbia, and have been admitted in Hawaii since 1986. I am a graduate of

13

UCLA and Harvard Law School. My practice includes the regular representation of one of Hawaii's largest condominium associations. I have personal knowledge of the facts in this Declaration, and could and would competently testify to them if called as a witness.

2. Exhibit 1 hereto is a true and correct copy of an email I received from Association attorney John Zalewski of the Case Lombardi & Pettit law firm, on the date indicated thereon.

3. This action was brought by plaintiff and counterclaim defendant Na Pali Haweo Community Association ("Association"), which is represented by both (1) the Neeley & Anderson law firm in pursuing its allegations as plaintiff and (2) (nominally) by Case Lombardi & Pettit in its overlapping defense of defendants' counterclaim.

4. The defendants, Mr. and Mrs. Grande, are homeowners in the Na Pali Haweo development.

5. The parties appear to have reached agreement on matters relating to the Association's allegations of non-compliance with Association requirements (what changes to Grandes' house and lot will suffice to resolve compliance issues), through renewed negotiations between counsel in the last months of 2006 – although there is no written settlement agreement as of yet. Grandes and I are

awaiting both the Association's approval of final architectural plans, and the Association's draft of elements of a proposed written settlement agreement.

6. However, the parties have not reached any agreement on attorneys' fees, costs, and expenses, because of astronomical fee, cost, and expense demands by the Association, and it is presently contemplated that fee, cost, and expense matters will be litigated -- unless the parties can reach subsequent agreement thereon.

7. The two law firms representing the Association have indicated that, if fees, costs, and expenses are litigated, they would make separate applications which would total more than $200,000.

8. Specifically, at a December 2006 settlement conference with the current Magistrate Judge, Neeley & Anderson's attorneys indicated that they would seek fees in the $130,000 range, plus up to $20,000 of "fees on fees" (*i.e.*, fees incurred in seeking fees, costs, and expenses), and plus significant expert witness fees. I am awaiting a more specific demand from Neeley & Anderson.

9. Since the December 2006 settlement conference, Case Lombardi & Pettit has indicated that it would seek fees, costs, and expenses of almost $50,000, and would seek its "fees on fees" too, absent a settlement, as shown in Exhibit 1.

10. Unfortunately, at the same December 2006 settlement conference, the current Magistrate Judge made it extremely clear that any decision(s) she renders on requests by Association attorneys for fees, costs, and expenses will be affected

15

by extraneous matters from outside of this case, rather than the merits (or lack thereof) of the requests.

11. This, in turn, is making it more difficult to negotiate a reasonable settlement of fee, cost, and expense matters, congruent with the applicable facts and law, as Exhibit 1 evidences.

12. Specifically, at the December 2006 settlement conference, the current Magistrate Judge advised that if she rules on fee, cost, and expense requests, she will:

(a) award "fees on fees" and expert witness fees to the Association, based upon the representations of a Neeley & Anderson attorney, Mr. Fujisaki, that *Village Park Community Association v. Nishimura*, 108 Haw. 487 (App. 205), and that federal limitations on expert fees are irrelevant under applicable case law, because her past experiences in unrelated prior cases and the legal community have shown her that Mr. Fujisaki "is always meticulous and right" and that the Neeley & Anderson firm is "the experts" who "know the area" – anyone else's experience and knowledge apparently being irrelevant, and it apparently being irrelevant that *Village Park* and other applicable authorities fail to support Mr. Fujisaki's statements; and

16

(b) award the Association at least 85-90% of whatever attorneys' fees it requests because its attorneys come from law firms she views favorably, based upon her past experiences with them in unrelated prior cases.

13. The Association's attorneys have jacked up their fee demands, and are attempting to use the current Magistrate Judge's statements that she will award "fees on fees," expert witness fees, and a high percentage of any demand, as negotiating leverage. (See Exhibit 1) Before her statements, Mr. Zalewski had indicated that the Association was willing to settle for significantly less than he now is demanding, based upon such other factors as insurance deductibles, etc.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed this 27th day of January, 2007, at Honolulu, Hawaii.

_____
STEVEN B. JACOBSON