**Steve Jacobson**
_____

From: "John Zalewski" <JDZ@caselombardi.com>
To: "Steve Jacobson Esq." <sjacobson.law@hawaiiantel.net>
Sent: Thursday, December 28, 2006 7:28 AM
Attach: Fees Costs & GET (as of 12-18-2006).pdf; Invoices (2004-05).pdf; Invoices (2006).pdf
Subject: NPH/Grande/Settlement discussions

Steve,

In furtherance to our discussions, pursuant to your request, and subject to FRE Rule 408, attached are the following:

1. A table itemizing the attorneys' fees, costs, and Hawaii GET incurred in defending the Counterclaim (as of 12/18/2006)
2. Redacted invoices from 2004-05 (2 MB)
3. Redacted invoices issued in 2006 (2 MB)

The table recaps the defense expenses incurred as of 12-18-2006, as follows: Attorneys' fees: $44,823; Taxable costs: $2,001; Hawaii GET: $1,910; Total as of Dec 18 2006: $48,734.

Please note that the foregoing contains the total defense expenses captured on invoices issued from this law firm as well as my prior law firm and is therefore different (greater) than that previously stated. Further, as previously stated, an additional sum of approximately $7,500 has been incurred by the Association's insurance carrier for expert fees (the Association paid the other one-half). Thus, the total defense fees, costs, and expenses to date are $56,234.

Based on the foregoing, the following revised counteroffer is hereby being made to your clients to resolve the fee/cost claim, which would need to be part of a global, mutually acceptable settlement and release agreement: The Association and its insurance carrier will release any and all fee and cost claims associated with defending the Counterclaim in exchange for payment in the sum of $43,861.

Please note that the foregoing sum was derived by multiplying $48,734 by 90%. Magistrate Kobayashi at the settlement conference indicated, several times, that it has been her practice to frequently grant 85%-90% of the total requested award. Please further notice that this proposal does not seek recovery of the expert costs incurred in defending your clients' claims. Settlement of the foregoing would appear advantageous to your clients because it

EXHIBIT 1

1/27/2007

would avoid attorneys fees incurred in litigating a motion for award of attorneys fees and costs. Magistrate Kobayashi acknowledged that such fees would themselves be taxable and included in an award. Moreover, all other reasonable time and expenses incurred in this case after Dec. 18, 2006 may also be awarded. Absent a settlement, it is my belief that the probable award may exceed $50K, or quite possibly, $60K.

I look forward to your clients' response.

John

John D. Zalewski, Esq.
CONFIDENTIAL AND PRIVILEGED EMAIL COMMUNICATION
Case Lombardi & Pettit, A Law Corporation
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
(808) 547-5400
(808) 523-1888 (fax)
E-mail:

Member of Lex Mundi, the World's Leading Association of Independent Law Firms.

CONFIDENTIALITY NOTICE: This e-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient. If you have received this transmission in error, please notify us immediately by replying to the e-mail or by telephone at (808) 547-5400 and destroy the original transmission and any attachments without reading or saving the transmission in any manner. Thank you.

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.1.409 / Virus Database: 268.15.28/605 - Release Date: 12/27/2006