Of Counsel:
CASE LOMBARDI & PETTIT
JOHN D. ZALEWSKI    4718
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Phone:  (808) 547-5400
Fax:  (808) 523-1888
Email: jzalewski@caselombardi.com

Attorneys for Counterclaim Defendants
NA PALI HAWEO COMMUNITY
ASSOCIATION and RONALD K. AWA

NEELEY & ANDERSON LLP
LANCE S. FUJISAKI  4224
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Phone:  (808) 536-8177
Fax:  (808) 536-4977
Email: lfujisaki@neeley-anderson.com

Attorneys for Plaintiff NA PALI
HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>          Plaintiff,<br><br>     vs. | CIVIL NO. 04-00413 DAE/LEK<br><br>JOINT OPPOSITION TO DEFENDANTS' REQUEST FOR (1) DESIGNATION OF A DIFFERENT JUDGE TO HANDLE ALL FURTHER NON-DISPOSITIVE MATTERS AND TO ADJUDICATE MOTIONS AND OTHER REQUESTS FOR |

| | |
|---|---|
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, JOHN DOES 1-10; JANE DOES 1-10L DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10 | ATTORNEYS' FEES, COSTS, AND/OR EXPENSES; AND/OR (2) DISQUALIFICATION OF CURRENT MAGISTRATE JUDGE, OR THAT CURRENT MAGISTRATE JUDGE PROCEED NO FURTHER, FILED 1/27/2007; DECLARATION OF JOHN D. ZALEWSKI; DECLARATION OF LANCE S. FUJISAKI; CERTIFICATE |
| Defendants. | OF COMPLIANCE; CERTIFICATE OF SERVICE |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25 | HEARING: DATE:    March 19, 2007 TIME:    9:45 a.m. JUDGE:  The Honorable David A. Ezra |
| Counterclaim Defendants. | |

## JOINT OPPOSITION TO DEFENDANTS' REQUEST FOR (1) DESIGNATION OF A DIFFERENT JUDGE TO HANDLE ALL FURTHER NON-DISPOSITIVE MATTERS AND TO ADJUDICATE MOTIONS AND OTHER REQUESTS FOR ATTORNEYS' FEES, COSTS, AND/OR EXPENSES; AND/OR (2) DISQUALIFICATION OF CURRENT MAGISTRATE JUDGE, OR THAT CURRENT MAGISTRATE JUDGE PROCEED NO FURTHER, FILED 1/27/2007

# TABLE OF CONTENTS

Table of Contents ................................................................................................ i

Table of Authorities ........................................................................................... iii

I.      INTRODUCTION ................................................................................... 1

II.     FACTS ..................................................................................................... 1

        A.      Procedural Overview .................................................................... 1

        B.      The Magistrate Did Not State or Imply That Her Decisions Would Be Affected by "Extraneous Matters from Outside this Case" ........................................................ 4

        C.      The Magistrate Did Not State That She Would Award the Association 85 to 90 Percent of All Fees and Costs Requested ........................................ 5

        D.      The Magistrate Expressed No Opinion on the Award of Attorneys' Fees Incurred In Bringing a Motion for Attorneys' Fees and Costs ............................................. 6

        E.      The Association's Counsel Have Not "Jacked Up" Their Fee Demands ................ 8

        F.      The Magistrate Has At All Times Been Fair And Impartial .................................. 8

        G.      The Magistrate's Sanction Ruling Was Proper, Not A Product Of Bias ................ 9

        H.      Additional Misrepresentations of Fact By Defendants .......................................... 11

        I.      Potential Prejudice to the Association and Mr. Awa ............................................. 13

III.    TWO OF THE RECUSAL STATUTES CITED BY DEFENDANTS CANNOT EVEN THEORETICALLY APPLY ............................................................... 14

        A.      28 U.S.C. § 144 ....................................................................................... 14

        B.      28 U.S.C. § 455(b)(3) .............................................................................. 15

IV.     NEITHER 28 U.S.C. §§ 455(a) NOR 455(b)(1) REQUIRE DISQUALIFICATION OR RECUSAL .................................................................... 16

        A.      Defendants Fail To Present Evidence That Displays "A Deep-Seated Favoritism Or Antagonism That Would Make Fair Judgment Impossible." .......................... 16

        B.      The Magistrate's Prior Rulings Do Not Establish Bias Or Partiality ................... 20

C.     A Magistrate's Communications And Efforts To Settle A Case During A
       Settlement Conference Are Not Extrajudicial In Nature, Nor Should They Be
       Mischaracterized And Used As A Pretext For Disqualification ........................... 21

V.     CONCLUSION ........................................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Sheppard,
  856 F.2d 741 (6th Cir. 1988) ............................................................ 22

Bell v. Johnson,
  404 F.3d 997 (6th Cir. 2005) ............................................................ 23

Berger v. United States,
  255 U.S. 22, 41 S. Ct. 230, 65 L. Ed. 481 (1921) ............................ 19

Bilello v. The Abbott Laboratories,
  825 F. Supp. 475 (E.D.N.Y. 1993). ................................................. 23

