IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, JOHN DOES 1-10; JANE DOES 1-10L DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10<br><br>Defendants. | CIVIL NO. 04-00413 DAE/LEK<br><br>DECLARATION OF JOHN D. ZALEWSKI |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25<br><br>Counterclaim Defendants. | |

## DECLARATION OF JOHN D. ZALEWSKI

I, JOHN D. ZALEWSKI, do hereby declare under penalty of law that the following is true and correct:

1. I am an attorney and a director of Case Lombardi & Pettit, counsel for Counterclaimants NA PALI HAWEO COMMUNITY ASSOCIATION and RONALD K. AWA.

2. I am licensed to practice law before all courts in the State of Hawaii. I have personal knowledge of the matters set forth herein.

3. I make this declaration to correct or clarify facts that are asserted in Defendants/Counterclaimants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE's ("Defendants") Request For (1) Designation Of A Different Judge To Handle All Further Non-Dispositive Matters And To Adjudicate Motions And Other Requests For Attorneys' Fees, Costs, And/Or (2) Disqualification Of Current Magistrate Judge, Or That Current Magistrate Judge Proceed No Further, filed herein on January 27, 2007 (the "Request").

4. I was present during the referenced "December 2006 settlement conference." (Request at 5.) The settlement conference took place on December 13, 2006 in the chambers of United States Magistrate Judge Leslie E. Kobayashi (the "Magistrate"). The Magistrate presided over the settlement conference. Also

present were Steven Jacobson, Esq., Anthony Grande, Lance Fujisaki, Esq., and myself.

5. One of the matters discussed at the settlement conference were the attorneys' fees and costs incurred by the Association in this action. Defendants had agreed in principle as part of the settlement to stipulate that the Association was the prevailing party for purposes of any fee litigation. To promote settlement dialog, the Magistrate stated that while she has to scrutinize all submittals on a case-by-case basis, she has often made fee awards to prevailing parties who are legally entitled to recover their fees that range from, on the low end, 50 percent of the sum requested to, on the high end, 85-90 percent of the sum requested. The Magistrate further stated that she has made awards that fall outside of that range dependent upon the circumstances. The Magistrate did not state that she would "award the Association at least 85-90% of whatever fees it requests." (See Request at 5.)

6. The Magistrate did not state that Mr. Fujisaki, or any other counsel is "always meticulous and right" or that "the Neeley & Anderson firm [are] the experts." (Id.)

7. The Magistrate did not state anything disparaging about Defendants or their counsel.

8. I have attended numerous conferences before the Magistrate in this action, including the referenced settlement conference. At all times, the Magistrate has worked diligently and tirelessly at trying to resolve this protracted litigation, without favoritism displayed toward anyone.

DATED:   Honolulu, Hawaii, March 1, 2007.

/s/ John D. Zalewski
JOHN D. ZALEWSKI