IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, JOHN DOES 1-10; JANE DOES 1-10L DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10<br><br>Defendants. | CIVIL NO. 04-00413 DAE/LEK<br><br>DECLARATION OF LANCE S. FUJISAKI |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25<br><br>Counterclaim Defendants. | |

## DECLARATION OF LANCE S. FUJISAKI

I, LANCE S. FUJISAKI, do hereby declare under penalty of law that the following is true and correct:

1. I am an attorney and a partner in Neeley & Anderson LLP A Limited Liability Law Partnership, counsel for Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION.

2. I am licensed to practice law before all courts in the State of Hawaii. I have personal knowledge of the matters set forth herein.

3. I make this declaration to correct or clarify facts that are asserted in Defendants/Counterclaimants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE's ("Defendants") Request For (1) Designation Of A Different Judge To Handle All Further Non-Dispositive Matters And To Adjudicate Motions And Other Requests For Attorneys' Fees, Costs, And/Or (2) Disqualification Of Current Magistrate Judge, Or That Current Magistrate Judge Proceed No Further, filed herein on January 27, 2007 (the "Request").

4. I was present during the referenced "December 2006 settlement conference." (Request at 5.) The settlement conference took place on December 13, 2006 in the chambers of United States Magistrate Judge Leslie E. Kobayashi (the "Magistrate"). The Magistrate presided over the settlement conference. Also present were Steven Jacobson, Esq., Anthony Grande, John D. Zalewski, Esq.

5.   One of the matters discussed at the settlement conference was the attorneys' fees and costs incurred by the Association in this action. Defendants agreed to stipulate that the Association is the prevailing party for purposes of any fee litigation and to have the Association's claims for reimbursement of attorneys' fees and costs resolved via motion. In that regard, to promote settlement dialog, the Magistrate stated that in her 7 ½ years on the bench, she has awarded prevailing parties in only two cases 100% of the attorneys' fees requested. As an example, she explained in one of those cases, minimal discovery was conducted, the facts were very straightforward and the case proceeded swiftly to trial. On the other hand, the Magistrate cited an example in which she reduced attorneys' fees by 40 percent. The Magistrate explained that the prevailing party was represented by mainland counsel whose hourly rate was substantially higher than the standard in this locale. The Magistrate noted that on average, she has reduced fee requests by 10 to 15 percent. She explained that in reviewing motions for attorneys' fees, she does not award fees for items such as intra-office meetings between attorneys, services which should be treated as overhead, or services not properly documented. She also discussed expenses which can be taxed as costs. The Magistrate stated she expected the Association's invoices to be well documented as Mr. Fujisaki tends to be meticulous. The Magistrate did not state that she would

"award the Association at least 85-90% of whatever fees it requests." (See Request at 5.)

6. The Magistrate did not state that I, or any other counsel is "always meticulous and right" or that "the Neeley & Anderson firm [are] the experts." (Id.)

7. The Magistrate did not state anything disparaging about Defendants or their counsel.

8. I have attended numerous conferences before the Magistrate in this action, including the referenced settlement conference. At all times, the Magistrate has worked diligently and tirelessly at trying to resolve this protracted litigation, without favoritism displayed toward anyone.

9. To the best of my knowledge, I have not appeared before the Magistrate in any other case. In a declaratory relief action brought by the Association's insurance company, which was assigned to the Magistrate, I filed a scheduling conference statement; however, that case was dismissed before the scheduling conference, thus, I did not appear before the Magistrate.

10. I am informed that the attorneys of Neeley & Anderson LLP A Limited Liability Partnership have not appeared before the Magistrate in any other case, with one limited exception.. In one instance, an attorney appeared before the Magistrate at a scheduling conference, however, insurance defense counsel was

subsequently retained and the attorney did not make any other appearances before the Magistrate.

    DATED:   Honolulu, Hawaii, March 1, 2007.

                      /s/ Lance S. Fujisaki
                      LANCE S. FUJISAKI