

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON 4117-0
(sjacobson.law@hawaiiantel.net)
Post Office Box 240761
Honolulu, HI 96824-0761
Telephone: (808) 377-1814

Attorneys for Defendants
Anthony and Narindar Grande

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 08 2007

at 8 o'clock and 19 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,

Plaintiff,

v.

ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,

Defendants.

ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,

Counterclaim Plaintiffs,

v.

NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K.

CIVIL NO. CV04-00413-DAE LEK

REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR (1) DESIGNATION OF A DIFFERENT JUDGE TO HANDLE ALL FURTHER NON-DISPOSITIVE MATTERS AND TO ADJUDICATE MOTIONS AND OTHER REQUESTS FOR ATTORNEYS' FEES, COSTS AND/OR EXPENSES; and/or (2) DISQUALIFICATION OF CURRENT MAGISTRATE JUDGE, OR THAT CURRENT MAGISTRATE JUDGE PROCEED NO FURTHER; CERTIFICATE OF SERVICE

Date: March 19, 2007
Time: 9:45 a.m.
Judge: Hon. David Alan Ezra



AWA; and DOES 1-25,

Counterclaim Defendants

REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR (1) DESIGNATION OF A DIFFERENT JUDGE TO HANDLE ALL FURTHER NON-DISPOSITIVE MATTERS AND TO ADJUDICATE MOTIONS AND OTHER REQUESTS FOR ATTORNEYS' FEES, COSTS AND/OR EXPENSES; and/or (2) DISQUALIFICATION OF CURRENT MAGISTRATE JUDGE, OR THAT CURRENT MAGISTRATE JUDGE PROCEED NO FURTHER

28 USC § 144 clearly applies to U S Magistrate Judges, as well as U S District Judges, U S Circuit Court Judges, and U S Supreme Court Justices, whenever they are sitting in a U S District Court. 28 USC § 144 is broadly worded (emphasis added):

> "Whenever a party to **any proceeding in a district court** makes and files a timely and sufficient affidavit that **the judge before whom a matter is pending** has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

There are many cases applying § 144 to Magistrate Judges. See, e.g., *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 317 (2d Cir. 2005), and the annotations to 28 U.S.C.A. § 144. There are *no* cases saying that it doesn't apply to them. *Id.*

Under § 144, disqualification is required whenever a declaration of prejudice setting forth legally sufficient grounds is filed in a district court. *Berger v. United States*, 255 U.S. 22, 30-35 (1921). Consequently, the elaborate fish story

concocted in the Association's opposition must be ignored, and only the true facts set forth in Mr. and Mrs. Grande's requesting papers addressed and evaluated. *Id.*

Based upon those facts, a different Magistrate Judge should be designated and/or the current Magistrate Judge should be disqualified, under 28 USC §§ 144, 445(a), 445(b)(1) and/or 636(b), and/or Local Rule 53.1.

The Magistrate Judge's past experiences and/or other familiarity with Association counsel in unrelated prior cases and the community are wholly inappropriate bases for decision-making. See also *Liteky v. United States*, 510 U.S. 540, 544-545 & n.1 (1994) (any "source outside the judicial proceeding at hand . . . includ[ing] . . . earlier judicial proceedings conducted by the same judge" is an inappropriate extrajudicial source). See also *Liteky*, 510 U.S. at 551:

> "'[E]xtrajudicial source' . . . is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from . . . events occurring at trial, it is so extreme as to display clear inability to render a fair judgment."

The Magistrate Judge has already demonstrated an inability to render fair judgments, as evidenced (1) by the statements made at the December 2006 settlement conference, and (2) by twice entering a ***sua sponte*** sanction awards of over $3,500 against the defendants, and in favor of the Association, which are clearly and obviously inappropriate under the governing law. See the Statement of Appeal, filed December 8, 2006.

The fact that the Magistrate Judge went to extraordinary lengths to try to award *sua sponte* sanctions against Grandes, *even though they did not act or omit to act in bad faith*, by itself shows that the Magistrate Judge is unable to render a fair judgment involving them on fees, costs, and expenses herein.

DATED: Honolulu, Hawai'i, March 8, 2007.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>Counterclaim Defendants | CIVIL NO. CV04-00413-DAE LEK<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing were served today by first class mail upon the following:

JOHN D. ZALEWSKI, ESQ.
Case Lombardi & Pettit
737 Bishop Street, Suite 2600
Honolulu, HI 96813
Attorneys for Counterclaim Defendants

M. ANNE ANDERSON, ESQ.
LANCE S. FUJISAKI, ESQ.
Neeley & Anderson
733 Bishop Street, Suite 2301
Honolulu, Hawai'i 96813
Attorneys for Plaintiff and Counterclaim Defendant
Na Pali Haweo Community Association

DATED: Honolulu, Hawaii, March 8, 2007.

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

STEVEN B. JACOBSON
Attorneys for Defendants