Of Counsel:
CASE LOMBARDI & PETTIT

JOHN D. ZALEWSKI    4718
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96813
Phone:  (808) 547-5400
Fax:  (808) 523-1888
Email: jdz@caselombardi.com

Attorneys for Counterclaim Defendants
NA PALI HAWEO COMMUNITY
ASSOCIATION and RONALD K. AWA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, JOHN DOES 1-10; JANE DOES 1-10L DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10<br><br>              Defendants. | CV NO. 04-00413 DAE/BMK<br><br>CONCISE STATEMENT OF FACTS IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DECLARATION OF COUNSEL; DECLARATION OF RONALD K. AWA; EXHIBITS A-I; CERTIFICATE OF SERVICE<br><br><br>Trial:   July 15, 2008 |

ANTHONY CHARLES GRANDE and
NARINDAR KAUR GRANDE,

        Counterclaim
        Plaintiffs,

vs.

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA;
and DOES 1-25,

        Counterclaim
        Defendants.

## CONCISE STATEMENT OF FACTS IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to L.R. 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Counterclaim Defendants NA PALI HAWEO COMMUNITY ASSOCIATION ("NPH") and RONALD K. AWA ("Awa") hereby submit their separate concise statement of material facts in support of Counterclaim Defendants' Motion For Summary Judgment, being submitted concurrently herein.

        DATED:    Honolulu, Hawaii, January 25, 2008.

                              /s/ John D. Zalewski
                              JOHN D. ZALEWSKI
                              Attorney for Counterclaim Defendants
                              NA PALI HAWEO COMMUNITY
                              ASSOCIATION and RONALD K. AWA

|    | CONCISE FACT | EVIDENTIARY SUPPORT |
|----|---|---|
| 1. | The Grandes own real property in the Na Pali Haweo subdivision. | Ex. A at ¶ 1; Ex. B at 4; Ex. C at 2 |
| 2. | The Association is responsible for enforcing the Association's CCRs. | Ex. A at ¶ 2; Ex. B at 4 |
| 3. | Mr. Awa is the Chair of the Association's ARC. | Ex. A at ¶ 3; Ex. B at 4 |
| 4. | The CCRs and Design Guidelines are the documents that govern this dispute between the Association and the Grandes. | Ex. B at 12. |
| 5. | Mr. Grande was given the CCRs and Design Guidelines at the time he purchased the property. | Ex. D at 8, lines 17-21; id. at 113, lines 14-19. |
| 6. | Mr. Grande understood that the Grandes' house must comply with the CCRs and the Design Guidelines. | Ex. E at 11, lines 11-13. |
| 7. | Mr. Grande failed to review the CCRs and the Design Guidelines before the dispute with the Association arose. | Ex. D at 113-14, lines 24-25, 1-3. |
| 8. | The Grandes were advised by the Association, after they commenced construction, that the construction did not comply with the Association's governing documents. | Ex. A at ¶ 6. |
| 9. | The Grandes built their house from plans different from the ARC-approved plans, without the prior knowledge of the ARC, in violation of the CCRs and Design Guidelines. | Ex. B at 5-6; see also, Ex. C at 3-4, ¶¶ 8, 9, 12. |
| 10. | After the ARC approved one set of plans, Mr. Grande changed the plans to allow for "a lot of enhancements" to make the house "a lot better." | Ex. D at 13, lines 5-10, 22-24. |
| 11. | The Grandes never gave the ARC-approved plans to their contractor. | Ex. D at 115, lines 23-25. |
| 12. | The Grandes refused to have plans prepared that addressed issues and deficiencies specified by the Association despite requests by the Association to do so. | Ex. F at 161, line 3 to 164, line 14. |
| 13. | The Association urged the Grandes to obtain all approvals before proceeding with construction but the Grandes hired a replacement contractor to complete the house, even in the disputed areas that the Association was telling them to stop. | Ex. E at 36, lines 11-20 and at 37, lines 3-13; see also Ex. B at 9. |

| | | |
|---|---|---|
| 14. | The Grandes never submitted revised plans for ARC approval in part because the Grandes wanted to avoid paying a fee of $500 per submittal. | Ex. D at 14, lines 22-24 and at 15, lines 2-10. |
| 15. | The ARC properly charged a fee of $500 for submittals that involve major addition/renovation for $25,000 or more, per the ARC's Fee Schedule. | Ex. G; see also, Ex. H at 30, § 6.2; Ex. I at 46, § 9.6. |
| 16. | The Association engaged in numerous communications and other actions in an attempt to have the Grandes bring the Property into compliance. | Ex. B at 6-7 and 9-10. |
| 17. | As determined in this Court's previous order re: summary judgment, the Grandes' committed at least four violations of the governing documents. | Ex. B at 13-16, 16-18, 22-23, and 25-26. |
| 18. | As further determined by this Court, "the Grandes cannot rely on the previously approved plans [ … ] because they did not use the first set of plans that were approved by the Association." | Ex. B at 16. |
| 19. | The Hawaii First Circuit Court determined that the Grandes violated the Design Guidelines, and that their conduct amounted to a "stubborn refusal to wholeheartedly attempt to reach some sort of accommodation with the Association." | Exhibit C at 4, ¶¶ 12-15; id. at 7, ¶ 33. |
| 20. | The Association acted within its powers and undertook reasonable enforcement actions, consistent with the governing documents. | See Ex. I at 9-10, § 4.1; id. at 30, § 6.7.11; id. at 31, § 6.8.1; id. at 35, § 6.10; id. at 46, § 9.7; id. at 55-56, § 12.2.1; Ex. H at 1, § 1.1; id. at 3, § 1.3. |
| 21. | The Association, through the ARC, told the Grandes that the ARC did not have authority to grant the variance request. | Ex. B at 8 and 16. |
| 22. | The ARC is not required to authorize variances from compliance with the Design Guidelines which is within its sole discretion. | Ex. I at 17, § 4.9. |
| 23. | Mr. Awa is being sued in his official ARC capacity for alleged actions as the Chair of the ARC. | Ex. A at ¶¶ 3, 6. |

4

| | | |
|---|---|---|
| 24. | The Grandes' Counterclaim asserts claims against Mr. Awa in connection with their alleged damage, loss or prejudice allegedly suffered on account of: (i) approval or disapproval of their plans; (ii) the construction or performance of work at their Property; and/or (iii) the improvement of their Property. | Ex. A at 7-9. |
| 25. | The CC&Rs immunize Mr. Awa from any personal liability in connection with the Grandes' Counterclaim. | Ex. I at 48, § 9.12. |