STEVEN B. JACOBSON,
Attorney at Law,
A Limited Liability Law Company

STEVEN B. JACOBSON        4117-0
  (sjacobson.law@verizon.net)
Post Office Box 240761
Honolulu, HI  96824-0761
Telephone:  (808) 377-1814
Facsimile:  (808) 377-1814

Attorneys for Defendants Anthony Charles
Grande and Narindar Kaur Grande

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 9 2004

at ___ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

NA PALI HAWEO COMMUNITY
ASSOCIATION, a Hawaii non-profit
corporation,

      Plaintiff,

    v.

ANTHONY CHARLES GRANDE;
NARINDAR KAUR GRANDE; and
DOES,

      Defendants.

ANTHONY CHARLES GRANDE
and NARINDAR KAUR GRANDE,

      Counterclaim Plaintiffs,

    v.

NA PALI HAWAO COMMUNITY
ASSOCIATION; RONALD K.

CIVIL NO. CV04-00413-DAE LEK

ANSWER AND COUNTERCLAIM;
CERTIFICATE OF SERVICE;
SUMMONS



EXHIBIT __A__

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation, | CIVIL NO. CV04-00413-DAE LEK |
| Plaintiff, | COUNTERCLAIM |
| v. | |
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES, | |
| Defendants. | |
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, | |
| Counterclaim Plaintiffs, | |
| v. | |
| NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25, | |
| Counterclaim Defendants | |

## COUNTERCLAIM

Counterclaim Plaintiffs Anthony Charles Grande and Narindar Kaur Grande

("Counterclaim Plaintiffs" or "Grandes") allege as follows:

6

1.       Counterclaim Plaintiffs are owners of the real property commonly known as 1251 Kamehame Drive, City and County of Honolulu, State of Hawaii, located within the Na Pali Haweo Subdivision ("Property").

2.       Counterclaim Defendant Na Pali Haweo Community Association is a Hawaii non-profit corporation created by the Declaration of Covenants, Conditions and Restrictions of the Na Pali Haweo Subdivision.

3.       Counterclaim Defendant Ronald K. Awa is a resident of the City and County of Honolulu, State of Hawaii, an architect duly licensed to practice and practicing in the State of Hawaii, and Chair of the Architectural Review Committee of the Association.

4.       Counterclaim Defendants Does 1-25 are persons whose identities, acts and/or omissions have not been ascertained, but who may have participated in the acts and/or omissions alleged in this Counterclaim, and who are and/or ought to be liable and/or subject to the relief sought herein.

5.       Since the year 2000, the Grandes have been attempting to have a home constructed on the Property.

6.       The Architectural Review Committee for the Association originally approved the plans submitted for the construction. However, after construction began, the Association alleged that the plans and construction were not in compliance with requirements of the Governing Documents. After

consulting with the Architectural Review Committee as to what was needed for compliance in the Association's then-views, the Grandes' architect submitted revised plans in conformity therewith.  However, despite their conformity, those plans were later rejected for alleged lack of compliance.  The Grandes then, again, sought to determine what the Association would view as compliance.  However, Counterclaim Defendant Awa refused to speak with them unless they agreed to pay him, personally, $500 for each telephone conversation he would have with them. The Grandes are still unable to ascertain what the Association will accept as its view of purported "compliance".  The Association has failed to follow its own procedures, misstated or disclaimed its own powers, and declined to make a final decision on whether to allow a "variance" for alleged aspects of the construction despite months within which to make such a decision, as well.

7.      The construction on the Property is, in fact, in full compliance with all enforceable requirements.

8.      As a result of Counterclaim Defendants acts and omissions, the Grandes have been damaged in numerous ways, including (but not limited to) that the construction on the Property was delayed, that the approval of said construction has been delayed, that they were unable to repay their construction loan and obtain an ownership loan before interest rates increased, that they have had to pay increased architectural and construction costs, that they have been denied the use

of their Property, and that they have had to retain counsel and participate in this action.

9.    As a result thereof, the Grandes are entitled to recover the general and special damages they have suffered in an amount yet to be fully ascertained, to a declaration that they are in full compliance with all lawful requirements the Association can impose upon them, and to recover their costs of suit including their attorneys' fee.

WHEREFORE, Counterclaim Plaintiffs pray:

1.    For an award of their damages according to proof;

2.    For a declaration that they are in full compliance with all lawful requirements the Association can impose upon them;

3.    For an award of their costs of suit, including attorneys' fees; and

4.    For such other and further relief as the Court may deem just and proper.

DATED:  Honolulu, Hawai'i, July 19, 2004.

STEVEN B. JACOBSON,
Attorney at Law,
A Limited Liability Law Company

STEVEN B. JACOBSON
Attorneys for Defendants
and Counterclaim Defendants

9