JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

January 5, 2006

Via Fax
and U.S. Mail

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Re: <u>Na Pali Haweo Community Association v. Anthony Charles Grande, et al.</u>, Civil No. 04-1-1008-06 (GWBC)

Dear Mr. Jacobson:

  This letter confirms our discussion during the status conference before Magistrate Judge Leslie E. Kobayashi on December 23, 2005, and responds to your December 6, 2005, letter in which the Grandes propose to correct various deviations and/or deficiencies on the subject property. The following summarizes the Association's position concerning the remedial work.

  Per the agreement executed by the Grandes on September 30, 2005, before proceeding with remedial work, the Grandes must submit plans for review and approval by the Architectural Review Committee ("ARC") showing how they intend to correct item 3 (two unauthorized skylights on the north roof slope), item 4 (air conditioning equipment unauthorized as not shown on plans, and lack of screening for air conditioning equipment), item 5 (unauthorized roof exhaust vents), and item 7 (roof entry light fixtures that have exposed bulbs). To expedite the review process, the Grandes should include with the plans product information sheets or brochures for the replacement skylights, roof exhaust vents and light fixtures.

  With regard to item 8 (the garden wall which was not constructed as shown on approved plans and is otherwise in violation of Design Guidelines), please confirm in writing that the wall will be modified in accordance with the plans approved by the ARC by letter dated October 24, 2000. If the Grandes seek to deviate from the approved plans, they must submit plans to the ARC and obtain the ARC's written consent *prior* to performing any work on the wall. Any submission to the ARC should be sent or delivered via this law firm.

EXHIBIT "X"
PAGE 1 OF 2

As the Grandes have repudiated the proposal submitted July 20, 2005, no further work should be performed on the front facade of the dwelling at the garage/master bedroom until the parties have resolved the building envelope encroachment and the 20 foot setback encroachment. Thus, the Grandes should not proceed with item 9(a)(1) (installation of roof "eyebrow" over the garage) until an agreement is reached on how the Grandes will correct the encroachments.

The Association does not object to the Grandes proceeding with item 11 (installation of concrete pad at the trash area in accordance with plans approved by the ARC by letter dated October 20, 2000.)

Finally, the Court's Minute Order provides that the Grandes shall have up to January 24, 2006, to agree to modify the dwelling in accordance with their July 20, 2005, submission. We urge the Grandes to do so immediately. The Grandes' July 20, 2005, proposal was accepted by the Association subject to various conditions and the Grandes' repudiation of the proposal is unjustified. If the Association is required to further litigate this matter and prepare for trial (including filing of pretrial motions), the attorneys' fees and costs will escalate dramatically. At the conclusion of this case, the Association will seek reimbursement of attorneys' fees and costs from the Grandes under the governing documents and Chapter 421J, Hawai`i Revised Statutes.

The Association expressly reserves, and nothing in this letter shall be construed to waive and/or impair, any of the Association's rights under its governing documents and/or applicable laws, including without limitation any claims concerning any of the other violations of the governing documents and/or deviations from the approved plans as set forth in the September 30, 2005, agreement, including without limitation items 1, 2, 6, 9.a. -9.c. and 10. Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Joyce Y. Neeley
Lance S. Fujisaki

JYN/LSF:etb
cc: John Zalewski, Esq.
    Case Bigelow & Lombardi

    Client

X:\NaPaliHaweo\Grande\Jacobson Ltr16-fnl.wpd