I hereby certify that this is a true copy from the records of the Bureau of Conveyances.

/s/ M. Paug
Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

R-59

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED

MAR 23, 2000   08:01 AM

Doc No(s) 2000-038054

/s/CARL T. WATANABE
ACTING
REGISTRAR OF CONVEYANCES

CONVEYANCE TAX: $230.00

LAND COURT

Return by Mail (X)  Pickup ( )  To:

GE Capital Hawaii, Inc.
745 Fort Street #1700
Honolulu, HI 96813

FNTIC: 204039
FNTICE: 204039SC
SUSAN CADABES



DEED                                TAX MAP KEY: 3-9-107-39

1.   WORDS OFTEN USED IN THIS DOCUMENT

     A.   "Deed". This document is called the "Deed". It is used to transfer legal ownership to you of the Property described in Paragraph 1.D. of this document.

     B.   "Grantor". The word "Grantor" in this document means the parties who are transferring the Property. The Grantor is MAUNALUA ASSOCIATES, INC., a Hawaii corporation, whose place of business and post office address is 501 Kealahou Street, Suite A23, Honolulu, Hawaii 96825. In this document, the Grantor is sometimes referred to as "we", "us" or "our".

     C.   "Grantee". The word "Grantee" means each and every party to whom the Property is being transferred. In this document, the Grantee is sometimes referred to as "you" or "your".

          The Grantee is:

          Name:               ANTHONY CHARLES GRANDE and
                              NARINDAR KAUR GRANDE

          Residence and
          Post Office Address:   501 Hahaione Street, #9L
                                 Honolulu, Hawaii 96825

          Marital Status:        Married

EXHIBIT "C"
PAGE 1 OF 8

D.  "Property". The word "Property" in this document means the land described in Exhibit "A" which is attached to and made a part of this document. "Property" also means all rights or interests that are a result of or a part of ownership of the land. Certain things affect the Property. Those are described in Exhibit "A".

2. THE REASONS FOR THIS DEED

You have done all of the things that you promised to do and you have paid to us all of the money that you agreed to pay to us in order to purchase the property.

We recognize that we have received money and other value from you and because of this we now "grant, bargain, sell and convey" to you, in fee simple forever, all of our right, title and interest in the Property. This right, title and interest is affected by those certain things mentioned in Paragraph 1.D. of this Deed as being described in Exhibit "A".

You are accepting the Property as it is affected by:

A. All real property taxes;

B. All of the things described in Exhibit "A";

C. All of the things contained in Paragraph 7 of this Deed titled "We Make No Other Promises to You."

3. TENANCY

You are accepting the Property we are transferring to you as Tenants by the Entirety.

4. OUR RIGHT TO GRANT THE PROPERTY

We promise that we are the lawful owners of the Property and that we have the right to sell and transfer our rights in the Property to you.

5. WHAT WE ARE GRANTING TO YOU

A. All of our <u>legal and equitable estate</u>. This means all of our right, title and interest in and to the Property.

B. All of the <u>improvements</u> made to the Property. Some examples which may or may not apply in your case are buildings, sidewalks, fences, walls, revetments or cesspools.

6. OUR PROMISES TO YOU

We promise that we have not conveyed the Property to anyone else, the Property is free from any encumbrances made by us and that we will protect (or defend) you against all lawful claims or demands made by parties who claim an interest in the Property because of things we may have done, except that our promise does not apply to any claims about real property taxes, any of the encumbrances described or referred to in Exhibit "A" or any of the matters described in Paragraph 7 of this Deed.

In other words, we give you a guaranty (or warranty) of title to the Property only for the promises we just made in this Paragraph 6, or a "limited warranty of title." We also give this guaranty to those who may take over the rights and responsibilities transferred to you by this Deed.

7. WE MAKE NO OTHER PROMISES TO YOU

We do not promise or make any statements about anything that has to do with the condition of the Property or of the Subdivision in which the Property is located, or of any improvements on or under the Property or the Subdivision. You accept the Property "as is." For example, we make no promises or statements about:

A. The construction, structural soundness, condition or state of repair, operating order, safety or livability of any improvements;

B. The suitability of any improvements for any particular use;

8. YOUR AGREEMENT AND PROMISE TO US

You agree that we have not made any promises or statements outside this Deed about anything that is mentioned in Paragraphs 2 and 7 of this Deed. You accept the Property "as is". You promise to do all of the things (if any) that are stated in Exhibit "A" as being your obligation to do.

9. PARTIES COVERED BY THE TERMS "GRANTOR" AND "GRANTEE"

The term "Grantor" as used in this Deed, or any pronoun used in its place, means and includes the Grantor.

