JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
GISELA IGLESIAS
LANCE S. FUJISAKI

ROBIN MILLER

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977
E-MAIL
nanda@lava.net

May 25, 2004

**VIA FAX; ORIGINAL MAILED**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai`i 96824-0761

Re: Na Pali Haweo, Lot 2A-49 - Covenants Violations

Dear Mr. Jacobson:

This law firm represents Na Pali Haweo Community Association ("Association"). We understand you have been retained by Mr. Anthony Grande and Ms. Narindar Grande ("Grandes") concerning the above-referenced matter.

On March 4, 2004, this firm sent a letter to the Grandes regarding covenant violations on their lot. On behalf of the Association, we demanded that they cure the violations of the restrictive covenants which are contained in the Na Pali Haweo Declaration of Covenants, Conditions and Restrictions ("Declaration") and Na Pali Haweo Design Guidelines by performing the following:

1. Immediately cease and desist construction of all non-compliant items on the subject lot unless and until the Grandes receive written authorization from the Association to proceed with said work.

2. By no later than March 8, 2004, provide this law firm with written confirmation that the Grandes shall comply with all terms and conditions of this letter.

3. By no later than March 16, 2004, submit to the Architectural Review Committee plans which address each of the issues and/or deficiencies discussed in the January 28, 2004, letter from Ronald K. Awa, AIA (excluding the front set back issue which was then under consideration by the Board).

In response to our March 4, 2004, letter, you informed us that you would be investigating the Association's "allegations" on their behalf and you would respond within a reasonable time. On May 3, 2004, you sent us a letter asking for a decision on the setback issue. The Grandes failed to provide us with documentation requested in our March 4, 2004, letter. On May 24, 2004, the Association

EXHIBIT "S"
PAGE 1 OF 3

Steven B. Jacobson, Esq.
May 25, 2004
Page 2

discovered workers proceeding with construction on the portions of the dwelling which are in violation of the governing documents.

In light of the Grandes' failure to comply with our March 4, 2004, letter, we demand that the Grandes perform as follows:

1. Immediately cease and desist construction of all non-compliant portions of the dwelling on the subject lot unless and until the Grandes receive written authorization from the Association to proceed with said work.

2. By no later than twenty-four (24) hours from your receipt of this letter, provide this law firm via your office written confirmation that the Grandes shall comply with all terms and conditions of this letter.

3. By no later than fourteen (14) calendar days from your receipt of this letter, submit to the Architectural Review Committee plans which address each of the issues and/or deficiencies discussed in the January 28, 2004, letter from Ronald K. Awa, AIA, excluding the front set back issue.

In the event the Grandes fail to fully comply with the aforementioned demands, the Association will have no alternative but to file a lawsuit against them without further notice, seeking injunctive relief, damages, attorneys' fees and costs and any other available remedies.

The Association has incurred attorneys' fees and costs in enforcing the governing documents. By separate notice, will inform the Grandes regarding the total attorneys' fees and costs incurred. Additional legal fees will be incurred if the Grandes fail to fully comply with this letter. The Declaration expressly provides that the Association is entitled to reimbursement for any costs including attorneys' fees which it may incur in the enforcement of the provisions of the governing documents. *See* Article VI, Section 6.10, Article VII, Section 7.3 and Article XII, Section 12.2.1 of the Declaration and Section 421J-10, Hawai`i Revised Statutes.

With regard to your May 3, 2004, letter, the Board does not have sufficient information to grant the Grandes' request for a variance from the 20' building setback requirement; thus, the request for a variance is denied without prejudice. Given that the 20' setback and building envelope violations involve the same section of the dwelling and are therefore closely intertwined, the Board cannot agree to grant a variance without resolution of the building envelope violation. Thus, it is imperative that the Grandes promptly submit the documentation described above. The Board is not at this time requesting that the Grandes submit plans to correct the 20' building setback violation as

Steven B. Jacobson, Esq.
May 25, 2004
Page 3

the Board will revisit the issue of the 20' building setback encroachment upon receipt of the requested documentation.

The Association expressly reserves, and nothing in this letter shall be construed to waive and/or impair, any of the Association's rights under its governing documents and/or applicable laws, including without limitation any claim for fines, legal fees and/or costs in connection with this matter.

Thank you for your attention to this matter. Please direct all communications regarding the above to the undersigned.

Very truly yours,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Joyce Y. Neeley
Lance S. Fujisaki

JYN/LSF:etb

cc: Board of Directors
Na Pali Haweo Community Association
c/o Mr. Ken Whitten
and Mr. Jeff Kloetzel
Hawaiiana Management Company, Ltd.

C:\Docs\Na Pali Haweo\Grande\Jacobson1-dr3.wpd

EXHIBIT "S"
PAGE 3 OF 3