Of Counsel:
CASE LOMBARDI & PETTIT

JOHN D. ZALEWSKI    4718
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Phone: (808) 547-5400
Fax: (808) 523-1888
Email: jdz@caselombardi.com

Attorneys for Counterclaim Defendants
NA PALI HAWEO COMMUNITY
ASSOCIATION and RONALD K. AWA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, JOHN DOES 1-10; JANE DOES 1-10L DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL UNITS 1-10,<br><br>            Defendants. | CV NO. 04-00413 DAE/BMK<br><br>REPLY IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br><br><br><br><br><br><br><br><br>Trial:   July 15, 2008 |

28029/1/798075.1

| | |
|---|---|
| ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>          Counterclaim<br>          Plaintiffs,<br><br>     vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>          Counterclaim<br>          Defendants. | |

## REPLY IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Counterclaim Defendants NA PALI HAWEO COMMUNITY ASSOCIATION (the "Association") and RONALD K. AWA (collectively, "Movants") reply in support of their Motion for Summary Judgment filed January 25, 2008 (the "Motion") to dismiss the Counterclaim filed by Plaintiffs ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE (the "Grandes"). (The Counterclaim is attached as Exhibit A to the Motion.)

Movants respectfully submit that the Grandes' Memorandum in Opposition filed March 3, 2008 (the "MIO") makes it even clearer that the Motion should be granted and the Counterclaim should be dismissed with prejudice.

I.    **THE MIO CONTAINS UNTRUE AND IRRELEVANT ASSERTIONS**

The MIO mischaracterizes the Motion as the Movant's second attempt to dismiss the Counterclaim. (MIO, 2nd-3rd pages.) Not true. The Motion is the first motion in which dismissal of the Counterclaim is sought.

The MIO suggests that the Motion is not properly before the Court because of a CCR provision that relates to alleged prerequisites to filing suit. (MIO, 3rd page.) The CCR provision has no application to the Motion. The Motion concerns the Counterclaim filed by the Grandes, not Movants. Further, the Grandes do not even assert that they provided advance notice of their intent to file a Counterclaim (they did not). This argument is specious.

The MIO asserts that summary judgment should be denied because the Grandes are in debt and have limited financial abilities that preclude a permanent injunction. (MIO, 5th-10th pages.) This contention is irrelevant to the Motion, which seeks dismissal of the Counterclaim.

The MIO challenges some of the Grandes' violations of the governing documents. (MIO, 11th-13th pages.) But this Court has already concluded that the Grandes did violate the governing documents. (See Memorandum in Support of Motion at 9-10 and evidence cited therein.) The scope of the Grandes' violations is irrelevant to whether they have cognizable grounds to maintain a countersuit against Movants.

## II. THE FACTS RAISED IN MOVANTS' CONCISE STATEMENT SHOULD BE DEEMED ADMITTED

The Grandes' Concise Statement neither accepts nor challenges any of the 25 concise statements of fact submitted in support of the Motion and filed herein on January 25, 2008, in violation of LR 56.1(b).

The Grandes' failure to controvert Movants' concise statement of facts should cause the facts to be deemed admitted. LR 56.1(g).

## III. THE MIO DOES NOT CHALLENGE THE POINTS RAISED IN THE MOTION

The MIO does not challenge any of the following points raised in the Motion which support dismissal of the Counterclaim:

- The Grandes built their home from a different set of plans than the ARC-approved plans. (See Memorandum in Support of Motion at 6-7 and evidence cited therein.)

- The Grandes refused to submit revised plans to the ARC for approval. (Id. at 7-9 and evidence cited therein.)

- The Grandes violated the governing documents in several respects. (Id. at 9-10 and evidence cited therein.)

- There is no evidence to support the assertions upon which the Counterclaim is predicated. (Id. at 8-12 and evidence cited therein.)

- Mr. Awa is entitled to summary judgment for the additional reason that the CCRs immunize him from personal liability. (Id. at 12-13 and evidence cited therein.)

## IV. CONCLUSION

Movants respectfully request that the Court GRANT this Motion and DISMISS the Counterclaim with prejudice.

DATED:   Honolulu, Hawaii, March 7, 2008.

>           /s/ John D. Zalewski
>           JOHN D. ZALEWSKI
>           Attorney for Counterclaim Defendants
>           NA PALI HAWEO COMMUNITY
>           ASSOCIATION and RONALD K. AWA