NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY        (3134-0)
jneeley@neeley-anderson.com
LANCE S. FUJISAKI      (4224-0)
SCOTT R. GRIGSBY       (6673-0)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i  96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\MSJ#2-Reply-fnl.wpd

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>　　　　Plaintiff,<br><br>　　　vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>　　　　Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　　　Counterclaim Plaintiffs, | CIVIL NO. CV04-00413 DAE/BMK (Injunctive Relief)<br><br>PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION (FILED JANUARY 25, 2008); DECLARATION OF LANCE S. FUJISAKI; EXHIBITS "EE"-"GG"; CERTIFICATE OF SERVICE<br><br>JUDGE: Honorable David A. Ezra<br><br>TRIAL: July 15, 2008<br><br>HEARING: March 18, 2008, 9:00 a.m. |

vs.

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA
and DOES 1-25,

    Counterclaim Defendants.

PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S
REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AND
PERMANENT INJUNCTION (FILED JANUARY 25, 2008)

Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION's Motion for Summary Judgment and Permanent Injunction ("Motion") should be granted as Defendants fail to meet their burden in opposing the Motion.[1]

    A.    THE ASSOCIATION'S MOTION IS NOT PRECLUDED BY LR60.1

Defendants argue that the Motion should be denied because it should have been brought under LR60.1, that it is too late to seek reconsideration of a purported "manifest error of law or fact," and that there is no "newly-discovered-and-previously-unavailable evidence or intervening changes in the law."

LR60.1 does not preclude the Association from filing a second motion for summary judgment to resolve remaining claims. If Defendants' position were correct, movants would have only one opportunity to file a motion for summary judgment. If their motion were not granted, any subsequent motion seeking summary judgment would have to be brought as a motion for reconsideration. There is nothing in the court

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as provided in the Memorandum in Support.

rules to suggest such a draconian result. Indeed, summary judgment motions serve a valuable function of expediting resolution of cases where there are no genuine issues of material fact.

The Association's first Motion for Summary Judgment was filed on April 12, 2006, nearly two years ago. While this Court granted summary judgment on the main issues in this case, various other issues were not resolved. These issues must be resolved before final judgment may be entered. Since that time, the parties have engaged in numerous meetings to discuss the various violations. The Association has discovered additional evidence supporting its claims. A trial was conducted in the mechanics' lien action involving Defendants' contractor in which Mr. Grande testified and the trial court in that action rendered Findings of Fact and Conclusions of Law. In short, there have been substantial developments since the first motion was filed.

In addition, at the November 14, 2007, status conference, Mr. Grande, who appeared pro se, declared to U.S. Magistrate Judge Barry M. Kurren that he intended to give in to all of the Association's demands and that he did not intend to defend this action. *See* Declaration of Lance S. Fujisaki. In response, Judge Kurren set this case for an early trial date and urged the Association's counsel to file motions for summary judgment as soon as possible to resolve the outstanding issues. Relying upon Mr. Grande's representations, the Association filed the Motion based upon the evidence and discovery conducted to date, which is sufficient for an award of summary judgment on the remaining claims. Defendants should be precluded under the doctrine of judicial estoppel from changing their position.

Finally, Defendants' argument concerning LR60.1 has no bearing on the Association's request for a permanent injunction compelling them to comply with the MSJ Order.

### B. THE PRELITIGATION REQUIREMENTS WERE NOT TRIGGERED

At pages 2 through 4 of the Memorandum in Opposition,[2] Defendants argue that the Association's claims are barred by the "pre-litigation requirements" of the Declaration. Defendants have not attached the section of the Declaration to their MIO; however, they cite to their Concise Statement filed June 8, 2006, at ¶ 1. Apparently, they are citing to Article IX, § 9.9 of the Declaration.

Precisely the same arguments were asserted in Defendants' Memorandum In Support of Counter-Motion for Summary Judgment at 6, and in their Reply Memorandum In Support of Counter-Motion for Summary Judgment filed June 21, 2006, at 12.

