I hereby certify that this is a true copy from the records of the Bureau of Conveyances.

_____
Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

91-049173

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED

'91 APR 18 AM 9 34

S. FURUKAWA, REGISTRAR

LAND COURT — REGULAR SYSTEM

AFTER RECORDATION, RETURN BY MAIL (X)   PICK-UP ( )

BEDFORD PROPERTIES INC.
P. O. Box 25007
Honolulu, HI 96825
Attn: Amy Dal___

This instrument has been prepared for recordation by FOUNDERS TITLE & ESCROW OF HAWAII as an accommodation only. It has not been examined as to execution or as to its effect on the property described therein.

accom 91-167

LEASE NO. 28,681

NA PALI HAWEO

DECLARATION OF COVENANTS,

CONDITIONS AND RESTRICTIONS

Exhibit "EE"
Page 1 of 3

Notwithstanding the above, the percentage of votes necessary to amend a specific clause shall not be less than the prescribed percentage of affirmative votes required for action to be taken under that clause. To be effective, any amendment must be recorded in the Bureau of Conveyances of the State of Hawaii.

If an Owner consents to any amendment to this Declaration or the Bylaws, it will be conclusively presumed that such Owner has the authority so to consent, and no contrary provision in any mortgage or contract between the Owner and a third party will affect the validity of such amendment.

No amendment may remove, revoke, or modify any right or privilege of the Declarant without the written consent of the Declarant or the assignee of such right or privilege.

12.1.3 **Consent of Trustees**. So long as any Common Area, Lot or other property subject to the Declaration is owned in fee simple by the Trustees, any amendment to this Declaration shall require the prior written consent of the Trustees.

12.1.4 **Duration**: The provisions of this Declaration including the covenants, conditions and restrictions contained herein, shall continue and be effective for period of eighty (80) years from the date of recordation and shall be automatically extended for consecutive ten (10) year periods thereafter unless, at least one (1) year prior to: (i) the end of the eighty (80) year initial term, or (ii) the end of a ten (10) year extension term; a Supplemental Declaration is recorded giving notice of the termination of this Declaration at the end of such term, approved in writing by the Trustees (so long as any Common Area, Lot or other property subject to the Declaration is owned in fee simple by the Trustees), the Director of Land Utilization of the City and County of Honolulu, and the Association based on the written consent of not less than seventy-five percent (75%) of the total Class "A" votes in the Association, including seventy-five percent of the Class "A" votes held by Members other than the Declarant, and the consent of the Class "B" Member, so long as such membership exists.

12.2 **Enforcement and Nonwaiver**:

12.2.1 **Right of Enforcement**: Except as otherwise provided herein, Declarant, the Trustees (so long as any Common Area, Lot or other property subject to the Declaration is owned in fee simple by the Trustees), the Association, or any Owner or Owners shall have the right to enforce any and all of the limitations, covenants, conditions, restrictions, obligations, liens and charges now or hereafter imposed by this Declaration upon the Owners or upon any Lot in the Project, and the costs of enforcement, including court costs and attorneys' fees, shall be paid by any Owner who violates any such limitation, restriction, covenant or condition, or fails to pay and

satisfy when due any such lien or charge. Except as otherwise expressly provided herein, no entry upon the Lot of any Owner or other action to enforce any such limitation, restriction, covenant, condition, obligation, lien or charge may be made or taken without first giving not less than thirty (30) days' written notice and demand to the Owner concerned to cure or rectify the default or breach involved.

    12.2.2  **Violations and Unreasonable Sources of Annoyance**: Every act or omission whereby a covenant, condition or restriction of this Declaration is violated in whole or in part is hereby declared to be a nuisance and may be enjoined or abated, whether or not the relief sought is for negative or affirmative action, by Declarant, the Trustees (as to any Common Area or Lot owned in fee simple by the Trustees), the Association, or an Owner or Owners. However, any other provision to this Declaration notwithstanding, only Declarant, the Trustees (as to any Common Area or Lot owned in fee simple by the Trustees), the Board, or their respective duly authorized agents may enforce by self-help any covenant, condition or restriction herein set forth. Except to the extent otherwise expressly provided herein, any Owner or Owners shall have the right to enforce any and all limitations, restrictions, covenants, conditions and obligations now or hereafter imposed by this Declaration, provided, however, anything herein to the contrary notwithstanding, no Owner as such shall have any right to enter upon the Lot of any other Owner or to abate any unreasonable sources of annoyance or enforce any provision hereof against another Owner or the Association except by proper legal proceedings and authority of a court having jurisdiction.

    12.2.3  **Violation of Law**: Any violation of any state, municipal or local law, ordinance or regulation pertaining to the ownership, occupation or use of any Lot within the Project is hereby declared to be a violation of this Declaration and subject to any or all of the enforcement procedures herein set forth.

    12.2.4  **Remedies Cumulative**: Each remedy provided by this Declaration is cumulative and not exclusive.

    12.2.5  **Nonwaiver**: The failure to enforce the provisions of any covenant, condition or restriction contained in this Declaration shall not constitute a waiver of any right to enforce any such provisions or any other provisions thereof.

    12.3  **Condemnation of Common Area**: If at any time all or any portion of any Common Area, or any interest therein, be taken for any public or quasi-public use, under any statute, by right of eminent domain or by private purchase in lieu of eminent domain, the entire award in condemnation shall be paid to the holder or holders of the fee title to such area as their interests may appear. Any such award to the Association shall be deposited into the Operating Fund. No Owner shall be entitled to any portion of such award, and no Owner

Exhibit "EE"  
Page 3 of 3