NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

2004 JUN -1 PM 4: 11

JOYCE Y. NEELEY        (3134-0)
GISELA IGLESIAS        (4241-0)
LANCE S. FUJISAKI      (4224-0)

J. KUBO
CLERK

Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i 96813
Telephone: (808) 536-8177

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

C:\Docs\Na Pali Haweo\Grande\Complaint-dr2.wpd

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants. | CIVIL NO. 04-1-1008-06 (GWBC)<br>(Injunctive Relief)<br><br>COMPLAINT; SUMMONS |

### COMPLAINT

COMES NOW Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("Association"), by and through its attorneys NEELEY & ANDERSON LLP A Limited Liability Law Partnership, and for complaint against Defendants ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10 and alleges and avers as follows:

Exhibit "FF"
Page 1 of 3

27. Article XII, Section 12.2.1 of the Declaration provides that the Association may enforce any and all of the limitations, restrictions, covenants, conditions, and obligations imposed by the terms of the Declaration and that all costs of enforcement, including court costs and attorneys' fees shall be paid by the owner or owners who violated such limitations, restrictions, covenants, conditions, or obligations. Article VII, Section 7.3 of the Declaration provides that the Association may levy an assessment against owners whose violations of the Governing Documents result in monies being spent by the Association, including attorneys' fees and costs.

28. The Association is entitled to injunctive relief compelling Defendants to comply with the Governing Documents based on Articles VI, Sections 6.7.11 and 6.8.1 and XII, Section 12.2.1 of the Declaration and on the ground that these restrictive covenants embody established legal rights which are enforceable through the equitable relief afforded by an injunction.

29. Unless the aforesaid injunctive relief is granted, the Association shall be wrongfully deprived of the ability to enforce the provisions of the Declaration and will suffer irreparable harm and injury for which it will have no adequate remedy at law.

## COUNT II

30. The Association realleges and reasserts the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. As a result of Defendants' failure to comply with the provisions of the Governing Documents, the Association was forced to retain legal counsel and bring the present action seeking Defendants' compliance with the same.

32. Pursuant to Articles VI, Section 6.8.1 and XII, Section 12.2.1 of the Declaration, the Association is entitled to its costs, including attorneys' fees, incurred in connection with or relation to this action which sums shall be specially assessed against the Property and which, if unpaid, shall constitute a lien upon said Property.

33. Pursuant to Section 421J-10, Hawai`i Revised Statutes, the Association is entitled to its costs, including attorneys' fees, incurred in connection with or relation to this action.

34. Pursuant to Article VII, Section 7.3 of the Declaration, the Association is entitled to levy an assessment against Defendants as a direct result of their acts or failure or refusal to act or otherwise to comply with the Governing Documents, and for attorneys' fees and costs expended in enforcing the Governing Documents.

35. Under Article VII, Section 7.7.6 of the Declaration, if Defendants do not pay such assessment when due, Defendants shall be deemed in default and the amount of the assessment not paid, together with the amount of any subsequent default, plus interest at twelve per cent (12%), and costs, including reasonable attorneys' fees, shall be and become a lien upon the Property upon recordation by the Association of a notice of default.

36. Additionally, if the Association is required to retain the services of an expert, the Association is entitled to recovery of all experts' fees and costs.

WHEREFORE, the Association prays as follows:

A. That the process of this Honorable Court issue commanding Defendants to appear and answer the Complaint herein.

B. That the Court order such injunctive relief as may be proper including, but not limited to, an order compelling Defendants to (1) cease and desist from constructing improvements in violation of the Governing Documents; (2) submit to the ARC plans and specifications for any remedial work to be performed to bring the Dwelling into full compliance with the Governing Documents as well as plans and specifications reflecting the as-built condition of the Dwelling; and (3) upon approval of said plans and specification by the ARC, promptly complete remedial work on said Dwelling in accordance with said plans and specifications, including removal of any and all portions of the Dwelling which violate the Governing Documents, and promptly achieve final completion of all work.

C. That the Court award the Association all such damages and charges due to the Association as a result of Defendants' failure to comply with the Governing Documents.

D. For an award of costs and expenses, including, but not limited to, reasonable attorneys' fees and expert fees incurred by or on behalf of the Association in connection with this legal action and the enforcement of the Governing Documents.

DATED: Honolulu, Hawai`i, June 1, 2004.

JOYCE Y. NEELEY
GISELA IGLESIAS
LANCE S. FUJISAKI
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

Exhibit "FF"
Page 3 of 3