JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

October 10, 2007

**VIA E-MAIL;
FIRST CLASS MAIL**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

    Re:    **Na Pali Haweo Community Association v. Anthony Charles Grande, et al., Civil No. CV04-00413 DAE/LEK**

Dear Mr. Jacobson:

    While we are pleased that Mr. Grande's October 2, 2007, letter reflects certain concessions in resolving this case, this case has been in a protracted settlement mode for over two years. Although the Association has made every effort to resolve this case to avoid litigation, progress has been extremely slow and the Grandes have made numerous settlement proposals only to repudiate them after they were accepted by the Association. The Association cannot tolerate further delays or changes in position. If we are not able to make substantial progress by the deadlines set forth below, the Grandes will leave the Association with little choice but to litigate the remaining claims to final judgment. In that event, the legal fees and costs will increase dramatically.

    At the August 6, 2007, settlement conference, the parties were tasked with crafting a settlement agreement to resolve this case. At the conclusion of the settlement conference, U.S. Magistrate Judge Barry M. Kurren emphasized that he expected a written, enforceable settlement agreement in place within 30 days. That obviously had not occurred. (See discussion below.)

    Reaching an agreement on what needs to be fixed is only a part of the process. The Grandes have known for some time that they must retain an architect to prepare as-built and proposed plans for review by the ARC and retain a contractor to perform the remedial work. Please advise if the Grandes have made any progress in this regard and identify the architect and contractor by name. Furthermore, we have made numerous attempts to schedule a meeting to discuss resolution of remaining issues. However, there has been no interest by the Grandes in scheduling such a meeting.

    To facilitate resolution of this case, we will respond to the various questions raised in Mr. Grande's October 2, 2007, letter. As used below, the phrase "approved in concept" means that the proposed fix appears to be acceptable in concept, subject to the Grandes' submission of revised plans implementing the subject fix. Until the Grandes have submitted proposed plans implementing the proposed fix, the ARC cannot assess precisely whether the proposed fix will be acceptable. Before

Exhibit "GG"
Page 1 of 2

Steven B. Jacobson, Esq.
October 10, 2007
Page 2

the Grandes perform any further work on the property, they must first submit revised as-built and proposed plans to the ARC and obtain the written approval of the ARC to proceed with the work. They should also review our prior correspondence, including without limitation our July 6, 2007, letter concerning remedial work required to resolve outstanding violations.

### Responses to Questions Raised in October 2, 2007, Letter

1. We submitted the paint chips as requested. Please let me know if the ARC approved the color for (all) the roof vents or did they decide on a different color. (We will paint/repaint them all the same. Paint samples are also available in epoxy base for roof applications)

> The ARC approves the proposed color, Sedona Clay 2174-30.
>
> Please confirm that the paint will be used on the third roof vent (which is currently unpainted sheet metal) as well as the skylight frames and lead flashing.
>
> We have not received the manufacturer's brochure or similar product information for the skylights. Please provide this as soon as possible.

2. A stucco wall constructed around the air conditioner, with a wood door (painted the color of the stucco), on the side needed to access/service unit.

> Approved in concept. (Door must not be constructed of lattice or other prohibited materials.)
>
> We have not received the manufacturer's brochure or similar product information describing the noise level of the air conditioner. Please provide this as soon as possible.

3. Did they accept the brochures/product info we submitted on the roof vents?

> We have not received brochures/product information for roof vents. Please provide this as soon as possible.

4. We will construct a single cap over the 2 walls where the sliding garage gate is.

> Approved in concept.

5. We will put the front column light fixtures on the plans.

> Approved in concept.

6. We will cut the front wall down to 4.5 feet (including concrete cap)