IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation, </br></br> Plaintiff, </br></br> vs. </br></br> ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, </br></br> Defendants. </br></br> ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, </br></br> Counterclaim Plaintiffs, </br></br> vs. </br></br> NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25, </br></br> Counterclaim Defendants. | CIVIL NO. CV04-00413 DAE/BMK </br>(Injunctive Relief) </br></br> DECLARATION OF JAMES I. NISHIMOTO |

## DECLARATION OF JAMES I. NISHIMOTO

I, JAMES I. NISHIMOTO, hereby declare under penalty of law that the following is true and correct:

1. I am a licensed architect in the State of Hawaii and have been retained by the NA PALI HAWEO COMMUNITY ASSOCIATION ("NPH") as an expert witness in this matter. I make this Declaration based on my own personal knowledge and information.

2. I am a principal in the architectural firm Group 70 International Inc. and I have been a licensed architect in the State of Hawaii since 1980. My resume is attached as Exhibit "F," at 22-24, to NPH's Motion for Attorneys' Fees and Costs and Expert's Fees and Costs.

3. I was retained as an expert witness concerning this matter which relates to the property owned by Defendants ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE ("Grandes") situate at 1251 Kamehame Drive, Maunalua, Honolulu, Hawaii 96825 ("Property"), including the dwelling thereon ("Dwelling").

4. Attached as Exhibit "E" to NPH's Motion for Attorneys' Fees and Costs and Expert's Fees and Costs are Invoices 05-283, 05-393, 05-482, 05-573 and 05-644, which truly and accurately describe services rendered to NPH.

5. Invoice 05-283 reflects the following services: (1) site inspection of the Property on February 22, 2005, (2) review and analysis of plans, records and correspondence concerning the Property prior to and after the inspection, (3) review

1

and analysis of the governing documents of NPH, (4) review and analysis of the surveyor's report taken after the inspection, (5) second site inspection of the project on March 21, 2005, (6) preparation of my March 22, 2005, Report, and (7) attendance at a meeting of the Board of Directors of NPH and attendance at several meetings and numerous telephone conferences with attorneys Lance Fujisaki and John Zalewski.

6. Entries on Invoice 05-283 entitled "Architect (CU)" refer to services rendered by architect Craig Uyemura who assisted in the drafting of the Report, including the 14 attachments to the Report and site inspection on February 22, 2005, and March 21, 2005.

7. Invoice 05-393 reflects services rendered from April 9 through May 6, 2005, and includes services rendered in revising the Report and communications with counsel for NPH concerning the violations of the governing documents of NPH and correction of the violations.

8. Invoice 05-482 reflects services rendered by me and architect Craig Uyemura in preparation of schematic plans which are attached as Exhibit "L," page 9. I prepared the schematic plans as an example of how the building envelope encroachment of the Dwelling could be resolved by the Grandes.

9. Invoice 05-573 reflects administrative/clerical services rendered in this matter concerning handling of various documents concerning the Property.

10. Invoice 06-644 reflects services rendered in preparing my Disclosure of Expert Testimony Pursuant to Rule 26(a)(2) including Exhibits "A"-"L" dated June 12, 2006, which spanned 21 pages of text plus exhibits and described in detail my

anticipated trial testimony.

11. In connection with this report, I visited the Na Pali Haweo planned community a third time to observe the architectural features of the community, I met with counsel for NPH for more than 2 hours on June 8, 2006, approximately 2 hours on June 9, 2006, and for approximately 6 hours on June 12, 2006, to review the voluminous documents, correspondence, plans and governing documents of NPH and to develop, prepare and document my trial testimony on each issue in this case. In addition, I had numerous telephone conversations with counsel concerning the expert disclosure.

12. Invoice 06-644 also reflects services rendered in preparing an Affidavit in support of NPH's Motion for Summary Judgment filed April 12, 2006, which spanned 5 pages, a Declaration which was attached to NPH's Reply Memorandum filed June 15, 2006, which spanned 9 pages and 29 paragraphs, and review of plans submitted by the Grandes on April 19, 2006.

13. The services rendered by Group 70 were in this matter were reasonably and necessarily incurred.

14. The hourly rates charged by Group 70 and reflected on the Invoices are the customary rates charged for similar matters.

15. The fees and costs described in the Invoices have been fully paid.

DATED: Honolulu, Hawaii, April 11, 2008.

_____
JAMES I. NISHIMOTO

3