IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>    Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs,<br><br>    vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25,<br><br>    Counterclaim Defendants. | CIVIL NO. CV04-00413 DAE/BMK (Injunctive Relief)<br><br>DECLARATION OF LANCE S. FUJISAKI |

## DECLARATION OF LANCE S. FUJISAKI

I, LANCE S. FUJISAKI, hereby declare under penalty of law that the following is true and correct:

1.    I am an attorney for Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("NPH") regarding the above matter and a partner in the law firm of Neeley & Anderson LLP A Limited Liability Law Partnership ("N&A") and I make this affidavit based on my own personal knowledge and information.

2.    N&A represents numerous planned community associations in the State of Hawaii. This firm has significant experience in representing planned community associations in matters involving the enforcement of restrictive covenants and its lawyers are skilled in this area of law.

3.    N&A has a good reputation in the community and is known as a provider of competent legal services to planned community associations in Hawai`i.

4.    During N&A's representation of NPH concerning this matter, the hourly rates for the attorneys in this firm ranged from $185 to $205 per hour for partners and $150 to $180 per hour for associates. This is consistent with the hourly rates for other attorneys in the same locality, if not lower.

5.    N&A has represented NPH since 1990 and NPH consented to the fee arrangement with N&A.

6.    The legal services provided to NPH in this action were required in order to adequately protect the interests of NPH and enforce NPH's governing documents.

7.    The hourly rates billed in this case, which are N&A's customary rates, are truly and correctly summarized in Exhibit "D," attached to NPH's Motion For Award of Attorneys' Fees And Costs and Expert's Fees and Costs ("Motion"). Included in the summary are the number of years each attorney has been admitted to

practice law in Hawai`i as well as other states and the amount of fees incurred by each attorney.

8.    Exhibit "D" also contains a summary which truly and correctly reflects the fees and costs which were invoiced to NPH but which are not being requested in this Motion, or which were not charged to NPH. *See* fees under Category I.

9.    Attached to the Motion as Exhibit "J" is a true and correct copy of all billing invoices sent to NPH by the law firm of Neeley & Anderson LLP A Limited Liability Law Partnership, for services rendered through January 2008. Fees and costs for the months of February, March and April 2008 have not yet been billed to NPH but will be billed in due course.

10.    Attached to the Motion as Exhibit "B" is a true and correct itemization of work performed by N&A per LR54.3(d)1, including without limitation services rendered in February, March and April 2008.

11.    Services shown as "n/c" or "No Charge" have not been charged to NPH as a courtesy in order to reduce the financial hardship from this lengthy case.

12.    The copies of the invoices attached as Exhibit "J" and summaries attached as Exhibit "B" have been redacted to delete information for the purpose of preserving the attorney-client privilege and work product privilege. Unredacted copies of the invoices will be made available for review by the Court *in camera* if requested.

13.    I have reviewed and approved the time and charges described in Exhibits "B" and "J" and the hereby attest that the time and charges set forth in said Exhibits were reasonable and necessary under the circumstances.

14.    Included in Exhibit "B," under Category I, is a statement identifying all adjustments made in the course of exercising "billing judgment"; some of the services

described were not billed to NPH while other services were billed to NPH but are not being requested for various reasons.

15.     Charges for Westlaw research shown on the invoices have been deducted from the amounts requested.  In addition, counsel have provided services worth over $30,000 to NPH in this case at "No Charge," or have discounted invoices.

16.     The fees sought by NPH are reasonable in light of the criteria in Rule 1.5 of the Hawai`i Rules of Professional Conduct.

17.     The factual and legal issues required the skill of a law firm experienced in community association law.

18.     The representation of NPH in this matter by Neeley & Anderson (which is a small firm, currently consisting of 6 attorneys) precluded other employment during the hours spent on this matter.

19.     In addition to the above work, NPH seeks reimbursement of fees for communications between NPH and its counsel which were reasonably necessary to facilitate the rendition of legal services in this matter.

20.     In addition to the amounts requested in NPH's Motion, it is anticipated that additional legal fees and costs may be incurred to review and respond to an opposing memorandum if any.  NPH reserves the right to seek additional legal fees and costs in responding to any opposition, in an amount which will be set forth in its Reply Memorandum.

21.     Attached to the Motion as Exhibit "C" is a true and correct itemized listing of all costs necessarily incurred in this matter and allowable by law along with expert's fees and costs. The total costs which NPH seeks from Defendants and the total expert's fees and costs NPH seeks from Defendants are as follows:

| | |
|---|---|
| Taxable and Non-Taxable Costs | $6,829.41 |
| Taxes on Costs (@ 4.166%) | $195.40 |
| Taxes on Costs (@ 4.712%) | $59.56 |
| Expert's Fees and Costs - James I. Nishimoto, AIA | $6,579.92 |
| Expert's Fees - Ronald K. Awa, AIA | $8,899.64 |
| Expert's Fees - Mike Miyabara | $692.50 |
| Expert's Fees and Costs - Lance Stevens | $1,916.50 |
| **Total** | $25,172.93 |

(NPH is seeking 50% of the fees of Messrs. Nishimoto and Stevens as the expenses were shared with NPH's insurer. Declarant understands that the insurer will not seek reimbursement of fees and costs from Defendants.)

