I hereby certify that this is a true copy from the records of the Bureau of Conveyances.

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii

91-049173

STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED

'91 APR 18 AM 9 34

S. FURUKAWA, REGISTRAR

---

LAND COURT                    REGULAR SYSTEM
AFTER RECORDATION, RETURN BY MAIL (X)   PICK-UP ( )

BEDFORD PROPERTIES INC.
P.O. Box 25007
Honolulu, HI 96825
Attn: Amy Dalby

Accom 91-167

---

LEASE NO. 28,681

NA PALI HAWEO

DECLARATION OF COVENANTS,
CONDITIONS AND RESTRICTIONS

**EXHIBIT "A"**
**Page 1 of 8**

6.7.11 <u>Enforcement of Declaration and Rules</u>: The Association shall have the duty to take such other action, whether or not expressly authorized by this Declaration, including the hiring of legal counsel and undertaking legal action, as may be reasonably necessary to enforce the covenants, conditions and restrictions contained herein, the Rules and the Architectural Committee Rules.

6.7.12 <u>Accounting Statements</u>: The Board shall prepare and distribute the following financial statements and reports as follows:

(i) A balance sheet rendered as of an accounting date that is the last day of the month closest in time to six (6) months from the date of the incorporation of the Association, and an operating statement for such period. The operating statement for said period shall include a schedule of assessments received or receivable itemized by Lot number and name of the assessed person and entity. Thereafter, the Association shall prepare a balance sheet and operating statement as of the last day of the Association's fiscal year.

(ii) A pro forma operating budget for each fiscal year consisting of (i) estimated revenue and expenses on an accrual basis, (ii) amount of cash reserves currently available for replacement or major repair of Common Area facilities and for contingencies, and (iii) an itemized estimate of the remaining life of the major components of the Common Area for which the Association is responsible, a description of the methods of funding used to defray the costs of future repairs, replacements or additions to such components, and a general statement of the procedures used by the Board in calculating and establishing reserves to defray such costs. The budget shall be prepared consistently with the prior fiscal year's pro forma operating budget, and shall include adequate reserves for contingencies and for maintenance, repairs and replacement of the Common Area improvements and other Association owned or maintained improvements or personal property.

(iii) An annual report consisting of a balance sheet rendered as of the last day of the fiscal year, an operating statement for the fiscal year, and a statement of changes in financial position for the fiscal year.

6.7.13 <u>Other</u>: The Association shall carry out the duties of the Association as set forth in other sections of this Declaration, the Articles and the Bylaws.

6.8 <u>Powers and Authority of the Association</u>: The Association shall have all of the powers of a nonprofit corporation organized under the laws of the State of Hawaii in operating for the benefit of its Members, subject only to such limitations upon the exercise of such powers as are expressly set forth in the Articles, the Bylaws and this Declaration. It shall have the power to do any and all lawful


**EXHIBIT "A"
Page 2 of 8**

things which may be authorized, required or permitted to be done under and by virtue of said restrictions, and to do and perform any and all acts which may be necessary or proper for or incidental to the exercise of any of the express powers of the Association for the peace, health, comfort, safety or general welfare of the Owners. Without in any way limiting the generality of the foregoing, the Association and the Board shall have the following powers and authority.

    6.8.1 <u>Right of Entry and Enforcement</u>: The Board and its agents and representatives shall have the power and right at any time and from time to time and without liability to any Owner or Owners for trespass, damage or otherwise, to enter upon any Lot in the Residential Area to (i) inspect such Lot and any Improvements for the purpose of ascertaining whether the Declarations or Rules are being complied with, (ii) enforce any of the provisions of this Declaration, or (iii) to maintain and repair the Improvements located on said Lot either as provided in this Declaration or if for any reason whatsoever the Owner thereof fails to maintain or repair any portion of a Lot as required by this Declaration. No such entry shall be made until the Board gives the Owner of the Lot a minimum of forty-eight (48) hours (emergencies excepted) written notice and an opportunity for a hearing before the Board regarding any alleged failure to so maintain and repair. In addition to any other enforcement rights described in this Declaration and the Bylaws, or authorized by law and subject to any restrictions on the Association's enforcement rights, including any due process requirements, imposed by this Declaration, the Bylaws, or by law, the Association may take any of the following actions against any person or entity whose act or failure to act violates or threatens to violate any provision of this Declaration, the Bylaws, the Rules, or the Architectural Committee Rules: (i) suspend voting rights in the Association, (ii) suspend use privileges for the Common Area, (iii) commence and maintain actions and suits for damages and/or to restrain and enjoin any breach or threatened breach, and to enforce, by mandatory injunction or otherwise. The determination of whether to impose any of the foregoing sanctions shall be within the sole discretion of the Association. Any legal action may be brought in the name of the Association on its own behalf and or on behalf of any Owner or Owners who consent, and <u>the prevailing party in any such action shall be entitled to recover costs and reasonable attorneys' fees</u>. The Association may take more than one of the foregoing enforcement actions against any one violation or threatened violation. The Association, in its sole discretion, may resolve or settle any dispute, including any legal action, under such terms and conditions as it considers appropriate. The Association may not cause a forfeiture or abridgment of an Owner's right to the full use and enjoyment of his or her Lot except by judgment of a court or a decision arising out of arbitration or on account of a foreclosure or conveyance in lieu of foreclosure for failure of the Owner to pay assessments duly levied by the Association.

