

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@verizon.net> |
| **Cc:** | "John Zalewski" <jdz@casebigelow.com> |
| **Sent:** | Friday, April 01, 2005 2:13 PM |
| **Attach:** | List of Violations-Rev-p1-2.pdf |
| **Subject:** | NPH/Grande |

4/1/05

Dear Steve:

Attached is the revised listing of violations. Minor modifications have been made to Items 8 and 10 for clarification. The remainder of the list is unchanged. As the attachments have not been modified, I am not re-sending the attachments.

As I explained via telephone, if you have any questions about the violations, please do not hesitate to contact us. If you would like to meet to discuss these points, we are available before April 8 or after April 25.

Finally, this confirms our telephone conversation on March 31, 2005, in which you authorized me to provide Cid Inouye with a copy of the plans approved by the ARC. The plans were delivered to him today.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "L"
# Page 1 of 39

4/3/2008





Listing Of Violations – Grande Residence
01 April 2005

Na Pali Haweo Community Association v. Grande, et al
CV 04-00413 DAE LEK (U.S. District Court)

Note: The following are violations of the Na Pali Haweo Community Association Design Guidelines and/or the approved drawings submitted as part of the Design Review Submittal Process.

1. Building encroachment of 3-1/2 inches into the required twenty feet front setback at left building appendage. (Reference Site Survey plan drawing, Attachment No. 1)

2. Building encroachment within a front setback building envelope for a setback of one foot for every two feet of additional height over twenty feet. (Reference elevation drawing, Attachment No. 2)

3. Two skylights on the north roof slope are bubble type with white frost, plastic lens, and natural aluminum curbs. (Reference photograph, Attachment No. 3)

4. Air conditioning equipment is exposed at the rear yard, with no fence or earth embankment screening. (Reference photograph, Attachment No. 4)

5. Roof exhaust vents (two) are natural aluminum finish instead of a color matching the roof material and are visible from the street. (Reference photographs, Attachment No. 3)

6. Sliding garage gate is missing leaving a double wall receptor exposed. (Reference photograph, Attachment No. 5)

7. Front entry light fixtures on the entry column bases have exposed bulbs. (Reference photograph, Attachment No. 6)

8. Portions of the garden wall at the front property line exceed the height indicated on the approved drawings and as permitted by the Design Guidelines. (Reference photographs and Site Survey drawing, Attachment No. 7)

9. Exterior fenestrations have been modified from the approved/submitted drawings:

   a. Front Elevation (Reference photograph & submitted drawing, Attachment No. 8):

      1) Roof eyebrow above the garage is missing.
      2) Garage wall opening is squared-off at the top corners vs. an arch.
      3) The arched clerestory window above the entry door has been deleted and substituted with a decorative window.
      4) The windows at the living room are lower than the submitted drawings.

**EXHIBIT "L"
Page 2 of 39**



Listing of Violations - Grande Residence
01 April 2005
Page 2 of 2

    5) Planters indicated on the submitted drawings located on the side of the front entry balcony are missing. Further, the locations of the adjacent metal railings are inconsistent between elevation and plan.

    6) The roof over the entry and the roof over the master bedroom are not separate and distinct elements as shown in the submitted drawings.

b. Right (South) Elevation (Reference photograph & submitted drawing, Attachment No. 9 & 11):

    1) The back corner has been moved out to align with the living room exterior wall causing a change in the building square footage. This resultant plan change has also affected the roofline, resulting in a higher ridgeline and a less variegated elevation.
    2) Windows at the back corner are smaller than the submitted drawings.
    3) The windows at the living room are lower than the submitted drawings.
    4) The decorative panel indicated on the submitted drawings has been deleted.

c. Left (North) Elevation (Reference photograph & submitted drawing, Attachment No. 10):

    1) Exterior windows at the second floor Master Bedroom have been revised.
    2) The metal railing at the balcony corner has been deleted and a solid railing wall constructed in place.

10. The enclosed storage space within the garage, as required by the Design Guidelines and as indicated on the approved drawings, is not provided. (Reference photographs and submitted drawing, Attachment No. 12 & 13)

11. The concrete pad at the trash area as noted in the approved submitted drawings is missing as noted by landscape architect Mike Miyabara. (Reference plan, Attachment No. 14)

Submitted by:

James I. Nishimoto, AIA
President/Chief Operating Officer

Enclosure: Attachments No. 1 - 14

**EXHIBIT "L"**
**Page 3 of 39**

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steven B. Jacobson" <sjacobson.law@verizon.net>
**Cc:** "John Zalewski" <jdz@casebigelow.com>
**Sent:** Wednesday, April 06, 2005 6:21 PM
**Subject:** Fw: Grande/AOAO

4/6/05

Steve:

Our understanding is that the Grandes' response was due on April 5, 2005. The Association does not waive its objections to the late submission of the Grandes' response. It has already been prejudiced by the delay. Nevertheless, as I will be on vacation for 2 weeks beginning Friday, it is imperative that we obtain your response by 12:00 p.m. Thursday afternoon. If we do not receive it by that time, we will request that the Court impose sanctions for your failure to comply with the Court deadline, including striking the Grandes' response and defenses.

With regard to your second point, the Association is not willing to waive any of the violations on the Grande property at this juncture. As shown in Mr. Nishimoto's report, there are major deviations from approved plans and specifications and/or the requirements of the governing documents which substantially detract from the appearance of the dwelling. Given that the 20' setback, the building envelope violations, and various other deficiencies involve the same section of the dwelling and are therefore closely intertwined, the Association cannot consider a request for a variance to any particular violation without a proposal to resolve the remaining violations.

The Association expressly reserves, and nothing in this document shall be construed to waive and/or impair, any of the Association's rights under its governing documents and/or applicable laws, including without limitation any claim for fines, legal fees and/or costs in connection with this matter.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

=========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven Jacobson
**To:** Lance Fujisaki ; John Zalewski
**Sent:** Wednesday, April 06, 2005 3:05 PM
**Subject:** Grande/AOAO

Lance & John,

**EXHIBIT "L"**
**Page 4 of 39**

4/3/2008



We should have a response to you by Friday.  Mr. and Mrs. Grande had hoped to present a joint response with Brandt Homes, but that obviously isn't going to happen, given Mr. Brandt's apparently delusional state.  We need to obtain additional information (which will hopefully come shortly), and to present a response which takes into account Mr. Brandt's allegations.

Is the Association's position that the 3 1/2" will be waived, as Mr. Brandt says that Mr. Kloetzel told him?

