
## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steve Jacobson" <sjacobson.law@verizon.net>
**Cc:** "John Zalewski" <JDZ@caselombardi.com>
**Sent:** Thursday, April 27, 2006 1:09 PM
**Subject:** NPH Grande - Extension of time re interrogatories

Dear Steve:

You have requested an extension of time to respond to the Association's request for answers to interrogatories. Responses are currently due on May 1, 2006.

The Association proposes that the parties agree and stipulate as follows:

1. Deadline for response to interrogatories to Grandes shall be extended to **May 15, 2006**.  The Grandes must also produce all non-privileged documents that are responsive to the Association's First Request for Production of Documents on or before **May 15, 2006**.

2. The Association's disclosures under Rule 26(a)(2) regarding the Complaint shall be extended from June 9, 2006, to **July 7, 2006**.*

3. The Grandes' disclosures under Rule 26(a)(2) shall be extended from July 12, 2006, to **August 9, 2006**.

4. The Association's disclosure under Rule 26(a)(2) regarding the Counterclaim shall be extended from July 12, 2006, to **August 9, 2006**.

5. The Grandes shall execute the Stipulation re Rule 26(a)(1) pretrial disclosures sent to you on March 17, 2006.

*We are proposing to extend the deadline for Rule 26(a)(2) disclosures until after the June 26, 2006, hearing on the motion for summary judgment as the motion may resolve all or a portion of this case. This will help to minimize the attorneys' fees and costs incurred.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177
Facsimile:  (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

## EXHIBIT "M"
## Page 1 of 21

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JDZ@caselombardi.com> |
| **Sent:** | Monday, May 01, 2006 5:28 PM |
| **Subject:** | NPH Grande - Extension of time re interrogatories |

Dear Steve:

Your April 28, 2006, e-mail mentions that the skylights and roof vents were "fixed." Your second e-mail states, "The 'etc.' refers to the frame color and the fence around the air conditioner." Your e-mail provides the Association with the first notice that the Grandes performed work on the subject violations. In our January 5, 2006, letter, we expressly stated that the Grandes must submit plans for review and approval by the ARC showing how they intend to remedy the violations:

> *Per the agreement executed by the Grandes on September 30, 2005, before proceeding with remedial work, the Grandes must submit plans for review and approval by the Architectural Review Committee ("ARC") showing how they intend to correct item 3 (two unauthorized skylights on the north roof slope), item 4 (air conditioning equipment unauthorized as not shown on plans, and lack of screening for air conditioning equipment), item 5 (unauthorized roof exhaust vents), and item 7 (roof entry light fixtures that have exposed bulbs). To expedite the review process, the Grandes should include with the plans product information sheets or brochures for the replacement skylights, roof exhaust vents and light fixtures.*

Contrary to the clear instructions provided in our letter as well as the provisions of the governing documents which set forth a well defined procedure for seeking approval from the ARC, the Grandes performed further work on their property without approval of the ARC. We have notified the ARC of the modified skylights and vents and the ARC will review the changes. However, we remind the Grandes that any construction or alterations performed on their property is subject to the prior review and approval of the ARC. The unapproved work performed on the skylights, roof exhaust vents and air conditioner violate the governing documents.

On April 19, 2006, the Association received plans from the Grandes. The ARC will be reviewing these plans and we will notify you of the ARC's position as soon as possible.

Finally, with regard to the proposed stipulation, please advise if you disagree with any particular term or condition in our April 27, 2006, e-mail. Your e-mail simply states, "That may work with some modifications. We'll need, for example, to see your documents too." If you require documents from the Association, we are willing to do so subject to a request for production of documents and appropriate privileges. Please respond immediately as the Grandes' interrogatory responses are due today. We will have no choice but to seek relief from the Court if a response to our e-mail is not immediately forthcoming. It should be emphasized that our proposed stipulation is intended to minimize the legal fees and costs incurred in this action by both parties.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

===========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If

**EXHIBIT "M"**
**Page 2 of 21**




you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven B. Jacobson, AAL, ALLLC
**To:** Lance S. Fujisaki
**Cc:** John Zalewski
**Sent:** Friday, April 28, 2006 11:29 AM
**Subject:** Re: NPH Grande - Extension of time re interrogatories

Lance,

Thanks.  That may work with some modifications.  We'll need, for example, to see your documents too.

