**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Saturday, January 13, 2007 10:16 AM |
| **Subject:** | NPH Grande - update |

Dear Steve:

1. To minimize additional fees and costs incurred, I would like to request another extension of time to respond to the Statement of Appeal which is due 1/18/07. Please advise by Monday morning or sooner if you will so stipulate; otherwise, we will have to continue work on the opposition.

2. Please advise re the status of your preparation of the stipulation and order re resolution of the Association's claim for reimbursement of fees and costs and instructing the court clerk to accept the Grandes' deposit of $200,000 with the U.S. District Court, and other matters. We have not yet received this.

3. Please advise when the revised plans will be submitted to us.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 1 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JDZ@caselombardi.com> |
| **Sent:** | Tuesday, January 16, 2007 8:45 AM |
| **Subject:** | Na Pali - Grande |

Dear Steve:

Please advise regarding the issue of the stay concerning the Statement of Appeal. If we don't receive confirmation today that you will agree to continue the deadline on our response, we will assume that the request has been denied and will proceed by finalizing our response which will increase the fees and costs incurred.

I am reviewing the Stipulation you e-mailed on Sunday; however, based upon a quick review, it appears the Stipulation is lacking the various terms we agreed to at the 12/13/06 settlement conference. The various terms should be set forth in the Stipulation as they are conditions upon which the Association is releasing its lien.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven B. Jacobson, AAL, ALLLC
**To:** Lance Fujisaki
**Cc:** John Zalewski
**Sent:** Sunday, January 14, 2007 4:19 PM
**Subject:** Na Pali - Grande

Attached is a proposed stip on the $200,000.

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.1.410 / Virus Database: 268.16.10/626 - Release Date: 1/14/2007

# EXHIBIT "N"
# Page 2 of 113

4/3/2008

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>
**Cc:** "John Zalewski" <JZalewski@caselombardi.com>
**Sent:** Monday, March 05, 2007 2:39 PM
**Attach:** Jacobson21-fnl.pdf
**Subject:** NPH/Grande - plans

Dear Steve:

Attached is a letter dated 3/5/07.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
=========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 3 of 113**

4/3/2008

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

March 5, 2007

**Via Fax, E-Mail
and U.S. Mail**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Re:   **Na Pali Haweo Community Association v. Anthony
Charles Grande, et al.**, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

On behalf of the Architectural Review Committee ("ARC") of Na Pali Haweo Community Association, we hereby advise you that the plans you hand-delivered to Neeley & Anderson LLP on January 26, 2007, are disapproved by the ARC as they, among other things, fail to address many of the issues previously discussed. We believe that the outstanding issues may be most efficiently addressed and resolved via a meeting including Ed Resh, the chair of the ARC, other Association representatives and counsel. Please contact me with dates when you and Mr. Resh are available for a meeting in our office.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

/s/Lance S. Fujisaki

Lance S. Fujisaki
Scott R. Grigsby

LSF/SRG:etb

cc:   John Zalewski, Esq.
Case Lombardi & Pettit

Client

%NaPaliHaweoGrande\Jacobson21-fnl.wpd

**EXHIBIT "N"
Page 4 of 113**

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JZalewski@caselombardi.com>
**Cc:** "M. Anne Anderson" <AAnderson@Neeley-Anderson.com>
**Sent:** Thursday, March 15, 2007 9:50 AM
**Subject:** Status conference

Dear Steve:

This responds to your 3/14/07 e-mail.

1. The status conference will be held before Judge Kurren, not Judge Kobayashi.

2. We will provide the settlement agreement to you shortly. Please note you also have not provided us with sections you agreed to draft. In any event, the settlement agreement cannot be finalized until the plans are approved by the ARC and, in that regard, the Grandes were delinquent in their submission of plans. (Plans were due 1/3/07 but were not submitted until 1/26/07.)

3. On Tuesday 3/13/07, I left a phone message for you to call me to schedule a meeting to discuss the plans, however, you have not returned my call. To resolve issues concerning the plans, the most productive course would be to have a meeting between Mr. Resh, Mr. Awa, you and one attorney for the Association. In addition, if Mr. Resh is having a draftsperson or other person prepare the plans, he or she should also attend the meeting. It is important that the person actually performing the work understand what needs to be done to resolve deficiencies in the plans. We feel a face to face meeting is the best course to promptly resolve this matter. Problems continue to surface with the plans despite our past discussions and numerous written communications. We will accommodate the concerns expressed in your e-mail by agreeing to minimize the number of people attending the meeting. However, we believe one attorney representing each side must be present.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=======================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven B. Jacobson, AAL, ALLLC
**To:** John Zalewski ; Lance S. Fujisaki
**Cc:** M. Anne Anderson
**Sent:** Wednesday, March 14, 2007 9:37 PM
**Subject:** Re: Status conference

Why don't you just provide me with the draft shell settlement agreement that was supposed to be sent to me months ago, and some indication of what the new objections to the plans are

**EXHIBIT "N"**
**Page 5 of 113**

4/3/2008

would be covered in the agreement we've never seen, like the paint color.

We don't yet know what Judge Ezra's ruling will be, so how can MJ Kobayashi properly set a status conference on Tuesday morning for you?  She's precluded from doing anything by the statute.

I'm not supposed to be doing anything, since I have "acute bronchitis bordering on pneumonia."

**EXHIBIT "N"**
**Page 6 of 113**

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "M. Anne Anderson" <AAnderson@Neeley-Anderson.com>; "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Monday, April 02, 2007 2:35 PM |
| **Attach:** | Sett-Agr 3-31-07.pdf |
| **Subject:** | Na Pali Haweo - Grande |

Dear Steve:

Attached is a draft of our proposed form of settlement agreement and release ("agreement"). The attached agreement is in draft form only and subject to further revision by our office. It is also subject to review and approval by our client, the Na Pali Haweo Community Association. The Association shall not be bound by the agreement until such time as it has been approved by its Board of Directors and fully executed by the parties thereto.

We are providing a copy to you prior to approval by our client in an effort to expedite the completion of the agreement. Once the attorneys in the case have been able to work out the details of the form of agreement, we can then present it to our respective clients for review and approval.

Per our discussions, we have left blank the section entitled, "Agreement Related to Covenant Violations," as you asked to prepare that section. Please provide us with your proposed section and any comments you may have with respect to the attached form of agreement. We will transmit Exhibits "1" and "2" separately.

Following up on our status conference on March 21, 2007, we would like to proceed with the meeting with Ed Resh as soon as possible. During our discussion after the status conference, you stated you would contact Mr. Resh to discuss the feasibility of a meeting. We believe a face to face meeting with Mr. Resh and his draftsperson is necessary to avoid further delays in resolving the outstanding issues. Please provide us with dates for a meeting as soon as possible.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 7 of 113

<u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is entered into by and between the Na Pali Haweo Community Association ("Association") and Anthony Charles Grande and Narindar Kaur Grande (collectively "Owners"). The Association and Owners are sometimes hereinafter individually referred to as a "Party" and collectively as the "Parties".