Church of Scientology of California v. Cooper,
  45 F. Supp. (C.D. Cal. 1980) ........................................................... 19

Clemens v. U.S. District Court for the Central District of California,
  428 F.3d 1175 (9th Cir. 2005) ............................................... 17, 18, 20

Duckworth v. Dept. of Navy,
  974 F.2d 1140 (9th Cir. 1992) .......................................................... 15

Ellis v. Multnomah County,
  2004 U.S. Dist. LEXIS 13998 (D. Ore. 2004). ................................ 21

F.J. Hanshaw Enterprises, Inc., v. Emerald River Dev., Inc.,
  244 F.3d 1128 (9th Cir. 2001) .......................................................... 17

Fong v. American Airlines, Inc.,
  431 F. Supp. 1334 (N.D. Cal. 1977) ................................................. 22

Food Pantry, Ltd., v. Waikiki Busienss Plaza, Inc.,
  58 Haw. 606, 575 P.2d 869 (1978). .................................................... 7

Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986) ................................. 22

Goodwin v. Durkin (In re Goodwin),
  194 B.R. 214 (9th Cir. B.A.P. 1996) ................................................ 15

Herrington v. County of Sonoma,
  834 F.2d 1488 (9th Cir. 1988) .......................................................... 17

In re Drexel Burham Lambert, Inc.,
    861 F.2d 2 (2nd Cir. 1988), .................................................................................... 19

In re Joint E. & S. Dist. Asbestos Litig.,
    737 F. Supp. 735 (E. & S.D.N.Y 1990) ................................................................. 22

Johnson v. Trueblood,
    629 F.2d 287 (3d Cir. 1980), cert. denied, 450 U.S. 999, 68 L. Ed. 2d 200, 101 S. Ct. 1704
    (1981) .................................................................................................................. 21, 22

Leland v. Rennie,
    1997 U.S. Dist. LEXIS 4004 (D. Ariz. 1997) ....................................................... 16

Liljeberg v. Health Services Acquisition Corp.,
    486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) ..................................... 19

Liteky v. United States,
    510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ............................... passim

Nilsson v. Louisiana Hydrolec,
    854 F.2d 1538 (9th Cir. 1988) .......................................................................... 9, 10

Pau v. Yosemite Park and Curry, Co.,
    928 F.2d 880 (9th Cir. 1991) ................................................................................ 18

Smith v. Sentry Ins.,
    752 F. Supp. 1058 (N.D. Ga. 1990) ...................................................................... 22

Thomassen v. United States,
    835 F.2d 727 (9th Cir. 1987) ................................................................................ 16

Toth v. TransWorld Airlines,
    862 F.2d 1381 (9th Cir. 1988) .............................................................................. 18

United States v. Grinnell Corp.,
    384 U.S. 563, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966) ........................................ 21

United States v. Heineman,
    2006 U.S. Dist. LEXIS 60860 (N.D. Cal. 2006) ................................................... 20

United States v. Nelson,
    718 F.2d 315 (9th Cir. 1983) ................................................................................ 17

Village Park Community Association v. Nishimura,
    108 Haw. 487 (Haw. App. 2005) ............................................................................ 7

**Statutes**

28 U.S.C. § 144 ............................................................................................. 14, 15

28 U.S.C. § 455 ................................................................................................... 16

28 U.S.C. § 455(a) ............................................................................... 15, 16, 17, 18

28 U.S.C. § 455(b)(1) ......................................................................................... 16

28 U.S.C. § 455(b)(3) ......................................................................................... 15

**Other Authorities**

Federal Practice and Procedure, § 2700, p. 538 (1983). ...................................... 10

**Court Rules**

FRCP Rule 55(c) .................................................................................................. 10

I.    INTRODUCTION

Plaintiff and Counterclaim Defendant NA PALI HAWEO COMMUNITY

ASSOCIATION (the "Association") and Counterclaim Defendant RONALD K.

AWA ("Mr. Awa"), hereby jointly oppose Defendants and Counterclaimants

ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE's

("Defendants") Request For (1) Designation Of A Different Judge To Handle All

Further Non-Dispositive Matters And To Adjudicate Motions And Other Requests

For Attorneys' Fees, Costs, And/Or  (2) Disqualification Of Current Magistrate

Judge, Or That Current Magistrate Judge Proceed No Further, filed herein on

January 27, 2007 (the "Request").

II.    FACTS

A.    Procedural Overview

The Association filed this action in the First Circuit Court of the State of

Hawaii, seeking an injunction to compel Defendants to comply with the

Association's governing documents.

Defendants removed the action to United States District Court, and the

Association attempted to resolve this matter with Defendants.

On April 12, 2006, after settlement efforts failed, the Association filed its

Motion for Summary Judgment.

On July 18, 2006, this Court granted in part and denied in part the Association's Motion for Summary Judgment. The summary judgment order resolved the "big ticket" items in favor of the Association. However, various issues remained, and the parties resumed settlement negotiations.