The term "Grantee" as used in this Deed, or any pronoun used in its place, means and includes the masculine or feminine; one or more than one; individuals; firms or corporations; and their and each of their respective successors, heirs, personal representatives and assigns. If two or more parties are the Grantees, all promises and agreements of those parties shall be joint and several.

The terms "successors, heirs, personal representatives and assigns" mean the party or parties to whom the Property and/or the rights and obligations under this Deed are transferred by you or by operation of law.

The term "joint and several" means that each party is responsible for full performance of all of the promises and agreements, and not for just a part or share of those promises and agreements.

10. ACCEPTANCE AND AGREEMENT

You and we agree that each party signing this Deed on this __9th__ day of __March__, 2000, has received something of value and you and we agree to everything that has been stated in this Deed and in Exhibit "A".

MAUNALUA ASSOCIATES, INC.

By: _____
     WANDA J. CHIHAK
     Its Vice President

"Grantor"

_____
ANTHONY CHARLES GRANDE

_____
NARINDAR KAUR GRANDE

"Grantee"

STATE OF HAWAII              )
                             )  SS:
CITY AND COUNTY OF HONOLULU  )

On this 9th day of March, 2000, before me appeared WANDA J. CHIHAK, to me personally known, who being by me duly sworn, did say that she is the Vice President of MAUNALUA ASSOCIATES, INC., a Hawaii corporation, and that said instrument was signed on behalf of said corporation by authority of its Board of Directors and said officer acknowledged said instrument to be the free act and deed of said corporation.



Cathleen S. Peters
Notary Public, State of Hawaii
My commission expires: 1/30/2004

EXHIBIT "C"
PAGE 5 OF 8

STATE OF HAWAII           )
                          )  SS:
CITY AND COUNTY OF HONOLULU )

On this _____ day of  MAR 1 3 2000 , 2000, before me personally appeared ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, to me known to be the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

L.S.

Name: J. Melendez
Notary Public, State of Hawaii
My commission expires: AUG 1 8 2003

EXHIBIT "C"
PAGE 6 OF 8

6

# EXHIBIT "A"

All of that certain parcel of land (being a portion of R. P. No. 4475, L. C. Aw. 7713, Apana 30 to Victoria Kamamalu) situate at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, described as follows:

**LOT 49**, area 11,000 square feet, as shown on the map entitled "KAMEHAME RIDGE SUBDIVISION, UNIT II - PHASE II-A," which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 2028.

Being all of the property described in the following:

(A)  DEED
    Dated: December 19, 1995
    Document No.: 95-164809
    Grantor: HAWAII KAI DEVELOPMENT COMPANY
    Grantee: MAUNALUA ASSOCIATES, INC., a Hawaii corporation

TOGETHER with the right to enter onto those lots which are adjacent to the property for the limited purpose of and to the extent necessary to construct a retaining wall along the boundary of the property, provided the wall is located completely within the boundaries of the property and does not encroach, in any way, on to any adjoining lots.

SUBJECT, HOWEVER, TO THE FOLLOWING:

1. Title to all minerals and metallic mines reserved to the State of Hawaii.

2. DECLARATION OF RESTRICTIVE COVENANTS (PRIVATE PARK)
    Dated: October 30, 1989
    Document No.: 90-037393

    AMENDMENT thereof by instrument:
    Dated: January 15, 1991
    Document No.: 91-043372

    AMENDMENT thereof by instrument:
    Dated: August 18, 1992
    Document No.: 93-33862

3. DECLARATION OF RESTRICTIVE COVENANTS (One Dwelling Unit Per Lot Restrictions)
    Dated: January 24, 1990
    Document No.: 90-037394

       AMENDMENT thereof by instrument:
       Dated:       August 18, 1992
       Document No.: 93-33857

4. DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS
    Dated:       April 11, 1991
    Document No.: 91-049173

    AMENDMENT thereof by instrument:
    Dated:       August 18, 1992
    Document No.: 93-33854

5. Any and all easements designated on File Plan No. 2028 and/or recorded in said Bureau affecting the property and the right of the Grantor and its successors and assigns to grant, cancel, remove and relocate additional easements, rights-of-entry and other rights for electrical, gas, telephone, water, sewer and drainage purposes, lines and other transmission facilities and appurtenances and other public services and utilities and the right to repair and maintain such facilities.

6. The right of owners of lands adjacent to the property to enter onto the property for the limited purpose of and to the extent necessary to construct a retaining wall along the boundary of the property, provided the wall does not encroach, in any way, onto the property.

EXHIBIT "C"
PAGE 8 OF 8