In response, the Association established that the procedures in § 9.9 are triggered by owners submitting a notice of completion of all framing and/or completion of all construction. *See* Association's Reply Memorandum filed June 15, 2006, at 13. Defendants have not provided this Court with any document or other evidence establishing that they gave the Association notice of completion of framing. Hence,

---

[2] The MIO does not include page numbers, however, for clarity, the Association has numbered the pages of the MIO as follows: Page 1 of the MIO is the page of the document following the flyleaf. The pages are numbered sequentially with page 12 containing the Defendants' signatures.

the procedures of § 9.9 were never triggered and simply do not apply. Moreover, Defendants never requested a hearing before the Board under § 9.9.3, and they suffered no prejudice as this case was placed on hold for approximately 12 months for settlement negotiations before U.S. Magistrate Judge Leslie E. Kobayashi before the first motion for summary judgment was filed, and for another year, from approximately November 2, 2006, through November 14, 2007, when this case was re-set for trial.

This Court rejected Defendants' § 9.9 argument by granting the Association partial summary judgment on the main issues of this case. The MSJ Order states, in part:

> As a last-ditch effort to justify their position, the Grandes assert that the CCRs [§ 9.9] required the Association to give them a noticed hearing before its Board, and to observe other procedural safeguards before suing, but failed to do so.

*See* MSJ Order at 17. This Court went on to grant the Association's MSJ in part. Defendants' argument under § 9.9 of the Declaration should be rejected based upon this Court's prior ruling. (Note that Defendants did not seek reconsideration of this issue in their Motion for Reconsideration of the MSJ Order filed August 1, 2006.)

Defendants cite the nearly 40 year old decision of the Colorado Supreme Court in Ruhe v. Cheyenne Homes, 449 P.2d 361, 363 (Colo. 1969), for support. However, that case *supports* enforcement of the governing documents as the Court observed, "We have recognized in Colorado that restrictive covenants placed on land for the benefit of purchasers within a subdivision are valid and not against public policy, and are enforceable in equity against all purchasers." *Id*. at 363. The Court affirmed an

injunction prohibiting the owner from constructing a dwelling which was not approved by the architectural control committee, explaining:

> It is no secret that housing today is developed by subdividers who, through the use of restrictive covenants, guarantee to the purchaser that his house will be protected against adjacent construction which will impair its value, and that a general plan of construction will be followed. Modern legal authority recognizes this reality and recognizes also that the approval of plans by an architectural control committee is one method by which guarantees of value and general plan of construction can be accomplished and maintained.

*Id*. at 362. The same comments may be made here.

### C. THE ASSOCIATION IS ENTITLED TO SUMMARY JUDGMENT AS TO ALL VIOLATIONS, INCLUDING THOSE WHICH HAVE BEEN CURED

Defendants argue that due to mootness, the Association is not entitled to summary judgment as to violations which have been cured. However, given that the Association is seeking reimbursement of its attorneys', architect's and expert fees and costs from Defendants, it is still relevant whether Defendants violated the governing documents, regardless of whether they later corrected the violations.

Before elaborating, it should be emphasized that the Association has prevailed on the disputed main issues in this case, namely the building envelope and setback encroachments. Thus, regardless of how this Court rules on the remaining issues in this case, the Association is the prevailing party and is entitled to an award of its fees and costs under the Declaration and § 421J-10, Hawai`i Revised Statutes.

In a similar case involving a Hawai`i community association, the Hawai`i Intermediate Court of Appeals ruled that a community association was entitled to an award of all of its reasonable fees and costs. Village Park Community Assn. v.

Nishimura, 108 Hawai`i 487, 122 P.3d 267 (2005). The association sought an injunction against the homeowners for 5 violations and prevailed on 1 violation and partially prevailed on 2 violations. The homeowner prevailed on 2 of the violations. Although the Association fully prevailed on only 1 of the violations, the ICA found that the association was the prevailing party because it prevailed on the main problem that led to the litigation. The ICA recognized that to be deemed the prevailing party, the association did not need to prevail on its entire case:

> As stated in Moore's Federal Practice, "[i]n general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. Although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party" for purposes of costs and attorneys' fees, 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323--54-324, (2d ed. 1992) (citations omitted).