22.    In house photocopies were charged at 20 cents per page, however, Exhibit C shows a reduced rate of 15 cents per page per LR54.2(f)4 and a total of 12,233 copies made.

23.    The photocopy charges are reasonable in light of the Court docket which shows 217 documents filed spanning approximately 2,508 pages, the documents fill 177 files, NPH has 9 files of correspondence, and 484 documents were produced by Defendants in this case.

24.    Attached to the Motion as Exhibits "L," "M," "N" and "O" are true and correct copies of selected correspondence between N&A and Defendants and/or counsel for Defendants and/or their architect which illustrate the scope and extent of services provided by N&A in its representation of NPH.

25.    Hundreds of e-mail were exchanged between counsel for NPH and Defendants and/or their counsel. In addition, N&A exchanged nearly 1,000 e-mail with its client, co-counsel and the Court and drafted 10 letters to the Board which are privileged communications and not part of the record, although such communications

were reasonably and necessarily prepared in connection with this case and to enforce the governing documents.

26.     Attached to the Motion as Exhibit "P" is a true and correct copy of this Court's Minutes dated December 13, 2005.

27.     Attached to the Motion as Exhibit "Q" is a true and correct copy of a settlement agreement signed by the parties on September 30, 2005.

28.     Attached to the Motion as Exhibit "R" is a copy of the House Standing Committee Report No. 980, 1997 House Journal, at 1480-81.

29.     Attached to the Motion as Exhibit "S" is a true and correct list of motions filed in this action.

30.     Attached as Exhibit "U" are true and correct copies of the following documents:

    a.    Page 1: Check for the filing fee paid to the Circuit Court of the First Circuit, State of Hawai`i.

    b.    Page 2: Receipt from the Bureau of Conveyance for recordation of a Notice of Default and Lien.

    c.    Page 3: Receipt for fees paid to the City and County of Honolulu for copies of building plans of Defendants' dwelling.

    d.    Page 4-6: Receipts for service of the Complaint.

    e.    Page 7: Invoice from Court Report June Spohn for costs to prepare the transcript of trial testimony of Mr. Grande, which transcript was used in the Motion for Summary Judgment and Permanent Injunction filed January 25, 2008. NPH is seeking reimbursement of 50% of the costs

    f.    Page 8: Invoice from Court Report Ralph Rosenberg for records subpoenaed from the City.

    g.    Page 9-17: Invoices from HonBlue for various oversize copies of plans of the property and/or proposed plans.

    h.    Page 18-35: Invoices from Professional Image copy company for digital color copies, oversize copies of plans and copies of documents produced in this case.

i.     Page 36-37: Invoice from Reinwald O'Connor & Playdon LLP for copies of documents produced by Defendants' contractor.

j.     Page 38-41: Receipts for fees paid to the City and County of Honolulu for certified copies of building plans of Defendants' dwelling.

k.     Page 42: Invoice for Litigation Guarantee (Title Report) concerning Defendants' property.

l.     Page 43: Invoice for copies of DCC&R for MSJ.

m.     Page 44: Invoice for updated Title Report from Title Guaranty of Hawaii.

n.     Page 45: Invoice for copies of DCC&R for MSJ.

o.     Page 46: Invoice for copies of Defendants' deed.

31.     Outside copying charges were incurred for copying oversize plans (performed by Honblue) including the original plans dated October 2000, plans revised August 2003, plans revised October 2003, plans revised November 2003, plans revised January 2004, plans approved by the City, plans used by the contractor, and at least 4 sets of plans submitted during the litigation.

32.     Copy charges were also incurred for documents produced by the City and County of Honolulu and Defendants' contractor. Additional charges were incurred for color copies of photographs and to respond to Defendants' request for production of documents.

33.     Via e-mail sent to Defendants on April 3, 2008, a true and accurate copy of which is attached as Exhibit "V," Affiant attempted to meet and confer to resolve any disputes about the claimed costs, however, Defendants have failed to respond.

34.     Attached to NPH's Motion as Exhibits "F" and "T" are true and accurate excerpts of the expert disclosures of James I. Nishimoto, AIA, and Lance Stevens pursuant to Rule 26(a)(2).

35.     By order entered September 25, 2006, this Court awarded NPH

$3,642.42 in attorneys' fees and costs. Defendants have failed to pay this amount to NPH. N&A is not seeking reimbursement of any of the fees and costs requested in the affidavit filed October 8, 2004. However, as Defendants have not paid NPH the $3,642.42 previously awarded, NPH requests that this Court reflect in the order granting the Motion that the previous award has not been paid and direct Defendants to pay the same.

DATED: Honolulu, Hawaii, April 11, 2008.

LANCE S. FUJISAKI