c:\bedford\napali\ccr.5
April 8, 1991

31



  6.8.10 <u>Delegation</u>:  The Board may delegate such powers to any such committees, officers or employees as it deems necessary and proper, except as otherwise expressly provided herein.

 6.9 <u>Project Rules</u>:

  6.9.1 <u>Rulemaking Power</u>:  Subject to the provisions of this Declaration, the Board may from time to time propose, enact, amend and repeal the Rules.  The Rules may concern, but need not be limited to, matters pertaining to use and operation of the Common Area and Improvements thereon.  The Rules may additionally concern matters as to activities undertaken on the exterior areas of Lots, including signs; collection and disposal of refuse; minimum standards of maintenance of property; parking and traffic restrictions; standards and limitations on maintenance of landscaping or other Improvements on any property which obstruct the vision of motorists or which create a hazard for vehicular or pedestrian traffic; and any other subject or matter within the jurisdiction of the Association as provided in this Declaration; provided, however, that any Rule which does not relate to the use and operation of the Common Area and Improvements thereon shall become effective only after approval by Lot Owners representing fifty-one percent (51%) of the Members entitled to vote in the Association at a meeting duly called for that purpose or by the written consent of said number of Lot Owners appended to a copy of the Rule.  No Rule shall directly restrict or abridge the right of an Owner to sell or lease his Lot.  The Rules may restrict and govern the use of the Common Area and Improvements thereon by any Member, by the family of such Member, or by any guests, tenants or lessees of such Member; provided, however, that there shall be no distinction or discrimination in the Rules between tenants or lessees of Members occupying Residences and Owners who occupy Residences.

  6.9.2 <u>Distribution of Rules</u>:  A copy of the Rules as they may from time to time be adopted, amended or repealed, shall be filed in and available at all times at the office of the Association or with the Secretary of the Association and copies thereof shall be mailed or otherwise delivered to each Member.  Where the provisions of this Declaration and any Rule adopted by the Association are in conflict, the provisions of this Declaration shall be deemed to prevail.  Failure to deliver to any Owner a copy of any Rule, amendment of a Rule, or notice of repeal of a Rule shall not render such Rule, amendment or repeal invalid.

  6.9.3 <u>Amendment of Rules</u>:  Any Rules adopted by the Board may be amended from time to time by the Board by majority vote thereof; provided, however, that any vote which requires a fifty-one percent (51%) vote of the Members entitled to vote shall require the same percentage vote for the amendment thereof.  Amendments to the Rules shall be distributed to the Owners either by mail or by personal delivery.  Any duly adopted amendment to the Rules shall become effective thirty (30) days from the date of adoption thereof by the

Board, and ratification thereof by the Members, if so required, or at such later date as the Board may deem appropriate upon its adoption of said amendment to the Rules.