Steve

---

No virus found in this outgoing message.
Checked by AVG Anti-Virus.
Version: 7.0.308 / Virus Database: 266.9.4 - Release Date: 4/6/2005

**EXHIBIT "L"**
**Page 5 of 39**

4/3/2008



**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@verizon.net> |
| **Cc:** | "John Zalewski" <jdz@casebigelow.com> |
| **Sent:** | Thursday, May 19, 2005 4:11 PM |
| **Attach:** | Jacobson Ltr11-fnl.pdf; Schematic 5-19-05.pdf |
| **Subject:** | Na Pali Haweo/Grande |

5/19/05

Attached is our letter of this date.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

===========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "L"**
**Page 6 of 39**

4/3/2008

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

ROBIN MILLER
CHERRYLINA C. PIEDAD

**NEELEY & ANDERSON LLP**
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

May 19, 2005

**VIA: FACSIMILE TRANSMISSION,
EMAIL and U.S. MAIL**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu Hi. 96824-0761

Re:     **Na Pali Haweo Community Association v. Grande;
Civ. No. 0410-00413 DAE LEK (USDC)**

Dear Mr. Jacobson:

Pursuant to the instructions of United States Magistrate Judge Leslie Kobayashi and Rule 408 of the Federal Rules of Evidence, the Association is providing the Grandes with the attached schematic drawing to assist them in designing a solution to the building envelope and setback violations and preparing plans and specifications for review and approval by the Association's Board of Directors. The Grandes are not required to follow the schematic drawing and may instead propose an alternate design that conforms with the Na Pali Haweo Design Guidelines; however, the design must include, among other things, moving the plate line to within the building envelope, construction of eaves in conformance with the Design Guidelines and a roof profile consistent with the overall design of the structure. Also, in providing the attached schematic drawing, the Association is not providing any warranty or other representation as to the soundness of the depicted design. The Grandes must address the structural and any other construction issues and all requirements of the Association's governing documents in preparing the proposed plans and specifications due on June 20, 2005.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Joyce Y. Neeley
Lance S. Fujisaki

**EXHIBIT "L"
Page 7 of 39**



Steven B. Jacobson, Esq.
May 19, 2005
Page 2

JYN/LSF:etb

cc:     The Honorable Magistrate Judge Leslie E. Kobayashi
        United States District Court for the District of Hawai'i

        John D. Zalewski, Esq. (via fax & mail)
        Case Bigelow & Lombardi

        Tony Wong, Esq. (via fax & mail)
        Matsui Chung Sumida & Tsuchiyama

        Cid H. Inouye, Esq. (via fax & mail)
        Reinwald O'Connor & Playdon

        Stanford H. Nakamoto, Esq. (via fax & mail)
        Kuichi & Nakamoto

        Na Pali Haweo Community Association

X:\NaPaliHaweo\Grande\Jacobson Ltr11-fnl.wpd

FRONT PROPERTY LINE

606.7

604.4

ROOF OVERHANG CONFORMING TO SECT. 3.2.1(d) OF THE NPH DESIGN GUIDELINES

ROOF EYEBROW CONFORMING TO SECT. 3.2.1(d) OF THE NPH DESIGN GUIDELINES

FRONT SETBACK ENCROACHMENT TO BE REMOVED

20'-0"

SETBACK

19'-9 1/2"

TO BLDG

581.99 (FIN. ELEV.)

SHADED AREA INDICATES ENCROACHMENT WITHIN FRONT SETBACK BUILDING ENVELOPE

(SETBACK HEIGHT)

20'-0"

NEW ROOF LINE

BEDROOM EXTERIOR WALL LINE

LANAI RAILING AREA

614.5

30'-0" PARALLEL TO GRADE

GRADE

620.1

MAXIMUM HEIGHT OF STRUCTURE

12

4

586.8

GRANDE RESIDENCE
TAX MAP KEY: 3-9-107:039

LEFT SIDE ELEVATION
SCALE: 1/8" = 1'-0"

PROPOSED FIX TO BUILDING ENCROACHMENT

## EXHIBIT "L"
## Page 9 of 39

 

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@verizon.net>; "John Zalewski" <jdz@casebigelow.com>; <chi@roplaw.com>; <shnakamoto@aol.com> |
| **Sent:** | Thursday, July 28, 2005 10:00 AM |
| **Subject:** | Na Pali Haweo v. Grande |

7/28/05

Dear Steve:

1. During the May 5, 2005, settlement conference, we discussed the problem of the front wall exceeding the height restrictions of the governing documents. You indicated that problems with the front wall would be addressed in the revised plans to be submitted to the Association. We are in receipt of plans submitted on July 20, 2005. The plans do not show any modifications to the front wall of the property. Thus, we assume and ask that you confirm that the Grandes will modify the front wall so as to conform with the plans previously approved by the ARC. If, on the other hand, the Grandes are proposing to deviate from the approved plans, please immediately provide us with the proposed deviations; this information should have been included in the July 20, 2005, submission.

2. On May 5, 2005, following the settlement conference, you informed me that the Grandes wish to place statuary at the entry of the dwelling in lieu of a planter. I informed you that if the Grandes wish to deviate from the approved plans, they must revise the plans to reflect the proposed change and submit the change to the ARC. The plans submitted on July 20, 2005, do not reflect any change with regard to the entry planters. Again, please confirm what the Grandes intend to do in this regard.

We have other questions/comments regarding the proposed plans which we will provide separately; however, to expedite the process, I am forwarding these questions to you in advance. The Association expressly reserves, and nothing in this communication shall be construed to waive and/or impair, any of the Association's rights under its governing documents and/or applicable laws in connection with this matter.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

==========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@verizon.net>; "John Zalewski" <jdz@casebigelow.com>; <chi@roplaw.com>; <shnakamoto@aol.com> |
| **Sent:** | Monday, August 01, 2005 2:06 PM |
| **Subject:** | Re: Na Pali Haweo v. Grande |

8/1/05

Dear Steve:

As I received no response to the attached e-mail, I am re-sending it as a reminder to you that you have failed to provide us with required information. The Board of Directors is meeting tomorrow afternoon and I urge you to respond immediately.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Lance S. Fujisaki
**To:** Steven B. Jacobson ; John Zalewski ; chi@roplaw.com ; shnakamoto@aol.com
**Sent:** Thursday, July 28, 2005 10:00 AM
**Subject:** Na Pali Haweo v. Grande

7/28/05

Dear Steve:

1. During the May 5, 2005, settlement conference, we discussed the problem of the front wall exceeding the height restrictions of the governing documents. You indicated that problems with the front wall would be addressed in the revised plans to be submitted to the Association. We are in receipt of plans submitted on July 20, 2005. The plans do not show any modifications to the front wall of the property. Thus, we assume and ask that you confirm that the Grandes will modify the front wall so as to conform with the plans previously approved by the ARC. If, on the other hand, the Grandes are proposing to deviate from the approved plans, please immediately provide us with the proposed deviations; this information should have been included in the July 20, 2005, submission.