Do you know the status of the ARC's examination of the proposed revision of the front wall, etc.?

Are you really going to maintain that the skylights, vents, etc., weren't fixed during the winter?

Steve

----- Original Message -----
**From:** Lance S. Fujisaki
**To:** Steve Jacobson
**Cc:** John Zalewski
**Sent:** Thursday, April 27, 2006 1:09 PM
**Subject:** NPH Grande - Extension of time re interrogatories

Dear Steve:

You have requested an extension of time to respond to the Association's request for answers to interrogatories. Responses are currently due on May 1, 2006.

The Association proposes that the parties agree and stipulate as follows:

1. Deadline for response to interrogatories to Grandes shall be extended to **May 15, 2006**. The Grandes must also produce all non-privileged documents that are responsive to the Association's First Request for Production of Documents on or before **May 15, 2006**.

2. The Association's disclosures under Rule 26(a)(2) regarding the Complaint shall be extended from June 9, 2006, to **July 7, 2006**.*

3. The Grandes' disclosures under Rule 26(a)(2) shall be extended from July 12, 2006,

**EXHIBIT "M"**
**Page 3 of 21**

to **August 9, 2006**.

4. The Association's disclosure under Rule 26(a)(2) regarding the Counterclaim shall be extended from July 12, 2006, to **August 9, 2006**.

5. The Grandes shall execute the Stipulation re Rule 26(a)(1) pretrial disclosures sent to you on March 17, 2006.

*We are proposing to extend the deadline for Rule 26(a)(2) disclosures until after the June 26, 2006, hearing on the motion for summary judgment as the motion may resolve all or a portion of this case. This will help to minimize the attorneys' fees and costs incurred.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177
Facsimile:  (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "M"**
**Page 4 of 21**



**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JDZ@caselombardi.com> |
| **Sent:** | Thursday, May 11, 2006 9:28 AM |
| **Subject:** | NPH Grande - Clarification re Declaration |

Dear Steve:

**1. Clarification Regarding Plans**

Your Declaration dated May 1, 2006, states: "Plans showing the as-built items the Association wanted as-built plans showing (the items *not* alleged to be Design violations) have been provided to the Association's Review Committee. The submitted plans also include a lowering of the front wall to the height the Association wanted, for which approval has been requested (no response from the ARC yet). Consequently, the only truly open items remaining appear to be the 'building envelope' question (alleged height and street encroachment) and the 'storage space' question."

Your statement is extremely confusing. The plans enclosed with the Grandes' April 14, 2006, letter are not "as-built plans." While the plans depict some of the as-built conditions, they also depict proposed changes. The plans do not, however, distinguish between what is "as is" and what the Grandes are proposing to do. The standard in the industry is to highlight and emphasize proposed changes using bubbles. This was not done.

Furthermore, the following statement is not clear: "Consequently, the only truly open items remaining appear to be the 'building envelope' question (alleged height and street encroachment) and the 'storage space' question."

Please confirm by email or letter that the Grandes intend to cure the violation of the building envelope restriction via the modifications shown on the plans attached to the April 14, 2006, letter.

**2. Discovery Responses**

The Grandes' discovery responses were due May 10, 2006, i.e., yesterday, not May 31, 2006, as noted in your May 9, 2006, letter. As you did not respond to the requests by May 10, 2006, we hereby request a meeting with you under FRCP Rule 37(a) to confer regarding the Grandes' responses to discovery requests and in an effort to resolve this matter without judicial intervention. Please advise regarding your availability next week. (The preliminary responses you provided do not satisfy the Grandes' obligations under Court rules.)