<u>W I T N E S S E T H   T H A T</u> :

A.     WHEREAS, the Association is a planned community association governed by Hawai`i Rev. Stat., Chapter 414D, and the Declaration of Covenants, Conditions and Restrictions of Na Pali Haweo subdivision recorded at the Bureau of Conveyances of the State of Hawaii as Document No. 91-049173 ("Declaration") and the Na Pali Haweo Design Guidelines ("Design Guidelines) among other documents;

B.     WHEREAS, Owners are the owners of a lot located at 1251 Kamehame Drive, also known as Lot No. 49 (Kamehame Ridge Subdivision, Unit II-Phase 2-A shown on file Plan Number 2028), Maunalua, Honolulu, Hawai`i 96825 (the "Property"). Said Property is located in the Na Pali Haweo subdivision.

C.     WHEREAS, the Association filed a legal action against the Owners, which suit is now pending in the United States District Court, District of Hawaii in CV04-00413 DAE/LEK (the "Litigation").

D.     WHEREAS, the Owners filed a counterclaim against the Association and Ronald K. Awa ("Awa") in said Litigation.

E.     WHEREAS, the Litigation involves, among other things, a dispute concerning the construction of a home on the Property.

F.     WHEREAS, the Parties, in connection with their respective counsel, have each fully and carefully examined the merits of the claims and defenses of each other Party, are fully cognizant of the risks, benefits, and expense of further prosecution of the Litigation and have decided that it is in each of their respective best interests to settle the disputes between them on the terms set forth below.

**EXHIBIT "N"
Page 8 of 113**

NOW, THEREFORE, IT IS HEREBY AGREED:

1.     <u>Valuable Consideration</u>.  The Parties agree and acknowledge that each has received good and valuable consideration for the terms, conditions, promises, and agreements set forth herein.

2.     <u>Agreement Related to Covenant Violations</u>.  The Parties have reached an agreement related to the covenant violations identified in the Litigation.  The agreement is set forth below:

**NOTE: THE INITIAL DRAFT OF THIS SECTION IS TO BE PREPARED BY STEVE JACOBSON**

3.     <u>Determination of Association's and Awa's Attorneys' Fees, Expert Fees, and Costs</u>. The Parties agree that the issue of the award of attorneys' fees, expert fees, attorneys' costs, expert costs, court costs, and other costs and expenses (collectively referred to as "attorneys' fees, expert fees, and costs") to the Association, both as Plaintiff and Counterclaim-Defendant, and Awa, as Counterclaim-Defendant, shall be submitted to the Court for determination via a motion filed by the Association, as Plaintiff and a separate motion filed by the Association and Awa as Counterclaim Defendants.  For purposes of the motions, the Parties agree that the Association (both as Plaintiff and Counterclaim Defendant) and Awa shall be considered the prevailing parties on the merits of the case and that the sole purpose of the motions shall be for the Court to determine the reasonable dollar amount of the attorneys' fees, expert fees, and costs to be paid by the Owners to the Association and Awa.  The details of the agreement between the Parties regarding the motions for attorneys' fees, expert fees, and costs and the payment thereof are set forth in the written stipulation and order attached hereto and incorporated herein as Exhibit "1."  As a condition to this Agreement, the Parties shall seek and obtain the agreement of the Court to hear and consider such motions under the terms and conditions set forth in said stipulation and order attached hereto as Exhibit "1."  As a condition to this Agreement, the Parties shall also seek and obtain the agreement of Awa to sign and enter into the stipulation and order attached hereto as Exhibit "1."

**EXHIBIT "N"
Page 9 of 113**

4.    <u>Definitions of Claims and Covered Claims.</u>

As used herein, "claims" means and includes any and all (*i.e.*, collectively, individually, and any combination thereof) demands, claims, allegations, controversies, actions, causes of action, complaints, liabilities, judgments, injuries, costs, losses, expenses, fees, attorneys' fees, expert fees, awards, and damages, of any kind or nature whatsoever, whether based in statute or common law, tort, contract, warranty, strict liability or otherwise, whether known or unknown, whether patent or latent, and whether at law or in equity.

As used herein, "Covered Claims" means and includes any and all claims, as defined above, from the beginning of time to the date hereof, arising out of, related or traceable to, connected with, based upon, and/or resulting from the claims, as defined above, and/or defenses asserted in the Litigation. The Covered Claims shall not include any claims of the Association or Awa for the recovery of attorneys' fees, expert fees, and costs from the Owners. The Association's and Awa's claims for attorneys' fees, expert fees, and costs shall be governed by Paragraph 3 above and the attached stipulation and order. Additionally, the Covered Claims shall not include any claims of the Parties related to any breach or enforcement of the terms of this Agreement.

5.    <u>Release.</u>    For good and valuable consideration, receipt of which is hereby acknowledged: a) except as stated in Paragraphs 2 and 3 above, the Association, for itself and its Board of Directors, directors, officers, successors, and assigns hereby releases and forever discharges the Owners and their respective heirs, executors, administrators, personal representatives, legal representatives, agents, successors, and assigns from the Covered Claims; b) Owners, for themselves and their respective heirs, executors, administrators, personal representatives, legal representatives, successors, and assigns hereby release and forever discharge the Association and its Board of Directors, directors, officers, employees, agents, managing agents (including, but not limited to, Hawaiiana Management Company, Ltd.), insurers (including, but not limited to, Great American Insurance Company), successors, and assigns from the Covered Claims; and c) Owners, for themselves and their respective heirs, executors, administrators, personal representatives, legal

-3-

**EXHIBIT "N"**
**Page 10 of 113**

representatives, successors, and assigns hereby release and forever discharge Awa, and his heirs, executors, administrators, personal representatives, legal representatives, agents, insurers (including, but not limited to, Great American Insurance Company), successors, and assigns from the Covered Claims.

      6.     <u>Releases in Paragraph 5 are a Complete Bar to Covered Claims</u>.  The releases given in Paragraph 5 above are and may be pleaded as a complete and absolute bar to the Covered Claims released by said Paragraph 5 notwithstanding the subsequent discovery of facts in addition to or different from those which the Parties now know or believe to be true with respect to the subject matter of this Agreement.

      7.     <u>Stipulation to Dismiss</u>.  Once the: a)  covenant violations referenced in Paragraph 2 have been corrected, as set forth in Paragraph 2 above; b) the Court has heard and ruled on the Association's and Awa's motion for attorneys' fees, expert fees, and costs provided for in Paragraph 3 above; and c) the attorneys' fees, expert fees, and costs awarded to the Association and Awa have been paid in full, the Parties agree to authorize and instruct their respective legal counsel of record to sign and file a stipulation for dismissal with prejudice with respect to the Litigation in the form attached hereto as Exhibit "2."   As a condition to this Agreement, the  Parties shall obtain the agreement of Awa to sign said stipulation for dismissal under the terms of this Paragraph 7.

      8.     <u>Warranty of No Assignment of Covered Claims/Indemnification Agreement for Breach of Warranty</u>.