On December 13, 2006, United States Magistrate Judge Leslie E. Kobayashi (the "Magistrate") presided over a settlement conference, at which time the parties reached a settlement agreement, as follows:

1.  By no later than January 3, 2007, Defendants agreed to submit plans containing their proposed remedial work to the Association's Architectural Review Committee ("ARC") for review and approval. Defendants agreed to submit plans that show their dwelling's as-built condition, and indicated that architect Ed Resh would prepare the plans.

2.  The parties agreed to enter into a written settlement agreement after the plans are approved. The written agreement shall identify the deadline by which the Defendants shall complete the work, in accordance with the ARC-approved plans. The parties agreed that the Court should retain jurisdiction over this case to resolve any dispute that may arise during construction. The parties further agreed that the settlement agreement will, among other things, require dismissal with prejudice of all claims asserted in the Association's Complaint and Defendants' Counterclaim.

3.  The parties agreed that Defendants shall prepare a stipulation and order concerning resolution of the Association's claim for attorneys' fees and costs, which shall address the following terms:

    a.  Defendants shall remit $200,000 with the Clerk of the U.S. District Court for the District of Hawaii, for deposit into an interest-bearing account, with the interest to be paid to Defendants.

b.    The Association shall file a motion or motions for attorneys' fees and costs and expert fees and costs within thirty (30) days following execution of the settlement agreement, and the Magistrate shall rule on the motion(s).

c.    The parties shall have the right to appeal the Magistrate's decision to United States District Judge Ezra.  However, the parties agreed that Judge Ezra's ruling shall not be appealed.

d.    Defendants shall stipulate that the Association is the prevailing party in this action for purposes of adjudication of the Association's fees and cost award.

e.    To enable Defendants to obtain financing for the remedial work, and to obtain the funds to deposit with the Clerk of the U.S. District Court, the Association agreed to release its lien on Defendants' property, upon Defendants' deposit of $200,000 with the Clerk of the U.S. District Court.

f.    Upon a final award of fees and costs, the Clerk shall issue payment to the Association in the amount of fees and costs awarded.  If the amount awarded to the Association (on the Complaint and Counterclaim) is less than $200,000, the balance will be returned to the Grandes.  The Association will not waive claims for any amounts over $200,000 if awarded by the Court.

4.    Upon resolution of this case, the construction deposit of $3,000 will be returned to Defendants.

5.    Defendants shall dismiss with prejudice their claims against the Association in a pending State Court mechanics' lien foreclosure litigation.

On January 27, 2007 - 24 days after the January 3, 2007 deadline -

Defendants delivered plans to the Association for the ARC's review.  Thus, at this

juncture, Defendants are in the process of satisfying settlement term no. 1 above.

Once approved, a settlement agreement will be executed, funds will be deposited

3

with the Clerk of Court, and the Association's attorneys' fees and costs can be resolved via motion.

    B.    <u>The Magistrate Did Not State or Imply That Her Decisions Would Be Affected by "Extraneous Matters from Outside this Case"</u>

In his Declaration, Mr. Jacobson states, "Unfortunately, at the same December 2006 settlement conference, the Magistrate made it extremely clear that any decision(s) she renders on requests by Association attorneys for fees, costs, and expenses will be affected by ***extraneous matters from outside this case,*** rather than the merits (or lack thereof) of the requests."

This statement has no basis in fact. The Magistrate made no such statement. Indeed, there are no "extraneous matters from outside this case" upon which the Magistrate could base her decision. Mr. Fujisaki, counsel for the Association in its Plaintiff capacity, never appeared before the Magistrate in any other case. Likewise, with one minor exception, the attorneys of Neeley & Anderson have not appeared before the Magistrate in any other case. The limited exception involved Neeley & Anderson's appearance before the Magistrate at a scheduling conference prior to the appointment of insurance defense counsel.

Similarly, there is no truth in Defendants' claim that the Magistrate stated that "her ***past experiences in unrelated prior cases*** and the legal community have shown her that Mr. Fujisaki 'is always meticulous and right' and that the Neeley &

Anderson firm is 'the experts' who 'know the area' - anyone else's experience and knowledge apparently being irrelevant ..."

The Magistrate clearly did not make any such statement and could not have made this statement, as there are no "past experiences in unrelated prior cases." As mentioned above, Mr. Fujisaki did not appear before the Magistrate previously in any other case.

C.    The Magistrate Did Not State That She Would Award the Association 85 to 90 Percent of All Fees and Costs Requested

Defendants assert that the Magistrate stated she would award the Association "at least 85-90% of whatever attorneys' fees it requests because its attorneys come from law firms she views favorably, based upon her past experiences with them in unrelated prior cases." This grossly misrepresents the Magistrate's comments.

In reality, the Magistrate stated - *during the course of the Settlement Conference and to assist the parties in their settlement dialog* - that in her several years as Magistrate, she has in only two (2) cases awarded 100 percent of attorneys' fees and costs requested. The Magistrate mentioned that she awarded 100 percent of the requested attorneys' fees in a case in which minimal discovery was conducted, the facts were very straightforward and the case proceeded swiftly to trial.