Id. at 503, 122 P.3d 283. Based upon the above and the MSJ Order, the Association is the prevailing party in this case and is entitled to an award of its fees and costs, to be established by separate motion.[3]

---

[3]  The Association is entitled to recover its fees and costs under HRS § 421J-10 as well as § 12.2.1 of the Declaration which provides that the Association's costs of enforcement shall be paid by the owner who violates the governing documents:

> 12.2.1 <u>Right of Enforcement</u>: Except as otherwise provided herein, Declarant, the . . . Association, or any Owner or Owners shall have the right to enforce any and all of the limitations, covenants, conditions, restrictions, obligations, liens and charges now or hereafter imposed by this Declaration upon the Owners or upon any Lot in the Project, and the ***costs of enforcement, including court costs and attorneys' fees, shall be paid by any Owner who violates any such limitation, restriction, covenant or condition***, or fails to pay and satisfy when due any such lien or charge . . .

Although the Association is the prevailing party, it is nevertheless important that this Court rule on the remaining issues in this case, including violations which have been resolved. The Association should not be required to dismiss these claims as they are not moot, and Defendants may argue, as the homeowners unsuccessfully did in the <u>Village Park</u> case, that the failure to prevail on all claims somehow affects the Association's claim for reimbursement of fees and costs.

Under Count II of the Association's Complaint which requested an award of attorneys' fees and costs, *see* Exh. "FF," the Association is entitled to a ruling by this Court concerning Defendants' violations of the Governing Documents, including violations which have been cured as these claims are not moot. The Association urges this Court to enter summary judgment in its favor as to all violations.

D. **SUMMARY JUDGMENT SHOULD BE GRANTED AS DEFENDANTS HAVE FAILED IN THEIR BURDEN OF PROOF UNDER LOCAL RULE 56.1**

Defendants have failed to meet their burden under LR56.1(b) which provides:

> (b) Opposition Requirements. Any party who opposes the motion shall file and serve with his or her opposing papers a separate document containing a concise statement that:
>
> 1. Accepts the facts set forth in the moving party's concise statement; or
>
> 2. Sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

By failing to controvert by separate concise statement the material facts set forth

---

*See* Exhibit "EE."

7

in the Association's Concise Statement, Defendants have admitted the material facts of the Association's Concise Statement. LR56.1(g) provides:

> (g) Admission of Material Facts. For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

*See* Palmer v. City and County of Honolulu, Civil No. 06-00642 SOM/BMK, Civil No. 06-00643 SOM/BMK, 2008 WL 90004 (D. Hawai'i, January 9, 2008) (court granted summary judgment and held that party admitted facts by failing to dispute facts alleged in a concise statement).

The only paragraphs of Defendants' Concise Statement of Material Facts that address the substantive claims of the Association are ¶¶ 13 - 16, however, these statements fail to refute the Association's claims:

| | |
|---|---|
| ¶ 13 | This statement relates to the front setback violation for which summary judgment has already been granted. |
| ¶ 14 | This statement relates to the front setback violation for which summary judgment has already been granted. |
| ¶ 15 | This statement is completely false. The Association approved the color "Sedona Clay 2174-30" by letter dated October 10, 2007. *See* discussion below at 12. |
| ¶ 16 | This statement is an admission that Defendants have failed to construct the eyebrow roof over the garage opening as shown on the Approved Plans. |
| ¶ 17 | This statement is an admission that Defendants have failed to construct the arched garage opening as shown on the Approved Plans. |

This Court has in numerous decisions recognized the duty of nonmoving parties under LR56.1 to set forth specific facts showing there is no genuine issue for trial:

8

> Once the moving party has carried its burden under Rule 56, the ***nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings***. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir.2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). ***"[A]t least some 'significant probative evidence' "must be produced***. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

Haldeman ex rel. Haldeman v. Golden, Civil No. 05-00810 DAE-KSC, 2008 WL 515950 (D. Hawai'i, February 27, 2008).

Although Defendants are pro se, they should be held to comply with the requirements of LR56.1. (Moreover, the record reflects that Steven B. Jacobson, Esq., their former attorney, continues to represent them in Brandt Homes Inc. v. Anthony Charles Grande, et al., Circuit Court of the First Circuit, State of Hawai`i, Civil No. 05-1-2061-11 GJK. *See* Exh. "3" to MIO. Even after he withdrew as counsel, Mr. Jacobson continued to represent Defendants in this case in settlement negotiations.) Defendants were obviously aware of the requirements of a Concise Statement as they attached a Concise Statement to their MIO.