6.10 <u>Breach of Rules or Regulations</u>: In the event of a breach of any Rule, or of any of the restrictions contained in this Declaration, the Articles or the Bylaws, by a Lot Owner, his family, guests, employees, invitees, licensees or tenants, the Board, for and on behalf of all other Lot Owners, shall enforce the obligations of each Owner to obey the Rules or restrictions in any manner provided by law or in equity, including but not limited to appropriate hiring of legal counsel, the pursuing of legal action, suspension of the Owner's right to use the Common Area Improvements of the Project or suspension of the Owner's voting rights for as long as such violation shall continue. In addition to the other remedies herein set forth, the Board, by majority vote, may levy a fine against such Owner, after appropriate notice and hearing as herein provided, which fine may be assessed on a continuing basis for each day that such violation shall continue. The payment of such fine may be enforced in the same manner as set forth in Section 7.6 hereof. Prior to imposing any penalty provided herein for breach of any Rules enacted hereunder or restrictions contained in this Declaration, the Board shall send written notice to the Lot Owner specifying the nature of the infraction and provide an opportunity to the Lot Owner to a hearing before the Board regarding such infraction and the penalty to be imposed. In the event that the Board determines that said infraction has occurred and that a penalty shall be imposed, after a reasonable opportunity for a hearing has been provided, the determination of the Board shall be final. <u>In the event legal counsel is retained or legal action is instituted by the Board pursuant to this Section, any settlement prior to judgment or any judgment rendered in any such action shall include costs of collection, court costs and reasonable attorneys' fees.</u>

6.11 <u>Liability and Indemnity of the Board of Directors</u>: The members of the Board shall not be personally liable to any of the Members or to any other person, including Declarant and the Trustees, for any mistake of judgment or otherwise except for their own gross negligence or willful misconduct. The Association shall indemnify each Director of the Association against all costs, expenses and liabilities, including the amount of judgments, amounts paid in compromise settlements and amounts paid for services of counsel and other related expenses which may be incurred by or imposed on such Director in connection with any claim, action, suit, proceeding, investigation or inquiry hereafter made, instituted, or threatened, in which such Director may be involved as a party or otherwise by reason of his being or having been a Director, or by reason of any action taken or authorized or approved by him or any omission to act as Director, whether or not he continues to be a Director at the time of the incurring or imposition of such costs, expenses or liabilities, except such costs, expenses or liabilities as shall relate to matters

c:\bedford\napali\ccr.5
April 8, 1991
35

twelve percent (12%) per annum until paid, but the Board may, in its discretion, waive interest in any particular instance. If any suit or action is brought to collect any such charge, there shall be added to the amount thereof costs of suit and reasonable attorneys' fees to be fixed by the court and included in any judgment in any such suit or action.

    7.2.3 <u>Neighborhood Assessments</u>: It shall be the duty of the Board, at least sixty (60) days before the beginning of each fiscal year, to prepare a separate budget covering the estimated Neighborhood Expenses, if any, which are expected to be incurred by the Association on behalf of each Neighborhood during the coming year. The Board shall be entitled to set such budget only to the extent that this Declaration or the Bylaws specifically authorizes the Board to assess certain costs, such as the cost of maintaining Exclusive Common Areas, as a Neighborhood Assessment. Any Neighborhood may require that additional services or a higher level of services be provided by the Association, and in such case, any additional costs shall be added to such budget. Such budget may include a capital contribution establishing a reserve fund for repair and replacement of capital items within the Neighborhood, as appropriate. Neighborhood Expenses shall be allocated equally among all Lots within the Neighborhood benefitted thereby and levied as a Neighborhood Assessment.

    7.3 <u>Reimbursement Assessment</u>: The Board shall levy an assessment against any Owner whose failure to comply with this Declaration, the Rules or the Architectural Committee Rules results in monies being expended by the Association from the Operating Fund in performing its functions under this Declaration. Such assessments shall be for the purpose of reimbursing the Association, shall be limited to the amount so expended and the fine assessed, if any, and both shall be due and payable to the Association when levied. Monies so expended shall include, <u>without limitation, engineers', architects', attorneys', and accountants' fees when reasonably incurred by the Association</u>.

    7.4 <u>Capital Improvement Fund</u>: The Board shall maintain a Capital Improvement Fund, into which it shall deposit all monies paid to it as capital improvement assessments. Said funds shall be deemed to be contributions to the capital account of the Association by the Members and shall be so reflected on its books.

    The Board shall make disbursements from said Capital Improvement Fund as required in the performance of the functions for which the capital improvement assessments are levied.

    7.5  <u>Capital Improvement Assessment</u>:

    7.5.1 Upon approval of a proposed capital improvement and the estimated total cost thereof, pursuant to Subsection 8.1.3, by two-thirds (2/3) of the total Class "A" votes in the Association and by the Class "B" Member, if such exists, such estimated total cost

Notwithstanding the above, the percentage of votes necessary to amend a specific clause shall not be less than the prescribed percentage of affirmative votes required for action to be taken under that clause. To be effective, any amendment must be recorded in the Bureau of Conveyances of the State of Hawaii.