2. On May 5, 2005, following the settlement conference, you informed me that the Grandes wish to place statuary at the entry of the dwelling in lieu of a planter. I informed you that if the Grandes wish to deviate from

**EXHIBIT "L"**
**Page 11 of 39**



the approved plans, they must revise the plans to reflect the proposed change and submit the change to the ARC. The plans submitted on July 20, 2005, do not reflect any change with regard to the entry planters. Again, please confirm what the Grandes intend to do in this regard.

We have other questions/comments regarding the proposed plans which we will provide separately; however, to expedite the process, I am forwarding these questions to you in advance. The Association expressly reserves, and nothing in this communication shall be construed to waive and/or impair, any of the Association's rights under its governing documents and/or applicable laws in connection with this matter.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177
Facsimile:  (808) 536-4977

========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "L"**
**Page 12 of 39**

4/3/2008

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steven Jacobson" <sjacobson.law@verizon.net>
**Cc:** "John Zalewski" <jdz@casebigelow.com>
**Sent:** Friday, August 05, 2005 5:28 PM
**Subject:** Re: Na Pali Haweo v. Grande

8/5/05

Steve:

As you know, the plans submitted by the Grandes and approved by the Architectural Review Committee specify two planters at the front entry. If the Grandes intend to deviate from the approved plans by substituting statues instead of planters, they must submit plans showing the proposed change (including an adequate description of the statues, dimensions, placement location, colors and a photograph or other visual depiction). This should have been included in your July 20, 2005, submission as I mentioned this to you on May 5, 2005. Please provide us with this information immediately.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven Jacobson
**To:** Lance S. Fujisaki
**Sent:** Wednesday, August 03, 2005 5:10 AM
**Subject:** Re: Na Pali Haweo v. Grande

The front wall will be as per the original plans.

The statues will be centered where the planters would have gone, one on each side near the top of the outside steps.

**EXHIBIT "L"**
**Page 13 of 39**

4/3/2008




## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven Jacobson" <sjacobson.law@verizon.net> |
| **Cc:** | "John Zalewski" <jdz@casebigelow.com> |
| **Sent:** | Saturday, August 06, 2005 3:41 PM |
| **Subject:** | Re: Na Pali Haweo v. Grande |

8/6/05

Steve:

As I informed you on May 5, 2005, over 3 months ago, if the Grandes wish to deviate from the approved plans by substituting statues for planters, they must submit revised plans showing the proposed change (including the information contained in my August 5, 2005, e-mail). When I informed you of the Grandes' obligation to submit revised plans concerning the substitution, you expressed no objections or concerns. Three months later, you are asking the Association to provide information. (On July 20, the Grandes submitted plans which continued to show two entry planters although those items were never built.)

The Association will not provide "written parameters for acceptable statues." The Association has no obligation to do so. The burden is on homeowners to present a proposal for review by the Association consistent with the provisions of the governing documents.

Your failure to provide the Association with necessary information will cause continued delays in resolution of the pending dispute. We urge you to provide the Association with the proposed change immediately.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

=========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven Jacobson
**To:** Lance S. Fujisaki
**Cc:** John Zalewski
**Sent:** Saturday, August 06, 2005 2:46 PM
**Subject:** Re: Na Pali Haweo v. Grande

Lance,
Mr. and Mrs. Grande choose to follow the Court's instructions.
Please advise, when you submit the Association's response next week, whether the concept of substituting statues for the planters is acceptable. If so, please further advise as to any limitations. If not acceptable, please advise why not.
We are in a settlement process, designed to minimize everyone's costs while we see if the case can be settled.

**EXHIBIT "L"**
**Page 14 of 39**



If the concept of statues is acceptable, and written parameters for acceptable statues are provided by the Association, then more detailed information will be provided.  Mr. and Mrs. Grande already went down the road you suggest with the roof design process, only to have the Association belatedly change its mind months later. Steve

----- Original Message -----
**From:** Lance S. Fujisaki
**To:** Steven Jacobson
**Cc:** John Zalewski
**Sent:** Friday, August 05, 2005 5:28 PM
**Subject:** Re: Na Pali Haweo v. Grande

8/5/05

Steve:

As you know, the plans submitted by the Grandes and approved by the Architectural Review Committee specify two planters at the front entry. If the Grandes intend to deviate from the approved plans by substituting statues instead of planters, they must submit plans showing the proposed change (including an adequate description of the statues, dimensions, placement location, colors and a photograph or other visual depiction). This should have been included in your July 20, 2005, submission as I mentioned this to you on May 5, 2005. Please provide us with this information immediately.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177
Facsimile:  (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven Jacobson
**To:** Lance S. Fujisaki
**Sent:** Wednesday, August 03, 2005 5:10 AM
**Subject:** Re: Na Pali Haweo v. Grande

The front wall will be as per the original plans.

The statues will be centered where the planters would have gone, one on each side near the top of the outside steps.

**EXHIBIT "L"**
**Page 15 of 39**

4/3/2008

## Edna Bartolom

| | |
|---|---|
| **From:** | "Edna Bartolome" <ebartolome@Neeley-Anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@verizon.net> |
| **Sent:** | Thursday, August 25, 2005 1:16 PM |
| **Attach:** | Jacobson Ltr12-fnl.pdf |
| **Subject:** | Na Pali Haweo Community Association vs. Anthony Charles Grande, et al. |

Dear Mr. Jacobson:

Attached is our letter dated August 11, 2005, per your request.