**3. Rule 26(a)(2)**

You apparently misread my May 10, 2006, letter. My letter stated that June 9, 2006, is the deadline for Rule 26(a)(2) disclosures, not Rule 26(a)(1) disclosures. There are numerous other statements in your May 10, 2006, letter which I dispute. However, in the interest of economy, I will not address these points in this communication but reserve the right to do so in the future.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "M"**
**Page 5 of 21**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JDZ@caselombardi.com> |
| **Sent:** | Wednesday, May 31, 2006 5:08 PM |
| **Attach:** | List of Violations-fnl.pdf; Jacobson Ltr18-fnl.pdf |
| **Subject:** | NPH Grande - Response |

Dear Steve:

Attached is a letter and enclosure.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
==========================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "M"**
**Page 6 of 21**

NEELEY & ANDERSON LLP

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

May 31, 2006

**Via Fax, E-Mail
and U.S. Mail**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Re:    <u>Na Pali Haweo Community Association v. Anthony
Charles Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

This letter and the enclosed document comprise the Na Pali Haweo Community Association's response to the set of plans hand-delivered to Hawaiiana Management Company, Ltd., on April 19, 2006. The plans consist of architectural Sheets A-1 through A-15 (excluding Sheet A-11) and Landscape Sheets L-1 and L-2. The sheets are notated with different dates or, in some instances, are not dated. Delta revision numbers and dates, where used, have changed from previously submitted plans. Only a few revisions are clouded to indicate changes from previously submitted plans. Moreover, the plans are internally inconsistent. For example, the roof alteration is shown on Sheets A-3 through A-6; however, Sheets A-2 and A-10 show the existing roof (dashed lines) without the proposed alteration. There are other inconsistencies within the plans. The poor documentation renders the plans potentially confusing and difficult to interpret.

The plans were submitted with a letter from the Grandes dated April 14, 2006, which states, in part:

> *Although the front setback and the house as constructed are within the Building Envelope as approved by the Committee on October 17, 2000, we are nonetheless willing to modify the roofline, gutters, etc., as shown on the updated plans . . .*

> *In addition to the 100+ square feet of enclosed and covered area for service and storage facilities already in the garage, the plans show additional storage areas and as-yet unbuilt cabinets where we would also place stored items.*

The Grandes' statements are untrue. The house was not constructed within the Building Envelope as set forth in the Na Pali Haweo Design Guidelines. *See* Attachment No. 2 to the Report of James I. Nishimoto, AIA, dated April 1, 2005. (The plans submitted by the Grandes in October 2000 did not accurately reflect the location of the building envelope, *i.e.*, the building envelope was shown 10' rather than 20' from the property line. *See* Article III, § 3.2.1(d) of the Design Guidelines. Article VI, § 6.3(f) of the Design Guidelines states: "[t]he maximum permitted Building Envelope must be

**EXHIBIT "M"
Page 7 of 21**

Steven B. Jacobson, Esq.
May 31, 2006
Page 2

shown in relation to the proposed structure for all elevations." Thus, the onus was on the Grandes to accurately depict the building envelope on the set of plans submitted to the ARC.) Moreover, the plans do not reflect at least 100 square feet of enclosed and covered area for service and storage facilities.

The attached matrix describes the items which the Association is approving or disapproving. To the extent that the Grandes are seeking approval for any other alterations or additions, including without limitation deviations from the plans approved by the ARC on October 17, 2000, the proposed changes are hereby denied. Nothing herein should be construed to waive and/or impair any of the Association's rights under its governing documents and/or applicable laws.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

/s/ Lance S. Fujisaki

Joyce Y. Neeley
Lance S. Fujisaki
Scott R. Grigsby

JYN/LSF/SRG:etb

encls.: Response To Plans Submitted by Anthony Charles Grande
and Narindar Kaur Grande (hand-delivered April 19, 2006)

cc:    John Zalewski, Esq.
Case Lombardi & Pettit

Client

X:\NaPaliHawee\Grande\Jacobson Ltr18-fnl.wpd

**EXHIBIT "M"**
**Page 8 of 21**

Response To Plans Submitted by Anthony Charles Grande
and Narindar Kaur Grande (Received April 19, 2006)