The Association warrants and represents that it has not heretofore assigned or transferred or purported to assign or transfer any of the Covered Claims released by it in Paragraph 5 above or any part thereof and agrees to indemnify, defend, and hold harmless Owners from and against any said released Covered Claims asserted by any assignee of the Association. Owners warrant and represent that they have not heretofore assigned or transferred or purported to assign or transfer any of the Covered Claims released by them in Paragraph 5 above or any part thereof and agree to indemnify, defend, and hold harmless the Association from and against any said released Covered Claims asserted by any assignee of Owners, or either of them.

-4-

**EXHIBIT "N"**
**Page 11 of 113**

9.     Warranty of Authority. The Parties each warrant and represent to each other that they have all requisite power and authority to enter into this Agreement without the approval or consent of any person not a party hereto.

10.     Parties in Interest; No Third Party Benefit.  This Agreement shall be binding upon and inure to the benefit of the Association and its Board of Directors, directors, officers, successors, and assigns.  This Agreement shall also be binding upon and inure to the benefit of Owners and their respective heirs, executors, administrators, personal representatives, legal representatives, successors, and assigns.  Nothing in this Agreement is intended to and/or shall be deemed to confer any right upon any third party or person.

11.     Disclaimer.  The Parties hereby acknowledge that, in entering into this Agreement, they have not relied on any promises, representations, warranties, or statements of any kind or nature whatsoever, made by any other Party, or any agent, employee, officer, director, or attorney of any other Party, which are not set forth in this Agreement.  The Parties further acknowledge that, in connection with this Agreement, each Party has been represented by independent counsel, and that each has relied on its/his/her own investigation and judgment and the investigation and judgment of its/his/her own counsel.  This Agreement shall be considered as having been drafted by all Parties, and shall not be construed or interpreted against any Party by reason of such Party's role in drafting the same, but shall be construed and interpreted in accordance with the fair representations or warranties made herein.

12.     No Admission of Liability.  The Parties understand and agree that this Agreement represents a compromise of disputed claims and is not to be construed as an admission of liability by any Party and further, that each Party expressly denies any liability to the other Parties.  The consideration given and/or received by the Parties to this Agreement has been given and/or received in compromise of disputed claims and, except as otherwise provided herein, may not be used as evidence to establish liability for or invalidity of any claim or its amount.  Notwithstanding the foregoing, nothing herein shall bar any Party from submitting this Agreement or any provision hereof

-5-

**EXHIBIT "N"**
**Page 12 of 113**

into evidence for the purpose of enforcing this Agreement and/or establishing a breach or violation of, or failure to comply with, any of the terms, covenants, conditions, promises, or agreements set forth herein. Furthermore, this paragraph shall not be interpreted or construed in any fashion as to diminish the effectiveness or validity of any of the terms, covenants, and conditions of this Agreement.

       13.    <u>Miscellaneous</u>.

       (a)  The headings of paragraphs herein are for convenience and reference only and shall in no way define, limit, or describe the scope or intent of any provision in this Agreement. The use of any gender herein shall be deemed to include the other gender and the use of the singular herein shall be deemed to include the plural (and <u>vice</u> <u>versa</u>), whenever appropriate.

       (b)  If any term, covenant, or condition of this Agreement or the application thereof to any person or to any circumstance shall, to any extent, be invalid or unenforceable, the remainder of this Agreement, or the application of such term, covenant, or condition to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby and each term, covenant, or condition of this Agreement shall be valid and may be enforced to the fullest extent permitted by law.

       (c)  This Agreement contains the entire agreement between the Parties with respect to the subject matters hereof and supersedes and cancels any and all prior oral or written agreements and understandings between the Parties with respect to the subject matter hereof.

       (d)  This Agreement may not be amended or modified in any respect, except by an instrument in writing executed by all of the Parties.

       (e)  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and which shall together constitute one and the same document, binding the Association and Owners, notwithstanding that the Association and Owners are not signatories to the original or the same counterpart. For all purposes, duplicate, unexecuted, and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as

**EXHIBIT "N"**
**Page 13 of 113**

one document. The Parties shall execute two copies of this Agreement so that both the Association and Owners may retain a fully executed copy in their files.

(f)  In the event of a breach of the Agreement, the prevailing Party or Parties will be entitled to reimbursement of all reasonable attorneys' fees, costs, and expenses made necessary to enforce the terms and provisions of the Agreement, regardless of whether a legal action or proceeding for enforcement is filed.

(g)  In the event of any litigation concerning this Agreement or the subject matter of this Agreement, the Parties hereby agree that the courts of the State of Hawaii shall have exclusive jurisdiction, and that all matters at issue and all questions concerning the interpretation of this Agreement shall be decided and construed in accordance with the laws of the State of Hawaii.

(h)  The reference to a person or persons shall include natural persons, corporations, unincorporated associations, partnerships, limited liability partnerships, limited liability companies, joint ventures, governmental entities, eleemosynary corporations, and/or any other form of entity recognized by law.

14.     Good Faith Agreement.  The Parties agree that the settlement, releases, and dismissal with prejudice provided for in this Agreement have been made, agreed to, and entered into in good faith.

15.     Effectiveness.  This Agreement shall be effective as of the date it has been executed by the Association and Owners.

IN WITNESS WHEREOF, the undersigned have executed this Agreement below.

NA PALI HAWEO COMMUNITY ASSOCIATION

By:_____

Its:
Date:_____

"Association"

_____
ANTHONY CHARLES GRANDE
Date:_____

-7-

**EXHIBIT "N"**
**Page 14 of 113**

_____

_____
NARINDAR KAUR GRANDE
Date:_____

                                        "Owners"

**EXHIBIT "N"**
**Page 15 of 113**

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Tuesday, April 17, 2007 5:30 PM |
| **Attach:** | Jacobson Ltr22-fnl.pdf |
| **Subject:** | NPH Grande |

Attached is a letter dated April 17, 2007.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
=======================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 16 of 113

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

April 17, 2007

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

**Via Fax, E-Mail**
**and U.S. Mail**

Re:    <u>Na Pali Haweo Community Association v. Anthony</u>
       <u>Charles Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

Following the status conference on March 21, 2007, John Zalewski and I discussed with you the need for a face to face meeting involving the Grandes' architect Ed Resh, his draftsperson and Ron Awa of the Architectural Review Committee. Given the history of this case, we feel this case cannot be resolved unless the design professionals meet face to face to discuss the outstanding deficiencies. You informed us that Mr. Resh's health is uncertain and he is unable to travel to downtown for a meeting. We offered to travel to Kailua to meet with him. We emphasized that the meeting would not be adversarial in nature and that Mr. Resh could terminate the meeting at any time if he felt it would be best to do so. You also stated that a meeting with Mr. Resh's draftsman would be unproductive as he does not speak English. We suggested that Mr. Resh retain a draftsman who does speak English. We asked that you discuss this with Mr. Resh. We have received no response.