On the other hand, the Magistrate cited an example in which she reduced attorneys' fees by 40 percent.   The Magistrate explained that the prevailing party was represented by mainland counsel whose hourly rate was substantially higher than the standard in this locale.  The Magistrate noted that she often reduces fee requests by 10 to 15 percent.  She explained that in reviewing invoices, she does not award fees for items such as intra-office meetings between attorneys, services which should be treated as overhead, or services not properly documented.  She also discussed expenses which can be taxed as costs.  The Magistrate stated she expected the Association's invoices to be well documented as Mr. Fujisaki tends to be meticulous.

Defendants' allege that the Magistrate stated that Mr. Fujisaki is "always right."  That is not true and is preposterous.  The Magistrate also did not state that the Association's attorneys are members of law firms that she views favorably, nor did she reference past experiences with the law firms in unrelated, prior cases.  As mentioned above, the Magistrate did not and could not have made this statement because this is the first and only case she has presided over in which Neeley & Anderson and/or Mr. Fujisaki have appeared before her (with one exception mentioned above).

D.    The Magistrate Expressed No Opinion on the Award of Attorneys' Fees Incurred In Bringing a Motion for Attorneys' Fees and Costs

Defendants' allegation that the Magistrate stated that she would "award 'fees on fees' and expert witness fees to the Association," is sheer fabrication.  Mr. Fujisaki cited the Hawaii Intermediate Court of Appeals' decision in <u>Village Park Community Association v. Nishimura</u>, 108 Haw. 487 (Haw. App. 2005), for the proposition that the Association was entitled to all of its reasonable fees and costs because it prevailed on the main issue in the case. The <u>Village Park</u> court noted:

> Similarly, in Hawai`i, our supreme court has pronounced as a general rule that "where a party prevails on the disputed main issue [in a case], even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." <u>Food Pantry, Ltd., v. Waikiki Busienss Plaza, Inc.</u>, 58 Haw. 606, 575 P.2d 869 (1978).

During the settlement conference, Mr. Fujisaki informed the Court and Defendants that the fees and costs to date were $129,863 (plus taxes) and $11,693, respectively, and that the fees would increase by approximately $20,000 for the research and drafting of the Association's Motion for Attorneys' Fees and Costs, the Reply Memorandum, a Memorandum in Opposition to Motion for Reconsideration, and a response to an appeal filed by Defendants.  Defendants' counsel did not express any objections or concerns about the Association's right to recover attorneys' fees in the preparation and filing of a Motion for Attorneys' Fees and Costs.  As there was no discussion on this issue, the Magistrate did not express any opinion whether she would or would not award attorneys' fees and costs in seeking reimbursement of fees and costs.

E.    The Association's Counsel Have Not "Jacked Up" Their Fee Demands

Defendants argue that the Association's attorneys have jacked up their fee

demands as a result of the Magistrate's alleged statements.  That is ridiculous.  The

Associations' counsel on the Complaint and Counterclaim have invoiced the

Association and/or its insurer for services rendered on a monthly basis.  Fees and

costs have been incurred incrementally over the duration of this case.  Redacted

invoices will be produced to the Court and Defendants in support of the motions

for awards of fees and costs.  The invoices will confirm that Defendants'

allegations are untrue.

F.    The Magistrate Has At All Times Been Fair And Impartial

There is no valid basis to criticize the Magistrate, period.  The Magistrate

has been impartial, diligent, and tireless throughout.  Her service in this case

should be applauded, not criticized.

For instance, in connection with the setting aside of the entry of default, this

Court awarded sanctions against Defendants.  In an affidavit submitted to this

Court, the Association requested attorneys' fees of $7,375.  For reasons discussed

in the Order Regarding Sanctions Associated with Set Aside of Entry of Default

entered on September 26, 2006, the Magistrate awarded the Association $3,386 in

attorneys' fees.  The Magistrate's ruling demonstrates a lack of bias in favor of the

Association, that she does not believe the Association's counsel is "always right," and that she has scrutinized the submissions by the Association.

G.    The Magistrate's Sanction Ruling Was Proper, Not A Product Of Bias

Defendants assert that the issue of sanctions was remanded because the Magistrate failed to make "a specific finding of bad faith."

That is not correct. On July 5, 2005, this Court expressly stated that the issue of sanctions was remanded because "[Defendants] were not afforded a sufficient opportunity *to show cause for their sanctioned actions*." See Order Affirming in Part and Vacating in Part Magistrate Judge's Order and Remanding for Hearing, at 10 (emphasis added).

On remand, Defendants were not able to show good cause for their failure to file an answer to the complaint. To the contrary, the Magistrate made a specific finding that Defendants' failure to answer the complaint was *deliberate*:

> At some point, it became clear that Na Pali's counsel was not going to respond to the request for an extension by the answer deadline. At that point, it became incumbent upon Mr. Jacobson to ensure that the Grandes did not miss the deadline. He could have timely filed an answer or filed a motion for an extension of time. Instead, Mr. Jacobson *deliberately chose to do nothing.*

See Order Regarding Sanctions Associated With Set Aside of Entry of Default, filed September 25, 2006 (the "Order") at 12 (emphasis added).