Based upon the above, Defendants should be deemed to have admitted facts set forth in the Association's Concise Statement and summary judgment should be granted.

9

  E. <u>DISCUSSION OF SPECIFIC VIOLATIONS</u>

    1. <u>Deviations From Approved Plans</u>

The threshold issue on summary judgment is whether the Dwelling matches the Approved Plans. Summary judgment may be granted regarding each element of the Dwelling which is different from the Approved Plans because, as discussed at 9-11 of the Memorandum in Support, owners are prohibited from constructing improvements without the prior approval of the ARC. Summary judgment may be granted without examining the violations any further. Thus, summary judgment should be granted as to the following deviations from the Approved Plans:

1. Bubble type skylights
2. Air conditioning equipment at the rear yard
3. Lattice work screening around air conditioning equipment
4. Two aluminum turbine-style roof exhaust vents
5. Sheet metal roof exhaust vent
6. Alterations within garage and deletion of enclosed storage space
7. Entry light fixtures on front entry column bases
8. Various deviations described at 20-21 of Memorandum in Support
9. Lack of concrete pad between the trash storage area and the driveway.

Defendants have not refuted that the above elements deviate from the Approved Plans. Indeed, their MIO expressly admits that they deviated from the Approved Plans with regard to the eyebrow roof over the garage and the arched corners of the garage opening. *See* MIO at 11-12.

As explained in the Memorandum in Support, several of the foregoing conditions also violate the Design Guidelines. However, as long as these conditions are or were different from the Approved Plans, summary judgment may be granted on that ground.

      2.    <u>Violations of Design Guidelines</u>

Summary judgment should be granted as to the frames of the two skylights, including flashing, which do not match the adjacent roof. This issue arose after this action was filed when Defendants replaced the bubble skylights.

   F.    <u>A PERMANENT INJUNCTION SHOULD BE ENTERED AGAINST DEFENDANTS</u>

Defendants have raised no bonafide objections to the granting of a permanent injunction. Defendants argue that they have no control over the Property. However, they continue to own the Property and they have failed to provide this Court with any evidence that a foreclosure action has been filed concerning the Property. Lack of financial resources is not a basis to delay entry of a permanent injunction, and they have not provided any evidence that they have filed for bankruptcy protection. Indeed, Defendants broached the topic of bankruptcy as early as November 14, 2007, before Judge Kurren.

   G.    <u>MISCELLANEOUS ARGUMENTS</u>

      1.    The allegations about the Association's "shifting remediation demands" is an extraneous issue which has no bearing on the Motion. This case was held in abeyance for approximately 2 years while the parties attempted to reach a settlement through court supervised negotiations. Defendants' allegations belie the fact that a

tentative settlement was reached in December 2006, and on March 21, 2007, Judge Kurren vacated the trial date noting settlement of this case. *See* Court Minutes dated March 21, 2007. The Association will address the handling of settlement negotiations in its motion for attorneys', expert's and architect's fees and costs.

2. Defendants also argue at page 10 of the MIO that the Association never agreed to a color for the skylight framing and sheet metal vent. This statement is not true. On October 9, 2007, Mr. Grande proposed Benjamin Moore "Sedona Clay 2174-30." *See* Declaration of Fujisaki. The Association approved the color "Sedona Clay 2174-30" by letter dated October 10, 2007. See Exh. "GG."

3. Defendants attach as Exhibit "1" to their MIO a January 11, 2008, letter to Merrill Lynch, copied to Lance Fujisaki, Esq. However, this letter was not sent to Lance Fujisaki and it has no relevance to the Motion. *See* Declaration of Fujisaki.

DATED:  Honolulu, Hawai`i, <u>March 10, 2008</u>.

                               <u>/s/ Lance S. Fujisaki</u>
                               JOYCE Y. NEELEY
                               LANCE S. FUJISAKI
                               SCOTT R. GRIGSBY
                               Attorneys for Plaintiff
                               NA PALI HAWEO COMMUNITY
                               ASSOCIATION