If an Owner consents to any amendment to this Declaration or the Bylaws, it will be conclusively presumed that such Owner has the authority so to consent, and no contrary provision in any mortgage or contract between the Owner and a third party will affect the validity of such amendment.

No amendment may remove, revoke, or modify any right or privilege of the Declarant without the written consent of the Declarant or the assignee of such right or privilege.

12.1.3 <u>Consent of Trustees</u>. So long as any Common Area, Lot or other property subject to the Declaration is owned in fee simple by the Trustees, any amendment to this Declaration shall require the prior written consent of the Trustees.

12.1.4 <u>Duration</u>: The provisions of this Declaration including the covenants, conditions and restrictions contained herein, shall continue and be effective for period of eighty (80) years from the date of recordation and shall be automatically extended for consecutive ten (10) year periods thereafter unless, at least one (1) year prior to: (i) the end of the eighty (80) year initial term, or (ii) the end of a ten (10) year extension term; a Supplemental Declaration is recorded giving notice of the termination of this Declaration at the end of such term, approved in writing by the Trustees (so long as any Common Area, Lot or other property subject to the Declaration is owned in fee simple by the Trustees), the Director of Land Utilization of the City and County of Honolulu, and the Association based on the written consent of not less than seventy-five percent (75%) of the total Class "A" votes in the Association, including seventy-five percent of the Class "A" votes held by Members other than the Declarant, and the consent of the Class "B" Member, so long as such membership exists.

12.2 <u>Enforcement and Nonwaiver</u>:

12.2.1 <u>Right of Enforcement</u>: Except as otherwise provided herein, Declarant, the Trustees (so long as any Common Area, Lot or other property subject to the Declaration is owned in fee simple by the Trustees), the Association, or any Owner or Owners shall have the right to enforce any and all of the limitations, covenants, conditions, restrictions, obligations, liens and charges now or hereafter imposed by this Declaration upon the Owners or upon any Lot in the Project, and the costs of enforcement, including court costs and attorneys' fees, shall be paid by any Owner who violates any such limitation, restriction, covenant or condition, or fails to pay and

**EXHIBIT "A"
Page 7 of 8**

satisfy when due any such lien or charge. Except as otherwise expressly provided herein, no entry upon the Lot of any Owner or other action to enforce any such limitation, restriction, covenant, condition, obligation, lien or charge may be made or taken without first giving not less than thirty (30) days' written notice and demand to the Owner concerned to cure or rectify the default or breach involved.

12.2.2 **Violations and Unreasonable Sources of Annoyance**: Every act or omission whereby a covenant, condition or restriction of this Declaration is violated in whole or in part is hereby declared to be a nuisance and may be enjoined or abated, whether or not the relief sought is for negative or affirmative action, by Declarant, the Trustees (as to any Common Area or Lot owned in fee simple by the Trustees), the Association, or an Owner or Owners. However, any other provision to this Declaration notwithstanding, only Declarant, the Trustees (as to any Common Area or Lot owned in fee simple by the Trustees), the Board, or their respective duly authorized agents may enforce by self-help any covenant, condition or restriction herein set forth. Except to the extent otherwise expressly provided herein, any Owner or Owners shall have the right to enforce any and all limitations, restrictions, covenants, conditions and obligations now or hereafter imposed by this Declaration, provided, however, anything herein to the contrary notwithstanding, no Owner as such shall have any right to enter upon the Lot of any other Owner or to abate any unreasonable sources of annoyance or enforce any provision hereof against another Owner or the Association except by proper legal proceedings and authority of a court having jurisdiction.

12.2.3 **Violation of Law**: Any violation of any state, municipal or local law, ordinance or regulation pertaining to the ownership, occupation or use of any Lot within the Project is hereby declared to be a violation of this Declaration and subject to any or all of the enforcement procedures herein set forth.

12.2.4 **Remedies Cumulative**: Each remedy provided by this Declaration is cumulative and not exclusive.

12.2.5 **Nonwaiver**: The failure to enforce the provisions of any covenant, condition or restriction contained in this Declaration shall not constitute a waiver of any right to enforce any such provisions or any other provisions thereof.

12.3 **Condemnation of Common Area**: If at any time all or any portion of any Common Area, or any interest therein, be taken for any public or quasi-public use, under any statute, by right of eminent domain or by private purchase in lieu of eminent domain, the entire award in condemnation shall be paid to the holder or holders of the fee title to such area as their interests may appear. Any such award to the Association shall be deposited into the Operating Fund. No Owner shall be entitled to any portion of such award, and no Owner