Edna T. Bartolome
Secretary to Lance S. Fujisaki, Esq.
NEELEY & ANDERSON LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

===============================================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

8/25/2005

**EXHIBIT "L"**
**Page 16 of 39**

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

ROBIN MILLER
CHERRYLINA C. PIEDAD
PAMELA J. SCHELL

## NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

August 11, 2005

**VIA: FACSIMILE TRANSMISSION
and U.S. MAIL**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu Hawai`i 96824-0761

Re:    Na Pali Haweo Community Association v. Grande;
       Civil No. 0410-00413 DAE LEK (USDC)

Dear Mr. Jacobson:

The Na Pali Haweo Community Association's Board of Directors and Architectural Review Committee (ARC) have reviewed plans submitted by Anthony Charles Grande and Narindar Kaur Grande ("Grandes") on July 20, 2005. The submittal consisted of the following drawing sheets with the latest revision numbers and dates, as they pertain to this subject matter:

| Sheet No. | Original Plan Date | Latest Revision No. | Revisions Date |
|-----------|--------------------|--------------------|-----------------|
| A-1 | July 2000 | delta 3 | 7/17/05 |
| A-2 | July 2000 | delta 8 | 11/13/03* *(incorrectly dated) |
| A-3 | July 2000 | delta 10 | 7/17/05 |
| A-6 | July 2000 | delta 14 | 7/17/05 |
| A-9 | September 2000 | delta 2 | none shown |

## A.    GENERAL

The Board and ARC have reviewed the Grandes' proposed plans to assess the general concept of the proposed fix. The review of the proposed plans is subject to the submission of additional information, including a complete set of revised plans, for review and approval by the ARC and Board. The current submission is incomplete, inconsistent or otherwise inadequate for, among other things, the following reasons:

**EXHIBIT "L"
Page 17 of 39**

Steven B. Jacobson, Esq.
August 11, 2005
Page 2

1. The submission does not include a cover letter by the Grandes or their architect explaining the intent or extent of the submitted revisions.

2. Only a partial set of plans was submitted, although the proposed revisions affect other drawing sheets which were not included.

3. The plans do not accurately reflect the true as-built conditions, some of which are germane to the above-referenced subject.

4. Revisions were annotated to photocopies of previous generations of the sheets which already had prior markups but were not updated properly in accordance with standard practice. Given the lack of clarity, the Board and ARC made their best judgment as to which revisions were applicable for this review.

5. The plans contain various revision numbers and inconsistent dates (*i.e.*, per above listing.)

6. The plans contain various revisions, numbered 1 through 13 all dated 11/13/03,which were not previously approved by the ARC.

**B.    DESIGN REVIEW**

Despite the lack of completeness or clarity, the Board and the ARC based their review on the submitted sheets and revisions along with the List of Violations dated April 1, 2005, prepared by James Nishimoto AIA.

1. Sheet A-1

    a.   Site Plan, delta 3 note reads "REVISIONS TO "AS-BUILT" SET TO MEET ARCHITECTURAL COMMITTEE REQUIREMENTS". However, delta 3 drawing revisions were limited to showing a "NEW" garage finish floor elevation revised from 581.0 to 581.99 feet (presumably the elevation indicated by Mr. Nishimoto) and house finish floor elevation revised from 586.0 to 587.29 feet (an increase of nearly 16 inches). No other sheets reflect these changes. The Grandes must submit revised plans reflecting the new elevation measurements.

    b.   Although a 20'-0" front yard building setback is still shown, it is also noted "SEE DEMINIMUS LAW, 19'-8½" ACTUAL TO REMAIN." The plans do not correct the setback encroachment.



Steven B. Jacobson, Esq.
August 11, 2005
Page 3

    c.    Detail 5/A-1, Front Wall Elevation, is the same property line fence wall as that shown on the ARC approved plan, except with the delta 1 note "OMIT GATES." By e-mail dated August 3, 2005, the Grandes confirmed they will modify the front wall so as to conform with the plans previously approved by the ARC.

2.    Sheet A-2

    a.    Lower Floor Plan

        1)    A new storage room noted as 106 sf, but dimensioned at 9' x 9' (or 81 sf), is shown within the garage. Its delta revision 7 date is noted 11/13/03. The 106 sf may have been intended to include a portion of the floor below the adjacent steps, which is not suitable for this storage purpose due to the limited height and access. Although noted by delta revision 7, dated 11/13/03, this item was reviewed by the Board and ARC as it was apparently intended to address one of the violations listed by Mr. Nishimoto.

    b.    Upper Floor Plan

        1)    Although graphically shown, CMU columns located at the master bedroom balcony are noted for removal. The Association presumes, for purposes of this review, that the Grandes are proposing to remove the columns. Although this delta 8 revision is dated 11/13/03, it appears consistent with Sheet A-3, delta 10 (*see* following discussion) and was reviewed as addressing the height setback violation.

        2)    Also part of delta 8 revisions is the garage roof overhang, noted as "NEW." This could be construed to reinstate the original design. However, the Association presumes the "new" roof will be consistent with Sheet A-3, delta 10.

3.    Sheet A-3, Front & Left Elevations

    a.    The delta 10 revision indicates removal and reconstruction of the roof fronting the property line and overhanging the balcony, in conformance with the height setback envelope.

**EXHIBIT "L"**
**Page 19 of 39**



Steven B. Jacobson, Esq.
August 11, 2005
Page 4

    b.    A delta 8 hand sketch is shown of the 19'-8½" front yard setback, with "Deminimus Law" referenced.

    c.    As stated in B.2.b.2, the garage roof overhang is reinstated as "NEW ROOF."

    d.    Reference earlier comment B.1.a. The "old" floor elevation of 581.0 feet remains on the front elevation; however, the elevation as shown on the left elevation was increased to 581.99 feet at the same point. The building envelope line and height of roof have not been revised to reflect the new elevation and are based on an elevation of 581.0 feet, rather than 581.99 feet (a difference of nearly 12 inches). The plans must be revised to reflect the revised elevation of 581.99 feet, the new finish floor elevations and corresponding building height increases.

4.    Sheet A-6, Roof Plan and Sheet A-9, Roof Framing Plan

    a.    The removal of the existing and construction of a new roof line over the master bedroom balcony is shown, consistent with Sheet A-3, Left Elevation. On Sheet A-9, the omission of the columns below is noted.

    b.    The separation of the roof mass above the master bedroom from that of the entry roof is also shown, consistent with Sheet A-3, Front Elevation. However, this does not match the existing conditions.

**C.    CONCLUSION**

1.    Subject to the submission of additional information, including a complete set of revised plans, for review and approval by the ARC and Board, the Association approves the design concepts presented for the following revisions only:

    a.    Addition of a minimum 100 sf storage room within the garage.

    b.    Removal of columns, beams and roof over the master bedroom balcony and the reconstruction of the roof entirely within the height setback envelope, maintaining the separation of bedroom and entry roof masses as shown on the plans.

    c.    Construction of the garage roof brow and rounding of garage facade corners.

    d.    Construction of the front wall as depicted on the plans previously approved by the ARC.



Steven B. Jacobson, Esq.
August 11, 2005
Page 5

2.    The plans do not reflect any other proposed design revisions or corrective actions. However, to the extent the plans propose any other revisions to the plans previously approved by the ARC, such revisions are hereby disapproved.