Na Pali Haweo Community Association v. Anthony Charles
Grande, et al., Civil No. CV04-00413 DAE/LEK

| Description of Deficiency Per Report of James I. Nishimoto, AIA, April 1, 2005 | Grandes' Proposed Remedy Per Plans Received April 19, 2006 | Responses |
|---|---|---|
| 1. Building encroachment of 3-1/2 inches into the required twenty foot front setback at left building appendage. (Reference Site Survey plan drawing, Attachment No. 1) | No change. | Disapproved. |
| 2. Building encroachment within a front setback building envelope for a setback of one foot for every two feet of additional height over twenty feet. (Reference elevation drawing, Attachment No. 2) | Construct new CMU columns and beam within building envelope and cut back roof line along the front and sides of second floor master bedroom/balcony to maintain a hip roof profile for a maximum 2'-6" projection beyond envelope. | Approved. |
| 3. Two skylights on the north roof slope are bubble type with white frost, plastic lens, and natural aluminum curbs. (Reference photograph, Attachment No. 3) | Grandes installed flat panel skylights with aluminum frame painted red, without approval of ARC. | Disapproved; however, approval may be granted upon owners painting frame to match color of roof tile, dressing over exposed lead flashing with roof tiles or painting to match the roof color, and submitting manufacturer's brochure or similar product information for skylights. |
| 4. Air conditioning equipment is exposed at the rear yard, with no fence or earth embankment screening. (Reference photograph, Attachment No. 4) | Grandes installed lattice work fencing to screen air conditioning equipment. | Disapproved. Lattice work fencing is prohibited. NPH Design Guidelines § 3.2.7. Fencing material must be consistent with house design and equipment must be screened from view and insulated for sound attenuation. NPH Design Guidelines § 3.2.14. |
| 5. Roof exhaust vents (two) are natural aluminum finish instead of a color matching the roof material and are visible from the street. (Reference photographs, Attachment No. 3) | Grandes installed two replacement vents without approval of ARC. | Two replacement vents are disapproved; however, approval may be granted upon submission of revised plans reflecting new exhaust vents and manufacturer's brochure or similar product information for vents. |

May 31, 2006 1

| Description of Deficiency Per Report of James I. Nishimoto, AIA, April 1, 2005 | Grandes' Proposed Remedy Per Plans Received April 19, 2006 | Responses |
|---|---|---|
| 6.  Sliding garage gate is missing leaving a double wall receptor exposed.  (Reference photograph, Attachment No. 5) | No change. | Disapproved. |
| 7.  Front entry light fixtures on the entry column bases have exposed bulbs.  (Reference photograph, Attachment No. 6) | New light fixtures installed. | Approved |
| 8.  Portions of the garden wall at the front property line exceed the height indicated on the approved drawings and as permitted by the Design Guidelines. (Reference photographs and Site Survey drawing, Attachment No. 7) | Plans do not clearly indicate how Grandes will modify wall. Sheet A-1 front wall elevation simply shows a dashed line above the garden wall with no other description or notation concerning the alteration. | Disapproved. |
| 9.a. 1) Front Elevation (Reference photograph & submitted drawing, Attachment No. 8):  Roof eyebrow above the garage is missing. | Install roof eyebrow; however, plans do not indicate roof slope or roofing material to be used. | Approved subject to owners submitting information concerning roof slope and roofing material to be used. |
| 9.a. 2)  Garage wall opening is squared-off at the top corners vs. an arch. | No change. | Disapproved. |
| 9.a. 3) The arched clerestory window above the entry door has been deleted and substituted with a decorative window. | No change. | Disapproved. |
| 9.a. 4) The windows at the living room are lower than the submitted drawings. | No change. | Disapproved. |
| 9.a. 5)  Planters indicated on the submitted drawings located on the side of the front entry balcony are missing. Further, the locations of the adjacent metal railings are inconsistent between elevation and plan. | No change. | Disapproved. |
| 9.a. 6) The roof over the entry and the roof over the master bedroom are not separate and distinct elements as shown in the submitted drawings. | Modify roof over the master bedroom to create separate and distinct elements. | Approved. |
| b.  Right  (South)  Elevation  (Reference | | |