Given that a status conference is scheduled before Judge Kurren on April 23, 2007, please contact me immediately to schedule a meeting to discuss outstanding issues. In addition to the above, we have not received the section of the Settlement Agreement and Release entitled "Agreement Related to Covenant Violations," which you agreed to draft, nor have we received comments to our proposed draft of the Settlement Agreement and Release. Please provide the insert to the Settlement Agreement and Release and your comments as soon as possible.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki

**EXHIBIT "N"**
**Page 17 of 113**

Steven B. Jacobson, Esq.
April 17, 2007
Page 2


LSF:pr

cc:    John Zalewski, Esq.
       Case Lombardi & Pettit

       Client
X:\NaPaliHawec\Grande\Jacobson\22-fnl.wpd

**EXHIBIT "N"**
**Page 18 of 113**

**Sonya Chung-Hirano**
_____

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Friday, April 20, 2007 6:12 PM |
| **Attach:** | Judge Kurren1-fnl.pdf |
| **Subject:** | NPH/Grande - letter to Judge Kurren |

Attached is a letter to Judge Kurren. Enclosures have been mailed.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
======================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"
Page 19 of 113**

4/3/2008

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

April 20, 2007

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

**VIA HAND DELIVERY**

The Honorable Magistrate Judge Barry M. Kurren
United States District Court for the District of Hawai'i
300 Ala Moana Blvd., Room C-229
Honolulu, Hawai'i 96813

Re:    <u>Na Pali Haweo Community Association v. Anthony Charles
Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Judge Kurren:

In accordance with your directive, Plaintiff/Counterclaim Defendant Na Pali Community Association (the "Association") and Counterclaim Defendant Ron Awa hereby jointly submit this letter which summarizes recent events and the current status of settlement matters and outstanding issues in the above-referenced case.

By way of background, Na Pali Haweo is an upscale planned community located on Kamehame Ridge in east Oahu. The Grandes own a custom home and lot in Na Pali Haweo located at 1251 Kamehame Drive. The Grandes also own a home in Melbourne Beach, Florida, where they currently reside. According to public records, the respective tax assessed values of the Honolulu property and the Florida property are $899,900 and $625,240. Mr. Grande is a commercial airline pilot with Northwest Airlines. Counterclaim Defendant Ron Awa is an architect and chair of the Association's Architectural Review Committee.

<u>**December 13, 2006 Settlement Conference**</u>

As previously discussed, at the December 13, 2006 settlement conference before the then-assigned Magistrate Judge, the Honorable Leslie E. Kobayashi, which Defendant Anthony Charles Grande attended in person, the parties agreed as follows:

1.     By no later than January 3, 2007, Defendants agreed to submit plans containing their proposed remedial work to the Association's Architectural Review Committee ("ARC") for review and approval. Defendants agreed to submit plans that show their dwelling's as-built condition and indicated that their architect, Ed Resh, would prepare the plans.

2.     The parties agreed to enter into a written settlement agreement after the plans are approved. The written agreement shall, among other things, identify the deadline

**EXHIBIT "N"
Page 20 of 113**

The Honorable Magistrate Judge Barry M. Kurren
April 19, 2007
Page 2

by which the Defendants shall complete the work, in accordance with the ARC-approved plans. The parties agreed that the Court should retain jurisdiction over this case to resolve any dispute that may arise during construction. The parties further agreed that the settlement agreement will, among other things, require dismissal with prejudice of all claims asserted in the Association's Complaint and Defendants' Counterclaim.

3.    The parties agreed that Defendants shall prepare a stipulation and order concerning resolution of the Association's claim for attorneys' fees and costs, which shall memorialize the following terms:

a.    Defendants shall remit $200,000 with the Clerk of the U.S. District Court for the District of Hawaii, for deposit into an interest-bearing account, with the interest to be paid to Defendants.

b.    The Association shall file a motion or motions for attorneys' fees and costs and expert fees and costs within thirty (30) days following execution of the settlement agreement, and the Magistrate shall rule on the motion(s).

c.    The parties shall have the right to appeal the Magistrate's decision to United States District Judge Ezra. However, the parties agreed that Judge Ezra's ruling shall not be appealed.

d.    Defendants shall stipulate that the Association is the prevailing party in this action for purposes of adjudication of the Association's fees and cost award. (See Judge Ezra's summary judgment ruling entered herein on July 18, 2006.)

e.    To enable Defendants to obtain financing for the remedial work, and to obtain the funds to deposit with the Clerk of the U.S. District Court, the Association agreed to release its duly-recorded lien on Defendants' property, upon Defendants' deposit of $200,000 with the Clerk of the U.S. District Court.

f.    Upon a final award of fees and costs, the Clerk shall issue payment to the Association in the amount of fees and costs awarded. If the amount awarded to the Association (on the Complaint and Counterclaim) is less than $200,000, the balance will be returned to the Grandes. The Association will not waive claims for any amounts over $200,000 if awarded by the Court.

4.    Upon resolution of this case, the construction deposit of $3,000 will be returned to Defendants.

**EXHIBIT "N"**
**Page 21 of 113**

The Honorable Magistrate Judge Barry M. Kurren
April 19, 2007
Page 3

     5.    Defendants shall dismiss with prejudice their claims against the Association in a pending State Court mechanics' lien foreclosure action pending in the First Circuit Court involving the same Na Pali Haweo residence.

**Current Status re: Settlement**

The following is the status of the various steps towards settlement:

Step 1 - Approval of Plans

Although January 3, 2007, was the deadline for submitting plans for remedial work, Defendants submitted plans to the ARC on January 26, 2007. The plans were disapproved via letter dated March 5, 2007. *See* attached Exhibit A.

The March 5, 2007, letter from the Association's counsel disapproving the plans requested a meeting between the Defendants' architect, the chair of the ARC and counsel for the parties:

    We believe that the outstanding issues may be most efficiently addressed and resolved via a meeting including Ed Resh and the chair of the ARC, other Association representatives and counsel. Please contact me with dates when you and Mr. Resh are available for a meeting in our office.

The Association requested a meeting given the extensive history of problems with plans submitted by Defendants' architect. Since 2003, the ARC has expressed concerns about the exceedingly poor quality of plans submitted by Defendants. This was briefly outlined in the Association's Memorandum in Support of Motion for Summary Judgment. For example, plans submitted by Defendants have not complied with standard architectural conventions and practices, such as documenting revisions with clouds, revision numbers and corresponding dates; revisions were made on some but not all of views of the subject features; plans which should have shown as-built conditions did not accurately reflect conditions that actually exist. The ARC found that many of the same deficiencies noted on prior versions of the plans were repeated on the plans submitted on January 26, 2007.  Because the written settlement agreement and Defendants' agreed-upon remedial work center in large part on the plans, their significant flaws and ambiguities must be addressed.  Revised and corrected plans are essential.