In Nilsson v. Louisiana Hydrolec, 854 F.2d 1538 (9th Cir. 1988), the Ninth Circuit expressly held that a district court has authority to condition setting aside a

default upon the payment of a sanction under FRCP Rule 55(c). In so holding, the

Nilsson court did not rely on a finding of bad faith, but instead focused on the

prejudice suffered by the non-defaulting party:

> By conditioning the setting aside of a default, any prejudice suffered
> by the non-defaulting party as a result of the default and the
> subsequent reopening of the litigation can be rectified. 10 C. Wright,
> A. Miller & M. Kane, Federal Practice and Procedure, § 2700, p. 538
> (1983). According to Wright, Miller & Kane, *the most common type*
> *of prejudice is the additional expense caused by the delay, the*
> *hearing on the rule 55(c) motion, and the introduction of new*
> *issues.*

Id. at 1546 (emphasis added).

Here, the Magistrate found that the Association suffered prejudice as a result

of Defendants' deliberate default:

> Contrary to the Grandes' argument, their failure to comply with the
> rules of court have caused delay, albeit not to such an extent that
> would have warranted denying the Motion to Set Aside. Na Pali
> faced the delay and additional expense of obtaining the entry of
> default and responding to the Motion to Set Aside. Further, the
> dispute has injected additional issues into the case, such as whether
> Mr. Jacobson actually did request an extension from Na Pali's counsel
> before the answer deadline. This Court finds that, under the
> circumstances of this case, it was appropriate to condition the setting
> aside of the default upon the payment of Na Pali's reasonable
> attorneys' fees and costs incurred in obtaining the entry of default and
> in opposing the Motion to Set Aside.

See Order at 12-13.

In accordance with Nilsson, the Magistrate properly conditioned setting

aside Defendants' default upon the payment of a sanction under FRCP Rule 55(c).

The fact that the Association prevailed on an issue of sanctions does not indicate bias on the part of the Magistrate, but rather Defendants' refusal to accept responsibility for their deliberate default.

H.    Additional Misrepresentations of Fact By Defendants

Additional misrepresentations of fact by Defendants include the following:

1.    Failure to fully apprise the Court of the status of this case:  Mr. Jacobson's Declaration, paragraph 6, states that, "the parties have not reached any agreement on attorneys' fees, costs, and expenses, because of astronomical fee, cost and expense demands by the Association, and it is presently contemplated that fee, cost, and expense matters will be litigated -- unless the parties can reach subsequent agreement thereon."

In fact, the parties reached a detailed agreement on the process for resolving the issue of attorneys' fees and costs.  As discussed above, the Court will rule on the Association's fees and costs via motions to be filed by the Association.

2.    Defendants argue that "[f]rom the outset of this action, Mr. and Mrs. Grande have been attempting to resolve this action in a prompt, reasonable, and inexpensive manner -- trying to ferret out exactly what the Association was accusing them of, and exactly what the Association would deem as bringing them into compliance."

Nothing could be further from the truth.  Since Day One of this case, Defendants' conduct has been dilatory, litigious, unreasonable, and has caused the Association to incur substantial and ever-increasing legal fees and costs.

Examples abound.  During settlement negotiations, Defendants proposed three different solutions to the building envelope encroachment.  Each of Defendants' proposals required the expenditure of significant resources and time on the part of the Association to review and respond to them, yet Defendants have repudiated each of them.

Defendants have not complied with deadlines, many of which were set by agreement of the parties.  The latest breach occurred only weeks ago.  Defendants had agreed to submit plans by January 3, 2007 but did not do so until January 27, 2007.

Defendants have filed motions for reconsideration and appeals of nearly every order entered in this action.

Defendants' filings have been voluminous.  For example, in connection with their Counter Motion for Summary Judgment, Defendants filed a *Concise* Statement of Facts that spanned *28* pages that contained *123* allegations of fact, which the Association had to address and rebut.

In response to the Court's urging that the parties resolve this matter during the June 26, 2006 hearing, Defendants' counsel wrote this Court: "*the Court should*

*understand that this action has not been, and is not yet, in an optimal posture for*

*settlement.*" <u>See</u> Mr. Jacobson's letter to Judge Ezra dated July 27, 2006.

The instant motion, which the Association and Mr. Awa submit is not

brought in good faith, is another example of how Defendants continue to

needlessly prolong this litigation and drive up the costs.

I.    <u>Potential Prejudice to the Association and Mr. Awa</u>

Since *2004*, when Defendants removed this action to U.S. District Court, the

Magistrate has worked tirelessly on this case, and has concurrently acquired

extensive knowledge of the substantive and procedural facts and issues, and the

history of this dispute.