3.    The Grandes must submit for review by the Board and the ARC a complete set of revised plans, accurately showing the corrective work for all violations. All approved revisions shall be made to the original drawing, accurately reflecting the as-built and/or approved corrective work, clouded with a revision symbol, date and description, all in accordance with standard professional practice.

Thank you for your attention to this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Joyce Y. Neeley
Lance S. Fujisaki

JYN/LSF:etb

cc:    The Honorable Magistrate Judge Leslie E. Kobayashi
       United States District Court for the District of Hawai`i

       John D. Zalewski, Esq. (via fax & mail)
       Case Bigelow & Lombardi

       Tony Wong, Esq. (via fax & mail)
       Matsui Chung Sumida & Tsuchiyama

       Cid H. Inouye, Esq. (via fax & mail)
       Reinwald O'Connor & Playdon

       Stanford H. Nakamoto, Esq. (via fax & mail)
       Kiuchi & Nakamoto

       Blake W. Bushnell, Esq. (via fax & mail)
       Bushnell & Miller, LLLC

       Na Pali Haweo Community Association

X:\NaPaliHaweo\Grande\Jacobson Ltr12-fnl.wpd

 



## Sonya Chung-Hirano

**From:**  "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:**  "Steve Jacobson" <sjacobson.law@verizon.net>
**Cc:**  "Tony Wong" <info@triallawhawaii.com>; "John Zalewski" <jdz@casebigelow.com>
**Sent:**  Thursday, September 15, 2005 3:30 PM
**Attach:**  NOL-9-13-05.pdf; Jacobson Ltr13-fnl.pdf
**Subject:**  NPH/Grande

9/15/05

Attached is a letter with enclosure. (This was omitted from my last e-mail.)

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177
Facsimile:  (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "L"
# Page 22 of 39

4/3/2008



JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI
_____
ROBIN MILLER
PAMELA J. SCHELL
SCOTT R. GRIGSBY

# NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

September 15, 2005

**VIA: E-MAIL
and U.S. MAIL**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu Hawai`i 96824-0761

Re:    **Na Pali Haweo Community Association v. Grande;**
**Civil No. 0410-00413 DAE LEK (USDC)**

Dear Mr. Jacobson:

As you know, this firm represents the Na Pali Haweo Community Association ("Association"). Pursuant to Article VII, Sections 7.3 and 7.7 of the Na Pali Haweo Declaration of Covenants, Conditions and Restrictions ("Declaration"), on September 13, 2005, a Notice of Default and Lien ("Lien") was recorded in the Bureau of Conveyances against Anthony and Narindar Grande's property for unpaid engineers', architects' and attorneys' fees and costs incurred by the Association in connection with the violations that are the subject matter of the captioned litigation. A copy of the Lien is enclosed.

As we expressed to the Court on August 25, 2005, the Association is extremely concerned by the excessive length of time negotiations have taken thus far and the Grandes' failure to meet deadlines and requirements set by the Court. For example, at the Settlement Conference on May 5, 2005, it was agreed that by no later than June 20, 2005, the Grandes would submit plans to the Association addressing various deficiencies, including the building envelope violations and the wall height violations. The Association, in turn, agreed to provide a response to the Grandes' submission no later than July 11, 2005. A further Settlement Conference was scheduled for August 2, 2005. The Association met its obligations by providing the Grandes with a schematic drawing to assist in designing a solution to the building envelope violation. However, on June 20, 2005, the Grandes failed to submit plans to the Association as agreed. Instead, the Grandes filed an *ex parte* motion for a one-month extension to submit proposed drawings which caused the rescheduling of other dates.

Plans submitted on July 20, 2005, were incomplete, inconsistent or otherwise inadequate. On August 11, 2005, the Association sent you a letter noting various deficiencies in the plans. (An e-mail was also sent advising the letter was mailed but could not be faxed.) Compounding the problem, at the August 25, 2005, Settlement Conference, you stated you had just received our August

**EXHIBIT "L"
Page 23 of 39**

Steven B. Jacobson, Esq.
September 15, 2005
Page 2

11, 2005, correspondence but did not have time to review it. Needless to say, neither you nor the Grandes had even begun to address the deficiencies and issues mentioned in our letter.[1]

In summary, we urge the Grandes to exercise due diligence to resolve this dispute. In preparation for the September 30, 2005, settlement conference, we are scheduled to meet on September 21, 2005, 9:30 a.m., in this office. If you have any questions or issues that may be answered or addressed ahead of time, please contact me immediately.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Joyce Y. Neeley
Lance S. Fujisaki
Scott R. Grigsby

JYN/LSF/SRG:etb
encl:    Notice of Default and Lien

cc:    John D. Zalewski, Esq. (via fax & mail)
       Case Bigelow & Lombardi

       Tony Wong, Esq. (via fax & mail)
       Matsui Chung Sumida & Tsuchiyama

       Na Pali Haweo Community Association
       (without enclosure)

X:\NaPaliHaweo\Grande\Jacobson Ltr14 dr2.wpd

---

[1]    Among other things, 1) the submission did not include a letter or memo by the Grandes or their architect explaining the intent or extent of the submitted revisions, 2) only a partial set of plans was submitted, although the proposed revisions affect other drawing sheets which were not included, 3) the plans did not accurately reflect the as-built conditions, 4) revisions were annotated to photocopies of previous generations of the sheets which already had prior markups but were not updated properly in accordance with standard practice, 5) the plans contained inconsistent revision numbers and dates, and 6) the plans contained various revisions which were not previously approved by the Architectural Review Committee.

200
2005-183299

LAND COURT SYSTEM                    REGULAR SYSTEM

AFTER RECORDATION, RETURN BY MAIL ( )    PICKUP (x)

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii  96813
Ph:  (808) 536-8177

TITLE OF DOCUMENT:

NOTICE OF DEFAULT AND LIEN

PARTIES TO DOCUMENT:

NA PALI HAWEO COMMUNITY ASSOCIATION

ANTHONY CHARLES GRANDE
NARINDAR KAUR GRANDE
8429 Lansing Wood Cove
German Town, IN   38139

PROPERTY DESCRIPTION:          *
                               *
                               *  TMK NO. (1) 3-9-107-039
                               *

**EXHIBIT "L"**
**Page 25 of 39**

## NOTICE OF DEFAULT AND LIEN

STATE OF HAWAII         )
                              )   SS:
CITY AND COUNTY OF HONOLULU   )

NOTICE IS HEREBY GIVEN to ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE ("GRANDES"), whose mailing address is 8429 Lansing Wood Cove, German Town, IN 38139 and to all others whom it may concern, as follows:

WHEREAS, Article VII, Section 7.7 of the Declaration of Covenants, Conditions and Restrictions of the Na Pali Haweo Community Association ("Declaration") provides that if the owner of any property subject to the Declaration defaults in the payment of any assessment or fine due to the NA PALI HAWEO COMMUNITY ASSOCIATION ("ASSOCIATION"), a Hawaii non-profit corporation, said assessment or fine shall constitute a lien upon such property.