2

| Description of Deficiency<br>Per Report of James I. Nishimoto, AIA,<br>April 1, 2005 | Grandes' Proposed Remedy<br>Per Plans Received April 19, 2006 | Responses |
|---|---|---|
| photograph & submitted drawing, Attachment No. 9 & 11):<br>b. 1) The back corner has been moved out to align with the living room exterior wall causing a change in the building square footage. This resultant plan change has also affected the roofline, resulting in a higher ridgeline and a less variegated elevation. | No change. | Disapproved. |
| b.2) Windows at the back corner are smaller than the submitted drawings. | No change. | Disapproved. |
| b.3) The windows at the living room are lower than the submitted drawings. | No change. | Disapproved. |
| b.4) The decorative panel indicated on the submitted drawings has been deleted. | No change. | Disapproved. |
| c. Left (North) Elevation (Reference photograph & submitted drawing, Attachment No. 10):<br>c.1) Exterior windows at the second floor Master Bedroom have been revised. | No change. | Disapproved. |
| c.2) The metal railing at the balcony corner has been deleted and a solid railing wall constructed in place. | Retain solid railing wall after moving columns and beam and altering roof. | Solid railing is disapproved. Owners must install metal railing per plans approved October 17, 2000. |
| 10. The enclosed storage space within the garage, as required by the Design Guidelines and as indicated on the approved drawings, is not provided. (Reference photographs and submitted drawing, Attachment No. 12 & 13) | No additional storage space shown on plans. | Disapproved. |
| 11. The concrete pad at the trash area as noted in the approved submitted drawings is missing as noted by landscape architect Mike Miyabara. (Reference plan, Attachment No. 14) | Sheet L-1 of plans indicate addition of concrete pad at trash area; however, concrete pad has not been constructed. | Concrete pad as shown on Sheet L-2 is approved. |

X:\Na\Pali\Hawxeo\Grande\List of Violations-fnl.wpd

3

**EXHIBIT "M"**
**Page 11 of 21**



**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JDZ@caselombardi.com> |
| **Sent:** | Tuesday, June 06, 2006 2:53 PM |
| **Subject:** | NPH Grande -- Service of memo in opp |

Dear Steve:

We consent to your serving your Memo in Opposition to MSJ via hand delivery on Friday morning (June 9, 2006) if the document is filed/lodged after 5:00 p.m. on Thursday June 8, 2006. If the document is filed during business hours on June 8, 2006, please hand deliver a copy to our office on the same date. John Zalewski is agreeable to this.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven B. Jacobson, AAL, ALLLC
**To:** Lance S. Fujisaki
**Cc:** John Zalewski
**Sent:** Tuesday, June 06, 2006 12:49 PM
**Subject:** Re: NPH Grande -- Service of memo in opp

You and John will both agree that hand delivery Friday morning will be deemed equivalent to US mail Thursday evening?

**EXHIBIT "M"**
**Page 12 of 21**

# Steven B. Jacobson
## Attorney at Law
## A Limited Liability Law Company

E-MAIL:
SJACOBSON.LAW@HAWAIIANTEL.NET

June 27, 2006

VIA HAND DELIVERY

Hon. David Alan Ezra
United States District Judge
United States Courthouse
300 Ala Moana Boulevard
Honolulu, HI  96850

Dear Judge Ezra:

Re:  Oral Argument and Off-the-Record discussion of June 26, 2006; Civil No. 04-00413
DAE LEK, Na Pali Haweo Community Ass'n v. Grande

The purpose of this letter is to follow up on the oral argument and off-the-record discussion in open court yesterday.

First, during oral argument the Court raised several questions *sua sponte*.  They included the question of whether Mr. and Mrs. Grande can be deemed to have abandoned their original Association-approved plans, because the plans their architect later submitted to the City and County, but apparently didn't submit to the Association, differed in some ways.