The Association made repeated attempts to schedule a meeting with Defendants' architect and draftsman. *See* e-mail dated March 8, 2007, March 15, 2007, and April 2, 2007, attached hereto as Exhibits B through D. Furthermore, after the status conference before this Court on March 21, 2007, both of us discussed with Mr. Jacobson the need for a face to face meeting involving the Grandes' architect Ed Resh, his draftsperson and the ARC chair. We explained to

**EXHIBIT "N"**
**Page 22 of 113**

The Honorable Magistrate Judge Barry M. Kurren
April 19, 2007
Page 4

Mr. Jacobson that given the history of this case, this case could not be resolved unless the design professionals met face to face to discuss the outstanding deficiencies. Mr. Jacobson informed us that Mr. Resh's health was uncertain and he was unable to travel to downtown for a meeting. We offered to travel to Kailua to meet with him, or any other mutually agreeable location. We emphasized that the meeting would not be adversarial in nature and that Mr. Resh could terminate the meeting at any time if he felt it would be best to do so. Mr. Jacobson also stated that a meeting with Mr. Resh's draftsman would be unproductive as he does not speak English. We suggested that Mr. Resh retain a draftsman who does speak English. We asked that Mr. Jacobson discuss this with Mr. Resh. *See* April 17, 2007, letter, attached as Exhibit E, summarizing this discussion.

The Association maintains that a face to face meeting is vital to resolve this case and requests that this Court order the Grandes' architect and draftsman to appear in Court for a meeting with the chair of the ARC to discuss deficiencies in the plans submitted on January 26, 2007, and how the plans should be corrected. The Grandes have provided no reasonable excuses for their design professionals' failure to meet with the ARC chair. If their architect is too ill to meet, or their draftsman is unable to communicate in English, they should be required to retain a new design team. The current situation is, and has for many years been, a major impediment towards settlement. Finally, the statement in Mr. Jacobson's April 17, 2007, letter, attached as Exhibit "E," that the Association has imposed "impossible conditions" for a meeting is patently ridiculous. The Association has made every effort to accommodate the Grandes' architect, but these accommodations have been met without success.

Step 2 - Drafting Settlement Agreement

The Association agreed to prepare an initial draft of the standard terms of the Settlement Agreement and Mr. Jacobson agreed to draft the "provisions unique to this case." *See* December 14, 2006, e-mail, attached as Exhibit F. A draft of the settlement agreement was e-mailed to Mr. Jacobson on April 2, 2007. *See* April 2, 2007, e-mail, attached as Exhibit D. Thus far, the Association has received <u>neither</u> any comments <u>nor</u> responses from Mr. Jacobson on the settlement agreement, <u>nor</u> the specific settlement terms which Mr. Jacobson agreed to draft.

Step 3 – Deposit With Clerk of the Court

In their April 17, 2007, letter, the Grandes have notified the Association for the <u>first</u> time they are unable to obtain financing to deposit funds with the Clerk in the instant action. *See* attached as Exhibit E. The April 17, 2007, letter mentions that they have determined that they cannot "borrow the approximately $300,000 (or more) contemplated as a pre-condition under the current form of the proposed settlement, and maintain that amount of additional debt." The $300,000 figure is apparently based upon the $200,000 the Grandes agreed to deposit with the Clerk of this Court, the estimated expense of remedial work and the amounts to be deposited in

The Honorable Magistrate Judge Barry M. Kurren
April 19, 2007
Page 5

the mechanics' lien foreclosure action pending in the First Circuit Court to release the mechanics' lien.

At the December 13, 2006, settlement conference, Mr. Grande represented that he had researched the issue and was able to obtain financing for (1) the $200,000 deposit in the instant case, (2) the amounts to be deposited with the First Circuit Court to release the mechanics' lien, and (3) the cost of remedial work. Mr. Grande was advised to take steps immediately to secure financing so that the funds could be obtained without delay. He stated he had done so.

It should be noted that the December 13, 2006, settlement conference followed several settlement meetings in October and November 2006 between counsel for the Grandes and the Association. Thus, the Grandes had ample time to explore financing. Moreover, after the December 13, 2006, settlement conference, the Grandes filed a motion to release and discharge the mechanics' and materialmen's liens in the First Circuit Court action. The First Circuit Court granted the motion, subject to the Grandes depositing $63,751.48 pursuant to Section 507-45, Hawaii Revised Statutes. The motion to release and discharge the liens was consistent with the agreement reached on December 13, 2006.

In light of the Grandes' previous representations that they would obtain necessary financing to resolve this case, they should be required to provide this Court and the Association with good cause for their current determination that they are unable to obtain financing.

<u>Step 4 - Dismissal of Claims in Mechanics' Lien Action</u>

In the related state action, Mr. Jacobson agreed to stipulate to the dismissal of the Grandes' claims against the Association provided that the Association, in that action only, agree that each side shall bear their own fees and costs. The Association's counsel of record in the state action, Tony Wong, Esq., agreed and has submitted several draft stipulations for dismissal to Mr. Jacobson for review and approval. The latest draft was sent to Mr. Jacobson several days ago, but he has failed to date to respond.

**Conclusion**

In summary, in light of Mr. Jacobson's April 17, 2007, letter (Exhibit E), the status of settlement is unclear. It is not clear whether the Grandes are once again attempting to delay matters further and/or repudiate settlement terms which they previously agreed to. Such tactics should not be permitted. To return this case to a settlement track, the Association respectfully submits that this Court should order (1) the Grandes to personally appear for a further settlement conference, and (2) the Grandes' architect and draftsman to appear in Court for a meeting with the chair of the Architectural Review Committee to discuss deficiencies in the plans submitted on January 26, 2007, and how the plans should be corrected.

**EXHIBIT "N"**
**Page 24 of 113**

The Honorable Magistrate Judge Barry M. Kurren
April 19, 2007
Page 6

Thank you for your attention to this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki
Attorney for Plaintiff
Na Pali Haweo Community
Association

CASE LOMBARDI & PETTIT

John D. Zalewski
Attorney for Counterclaim-Defendants
Na Pali Haweo Community
Association and Ronald K. Awa

LSF/JDZ

cc:    Steven B. Jacobson, Esq. (via mail (with enclosures) and via e-mail (without enclosures))
       Na Pali Haweo Community Association

x:\NaPaliHaweo\Grande\UsDcPleadings\Judge Kurren1-fnl.doc

Enclosures (as referenced)

**EXHIBIT "N"**
**Page 25 of 113**

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Blake Bushnell" <bbushnell@bushnellmiller.com> |
| **To:** | "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JDZ@caselombardi.com>; "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **Sent:** | Tuesday, May 08, 2007 3:47 PM |
| **Subject:** | Meeting with Mr. Resh |

In response to Mr. Fujisaki's letter dated May 4, 2007, Mr. Resh can meet with Mr. Awa only at 11am, Friday May 11, 2007. The meeting will be held in his office of 1441 Kapiolani Blvd, Unit B48. The meeting is being agreed to on the further condition that this meeting will involve only Mr. Awa and Mr. Resh. It will be up to Mr. Resh to decide whether it is necessary to include the draftsman. If a draftsman needs to be present, we assume that the Association is willing to pay for the draftsman's time, but will need written confirmation from Lance or John on that issue. Mr. Resh is willing to donate his time if Mr. Awa is doing the same. If that is not the case, then the Association (through Lance or John) will need confirm that it will also be paying for Mr. Resh's time to attend the meeting at his normal hourly rate. The discussion will be restricted to changes that the Association is requesting to the revised plans or any questions regarding the content of the revised plans. Mr. Awa should bring any materials he wants to discuss with him at the time of the meeting.