The Magistrate has diligently presided over hearings, status conferences, and

settlement conferences with counsel of record and the parties and representatives

of the parties, as shown by the following table listing *19* conferences or hearings:

| 1 | October 4, 2004 | Scheduling Conference |
|---|---|---|
| 2 | November 16, 2004 | Settlement Conference |
| 3 | February 15, 2005 | Hearing |
| 4 | March 2, 2005 | Status Conference |
| 5 | May 5, 2005 | Settlement Conference |
| 6 | July 11, 2005 | Status Conference |
| 7 | August 25, 2005 | Conference |
| 8 | September 21, 2005 | Meeting of Attorneys |
| 9 | September 30, 2005 | Settlement Conference |
| 10 | November 18, 2005 | Status Conference |
| 11 | November 29, 2005 | Status Conference |
| 12 | December 6, 2005 | Status Conference |
| 13 | December 23, 2005 | Status Conference |

| 14 | January 9, 2006 | Scheduling Conference |
| 15 | June 30, 2006 | Settlement Conference |
| 16 | July 7, 2006 | Settlement Conference |
| 17 | July 26, 2006 | Status Conference |
| 18 | November 2, 2006 | Status Conference |
| 19 | December 13, 2006 | Settlement Conference |

If this case were reassigned to a different magistrate, a significant amount of time and resources of the judiciary and the parties would be expended, which would trigger yet further delays and yet further expense to the parties. Given the lengthy and protracted history of this case, the parties will be at an extreme disadvantage if a new magistrate were appointed at this late stage.

These concerns are particularly acute as the remaining issue revolves around the award of attorneys' fees and costs. A ruling on this motion requires a complete understanding of the history of the case. It is wholly inappropriate for a new magistrate to be assigned now, at the tail end of the litigation, without the Magistrate's extensive knowledge to utilize in analyzing and ruling on the submissions.

III.    <u>TWO OF THE RECUSAL STATUTES CITED BY DEFENDANTS CANNOT EVEN THEORETICALLY APPLY</u>

A.    <u>28 U.S.C. § 144</u>

Defendants assert, in part, that the Magistrate should be disqualified pursuant to 28 U.S.C. § 144.

However, 28 U.S.C. § 144[1] only applies to federal district judges, not to federal magistrates. The Supreme Court has observed that 28 U.S.C. § 455(a), unlike 28 U.S.C. § 144 is made "applicable to *all* justices, judges, and magistrates (and not just district judges)." <u>Liteky v. United States</u>, 510 U.S. 540, 548, 114 S. Ct. 1147, 1153, 127 L. Ed. 2d 474, 486 (1994) <u>See also</u>, <u>Duckworth v. Dept. of Navy</u>, 974 F.2d 1140, 1142 (9th Cir. 1992) (28 U.S.C. § 144 "applies on its face only to district judges"); <u>Goodwin v. Durkin (In re Goodwin)</u>, 194 B.R. 214, 221 (9th Cir. B.A.P. 1996 ("Section 144 applies only to district court judges").

B.    <u>28 U.S.C. § 455(b)(3)</u>

28 U.S.C. § 455(b)(3) has no relevance either, because it only applies to situations in which a judge or magistrate "has served in governmental employment and in such capacity participated as counsel, adviser or material witness

---

[1]    § 144.    <u>Bias or prejudice of judge</u>
        Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

        The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

This statute has no application whatsoever.  Defendants do not even argue that the Magistrate served in prior "governmental employment" or that the Magistrate, "in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

IV.    NEITHER 28 U.S.C. §§ 455(a) NOR 455(b)(1) REQUIRE DISQUALIFICATION OR RECUSAL

    A.    Defendants Fail To Present Evidence That Displays "A Deep-Seated Favoritism Or Antagonism That Would Make Fair Judgment Impossible."

Defendants rely upon 28 U.S.C. §§ 455(a) and 455(b)(1),[2] which require a requisite showing of partiality, bias, or prejudice.[3]

---

[2]  § 455.  Disqualification of justice, judge, or magistrate [magistrate judge]
(a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
  (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

[3]  The movant has the burden to show extrajudicial bias or prejudice.  Leland v. Rennie, 1997 U.S. Dist. LEXIS 4004, *4 (D. Ariz. 1997) (citing Thomassen v. United States, 835 F.2d 727, 732 (9th Cir. 1987)).

The Supreme Court has held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion <u>unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible</u>." <u>Liteky</u>, 510 U.S. at 555, 114 S. Ct. at 1157, 127 L. Ed. 2d at 491 (emphasis added); <u>see also</u>, <u>F.J. Hanshaw Enterprises, Inc., v. Emerald River Dev., Inc.</u>, 244 F.3d (9th Cir. 2001) (citing <u>Liteky</u>, stating that partiality that develops during the course of the proceedings "can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible").

In analyzing § 455(a) disqualification motions, an objective test is employed:  "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." <u>Clemens v. U.S. District Court for the Central District of California</u>, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting <u>Herrington v. County of Sonoma</u>, 834 F.2d 1488, 1502 (9th Cir. 1988) and <u>United States v. Nelson</u>, 718 F.2d 315, 321 (9th Cir. 1983)).

The "reasonable person" in this context means a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." <u>Clemens</u>, 428 F.3d at 1178.