WHEREAS, Article VII, Section 7.3 of the Declaration provides that the Board of Directors of the ASSOCIATION shall levy an assessment against any owner whose failure to comply with the Declaration, the Rules (as defined in the Declaration) or the Architectural Committee Rules results in monies being expended by the Association from the Operating Fund in performing its functions under the Declaration, including without limitation, "engineers', architects', attorneys', and accountants' fees when reasonably incurred by the Association."

WHEREAS, the ASSOCIATION has reasonably incurred engineers', architects' and attorneys' fees and costs in connection with the GRANDES' violations, and the resulting enforcement, of the ASSOCIATION's governing documents.

NOW, THEREFORE, pursuant to and in accordance with Article VII, Section 7.7 of the Declaration, the ASSOCIATION, by its Board of Directors, hereby provides notice of default and claims a lien for unpaid engineers', architects' and attorneys' fees and costs imposed against that certain property described in Exhibit "A" attached hereto and incorporated herein by reference,

2

**EXHIBIT "L"**
**Page 26 of 39**

which property is subject to the Declaration and is owned or reputedly owned by ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, married, as Tenants by the Entirety, by virtue of that certain Warranty Deed dated March 9, 2000, and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2000-038054.

The amount of said lien through August 25, 2005, is FIFTY-NINE THOUSAND ONE HUNDRED FOURTEEN AND 50/100 DOLLARS ($59,114.50) representing the following engineers', architects' and attorneys' fees and costs incurred under Article VII of the Declaration:

| | |
|---|---|
| Engineers' fees and costs | $ 1,916.50 |
| Architects' fees and costs | $ 7,245.22 |
| Attorneys' fees and costs | $49,952.78 |
| Total | $59,114.50 |

NOTICE IS FURTHER GIVEN THAT THE LIEN CLAIMED HEREIN INCLUDES ALL OTHER ADDITIONAL ENGINEERS', ARCHITECTS' AND ATTORNEYS' FEES AND COSTS AND OTHER EXPENSES WHICH WILL CONTINUE TO BE INCURRED BY OR ON BEHALF OF THE ASSOCIATION, AFTER THE FOREGOING DATE, FOR THE ENFORCEMENT OF THE GOVERNING DOCUMENTS, COLLECTING ANY DELINQUENT ASSESSMENTS IMPOSED AGAINST THE SUBJECT PROPERTY AND FORECLOSING THE LIEN THEREON.

DATED: _____ SEP - 9 2005 _____.

NA PALI HAWEO COMMUNITY ASSOCIATION

By: _____.
(signature)

Typed Name: EVERETT S. McDANIEL, SR.
Its: SECRETARY

3

**EXHIBIT "L"**
**Page 27 of 39**

By: _____
(signature)

Typed Name: MORRIS A. ROBINSON

Its: TREASURER

1:\Nu\FaliNawao\Grande\NOL-drt.wpd

4

STATE OF HAWAII     )

           )  SS:

CITY AND COUNTY OF HONOLULU )

On this _____ day of SEP - 9 2005 _____, 2005, before
me personally appeared _Everett S. McDaniel_ , to me
personally known, who, being by me duly sworn, did say that _he_ is
the _Secretary_ of the Board of Directors of the Na Pali
Haweo Community Association, a Hawaii non-profit corporation, and
that said instrument was signed on behalf of said Association, and
that said officer acknowledged said instrument to be the free act
and deed of said Association.

Notary Public, State of Hawaii

Printed Name: _____

My commission expires: _____

DORI K. LONOKAPU-SABLAN
Notary Public, State of Hawaii
My commission expires: May 19, 2006

STATE OF HAWAII     )

           )  SS:

CITY AND COUNTY OF HONOLULU )

On this __th day of _____, 2005, before me personally
appeared _Morris A. Robinson_ , to me personally known, who, being
by me duly sworn, did say that he is the _Treasurer_ of the
Board of Directors of the Na Pali Haweo Community Association, a
Hawaii non-profit corporation, and that said instrument was signed
on behalf of said Association, and that said officer acknowledged
said instrument to be the free act and deed of said Association.

Notary Public, State of Hawaii

Printed Name: _____

My commission expires: _____

DORI K. LONOKAPU-SABLAN
Notary Public, State of Hawaii
My commission expires: May 19, 2006

5

**EXHIBIT "L"**
**Page 29 of 39**

**Sonya Chung-Hirano** 

**From:**    "Steven Jacobson" <sjacobson.law@verizon.net>
**To:**    "Lance Fujisaki" <LFujisaki@Neeley-Anderson.com>; "John Zalewski" <JDZ@casebigelow.com>;
          <shnakamoto@aol.com>; <chi@roplaw.com>; "Blake Bushnell" <bbushnell@bushnellmiller.com>
**Sent:**    Tuesday, September 20, 2005 8:13 PM
**Attach:**    Grande - 9-20-05 Letter-Brief To Magistrate Judge.doc
**Subject:**    Letter-Brief -- Association v. Grande

No virus found in this outgoing message.
Checked by AVG Anti-Virus.
Version: 7.0.344 / Virus Database: 267.11.3/107 - Release Date: 9/20/2005

**EXHIBIT "L"**
**Page 30 of 39**

4/3/2008

# Steven B. Jacobson
## Attorney at Law
## A Limited Liability Law Company

E-MAIL:
SJACOBSON.LAW@VERIZON.NET

September 21, 2005

FOR SETTLEMENT PURPOSES ONLY
PROTECTED BY FRE RULE 408 AND HRE RULE 408

Hon. Leslie E. Kobayashi
United States Magistrate Judge
United States Courthouse
300 Ala Moana Boulevard
Honolulu, HI 96850

Dear Magistrate Judge Kobayashi:

Re: Civil No. 04-00413 DAE LEK, Na Pali Haweo Community Ass'n v. Grande, Letter-Brief for Next Settlement Conference

The most significant development vis-à-vis possible settlement since the last meeting of counsel and the Court is this:

The builder-contractor, Mr. Brandt, has now admitted (through Mr. Inouye) that "the mason" working as Brandt's employee/subcontractor did *not* follow the plans and specifications provided to Brandt in pouring and constructing the footings and foundation for the front of Mr. and Mrs. Grande's house, and made them almost a foot too high.