There were other *sua sponte* questions too, but I need to review the hearing transcript to be sure of what they were.

Because the Association did not make any such argument, Grandes have not had an opportunity to brief that question (or the others raised *sua sponte*).  Grandes hereby request an opportunity to do so, before any order resolving the pending motions is issued.

Second, the Court should understand that this action has not been, and is not yet, in an optimal posture for settlement.  Consequently, the Court should not assume that any setbacks during the upcoming settlement negotiations are necessarily the last word on whether a settlement of this action is possible.

For one example, the builder – who has admitted that he is responsible for the 3 ½ inch front setback difference from a "typical" building envelope, and has effectively admitted that he

---

Hon. David A. Ezra
June 27, 2006
Page Two

is responsible for the 29 inch front height difference from a "typical" building envelope[1] – is not yet a party to this case and attends the settlement negotiations herein as a mere guest.

The builder therefore remains (1) free of any risk that this Court will order *him* as the person responsible to make any modifications to Grandes' home which the Court finds appropriate; and (2) free to argue, in the First Circuit Court mechanic's lien case wherein he is seeking full payment from Grandes, that he owes Grandes nothing irrespective of the differences in the setback and the height, that he has no obligation to remedy the differences, and that he has no obligation to compensate Grandes if they agree to remedy them.

Indeed, even if Grandes were to reach a settlement herein with the Association, that settlement would not bind the builder, the builder would remain free to do nothing in remediation, and the builder would remain free to seek full payment from Grandes in First Circuit Court – unless the builder agreed to be bound by the settlement too.

For a second example, the parties' attorney's fees and costs have obviously mounted. Therefore, any settlement discussions in which fee and cost matters continue to be "off limits" are not likely to meet with success.

The Association's fees and costs, as of August 2005 when it recorded an unlawful lien against Grandes' property, were approaching $60,000 – ten months ago. Because of Grandes' financial condition, I have not required them to pay me anything yet (other than an unapplied $1000 retainer in my client trust account), but their accumulated fees and costs are substantial as well.

Grandes would therefore urge that, before the Court deems settlement a lost cause, the Court first resolve the question of whether the builder should be added as a party – a question which will shortly come to the Court on appeal if the Magistrate Judge denies Grandes' motion for reconsideration on that question[2] -- and then, if the builder is added, see what the impact of the builder's addition as a party has upon settlement possibilities.

Please let me know if the Court has any questions about any of the foregoing.

---

[1] See pp. 5-6 of Grandes' motion for reconsideration, filed June 27, 2006 (earlier today), asking the Magistrate Judge to reconsider her Order denying Grandes' motion to join the builder as a party.
[2] See footnote 1.

Hon. David A. Ezra
June 27, 2006
Page Three

Sincerely yours,

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company

Steven B. Jacobson

Lance Fujisaki, Esq.
John Zalewski, Esq.

**EXHIBIT "M"**
**Page 15 of 21**

NEELEY & ANDERSON LLP

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

PAMELA J. SCHELL
SCOTT R. GRIGSBY
BETHANY C.K. ACE

June 28, 2006

<u>VIA HAND DELIVERY</u>

The Honorable David Alan Ezra
United States District Judge
United States District Court for the District of Hawai`i
300 Ala Moana Boulevard
Honolulu, HI 96850

Re:   **Civil No. 04-00413 DAE LEK, Na Pali Haweo Community
      Association v. Anthony Charles Grande, et al.**

Dear Judge Ezra:

This law firm represents Na Pali Haweo Community Association, plaintiff in the above-referenced action. We are in receipt of a letter to you from attorney Steven B. Jacobson, counsel for defendants in the above-referenced action, dated June 27, 2006. We request that the Court disregard this letter as it is an inappropriate communication with the Court. The parties have already had an opportunity to submit briefs supporting their respective positions in accordance with Court rules. If the Grandes seek relief from this Court, they should file a motion or other document in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court for the District of Hawai`i. However, in the event this Court does not disregard the June 27, 2006, letter, we request an opportunity to respond to the letter as the Association disagrees with various statements in the letter and objects to the Grandes' circumvention of Court rules by asserting legal and factual arguments via letter.