If you can agree to these additional conditions and will pay a draftsman to attend the meeting, then simply confirm the time and date with Mr. Awa. If you cannot agree to the above, then we request you simply put your questions about the plans in writing to Mr. Jacobsen who can pass them on to Mr. Resh for response.

Thank you,


Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT "N"
# Page 26 of 113

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Blake Bushnell" <bbushnell@bushnellmiller.com> |
| **To:** | "John Zalewski" <JZalewski@caselombardi.com>; "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>"; "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **Sent:** | Wednesday, May 09, 2007 12:29 PM |
| **Subject:** | RE: 1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al |

Frankly, it would be pretty embarrasing if we can't work this out without a Majistrate Judge involved. A status conference is a bad idea. The attorney's fees and costs to the clients in this matter already appear to be out of control relative to the subject matter. It will cost everyone involved 10x more to have status conference than it will to pay the draftsman for an hour of his time. I am not going to go to a status conference to see who is going to pay $50-$100 to a drafstman. I just don't think Ed should have to pay him if his attendance is being required by the Association. If someone else wants to pay him, fine.

The easiest thing is still just to put the requested revisions or clarifications in writing, so explanations can be given or changes to the plans can be made as necessary. I still don't understand the big deal of a face to face meeting were nobody has bothered to put anything in writing yet. It's not a situation where Mr. Resh is being non-responsive.

Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

-----Original Message-----
From: John Zalewski [mailto:JZalewski@caselombardi.com]
Sent: Wednesday, May 09, 2007 9:13 AM
To: Steven B. Jacobson, AAL, ALLLC; Lance S. Fujisaki
Cc: Blake Bushnell
Subject: RE: 1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al

**EXHIBIT "N"**
**Page 27 of 113**

4/3/2008

Steve:

On what dates ARE you available for the Status Conference?

Both Lance Fujisaki and I believe a Status Conference is critical given the series of preconditions to a meeting that your clients and Mr. Resh continue to raise.

John


-----Original Message-----
From: Steven B. Jacobson, AAL, ALLLC
[mailto:sjacobson.law@hawaiiantel.net]
Sent: Wednesday, May 09, 2007 9:00 AM
To: Lance S. Fujisaki; Richlyn_Young@hid.uscourts.gov
Cc: Blake Bushnell; John Zalewski
Subject: Re: 1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al

I don't see any point in having a status conference, and am unavailable on May 17 and 18 anyway. I'm flying out on the 16th for my niece's wedding rehearsal (on the 17th) and wedding (on the 18th) in California.

----- Original Message -----
From: <Richlyn_Young@hid.uscourts.gov>
To: "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
Cc: "Blake Bushnell" <BBushnell@BushnellMiller.com>; "John Zalewski" <JZalewski@caselombardi.com>; "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>
Sent: Wednesday, May 09, 2007 8:07 AM
Subject: Re: 1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al


> If everyone agrees to a status conference, how about 5-17-07 @ 9:30 a.m.,
> BMK??
>
>
>
> Richlyn Young
> Courtroom Manager to Judge Barry M. Kurren
> PH:  (808) 541-3090
> Cell:  (808) 721-2635
>
>
>
>
>          "Lance S.
>          Fujisaki"
>          <lfujisaki@neeley

**EXHIBIT "N"**
**Page 28 of 113**

To
>          -anderson.com>          "Steven B. Jacobson, AAL, ALLLC"
>                                  <sjacobson.law@hawaiiantel.net>,
>          05/09/2007 07:55
<Richlyn_Young@hid.uscourts.gov>,
>          AM                      "Blake Bushnell"
>                                  <BBushnell@BushnellMiller.com>
>
cc
>                                  "John Zalewski"
>                                  <JZalewski@caselombardi.com>
>
Subject
>                                  1:04-cv-00413-DAE-BMK Na Pali
Haweo
>                                  v. Grande, et al
>
>
>
>
>
>
>
>
>
>
> Dear Richlyn:
>
> Na Pali Haweo Community Association requests a status conference with
> Judge
>
> Kurren at the Court's earliest
> convenience. The topic to be discussed is the meeting between the
Grandes'
> architect, his draftsman and the Association's Architectural Review
> Committee chair.
>
> We would like the Grandes' architect's attorney, Blake Bushnell, to
also
> attend the status conference.
>
> Thank you for your attention to this matter.
>
> Lance S. Fujisaki
>
> Neeley & Anderson LLP
> A Limited Liability Law Partnership
> 733 Bishop Street, Suite 2301
> Honolulu, Hawaii 96813
> Telephone:  (808) 536-8177, ext. 106
> Facsimile:  (808) 536-4977

**EXHIBIT "N"
Page 29 of 113**

4/3/2008

> ================================================================
> CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents,
files
> or previous e-mail messages attached to it may contain confidential
> information that is legally privileged. If you are not the intended
> recipient, or a person responsible for delivering it to the intended
> recipient, you are hereby notified that any disclosure, copying,
> distribution or use of any of the information contained in or attached
to
> this transmission is STRICTLY PROHIBITED. If you have received this
> transmission in error, please immediately notify us by reply e-mail
and
> destroy the original transmission and its attachments without reading
or
> saving it in any manner. Thank you.
>
>


--
BlackBird has scanned this message for viruses and dangerous content.
The message is believed to be clean.

**EXHIBIT "N"**
**Page 30 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Blake Bushnell" <BBushnell@BushnellMiller.com>; "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Wednesday, May 09, 2007 10:06 AM |
| **Subject:** | Meeting with Mr. Resh |

Dear Blake:

As you know, we have requested a status conference with Judge Kurren to discuss the new issues raised by your client, Mr. Resh. I urge you and/or your client to reconsider your May 8, 2007, e-mail. The terms you raise are completely unreasonable and untenable. I have inserted my responses to your e-mail. See underlined text.

[TEXT OF YOUR E-MAIL WITH MY RESPONSES UNDERLINED]

In response to Mr. Fujisaki's letter dated May 4, 2007, Mr. Resh can meet with Mr. Awa only at 11am, Friday May 11, 2007. The meeting will be held in his office of 1441 Kapiolani Blvd, Unit B48. Agreed

The meeting is being agreed to on the further condition that this meeting will involve only Mr. Awa and Mr. Resh. It will be up to Mr. Resh to decide whether it is necessary to include the draftsman. As stated previously, the draftsman must be present. This is not a discretionary issue for Mr. Resh or the Grandes.

If a draftsman needs to be present, we assume that the Association is willing to pay for the draftsman's time, but will need written confirmation from Lance or John on that issue. The Association will not pay for the draftsman's time -- this should be borne by the Grandes as the draftsman is working for the Grandes, through Mr. Resh.