In determining whether disqualification is warranted under § 455(a), questions about a judge's impartiality must stem from extrajudicial factors, that is, "from sources other than the judicial proceeding at hand." <u>Clemens</u>, 428 F.3d at 1178 (citing <u>Liteky v. United States</u>, 510 U.S. 540, 554, 114 S. Ct. 1147, 127 L. Ed. 474 (1994); <u>Pau v. Yosemite Park and Curry, Co.</u>, 928 F.2d 880, 885 (9th Cir. 1991); <u>Toth v. TransWorld Airlines</u>, 862 F.2d 1381, 1388 (9th Cir. 1988)).

Here, Defendants assert that:

1.    Prior to the settlement conference in December 2006, the Magistrate "entered two reversible sanctions orders (one already reversed)." (Request at 6. )

2.    During the settlement conference, the Magistrate purportedly said or indicated as follows:  (a) agreed with the Association's counsel that a state court appellate decision allows the Association to recover "fees on fees" and expert expenses, but Defendants (now) contend that the cited case does not support that proposition (id. at 5 and 7); and (b) made favorable comments about the Association's counsel and the probability that a high percentage of fees may be awarded in the Association's favor (id. at 5);

3.    After the settlement conference, the Association's attorneys "jacked up" their fee demands (id. at 6).

As discussed above and in the attached declarations, these allegations have no basis in fact.  Further, these alleged facts fall far short of requiring removal of the Magistrate,[4] who has administered and managed this protracted litigation since

---

[4]  "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." <u>In re Drexel Burham Lambert, Inc.</u>, 861 F.2d 1307, 1312

Defendants removed it to U.S. District Court, and who has been diligently and tirelessly trying to resolve the dispute.

Defendants' version of the facts do not even approach "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555, 114 S. Ct. at 1157, 127 L. Ed. 2d at 491.

The case law demonstrates that only extreme facts and circumstances justify disqualification or recusal. E.g., Berger v. United States, 255 U.S. 22, 28-29, 41 S. Ct. 230, 231, 65 L. Ed. 481, 483-84 (1921) (personal bias found and recusal warranted where judge allegedly stated, "One must have a very judicial mind, indeed, not to be prejudiced against the German Americans in this country. Their hearts are reeking with disloyalty. This defendant is the kind of a man that spreads this kind of propaganda and it has been spread until it has affected practically all the Germans in this country."); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 867-68, 108 S. Ct. 2194, 2206, 100 L. Ed. 2d 855, 877 (1988) (disqualification appropriate where judge was board member of an entity seeking to purchase same parcel of land in dispute between the parties); Church of Scientology of California v. Cooper, 45 F. Supp. 455, 458 (C.D. Cal. 1980) (judge disqualified and recused himself after it was alleged in part that he grabbed and

---

(2nd Cir. 1988), cert. denied, 409 U.S. 1102, 109 S. Ct. 2458, 104 L Ed. 2d 1012 (1989).

pulled a church volunteer from an elevator, and asked how long he had been with Scientology.)

Defendants fail to show any hostility against them or their counsel, which would be insufficient in any event.[5]

No reasonable person (i.e., a "well-informed, thoughtful observer") would conclude that the judge's impartiality might reasonably be questioned.

Defendants' purported evidence does not arise from an "extrajudicial" source, i.e., "from sources other than the judicial proceeding at hand." Clemens, 428 F.3d at 1178. Rather, Defendants' factual allegations pertain to the Magistrate's rulings in this action and statements made during the Settlement Conference in this action.

Moreover, Defendants do not challenge the fact that they have had and continue to have recourse through a right to appeal the Magistrate's rulings.

B.    The Magistrate's Prior Rulings Do Not Establish Bias Or Partiality

The Supreme Court has emphasized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555,

---

[5]  Even hostile remarks about counsel, the parties, or their cases "ordinarily do not support a bias or partiality challenge." United States v. Heineman, 2006 U.S. Dist. LEXIS 60860, **5-6 (N.D. Cal. 2006) (a judge's comments that defendants' business constituted "an elaborate Internet scam," that the court "has seen the scam at work," and that "greater bad faith would be hard to imagine" are insufficient to warrant recusal).

114 S. Ct. at 1157, 127 L. Ed. 2d at 490-91 (citing United States v. Grinnell Corp.,
384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966)).  "Almost invariably,
they are proper grounds for appeal, not for recusal."  Id.

Compelling recusal where the request arises in large measure from a party's
dissatisfaction with a magistrate's prior rulings "could lead to a serious procedural
morass in the federal court system and could encourage an unjust form of 'judge
shopping' after a part is disappointed in a particular ruling." Ellis v. Multnomah
County, 2004 U.S. Dist. LEXIS 13998, **3-4 (D. Ore. 2004).

Here, Defendants' Request is based in part on the Magistrate's two
purported "reversible sanctions orders (one already reversed)." (Request at 6. )
That contention lacks merit as a matter of law.  It is also factually flawed, in that it
presumes *one* order which this Court did reverse was the product of partiality or
bias.