The base elevation for the front of the house apparently is .99 of a foot above that called for in the plans and specifications provided, as was discussed during the last meeting.

Furthermore, a few inches of extra height, beyond that provided for in the plans and specifications, were also added above ground level by persons working under Brandt – as discussed at the last meeting. And, the as-built front setback of the house differs from the plans and specifications provided, in that the front of the house apparently is within 20 feet of the front property line.

The builder-contractor, Brandt, is legally responsible for all of these as-built elevation, height and setback discrepancies:



Hon. Leslie E. Kobayashi
September 21, 2005
Page Two

"[A] builder or contractor who departs from the plans and specifications without the owner's consent is liable for the damages resulting to the owner therefrom." 17B C.J.S., Contracts § 592(b), at 288 (1999).

"When the contractor, without the consent of the contractee, *deviates from the plans and specifications, notwithstanding that they are defective, the contractor assumes the risk . . . and guarantees the suitability of the result.*" 13 Am.Jur.2d, Building and Construction Contracts, § 31, at 34 (2000) (emphasis added).

These obligations are part of a builder-contractor's overall responsibilities:

"[O]ne constructing a building impliedly warrants the building shall be erected in a workmanlike manner and in accordance with good usage and accepted practice in the community in which the work is done." 13 Am.Jur.2d, Building and Construction Contracts, § 29, at 31-32 (2000) (emphasis added).

Accordingly, **if** the elevation, height and/or setback of Mr. and Mrs. Grande's must be modified, the modifications – including all costs of revised plans and specifications, all building costs, all materials costs, and all related legal and delay costs – should be at Brandt's expense.

Those are very big **ifs**, and very much disputed **ifs**.

Upon measuring the front of the house when first erected, in August 2003, the Chair of the Association's ARC determined that the house's front height and setback conformed to all Association requirements, as shown in previous filings.

It was not until construction was all-but-finished in October 2003, as shown by previously-filed photographs, that the Association remeasured the front of the house and decided that there were discrepancies.

There are, as a result, significant questions as to whether the Association has waived, and is estopped, from requiring that the elevation, height and/or setback be changed.

In addition, there is a significant question as to whether the height in fact complies with Association requirements – it depends upon how the height is measured.

Under these circumstances, and in light of the relevant law, Mr. and Mrs. Grande address the Court's specific questions as follows:

**EXHIBIT "L"**
**Page 32 of 39**

Hon. Leslie E. Kobayashi
September 21, 2005
Page Three

_Position on plans and modifications to their house._  There is an obvious dispute among the parties over whether _any_ modifications to Mr. and Mrs. Grande's house are legally required.

Moreover, if any modifications turn out to be required, they should be made by and/or at the expense of Brandt, who is legally responsible for the above-described discrepancies, and/or the Association, which has waived and is estopped from requiring any modifications (among other reasons).

Consequently, it would be inappropriate and, with due respect, beyond the power of the Magistrate Judge, to order that modifications be made, or preparation therefor to be undertaken – by Mr. and Mrs. Grande or at their expense – without the agreement of all affected parties including the Grandes themselves.

Any such order(s) would address and effectively resolve the merits of questions now pending before the Court – even though this action has not been tried, even though there has been no other resolution of the merits of this matter, and even though the parties have not stipulated to resolution by the Magistrate Judge.

_Architect and Contractor._  Mr. and Mrs. Grande dispute the need for any further construction.

A draftsman working under the supervision of Mr. and Mrs. Grande's current architect, Mr. Resh, can complete any additional plans and specifications that may turn out to be required – if any.

As for builders or contractors, Mr. and Mrs. Grande already have a contract with Brandt, and because he is legally responsible, Brandt should be responsible for making and/or paying for any modifications, if any turn out to be necessary.  Any necessary modifications should be at Brandt's expense, and performed by him or someone retained by him, subject to the approval of Mr. and Mrs. Grande.

_Construction Schedule._  Mr. and Mrs. Grande dispute the need for any further construction.  If further construction turns out to be necessary, Brandt and/or the persons retained by him should provide a reasonable construction schedule.

Hon. Leslie E. Kobayashi
September 21, 2005
Page Four

Respectfully submitted,

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company


Steven B. Jacobson

CC:  Lance Fujisaki, Esq.
     John Zalewski. Esq.
     Sanford Matsui, Esq.
     Cid Inouye, Esq.
     Blake Bushnell, Esq.

**Sonya Chung-Hirano**



| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steve Jacobson" <sjacobson.law@verizon.net> |
| **Cc:** | "John Zalewski" <jdz@casebigelow.com> |
| **Sent:** | Thursday, September 22, 2005 12:37 PM |
| **Subject:** | Na Pali Haweo/Grande |

9/22/05

Dear Steve:

This confirms that during our meeting on September 21, 2005, the Association requested that the Grandes take the following steps in preparation for the September 30, 2005, settlement conference:

1. Obtain and circulate to all counsel an estimate of when the architect/draftsman retained by the Grandes will be able to complete plans showing the as-built conditions of the dwelling as well as required remedial work.

2. Obtain and circulate to all counsel an estimate of the cost of preparing plans showing the as-built condition of the dwelling as well as required remedial work.

3(a) Advise all counsel of the identity of the contractor previously retained by the Grandes.

3(b) Confirm and advise all counsel that the contractor previously retained by the Grandes is willing and able to complete the dwelling and perform remedial work to resolve various violations per the March 22, 2005, report from architect James Nishimoto and our prior discussions. (If the contractor is not willing or able to perform the subject remedial work, please identify an alternate contractor to perform the work.)

4(a) Obtain and circulate to all counsel a bid or estimate for the remedial work required to address the building envelope violation, as approved in concept by the Board per my August 11, 2005, letter to you.

4(b) Advise all counsel as to the date by which the contractor can complete the work set forth in 4(a).

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177
Facsimile:  (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "L"**
**Page 35 of 39**

4/3/2008




## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steve Jacobson" <sjacobson.law@verizon.net>
**Cc:** "John Zalewski" <jdz@casebigelow.com>
**Sent:** Monday, October 24, 2005 9:28 AM
**Subject:** NPH Grande Proposed e-mail

10/24/05

Steve,

In preparation for the status conference on October 28, 2005, please advise us regarding the status of the proposed schematic drawings of the gable roof alteration. As discussed during the September 30, 2005, settlement conference, the drawings should have been provided to us by October 14, 2005. You stated to the Court and counsel on October 21, 2005 that Ed Resh advised you on October 20th that the schematic drawings were finished and ready for pick-up. Have you obtained the schematic drawings from Mr. Resh? Have the Grandes approved them? Are they being reviewed by Brandt Homes?