Thank you for your attention to this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki

LSF:etb

**EXHIBIT "M"
Page 16 of 21**

The Honorable Judge David A. Ezra
United States District Court for the District of Hawai'i
June 28, 2006
Page 2

cc:    Steven B. Jacobson, Esq. (via e-mail & mail)

       John D. Zalewski, Esq. (via e-mail)
       Case Lombardi & Petit

       Client

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "M. Anne Anderson" <aanderson@neeley-anderson.com> |
| **To:** | "'Steven B. Jacobson, AAL, ALLLC'" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "'Lance S. Fujisaki'" <lfujisaki@neeley-anderson.com>; "'John Zalewski'" <JZalewski@caselombardi.com> |
| **Sent:** | Thursday, December 07, 2006 12:18 PM |
| **Subject:** | Na Pali Haweo v. Grande |

Steve:

As per our discussion on December 4, 2006, set forth below are two examples of provisions related to attorneys' fees, expert fees, and costs for your review and consideration. By providing these provisions, this firm is not binding the Association to any agreement nor are we making any type of offer that may be accepted. The Association's Board has not yet seen or reviewed the provisions below. We are providing them to you at this point for discussion purposes only.

The provisions below are for discussion purposes only related to the Association's claims asserted via its Complaint. You will need to communicate with John Zalewski re the issue of attorneys' fees, expert fees, and costs on the Counterclaim.

**A:       Example of Language that Could be Part of a Settlement Agreement.**

___.       Determination of Association's Fees, Expert Fees, and Costs.   The Parties agree that the issue of the award of attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and  other costs and expenses (collectively referred to as "attorneys' fees, expert fees, and costs") to the Association shall be submitted to the Court for determination via a motion filed by the Association. For purposes of the motion, the Parties agree that the Association shall be considered the prevailing party on the merits of the case and that the sole purpose of the motion is for the Court to determine the reasonable dollar amount of the attorneys' fees, expert fees, and costs to be paid by the Owners to the Association. The Parties shall seek and obtain the agreement of the Court to hear and consider such a motion as a condition of this Agreement. The decision of the Court on said motion shall be final. The Parties waive any right to appeal said decision. Owners shall pay to the Association in U.S. funds the amount awarded to the Association by no later than thirty (30) days after the entry of the award by the Court. Said payment shall be made by way of a cashier's check made payable to the "Na Pali Haweo Community Association." Owners are not entitled to an award of attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and/or any other costs and/or expenses in their favor and shall not seek to recover any attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and/or  other costs and/or expenses in connection with this legal action.

**B:   Example of Language that Could be Part of a Stipulation and Order.**

1.       The issue of the award of attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and other costs and expenses (collectively referred to as "attorneys' fees, expert fees, and costs") in favor of  the Association shall be submitted to the Court for determination via a motion filed by the Association.

2.       The sole purpose of the motion will be for the Court to determine the reasonable dollar amount of the attorneys' fees, expert fees, and costs to be awarded to the Association.

3.       The Association shall be deemed to be the prevailing party in this action.

4.       The decision of the Court on the Association's motion for award of attorneys' fees, expert fees, and costs shall be final. The Association and Owners waive **EXHIBIT "M"**

**EXHIBIT "M"**
**Page 18 of 21**

decision.

5.     Owners shall pay to the Association in U.S. funds the amount awarded to the Association by no later than thirty (30) days after the entry of a written order setting forth said award of attorneys' fees, expert fees, and costs to the Association.  Said payment shall be made by way of a cashier's check made payable to the "Na Pali Haweo Community Association" and must be received at the office of Neeley & Anderson LLP A Limited Liability Law Partnership, 733 Bishop Street, Suite 2301, Honolulu, Hawaii 96813 by no later than thirty (30) days after entry of said written order setting forth the award of attorneys' fees, expert fees, and costs to the Association.