Mr. Resh is willing to donate his time if Mr. Awa is doing the same. Mr. Awa will not "donate" his time. On what ground is Mr. Resh requesting Mr. Awa donate his time? I can think of no ground.

If that is not the case, then the Association (through Lance or John) will need confirm that it will also be paying for Mr. Resh's time to attend the meeting at his normal hourly rate. The Association will not pay for Mr. Resh's time. Mr. Resh is the Grandes' architect. If Mr. Resh requires remuneration, remuneration should be paid by the Grandes. We suggest you resolve this issue with the Grandes and not involve the Association or Mr. Awa.

The discussion will be restricted to changes that the Association is requesting to the revised plans or any questions regarding the content of the revised plans. In other words, deficiencies in the plans and generally how they may be addressed or resolved.

Mr. Awa should bring any materials he wants to discuss with him at the time of the meeting. Agreed

If you can agree to these additional conditions and will pay a draftsman to attend the meeting, then simply confirm the time and date with Mr. Awa. If you cannot agree to the above, then we request you simply put your questions about the plans in writing to Mr. Jacobsen who can pass them on to Mr. Resh for response. As you know, deficient plans have been a recurring problem in this case. We have provided detailed lists of deficiencies with regard to Mr. Resh's prior plans, at great expense, but to no avail. Please confirm that this statement is intended as a refusal by Mr. Resh to attend a meeting unless the conditions imposed by Mr. Resh are met.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership

# EXHIBIT "N"
# Page 31 of 113

733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Blake Bushnell
**To:** Steven B. Jacobson, AAL, ALLLC ; John Zalewski ; Lance S. Fujisaki
**Sent:** Tuesday, May 08, 2007 3:47 PM
**Subject:** Meeting with Mr. Resh

In response to Mr. Fujisaki's letter dated May 4, 2007,  Mr. Resh can meet with Mr. Awa only at 11am, Friday May 11, 2007.  The meeting will be held in his office of 1441 Kapiolani Blvd, Unit B48. The meeting is being agreed to on the further condition that this meeting will involve only Mr. Awa and Mr. Resh. It will be up to Mr. Resh to decide whether it is necessary to include the draftsman. If a draftsman needs to be present, we assume that the Association is willing to pay for the draftsman's time, but will need written confirmation from Lance or John on that issue.  Mr. Resh is willing to donate his time if Mr. Awa is doing the same. If that is not the case, then the Association (through Lance or John) will need confirm that it will also be paying for Mr. Resh's time to attend the meeting at his normal hourly rate. The discussion will be restricted to changes that the Association is requesting to the revised plans or any questions regarding the content of the revised plans.  Mr. Awa should bring any materials he wants to discuss with him at the time of the meeting.

If you can agree to these additional conditions and will pay a draftsman to attend the meeting, then simply confirm the time and date with Mr. Awa. If you cannot agree to the above, then we request you simply put your questions about the plans in writing to Mr. Jacobsen who can pass them on to Mr. Resh for response.

Thank you,


Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT "N"
# Page 32 of 113

4/3/2008

**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Blake Bushnell" <BBushnell@BushnellMiller.com>; "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Thursday, May 10, 2007 2:35 PM |
| **Subject:** | 1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al |

Dear Blake:

The Association will agree to a meeting between Mr. Resh and Mr. Awa. We will rely upon Mr. Resh to determine whether his draftsman will attend. If the draftsman does not attend, it will be Mr. Resh's responsibility to communicate instructions to him, as necessary.

The Grandes will be responsible for Mr. Resh's fees, if any. The issue of how the Association will handle Mr. Awa's fees is a matter between the Association and the Grandes.

Please confirm you are in agreement with the above. I am unsure of Mr. Awa's availability at this juncture; however, the meeting should be scheduled as soon as possible, i.e., by the end of next week.

Please advise when Mr. Resh is available to meet with Mr. Awa, and confirm Mr. Resh's preferred location for the meeting.

Lance


----- Original Message -----
From: "Blake Bushnell" <bbushnell@bushnellmiller.com>
To: "John Zalewski" <JZalewski@caselombardi.com>; "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>; "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
Sent: Wednesday, May 09, 2007 12:29 PM
Subject: RE: 1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al


Frankly, it would be pretty embarrasing if we can't work this out without a Majistrate Judge involved. A status conference is a bad idea. The attorney's fees and costs to the clients in this matter already appear to be out of control relative to the subject matter. It will cost everyone involved 10x more to have status conference than it will to pay the draftsman for an hour of his time. I am not going to go to a status conference to see who is going to pay $50-$100 to a draftsman. I just don't think Ed should have to pay him if his attendance is being required by the Association. If someone else wants to pay him, fine.

The easiest thing is still just to put the requested revisions or clarifications in writing, so explanations can be given or changes to

**EXHIBIT "N"**
**Page 33 of 113**

the plans can be made as necessary. I still don't understand the big
deal of a face to face meeting were nobody has bothered to put anything
in writing yet. It's not a situation where Mr. Resh is being
non-responsive.

Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

**EXHIBIT "N"**
**Page 34 of 113**

4/3/2008

## Sonya Chung-Hirano

**From:** "Blake Bushnell" <bbushnell@bushnellmiller.com>
**To:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>; "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>
**Cc:** "John Zalewski" <JZalewski@caselombardi.com>; "Ed Resh" <inkailua@hawaii.rr.com>
**Sent:** Wednesday, May 16, 2007 12:19 PM
**Subject:** RE: NPH/Grande

Mr. Resh just advised me that he can be available to meet with Mr. Awa with a draftsman present from 12 pm to 1pm at his office tomorrow. I am reconfirming that all discussions are in the context of settlement communications protected by Rule 408, HRE and the corresponding federal rule of evidence protecting such communications.

I'm not sure how having a draftsman present "avoids miscommunications" or makes it "easier" to resolve this matter as stated your e-mail below. Mr. Resh has always performed his services in good faith without any agenda.

With all due respect to Mr. Awa, who I presume will meeting with Mr. Resh in good faith,  I am recommending that a draftsman attend the meeting in order to corroborate that the conversation is constructively focused on the plans and design issues and is not a fact finding mission to try to build up a liability argument against Mr. Resh's clients.  Also, if the Grandes subsequently agree to have Mr. Resh perform additional work, there is another person available to assist if Mr. Resh if his health does not permit him to act quickly.

Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

---

**From:** Lance S. Fujisaki [mailto:lfujisaki@neeley-anderson.com]
**Sent:** Friday, May 11, 2007 11:05 AM
**To:** Blake Bushnell; Steven B. Jacobson
**Cc:** John Zalewski
**Subject:** NPH/Grande

Dear Blake:

Ron Awa is available on the following dates -- presuming that the meeting is held at Mr. Resh's Kapiolani Blvd. office. Please advise as soon as possible as to Mr. Resh's schedule. We do strongly recommend that his draftsman attend to avoid miscommunications and improve the chances of resolving this matter.

Weds. 5/16 available between 2 to 4 p.m.
Thurs. 5/17 flexible
Fri. 5/18 flexible

Thank you for your attention to this matter.