C.  <u>A Magistrate's Communications And Efforts To Settle A Case During
A Settlement Conference Are Not Extrajudicial In Nature, Nor Should
They Be Mischaracterized And Used As A Pretext For
Disqualification</u>

Several published federal court decisions hold that statements by a judge or
magistrate during a settlement conference are not extrajudicial in nature, a
conclusion predicated on important and compelling policies:

Concern about a case and litigants expressed by a judge during the
course of settlement negotiations are not extrajudicial in nature.
Johnson v. Trueblood, 629 F.2d 287, 291 (3d Cir. 1980), cert. denied,

450 U.S. 999, 68 L. Ed. 2d 200, 101 S. Ct. 1704 (1981)  See also
Anderson v. Sheppard, 856 F.2d 741, 750 (6th Cir. 1988) (where
matters complained of take place during settlement proceedings,
"vigorous expression of opinion as to the desirability of a settlement"
not basis for disqualification); Franks v. Nimmo, 796 F.2d 1230 (10th
Cir. 1986) (attempt to encourage settlement beneficial to movant does
not give rise to appearance of impartiality within the meaning of §
455(a)); Smith v. Sentry Ins., 752 F. Supp. 1058 (N.D. Ga. 1990)
(pretrial settlement conference where court made "well-informed
observations" as to merits of plaintiff's case not grounds for
disqualification).  "Such a rule would unduly hamper the judge's
ability to effectuate settlement."  Johnson v. Trueblood, 629 F.2d
287, 291 (3d Cir. 1980), cert. denied, 450 U.S. 999, 68 L. Ed. 2d 200,
101 S. Ct. 1704 (1981).  As one court astutely observed:

> If comments made by a court in the course of pretrial
> proceedings ... were regarded as extrajudicial, the court's ability
> to promote the settlement of civil litigation would be crippled.
> Judicial intervention in the settlement process, even if not
> universally favored or practiced, is an absolute necessity in the
> federal judicial system, burdened as it is by a staggering and
> ever-growing case load.  Without that intervention ... the federal
> courts would be hopelessly congested with little chance for civil
> litigants who must have a trial to get one, at least within a
> reasonable time.  Conversely, that intervention frequently helps
> to avoid the expense of litigation, thereby serving the purpose
> of the Federal Rules of Civil Procedure "to secure the just,
> speedy, and inexpensive determination of every action." Rule
> 1, Fed. R. Civ. Pro.
> ...
> Intervention may, of course, take many different forms
> depending on the personality, style and experience of the
> individual judge. ... To subject judges to the risk of
> disqualification on the basis of [expression by the judge of his
> reactions to the case] would jeopardize their effectiveness as
> catalysts in the settlement process.

Fong v. American Airlines, Inc., 431 F. Supp. 1334, 1338-39 (N.D.
Cal. 1977).  See also In re Joint E. & S. Dist. Asbestos Litig., 737 F.
Supp. 735 (E. & S.D.N.Y. 1990) (without settlement efforts by judges

and others, the court calendar system would break down and many litigants would find the doors to the courthouse closed).

Bilello v. The Abbott Laboratories, 825 F. Supp. 475, 479-80 (E.D.N.Y. 1993).

Similarly, a judge's statements regarding attorney fees that may be awarded do not establish partiality or bias.  The Sixth Circuit has held that a district judge's statement that he was inclined to award fees "showed neither bias nor the appearance of partiality," reasoning that:

> The district judge was simply providing the parties with additional information that might affect their decisions as to whether it would be appropriate to settle the case.  At most, this statement demonstrated that the district judge thought that Bell had presented a meritorious case at trial.   An opinion of the merits of the case, resulting from a judge's experience with the case in the course of his or her official duties, is not sufficient to justify § 455 recusal unless it demonstrates a "deep-seated favoritism or antagonism that would make fair judgment impossible."

Bell v. Johnson, 404 F.3d 997, 1006 (6th Cir. 2005) (quoting Liteky, 510 U.S. at 555).

Here, Defendants' Request, to the extent it relies on purported statements of the Magistrate during a Settlement Conference, must be disregarded as they are not extrajudicial in nature.   That specifically includes alleged comments about attorneys' fees.

The Magistrate should be applauded, not criticized, for her diligent and tireless efforts at trying to resolve this long-pending case.  This includes her

settlement-related efforts at resolving the fee claims, which are only sizable due to

Defendants' litigiousness, obfuscation, and recalcitrance.

V.    <u>CONCLUSION</u>

The Association and Mr. Awa respectfully request that the Court DENY

Defendants' Request.

DATED:    Honolulu, Hawaii, March 1, 2007.


/s/ John D. Zalewski
JOHN D. ZALEWSKI
Attorney for Counterclaim Defendants
NA PALI HAWEO COMMUNITY
ASSOCIATION and RONALD K. AWA


/s/ Lance S. Fujisaki
LANCE S. FUJISAKI
Attorney for Plaintiff NA PALI
HAWEO COMMUNITY ASSOCIATION