Please advise us immediately if you anticipate any delays. Otherwise, we are expecting the schematic drawings by no later than Friday October 28, 2005.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.



**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Steven Jacobson" <sjacobson.law@verizon.net> |
| **To:** | "John Zalewski" <JDZ@casebigelow.com>; "Lance Fujisaki" <LFujisaki@neeley-anderson.com>; <shnakamoto@aol.com> |
| **Cc:** | "Blake Bushnell" <bbushnell@bushnellmiller.com>; <chi@roplaw.com> |
| **Sent:** | Thursday, October 27, 2005 11:35 AM |
| **Subject:** | Association/Brandt/Grande - Status |

Gentlemen:

Here's a status report as of this moment, in compliance with the Court's instructions:

Mr. Resh had copies of the drawings delivered to his attorney, Mr. Bushnell, rather than dealing with me directly.

On Monday, Mr. Bushnell's office sent copies to Mr. Inouye (Mr. Brandt's attorney) and directly (at my request) to Mr. and Mrs. Grande.

Mr. Inouye just called me back. He relayed Mr. Brandt's view that the drawings don't show all of what he had in mind, and all of what he described at the Court Conference.

Mr. and Mrs. Grande called me today too. They did not receive the drawings until today. The drawings do not comport with what they had in mind either.

I have attempted to reach Mr. Bushnell, and have left a message for him to call me back. I have not yet seen the drawings myself, as Mr. Bushnell has been unavailable all week.

Steve Jacobson

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.362 / Virus Database: 267.12.5/150 - Release Date: 10/27/2005

**EXHIBIT "L"**
**Page 37 of 39**

4/3/2008



## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Cid H. Inouye" <CHI@ROPLaw.com>; "'Steven Jacobson'" <sjacobson.law@verizon.net>; "John Zalewski" <JDZ@casebigelow.com>; <shnakamoto@aol.com> |
| **Cc:** | "Blake Bushnell" <bbushnell@bushnellmiller.com>; "Cid H. Inouye" <CHI@ROPLaw.com>; "John Zalewski" <jdz@casebigelow.com> |
| **Sent:** | Tuesday, November 01, 2005 3:30 PM |
| **Subject:** | Association/Brandt/Grande - Status |

11/1/05

Gentlemen,

I am in receipt of Cid Inouye and Steve Jacobson's e-mail concerning the status of the plans. Also, I have been informed that a status conference has been set for 11/17/05.

At this stage, the Association needs a simple schematic drawing of the alternate fix. We don't need detailed structural drawings or information on where beams will be within the interior of the dwelling. All we need to know is what the proposed fix will look like. As we discussed at the 9/30/05 settlement conference and subsequent status conference, the schematic should be done on tracing paper so that it may be overlaid upon the previously submitted drawings. The schematic should show the various views of the roof per the existing plans.

The objective at this point is to determine whether the alternate fix is generally acceptable to the ARC. If it is acceptable, detailed plans would then be submitted by the Grandes. If it is not acceptable, the Grandes should proceed by developing the schematic submitted on 7/20/05.

At minimum, by 11/17/05, we should have resolved whether the alternate fix is acceptable to the Association. This means we need the schematic plans by no later than 11/10/05, and sooner if possible.

In the interim, we presume Mr. Resh and/or his draftsman are preparing plans depicting the existing condition of the dwelling and addressing the points summarized in our agreement on 9/30/05. There is no reason to delay work on the plans while the schematic drawing is under review as the alternate fix affects only a small (although highly visible) section of the dwelling.

For the 11/17/05 status conference, we should be prepared to discuss:

1. Deadline for preparation and submission of revised plans to the ARC.

2. The identity of the contractor whom the Grandes have retained to perform the remedial work.

3. Deadline for completion of remedial work.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any way.

**EXHIBIT "L"**
**Page 38 of 39**



----- Original Message -----
**From:** Cid H. Inouye
**To:** 'Steven Jacobson' ; John Zalewski ; Lance Fujisaki ; shnakamoto@aol.com
**Cc:** Blake Bushnell ; Cid H. Inouye
**Sent:** Friday, October 28, 2005 11:51 AM
**Subject:** RE: Association/Brandt/Grande - Status

This is to clarify Mr. Jacobson's email.

The plans drafted by Ed Rush do depict generally what was discussed by Mr. Brandt. However, the details of what would be involved to implement this repair are not shown on the drawings.

As I understand, the repair which is depicted would involved removal of a supporting beam for the roof trusses at the edge of the roof. These loads would need to be carried by a new beam. This could possibly be placed over the existing sliding door. The decision on where to place the beam would have to be determined by the architect. The location of the new beam and the removal of the old beam should be depicted on the remedial plans. If the beam were to be located over the sliding glass door then the repair would require removal of the drywall in the interior of the bedroom and the area outside of the bedroom to allow for insertion of the beam. This repair would be very costly.

Please contact me should you have any questions.

Thanks,

Cid


-----Original Message-----
**From:** Steven Jacobson [mailto:sjacobson.law@verizon.net]
**Sent:** Thursday, October 27, 2005 11:35 AM
**To:** John Zalewski; Lance Fujisaki; shnakamoto@aol.com
**Cc:** Blake Bushnell; chi@roplaw.com
**Subject:** Association/Brandt/Grande - Status

Gentlemen:

Here's a status report as of this moment, in compliance with the Court's instructions:

Mr. Resh had copies of the drawings delivered to his attorney, Mr. Bushnell, rather than dealing with me directly.

On Monday, Mr. Bushnell's office sent copies to Mr. Inouye (Mr. Brandt's attorney) and directly (at my request) to Mr. and Mrs. Grande.

Mr. Inouye just called me back. He relayed Mr. Brandt's view that the drawings don't show all of what he had in mind, and all of what he described at the Court Conference.

Mr. and Mrs. Grande called me today too. They did not receive the drawings until today. The drawings do not comport with what they had in mind either.

I have attempted to reach Mr. Bushnell, and have left a message for him to call me back. I have not yet seen the drawings myself, as Mr. Bushnell has been unavailable all week.

Steve Jacobson

# EXHIBIT "L"
# Page 39 of 39