6.     If full payment is not made within said thirty (30) day period, as aforesaid, a judgment shall be entered in favor of the Association against Owners, jointly and severally, in the amount of the attorneys' fees, expert fees, and costs awarded.  Said judgment shall also include an award of additional attorneys' fees and costs incurred by the Association in connection with the preparation and filing of said judgment and sending notice thereof to the Owners, which amount shall be determined by the Court at the time of the decision on the motion for award of attorneys' fees, expert fees, and costs filed by the Association.  Interest at the maximum rate allowed by law shall accrue on said judgment until paid.

7.     Owners are not entitled to an award of attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and/or any other costs and/or expenses in their favor and shall not seek to recover any attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and/or other costs and/or expenses in connection with this legal action.

Please let me know if you have any questions related to this matter.

Sincerely,

M. Anne Anderson

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813 
Ph: (808) 536-8177
Fax: (808) 536-4977
E-Mail: AAnderson@Neeley-Anderson.com

The information contained in this e-mail message and any attachments hereto is intended only for the personal and confidential use of the recipient(s) designated above. This message may be an attorney-client communication. If it is, it is privileged and confidential. If the reader of this message is not the designated recipient or an agent responsible for delivering this message to the designated recipient, you have received this document in error. In that event, any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please delete it from your computer and contact us immediately by telephone at (808) 536-8177.

**EXHIBIT "M"**
**Page 19 of 21**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "M. Anne Anderson" <aanderson@neeley-anderson.com> |
| **To:** | "'Steven B. Jacobson, AAL, ALLLC'" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "'Lance S. Fujisaki'" <lfujisaki@neeley-anderson.com>; "'John Zalewski'" <JZalewski@caselombardi.com> |
| **Sent:** | Thursday, December 14, 2006 7:49 AM |
| **Subject:** | Na Pali Haweo - Grande |

Steve:

In my experience, we generally spend less time negotiating a settlement agreement when we prepare the initial draft. As such, I think, in the long run, the fees will be less if we prepare the initial draft. However, we may be able to divide the work up so that you do the initial draft of the provisions that are unique to this case and we do the initiation draft of the standard terms that are found in most settlement agreements. If you agree, we will provide you with an initial draft of a settlement agreement with standard terms and you can insert the initial draft of the provisions that pertain to the agreement of the parties regarding the construction issues.

Let me know if you agree.

Sincerely,


M. Anne Anderson

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813 <>
Ph: (808) 536-8177
Fax: (808) 536-4977
E-Mail: AAnderson@Neeley-Anderson.com

The information contained in this e-mail message and any attachments hereto is intended only for the personal and confidential use of the recipient(s) designated above. This message may be an attorney-client communication. If it is, it is privileged and confidential. If the reader of this message is not the designated recipient or an agent responsible for delivering this message to the designated recipient, you have received this document in error. In that event, any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please delete it from your computer and contact us immediately by telephone at (808) 536-8177.

**EXHIBIT "M"**
**Page 20 of 21**

4/3/2008




**Sonya Chung-Hirano**


| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Thursday, December 14, 2006 6:48 AM |
| **Subject:** | Na Pali - Grande - settlement agreement |

Dear Steve:

Thank you for your e-mail and offer to prepare the first draft of the settlement agreement. However, we think it would be more efficient if we prepared the settlement agreement as we have forms we can use based upon other similar planned community association cases we have handled. It would probably be quicker if we prepared the settlement agreement.

Please confirm your agreement with the above. Also, we appreciate your client's cooperation yesterday at the settlement conference.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven B. Jacobson, AAL, ALLLC
**To:** Lance Fujisaki ; John Zalewski
**Cc:** Anne Anderson
**Sent:** Wednesday, December 13, 2006 4:47 PM
**Subject:** Na Pali - Grande

Lance & John,

I'll do the first draft of the settlement agreement.

Steve

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.409 / Virus Database: 268.15.18/586 - Release Date: 12/13/2006

**EXHIBIT "M"**
**Page 21 of 21**

4/3/2008