## EXHIBIT "N"
## Page 35 of 113

4/3/2008

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
========================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

--
BlackBird has scanned this message for viruses and dangerous content.
The message is believed to be clean.

**EXHIBIT "N"**
**Page 36 of 113**

4/3/2008

## Sonya Chung-Hirano

**From:**     "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:**       "Blake Bushnell" <bbushnell@bushnellmiller.com>; "Steven B. Jacobson"
            <sjacobson.law@hawaiiantel.net>
**Cc:**       "John Zalewski" <JZalewski@caselombardi.com>
**Sent:**     Wednesday, May 16, 2007 12:57 PM
**Subject:** NPH/Grande Meeting 5/17

I will check with Ron Awa on his schedule tomorrow Thursday May 17, 2007, 12:00 p.m. The meeting will be subject to Rule 408. Is Mr. Resh available on any other date or time?

The remainder of your comments, with the exception of the last sentence, are totally uncalled for, argumentative and offensive. Obviously, if the draftsman will perform or assist with the drafting work, having him attend the meeting will avoid Mr. Resh having to repeat the instructions and the draftsman having to interpret Mr. Resh's account of the meeting. If the draftsman has questions, he can raise them at the time. I will not comment on whether Mr. Resh has or has not performed his services in good faith without any agenda. That is an issue between Mr. Resh and his clients. If we wanted to do a fact finding mission, we could easily do so by noticing Mr. Resh's deposition. We don't need to build up a liability case; we have already won partial summary judgment against the Grandes.

Our sole agenda as we have repeatedly stated is to move forward with the agreed upon settlement process. To do so, the ARC requires clear and unambiguous plans. So let's keep the communications positive and not engage in this kind of unconstructive diatribe.

Thanks,

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
==========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Blake Bushnell
**To:** Lance S. Fujisaki ; Steven B. Jacobson
**Cc:** John Zalewski ; Ed Resh
**Sent:** Wednesday, May 16, 2007 12:19 PM
**Subject:** RE: NPH/Grande

Mr. Resh just advised me that he can be available to meet with Mr. Awa with a draftsman present from 12 pm to 1pm at his office tomorrow. I am reconfirming that all discussions are in the context of settlement communications protected by Rule 408, HRE and the corresponding federal rule of evidence protecting such communications.

# EXHIBIT "N"
# Page 37 of 113

4/3/2008

I'm not sure how having a draftsman present "avoids miscommunications" or makes it "easier" to resolve this matter as stated your e-mail below. Mr. Resh has always performed his services in good faith without any agenda.

With all due respect to Mr. Awa, who I presume will meeting with Mr. Resh in good faith, I am recommending that a draftsman attend the meeting in order to corroborate that the conversation is constructively focused on the plans and design issues and is not a fact finding mission to try to build up a liability argument against Mr. Resh's clients. Also, if the Grandes subsequently agree to have Mr. Resh perform additional work, there is another person available to assist if Mr. Resh if his health does not permit him to act quickly.

Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

**EXHIBIT "N"**
**Page 38 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Blake Bushnell" <bbushnell@bushnellmiller.com> |
| **To:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **Cc:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JDZ@caselombardi.com> |
| **Sent:** | Wednesday, May 16, 2007 4:54 PM |
| **Subject:** | RE: NPH/Grande Meeting 5/17 |

Lance:

I am sorry you are so easily offended. It is simply difficult to understand why the issues you, Mr. Awa, or the Association want to talk to Mr. Resh about could not be put in writing first. When you or your client start to require things that are out of the ordinary in a litigation context and may be cause for suspicion, you should learn not to be offended when people get suspicious.

This is just being professionally cautious. It is nothing personal against you or your client.

Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

---

**From:** Steven B. Jacobson, AAL, ALLLC [mailto:sjacobson.law@hawaiiantel.net]
**Sent:** Wednesday, May 16, 2007 1:46 PM
**To:** Lance S. Fujisaki; Blake Bushnell
**Cc:** John Zalewski
**Subject:** Re: NPH/Grande Meeting 5/17

Everyone,
So the record is clear, Mr. and Mrs. Grande do not agree with, and reject, the multiple falsehoods in Mr. Fujisaki's email.
If the Association's desire had been to "move forward," it would never have filed this unnecessary lawsuit to begin with, and/or would have directed its attorneys to negotiate in good faith once it was filed.
SJ

----- Original Message -----
**From:** Lance S. Fujisaki
**To:** Blake Bushnell ; Steven B. Jacobson
**Cc:** John Zalewski
**Sent:** Wednesday, May 16, 2007 12:57 PM
**Subject:** NPH/Grande Meeting 5/17

I will check with Ron Awa on his schedule tomorrow Thursday May 17, 2007, 12:00 p.m. The meeting will be subject to Rule 408. Is Mr. Resh available on any other date or time?

The remainder of your comments, with the exception of the last sentence, are best left for argumentative

**EXHIBIT "N"**
**Page 39 of 113**

4/3/2008

and offensive. Obviously, if the draftsman will perform or assist with the drafting work, having him attend the meeting will avoid Mr. Resh having to repeat the instructions and the draftsman having to interpret Mr. Resh's account of the meeting. If the draftsman has questions, he can raise them at the time. I will not comment on whether Mr. Resh has or has not performed his services in good faith without any agenda. That is an issue between Mr. Resh and his clients. If we wanted to do a fact finding mission, we could easily do so by noticing Mr. Resh's deposition. We don't need to build up a liability case; we have already won partial summary judgment against the Grandes.

Our sole agenda as we have repeatedly stated is to move forward with the agreed upon settlement process. To do so, the ARC requires clear and unambiguous plans. So let's keep the communications positive and not engage in this kind of unconstructive diatribe.

Thanks,

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
=========================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Blake Bushnell
**To:** Lance S. Fujisaki ; Steven B. Jacobson
**Cc:** John Zalewski ; Ed Resh
**Sent:** Wednesday, May 16, 2007 12:19 PM
**Subject:** RE: NPH/Grande

Mr. Resh just advised me that he can be available to meet with Mr. Awa with a draftsman present from 12 pm to 1pm at his office tomorrow. I am reconfirming that all discussions are in the context of settlement communications protected by Rule 408, HRE and the corresponding federal rule of evidence protecting such communications.

I'm not sure how having a draftsman present "avoids miscommunications" or makes it "easier" to resolve this matter as stated your e-mail below. Mr. Resh has always performed his services in good faith without any agenda.

With all due respect to Mr. Awa, who I presume will meeting with Mr. Resh in good faith,  I am recommending that a draftsman attend the meeting in order to corroborate that the conversation is constructively focused on the plans and design issues and is not a fact finding mission to try to build up a liability argument against Mr. Resh's clients.  Also, if the Grandes subsequently agree to have Mr. Resh perform additional work, there is another person available to assist if Mr. Resh if his health does not permit him to act quickly.

Blake Bushnell
Bushnell & Miller
737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040

**EXHIBIT "N"**
**Page 40 of 113**

4/3/2008