Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

--
BlackBird has scanned this message for viruses and dangerous content.
The message is believed to be clean.

**EXHIBIT "N"**
**Page 41 of 113**

4/3/2008

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Blake Bushnell" <bbushnell@bushnellmiller.com>
**Cc:** "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JDZ@caselombardi.com>
**Sent:** Thursday, May 17, 2007 5:37 AM
**Subject:** NPH/Grande Meeting 5/17

Dear Blake:

This confirms Ron Awa is available for a meeting at 12:00 p.m. in Mr. Resh's office today May 17, 2007. The meeting shall occur under Rule 408 HRE and FRE.

Regarding your commentary, I underscore the fact that the recommendation that the architects meet and confer to discuss the deficiencies is based upon the history of this case, including the 1 year of settlement meetings before Judge Kobayashi in which 2 proposals were submitted by the Grandes to the ARC, and the numerous submissions before that. The Association's position is fully justified under the circumstances. We discussed our position with Judge Kurren and he concurred that a meeting should occur (by May 14). You were invited to call Judge Kurren if you had any questions or concerns. I fail to see how a request that principals confer face to face to resolve problems "may be cause for suspicion."

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Blake Bushnell
**To:** Lance S. Fujisaki
**Cc:** Steven B. Jacobson ; John Zalewski
**Sent:** Wednesday, May 16, 2007 4:54 PM
**Subject:** RE: NPH/Grande Meeting 5/17

Lance:

I am sorry you are so easily offended. It is simply difficult to understand why the issues you, Mr. Awa, or the Association want to talk to Mr. Resh about could not be put in writing first. When you or your client start to require things that are out of the ordinary in a litigation context and may be cause for suspicion, you should learn not to be offended when people get suspicious.

This is just being professionally cautious. It is nothing personal against you or your client.

Blake Bushnell
Bushnell & Miller

# EXHIBIT "N"
# Page 42 of 113

737 Bishop St., Suite 3000
Honolulu, HI 96813
Tel: 808/585-6050
Fax: 808/585-6040
Email: bbushnell@bushnellmiller.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Bushnell & Miller. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by calling 808-585-6050. Do not read this e-mail and destroy this communication and all copies thereof, including all attachments.

**EXHIBIT "N"**
**Page 43 of 113**

4/3/2008

## Sonya Chung-Hirano

**From:**    "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:**    "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>
**Cc:**    "John Zalewski" <JZalewski@caselombardi.com>; "Blake Bushnell"
            <BBushnell@BushnellMiller.com>
**Sent:**    Friday, June 22, 2007 3:52 PM
**Attach:**    Jacobson25-fnl.pdf
**Subject:**    NPH Grande - plans overdue

CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGE

Attached is a letter dated June 22, 2007.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 44 of 113**

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY
SANDRA D. LYNCH

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

June 22, 2007

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

**Via E-Mail
and U.S. Mail**

Re:    <u>Na Pali Haweo Community Association v. Anthony
Charles Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

I am following up on my June 5, 2007, letter. At the April 23, 2007, status conference, U.S. Magistrate Judge Barry M. Kurren requested that revised plans be submitted <u>thirty (30) days</u> following the meeting of architects. This means that the revised plans, including as-built plans, were due by no later than <u>June 18, 2007</u>. I have not received the revised plans. Please provide these immediately.

As Mr. Grande is in Honolulu for the Brandt Homes trial, please advise if he is available for a meeting with Judge Kurren.

In addition, we have not received the section of the Settlement Agreement and Release entitled "Agreement Related to Covenant Violations," which you agreed to draft, nor have we received comments to our proposed draft of the Settlement Agreement and Release. Please provide the insert to the Settlement Agreement and Release and your comments as soon as possible.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki

cc:    John Zalewski, Esq. (via e-mail)
       Case Lombardi & Pettit

       Blake W. Bushnell, Esq.

       Client (via e-mail)

**EXHIBIT "N"
Page 45 of 113**

## Sonya Chung-Hirano

**From:**      "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>
**To:**        "Anne Anderson" <aanderson@neeley-anderson.com>; "Lance Fujisaki" <LFujisaki@neeley-anderson.com>; "John Zalewski" <JDZ@caselombardi.com>
**Sent:**      Friday, June 29, 2007 8:15 AM
**Attach:**    Grande 6-28-07 Letter to Anderson, Fujisaki and Zalewski (corrected).rtf
**Subject:**   Na Pali Haweo - Grande

Corrected letter is attached.

**EXHIBIT "N"**
**Page 46 of 113**

# Steven B. Jacobson
## Attorney at Law
## A Limited Liability Law Company

E-MAIL:
SJACOBSON.LAW@HAWAIIANTEL.NET

June 28, 2007

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

M. Anne Anderson, Esq.
Lance S. Fujisaki, Esq.
Neeley & Anderson
737 Bishop Street, Suite 2301
Honolulu, HI 96813

   Re: Grande adv. & v. Na Pali Haweo Community Association; USDC Civ. No. 04-00413 DAE LEK

Dear Counsel:

  Mr. Grande and I have been able to meet with Mr. Resh, now that the trial of the Brandt Homes case has adjourned, and to go over the draftsman's notes. So that nothing gets lost in translation, please confirm that the following understandings are correct, and that we're not missing anything.

  1)  The Association would like a complete set of architectural plans showing the house, front walls, etc., as they presently exist, according *inter alia* to the measurements made by Association surveyor Lance Stevens.

  This set of plans would show, among other things, (a) how far the front of the house is set back from the front property line; (b) the height of the front of the house from the ground to the top of the roof; (c) the flat skylights; (d) the color of the paint on the frames of the skylights; (e) the air conditioner in the back yard with the lattice work cover suggested by Mr. Kloetzel; (f) the current location and shape of the roof vents; (g) the current heights of the front garden wall; (h) the filled-in sides of the balcony on the sides of the front lanai; (i) the absence of planters on the front porch; (j) the front light fixtures the Association has approved; and (k) the area on each floor of the house. The plans would be accompanied by the manufacturer's "cut sheet" for the paint on the skylight frames, and additional information on the cmu of the air conditioning unit.

  Mr. and Mrs. Grande are willing to have such plans prepared for the Association, as long as there is a clear understanding that they are being submitted under the protection of Rule 408,

**EXHIBIT "N"**
**Page 47 of 113**

April 8, 2008
Page Two

and cannot be used against Mr. and Mrs. Grande at any trial of this or any other action.  Mr. Resh is presently attempting to have such plans computerized.

Rule 408 protection is particularly appropriate here, where Grandes have asked to exercise their right under the CC&Rs to re-build disputed items like the front garden wall in conformity with the plans approved by the Association in 2001, but the Association (through you) has asked that they refrain from doing so.

2)    The Association would also like a second set of architectural plans, based upon the first set but proposing the following changes:

a)    The revision of the front roof previously approved by the Association after Grandes' April 2006 plan submittal.

b)    A different "less ugly" color for the roof vents.

c)    A "capping" of the front garden wall on the left side of the driveway, or a driveway gate.

d)    A reduction in the height of the front garden wall, where it exceeds 6', by one or two levels of blocks.

e)    The front eyebrow roof Grandes have always agreed that they would install, but projecting 2'6" out from the front of the house rather than the 2'3-1/2" previously requested by the Association, even though that would put the front of the eyebrow roof within 17'6" of the front property line.

f)    The creation of a gap between the front roofs, making them "separate and distinct elements."

g)    Arching-curving of the upper corners of the garage wall opening, as the Grandes have always agreed to do.

h)    Railings on the sides of the front balcony.

i)    A storage room in the garage of at least 100 square feet, in the front space now set aside for automobile parking, reducing the capacity of the garage from three cars to two.

It is unclear whether the Association is now asking (1) that the house be moved back, so that it's 20' from the front property line; (2) that the previously-suggested lattice be replaced

**EXHIBIT "N"**
**Page 48 of 113**

April 8, 2008
Page Three

with something else; (3) that planters or something else be shown on the front porch; or (4) that both front roofs be modified to create the desired gap, or just one of the front roofs.

It is likewise unclear whether the Association wants the skylight frames repainted again, and whether it is still going to provide chips showing the shade of red it would like the roof vents and/or skylights to be painted.

Please clarify these items, and let us know whether we have misunderstood your specific items or missed anything.

Sincerely yours,

STEVEN B. JACOBSON
Attorney at Law
A Limited Liability Law Company


Steven B. Jacobson

CC:  John Zalewski, Esq.


**EXHIBIT "N"**
**Page 49 of 113**



## Lance S. Fujisaki

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.iaw@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Friday, July 06, 2007 2:05 PM |
| **Attach:** | Jacobson26-fnl.pdf |
| **Subject:** | NPH Grande - letter to Mr. Jacobson |

Dear Steve:

Attached is a letter dated July 6, 2007.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

4/4/2008

NEELEY & ANDERSON LLP

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY
SANDRA D. LYNCH

A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

July 6, 2007

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

**Via E-Mail
and U.S. Mail**

Re:    Na Pali Haweo Community Association v. Anthony
       Charles Grande, et al., Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

The following is in response to your July 28, 2007, letter, as revised on July 29, 2007. For convenience, text quoted from your July 28, 2007, letter is italicized with our comments inserted below. This letter is subject to Rule 408 of the Federal Rules of Evidence.

*The Association would like a complete set of architectural plans showing the house, front walls, etc., as they presently exist, according inter alia to the measurements made by Association surveyor Lance Stevens.*

We emphasize that the plans should reflect the "as built" condition of the building, including all design and construction changes from the final plans approved by the ARC on October 24, 2000, not merely the measurements of the surveyor.

*This set of plans would show, among other things,*

*(a) how far the front of the house is set back from the front property line;*
*(b) the height of the front of the house from the ground to the top of the roof;*
*(c) the flat skylights;*
*(d) the color of the paint on the frames of the skylights;*
*(e) the air conditioner in the back yard with the lattice work cover suggested by Mr. Kloetzel;*
*(f) the current location and shape of the roof vents;*
*(g) the current heights of the front garden wall;*
*(h)* support columns and *the filled-in sides of the balcony on the sides of the front lanai;*
*(i) the absence of planters on the front porch;*

**EXHIBIT "N"
Page 51 of 113**

Steven B. Jacobson, Esq.
July 6, 2007
Page 2

*(j) the front light fixtures the Association has approved; and*
*(k) the area on each floor of the house.*
*The plans would be accompanied by the manufacturer's "cut sheet" for the paint on*
*the skylight frames, and additional information on the cmu of the air conditioning*
*unit.*

The Association disputes that Mr. Kloetzel made any suggestions regarding lattice work for the air conditioner as lattice work is not allowed as fencing material. Fencing material for the air conditioner must be consistent with the house design; equipment must be screened from view and insulated for sound attenuation. NPH Design Guidelines § 3.2.14. The ARC may accept a solid wall with a stucco finish that matches the finish of the dwelling and that screens air conditioning equipment from view. Submission of product information describing the noise level of the air conditioner may resolve noise concerns.

*Mr. and Mrs. Grande are willing to have such plans prepared for the Association,*
*as long as there is a clear understanding that they are being submitted under the*
*protection of Rule 408, and cannot be used against Mr. and Mrs. Grande at any trial*
*of this or any other action.  Mr. Resh is presently attempting to have such plans*
*computerized.*

As previously discussed, the Rule 408 protection also applies to the Association, this letter and related communications.

*Rule 408 protection is particularly appropriate here, where Grandes have*
*asked to exercise their right under the CC&Rs to re-build disputed items like the*
*front garden wall in conformity with the plans approved by the Association in 2001,*
*but the Association (through you) has asked that they refrain from doing so.*

Rule 408 applies as discussed above. Note the front garden wall is no longer in dispute as Judge Ezra's order granting partial summary judgment found the garden wall in violation of the governing documents.

*The Association would also like a second set of architectural plans, based upon the*
*first set but proposing the following changes:*

*(a)     The revision of the front roof previously approved by the Association after*
*Grandes' April 2006 plan submittal.*

*(b)     A different "less ugly" color for the roof vents.*

**EXHIBIT "N"**
**Page 52 of 113**

Steven B. Jacobson, Esq.
July 6, 2007
Page 3

> (c)    A "capping" of the front garden wall on the left side of the driveway, or a driveway gate.

> (d)    A reduction in the height of the front garden wall, where it exceeds 6', by one or two levels of blocks.

The plans must reflect a reduction in the height of the garden wall consistent with the Design Guidelines. Note that the NPH Design Guidelines provide that walls within the front setback area shall not exceed 5 feet above the finished grade on the side of the wall facing the adjacent property. The plans must reflect the elevations of the wall and the adjacent finished grade at each stepped level. Previously submitted plans did not include this information.

> (e)    The front eyebrow roof Grandes have always agreed that they would install, but projecting 2'6" out from the front of the house rather than the 2'3-1/2" previously requested by the Association, even though that would put the front of the eyebrow roof within 17'6" of the front property line.

The eyebrow roof above the garage door opening may protrude up to 2'6" beyond the front building envelope, i.e., the roof overhang combined with the front wall encroachment must not protrude more than 2'6" beyond the front setback. The Association disputes that the Grandes have "always agreed" to install the front eyebrow roof.

> (f)    The creation of a gap between the front roofs, making them "separate and distinct elements."

Note that the "gap" was described on the approved plans.

> (g)    Arching-curving of the upper corners of the garage wall opening, as the Grandes have always agreed to do.

The Association disputes that the Grandes have "always agreed" to install arched openings in the garage.

> Railings on the sides of the front balcony.

The railings should be open metal railing.

**EXHIBIT "N"**
**Page 53 of 113**

Steven B. Jacobson, Esq.
July 6, 2007
Page 4

*(i)        A storage room in the garage of at least 100 square feet, in the space now set
aside in the back of the garage for automobile parking, reducing the capacity of the
garage from three cars to two.*

*It is unclear whether the Association is now asking*

*(1) that .15 - .19' be removed from the front of the house, so that it's 20' from the
front property line;*

For purposes of settlement discussions, the Association will accept plans which do not
require removal of a portion of the front wall within the 20' front setback. However, this should not
be construed or interpreted to mean that the Association is waiving the front setback issue upon
which Judge Ezra granted partial summary judgment.

*(2) that the previously-suggested lattice be replaced with something else;*

The Association denies that lattice was suggested as this is a specifically prohibited fencing
material.

*(3) that planters or something else be shown on the front porch; or*

See discussion below.

*(4) that both front roofs be modified to create the desired gap, or just one of the front
roofs.*

The Grandes' architect should address this issue in the proposed plans as it is an architectural
issue.

*It is likewise unclear whether the Association wants the skylight frames repainted
again, and whether it is still going to provide chips showing the shade of red it would
like the roof vents and/or skylights to be painted. The present color now appears to
match the roof, so someone may want to look at that question again.*

I have requested a follow up inspection of the roof, vents and skylight frames; however,
unless further work was performed by the Grandes, I would expect the violations still exist.

The ARC does not provide paint chips to owners. The owners should select several shades
of paint and provide the same to the ARC for review and approval.

**EXHIBIT "N"**
**Page 54 of 113**

Steven B. Jacobson, Esq.
July 6, 2007
Page 5

The following are additional comments:

1.    Paint skylight frame to match color of roof tile, install dressing over exposed lead flashing with roof tiles or paint to match the roof color, and submit manufacturer's brochure or similar product information for skylights. If properly painted, field dressing of the flashing would not be necessary.

2.    Add trim (1" x 4") to garage door. Owner may use built-up insulation and EFS finish to match the house texture. Together with the roof eyebrow overhang, it will help in softening the front facade.

3.    Plant on each side of the stairway at ground level 25-gallon size McArthur Palms (Ptychosperma macarthurii), i.e., approximately 6'-8' tall at planting, and croton foundation plants. Palm shall be "multi-trunk" or "clumping."

4.    In the right side yard, plant fan palm, such as Fiji fan palm (Pritchardia pacifica) with a minimum trunk height of 3' and with a minimum 65 gallon size, or other similar landscaping treatment, to soften appearance of wall up to second floor line or higher. With a 3' trunk, palm fronds should add 6' to 8' of additional height.

5.    Submit a revised landscaping/irrigation plan incorporating, among other things, the above additions. (For purposes of the July 20, 2007, deadline, the Grandes may submit a conceptual plan if it is not feasible to submit complete landscaping/irrigation plans by this date. Complete landscaping/irrigation plans should be submitted prior to the August 21, 2007, ARC meeting.)

6.    Provide manufacturer's brochure or similar product information for vents.

7.    Replace or paint sheet metal exhaust vent.

8.    Construct concrete pad between trash area and driveway.

As discussed at the status conference before Magistrate Judge Barry M. Kurren on July 2, 2007, the Grandes shall submit as-built and revised plans to the Architectural Review Committee by no later than July 20, 2007. The ARC is expected to meet on or about July 24, 2007, and a response will be provided shortly thereafter. Our intention is to complete the review process by the Settlement Conference on August 6, 2007. To achieve that objective, it is imperative that your clients submit plans by the July 20, 2007, deadline.

**EXHIBIT "N"**
**Page 55 of 113**

Steven B. Jacobson, Esq.
July 6, 2007
Page 6


    Finally, we have not received the section of the Settlement Agreement and Release entitled "Agreement Related to Covenant Violations," which you agreed to draft, nor have we received comments to our proposed draft of the Settlement Agreement and Release. Please provide the insert to the Settlement Agreement and Release and your comments as soon as possible.

    Please do not hesitate to contact us should you have any questions regarding this matter.

        Sincerely,

        NEELEY & ANDERSON LLP
        A Limited Liability Law Partnership

        Lance S. Fujisaki

cc:    John Zalewski, Esq. (via e-mail)
       Case Lombardi & Pettit

       Client (via e-mail)


X:\NaPaliHaweo\Grande\Jacobson26-fnl.wpd


**EXHIBIT "N"**
**Page 56 of 113**

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com>; "M. Anne Anderson" <AAnderson@Neeley-Anderson.com> |
| **Sent:** | Thursday, July 26, 2007 11:29 AM |
| **Subject:** | NPH Grande |

Dear Steve:

I am in receipt of two sheets of plans submitted on 7/24/07. The two sheets were delivered without a transmittal memo or other document explaining what these plans represent. Based upon the most cursory review of the plans, it appears very clear that the plans do not address all concerns of the ARC. Moreover, using your June 28, 2007, letter as a checklist, the plans do not address many, if not most, of the items listed in your letter. Among other things, I see no revised landscaping plans and I see no as-built plans.

Do the Grandes intend to submit plans which conform with your June 28, 2007, letter and our July 6, 2007, response? If so, when? The plans have been submitted to the ARC for review and further comment.

We would like to meet with you in preparation for the settlement conference on August 6, 2007, 1:30 p.m. Please advise as to your availability:

August 1 - 1:30 p.m.
August 2 - Flexible all day
August 3 - Flexible all day

Also, as mentioned before, please provide us with the section of the Settlement Agreement and Release entitled "Agreement Related to Covenant Violations," and confirm you are in agreement with our proposed form of agreement.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=====================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 57 of 113

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Wednesday, August 15, 2007 2:44 PM |
| **Subject:** | NPH Grande - settlement discussions |

Dear Steve:

This communication is subject to FRE and HRE Rule 408, and is in furtherance to Judge Kurren's directive at the conclusion of the August 6, 2007, settlement conference that the parties do their utmost to reach a written settlement agreement within 30 days.

Preliminary ARC Comments

1. The description of the garden wall on the proposed plans appears to be acceptable. The assumption is that the 4'6" height is a "typical" dimension meaning the wall will not exceed this height as measured from finished grade on the side facing Kamehame Drive.

2. The A/C enclosure may include a door to provide access. Keep in mind the purpose of the enclosure is aesthetic and for sound attenuation purposes. The ARC would prefer material that reflects the exterior finish and color of the home, however, the ARC has approved enclosures constructed from fencing material that meet the requirements of Sections 3.2.7 and 3.2.14 of the Design Guidelines.

3. I encourage the Grandes to submit conceptual plans for resolving the garage storage issue. The easiest solution would be to simply remove the toilet from the garage and restore the room to a storage room. Another solution may be possible through designation of the third parking space as storage on the plans with a notation that freestanding shelves shall be placed in the area. Cabinets on the sides of the garage would not be acceptable if they reduce the width of the garage below required dimensions (18').

Telephone Conference

Per the settlement conference, I would like to schedule a telephone conference this week, including Mr. Grande and Board President Everett Kaneshige to discuss the remaining issues, including:

1. Grandes' efforts to obtain financing
2. Retention of an architect
3. Status of preparation of plans
4. Submission of paint sample
5. Review of settlement agreement and your proposed language

The objective is to arrive at a settlement agreement ASAP.

Please advise ASAP re dates and times in which you and your clients are available for a conference call. As mentioned previously, if your clients wish to communicate with us directly, we are willing to do so provided that you provide us with written permission authorizing such direct communications.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106

# EXHIBIT "N"
# Page 58 of 113

Facsimile:  (808) 536-4977

=========================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 59 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Wednesday, August 22, 2007 10:49 AM |
| **Attach:** | Jacobson Ltr27-fnl-disapproval.pdf |
| **Subject:** | NPH Grande - disapproval of plans |

Dear Steve:

Attached is a letter dated 8/22/07. I am in receipt of your 8/20/07 letter and will respond shortly.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 60 of 113

4/3/2008

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

August 22, 2007

**Via E-Mail**
**and U.S. Mail**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawaiʻi 96824-0761

Re:    <u>Na Pali Haweo Community Association v. Anthony
       Charles Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

As we previously communicated to you, the plans you hand-delivered to Neeley & Anderson LLP on July 24, 2007, are incomplete and therefore disapproved. Among other things, various sheets are missing, as-built plans were not included, and the plans are deficient in other respects.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki
Scott R. Grigsby

LSF/SRG:etb

cc:    John Zalewski, Esq.
       Case Lombardi & Pettit

       Client

X:\NaPaliHaweo\Grande\Jacobson27-fnl.wpd

**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Wednesday, August 29, 2007 9:21 PM |
| **Attach:** | Jacobson28-fnl.pdf |
| **Subject:** | NPH Grande |

Dear Steve:

Attached is a letter dated 8/29/07.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=======================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 62 of 113

4/3/2008

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

## NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

August 29, 2007

**Via E-Mail
and U.S. Mail**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Re:    <u>Na Pali Haweo Community Association v. Anthony
Charles Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

This is in response to your August 20 and 25, 2007, letters. This communication is subject to Rule 408 of the Federal Rules of Evidence and Hawai'i Rules of Evidence.

**A.    Paint Samples**

Unless otherwise advised, we presume the proposed color shall be applied to the skylight frame, skylight flashing and all roof exhaust vents as indicated in your August 25, 2007 letter. (The two replacement metal vents are a prefinished color and would otherwise differ from the selected paint color.) Please advise if this is not correct. The paint samples have been submitted to the ARC for review and we will advise you of the ARC's position separately. The review will be for color only as the brochure is labeled "Latex Floor and Patio Finish" and not epoxy as you had stated.

**B.    Air Conditioner Screening at 1243 Kamehame Drive**

The Association has taken appropriate steps to address air conditioner screening at 1243 Kamehame Drive per the photo attached to your letter. We hope to have this resolved shortly.

**C.    Garage Service and Storage Facilities**

My August 15, 2007, e-mail suggested that the easiest solution would be to simply remove the toilet from the garage and restore the room to a storage room. Another solution may be possible through designation of the third parking space as storage on the plans with a notation that freestanding shelves shall be placed in the area. Cabinets on the sides of the garage would not be acceptable if they reduce the width of the garage below required dimensions (18').

Regarding your question about the term "service area," the Grandes previously questioned the language of Article III, § 3.2.4(b) of the Design Guidelines and we addressed the Grandes' argument in our Reply Memorandum filed on June 15, 2006:

**EXHIBIT "N"
Page 63 of 113**

Steven B. Jacobson, Esq.
August 29, 2007
Page 2

Contrary to Defendants' argument, the Association's expert confirms that the ARC correctly applied Article III, § 3.2.4(b) of the Design Guidelines and concluded that the restroom in the Grandes' garage does not count towards the required 100 square feet of enclosed and covered area for service and storage facilities. The governing documents do not contemplate restrooms in garages. Article IV, § 4.3.7 of the Association's Declaration provides, in part: "Garages shall be used only for the parking or repair of personally owned motor vehicles, storage and workshop purposes." As the Declaration does not contemplate that garages will be used for restroom purposes, the term "service" as used in Article III, § 3.2.4(b) of the Design Guidelines does not include restrooms. Decl. of Nishimoto, ¶¶ 4 -6; Decl. of Awa, ¶ 13.  Therefore, the restroom in the Grandes' garage does not count towards the required 100 square feet of enclosed and covered area for service and storage facilities.

**D.     Air Conditioner Screening**

My August 15, 2007, e-mail stated:

The A/C enclosure may include a door to provide access. Keep in mind the purpose of the enclosure is aesthetic and for sound attenuation purposes. The ARC would prefer material that reflects the exterior finish and color of the home, however, the ARC has approved enclosures constructed from fencing material that meet the requirements of Sections 3.2.7 and 3.2.14 of the Design Guidelines.

If you have any questions, please do not hesitate to contact me.

**E.     Payment for Cost of Remedial Work**

You have asked, with regard to remedial work to the roof above the master bedroom, "Please advise whether the Association is willing to pay the cost of their doing so, or a percentage thereof." The Association will not contribute to the cost of the remedial work. The ARC's approval of plans prepared by the Grandes in 2000 is irrelevant. U.S. District Judge David Alan Ezra considered and rejected the Grandes' arguments in his summary judgement ruling. Judge Ezra ruled that the Design Guidelines are clear and unequivocal and "[a]ll owners must comply with the specified height setback of 20'. Judge Ezra further ruled, "[i]n any event, the Grandes also cannot rely on the previously approved plans (which provided for a 10' building envelope) because they did not use the first set of plans that were approved by the Association." There is simply no basis for the Grandes' request that the Association contribute to the cost of the remedial work.

**F.     Bubble Skylights**

Your August 25, 2007, letter states the Grandes "are not pressing the Association's original approval of the bubble skylights at this time." It is not clear what you are referring to. The ARC mentioned its concerns upon the Grandes' submission of plans in 2000 as reflected in the October 24, 2000, letter from the ARC which states:

**EXHIBIT "N"**
**Page 64 of 113**

Steven B. Jacobson, Esq.
August 29, 2007
Page 3

Reference Design Guidelines skylight requirement 3.2.3(i). Drawings appear to indicate bubble skylight which is not permitted. Also, confirm how the skylight is "vented". Clarify skylight type, design and finishes for conformance to 3.2.3(i).

**G.    Retention of Architect**

The Grandes should not further delay retaining an architect. They have substantially all the information they need to proceed with preparation of revised plans. Magistrate Kurren urged the parties to reach a written settlement agreement within 30 days of the August 6, 2007 Settlement Conference. The Grandes should abide by the Court's directive.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki
Scott R. Grigsby

LSF/SRG:sch

cc:    John Zalewski, Esq.
       Case Lombardi & Pettit

       Client

X:\NaPaliHaweo\Grande\Jacobson28-fnl.wpd

**EXHIBIT "N"**
**Page 65 of 113**

 

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>
**Cc:** "John Zalewski" <JZalewski@caselombardi.com>
**Sent:** Friday, September 21, 2007 10:18 AM
**Subject:** NPH/Grande

Dear Steve:

This communication is subject to FRE and HRE Rule 408, and is in furtherance to Judge Kurren's directive at the conclusion of the August 6, 2007, settlement conference that the parties do their utmost to reach a written settlement agreement within 30 days. Our August 29, 2007, letter to you responded to each of your questions/comments. Since that time, we have received no response from you or your clients. The Grandes have all of the information they requested from the Association and have had ample time to research financing, retain an architect, and prepare as-built and proposed plans for remedial work.

We would like to schedule a telephone or in person conference with you, including Mr. Grande and Board President Everett Kaneshige (via telephone) to discuss the remaining issues, including:

1. Grandes' efforts to obtain financing
2. Retention of an architect
3. Status of preparation of plans
4. Submission of paint sample
5. Review of settlement agreement and your proposed language

The objective is to arrive at a settlement agreement ASAP and thereby minimize, to the extent possible, further attorneys' fees and litigation costs.

Please advise ASAP re dates and times in which you and your clients are available.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
==========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 66 of 113

**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | Anthony Grande"< grande@bellsouth.net> |
| **To:** | Fujisaki@neeley-anderson.com> |
| **Cc:** | RichlynYoung@hid.uscourts.gov> |
| **Sent:** | Wednesday, October 03, 2007 9:38 AM |
| **Attach:** | Oct 2,2007 letter to Fujisaki.doc |

Lance,
Please deliver this document to your client for me.
I would appreciate direct answers so we can proceed.
Thank you,
Tony Grande

**EXHIBIT "N"**
**Page 67 of 113**

4/3/2008

Anthony C Grande
125 Mar Len Dr.
Melbourne Beach, FL 32951
Tgrande@bellsouth.net
Home: 321-728-2942
Cell: 321-890-5900

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

10/2/07

Dear Mr. Fujisaki,

When we sat down together in Hawaii, I was under the impression we were first, trying to come up with a solution on what needs to be fixed to satisfy the association/ARC. I thought I submitted everything you asked for.
Once we know what needs to be fixed our next step will be to establish funding. Then, we can have an architect draw up the plans. Then we can submit it to the association for approval.

I do not understand why you are making these threats of court, and bringing up the past when I am trying to move on and accomplish a solution. I ask you now in simple terms to please ask your client if they approve of the following:

1. We submitted the paint chips as requested. Please let me know if the ARC approved the color for (all) the roof vents or did they decide on a different color. (We will paint/repaint them all the same. Paint samples are also available in epoxy base for roof applications)
2. A stucco wall constructed around the airconditioner, with a wood door (painted the color of the stucco), on the side needed to access/service unit.
3. Did they accept the brochures/product info we submitted on the roof vents?
4. We will construct a single cap over the 2 walls where the sliding garage gate is.
5. We will put the front column light fixtures on the plans.
6. We will cut the front wall down to 4.5 feet (including concrete cap)
7. The roof eyebrow over the garage, will be constructed 4" shorter than planned.
8. We will add the arch in the garage opening.
9. Did the association approve my L1 and L2 landscaping drawings we submitted?
10. We will knock out concrete wall on upper balcony and put railings in as originally submitted.
11. We will put in concrete pads in trash area.
12. We will turn the garage bathroom into a storage room and remove plumbing, as you have requested. Please verify that this will satisfy your concerns.
13. We will construct the front balcony above the garage (latest drawing by Ed) as you had approved.
14 My builder for some reason unknown to me, combined the roof together as one element instead of two. Can I keep the roof over the front door the same and change the roof over the upstairs balcony to separate the 2 roofs? This should be cheaper for me and still look good.
15. We will keep the house at its present position, with the garage 3.5 inches forward of approved plans, but will put this and all as is measurements on new plans.

I think I included everything. If I missed anything just tell me what you want.

If your client approves of these things we can move on. Please get back to me on what they accept or deny and I will make the corrections needed.

Thank you,


Anthony Grande


C.C Honorable Judge Kurren

**EXHIBIT "N"**
**Page 68 of 113**

**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Monday, October 08, 2007 2:39 PM |
| **Attach:** | Jacobson30-fnl.pdf |
| **Subject:** | NPH Grande - paint color |

CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGE

Dear Steve:

Attached is a letter to the Grandes dated 10/8/07. Please forward this to your clients.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
============================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 69 of 113**

4/3/2008

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

**NEELEY & ANDERSON LLP**
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

October 8, 2007

**Via E-Mail**
**and U.S. Mail**

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

Re:    <u>Na Pali Haweo Community Association v. Anthony</u>
       <u>Charles Grande, et al.</u>, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

        Via letter dated August 20, 2007, the Grandes proposed the use of Benjamin Moore Lady Finger 1045 paint, stating, "If the Association would prefer a different shade, please specify which one." The ARC disapproves use of the proposed paint color on the roof vent and skylight frames and flashing. The ARC requests that the Grandes propose a paint color which matches the dark roof tiles. We will provide you with a response to the Grandes' October 2, 2007, letter later this week.

        Please do not hesitate to contact us should you have any questions regarding this matter.

                        Sincerely,

                        NEELEY & ANDERSON LLP
                        A Limited Liability Law Partnership

                        Lance S. Fujisaki
                        Scott R. Grigsby

LSF/SRG:sch

cc:    John Zalewski, Esq.
       Case Lombardi & Pettit

       Client

X:\NaPaliHaweo\Grande\Jacobson30-fnl-disapproval.wpd

**EXHIBIT "N"**
**Page 70 of 113**

## Sonya Chung-Hirano

**From:**     "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:**       "Anthony Grande" <tgrande@bellsouth.net>
**Cc:**       "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski"
            <JZalewski@caselombardi.com>
**Sent:**     Thursday, October 11, 2007 2:21 PM
**Subject:**  NPH/Grande - meeting

Dear Mr. Grande:

This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs and architects' fees and costs and to enforce the Association's project documents with regard to the subject property. Also, as you know, we are the Association's counsel of record in connection with its affirmative claims against you and your spouse in the pending lawsuit in Hawaii Federal court.

Thank you for your e-mail. We would like to schedule a conference call with you via telephone. Please advise regarding your schedule October 12, 2007. We are available for a telephone conference 8:00 a.m. - 9:30 a.m. and 12:00 - 3:00 p.m.

Also, by copy of this e-mail to Steve Jacobson, we ask that he advise if he would like to attend.

Please note that Mr. Jacobson is your counsel of record in a related and pending lawsuit in which you, your spouse, and the Association are parties in Hawaii state court.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.-----
Original Message -----
From: "Anthony Grande" <tgrande@bellsouth.net>
To: <lfujisaki@neeley-anderson.com>
Cc: <Richlyn_Young@hid.uscourts.gov>; "Steve Jacobson"
<sjacobson.law@hawaiiantel.net>
Sent: Thursday, October 11, 2007 5:23 AM
Subject: Grande response 10-11


> FOR SETTLEMENT PURPOSES
> PROTECTED BY HRE AND FRE RULES 408
>
>
> Dear Mr. Fujisaki,
>

# EXHIBIT "N"
# Page 71 of 113

> I asked you before to please deal directly with me, and you continue to
> send
> letters to Steve.
> Please, send future letters to me.
>
> I am in the process of reviewing the letter you sent to me.
>
> What did your client say when you asked them if they would release the
> lien?
>
>
> I really need you guys to give in this area.
> I need the money to hire an architect and builder.
> Remember, I word for the airlines, and I took a 40% pay cut at work.
>
> Thank you,
> Anthony Grande
>
>
> C.C Honorable Judge Kurren
>
>

**EXHIBIT "N"**
**Page 72 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **To:** | <lfujisaki@neeley-anderson.com> |
| **Cc:** | <Richlyn_Young@hid.uscourts.gov>; "Steve Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Sent:** | Thursday, October 11, 2007 4:16 PM |
| **Subject:** | Grande response |

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

Lance,

You keep asking if I have retained an architect. I have one on standby, but
he can not draw up anything until I am able to tell him what to include in
the plans. Let's settle on what has to be done first.

Lance, you know I can not keep coming out to Hawaii for a meeting, I live in
Florida and I have a Job. So, please stop asking for that. We can discuss
this over emails.

After our meeting in Hawaii, I immediately compiled and sent all the
documents needed to Steve. Somehow you do not have them. So, I will
regenerate all the documents that you said you do not have. I will send them
Fed Ex, directly to you. Meanwhile if your office finds them, let me know.
It will save us a lot of time.

On the top of page 2, you state I should review the letter concerning
remedial work required to resolve outstanding violations. I read the letter.
But, can you explain that sentence and why I need to review it. Not sure if
I understand what you are asking.

Clarification of responses

1. I confirm that the paint will be used on the third roof vent, as well as
the skylight frames and lead flashing.
I will again Fed Ex Skylight brochure.
2. I will again Fed Ex brochure describing noise level of air conditioner.

3. I will again Fed Ex brochure on roof vents.

8. Will do what you want and have architect draw, and builder build, 1" x 4"
stucco trim around garage opening.

10. Yes, I am referring to the upper balcony small wall facing the Moribe
property, and the opposite symmetrical wall. The builder will need to knock
out both walls for symmetry. And replace with railings.

12. We will compute the garage storage space when the architect draws up the
plans. If more storage space is needed, will you approve the 5' high space

**EXHIBIT "N"**
**Page 73 of 113**

as additional storage, that is in front of the left forward car slot? This will make a perfect storage area because it is mostly boxed in now and is on the floor level. One could fit bikes, grass cutter, etc. in it.

On the bottom of page 4 you refer to the "Agreement Related to Covenant Violations", Excuse my possible misunderstanding, but don't we need an agreement before this can be drafted. Otherwise it has to be revised again and again.

I disagree with this deadline because I feel it is a best guess timeline. Let's decide what needs to be fixed first. Additionally, if the lien is released I am in a better position with the banks, for financing. The sooner the lien is released the sooner I can try to obtain the financing. The project has to be put out for bid after the agreement is reached. You did not allow time for that.

Starting Sunday I will be working 10 of the next 12 days. Please understand I am on the road at that time, and it is hard for me to do much when I am flying. But, please respond to this letter and I will get back ASAP.


Thank you,
Anthony Grande


C.C Honorable Judge Kurren


**EXHIBIT "N"**
**Page 74 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **Cc:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Friday, October 12, 2007 10:37 AM |
| **Attach:** | 2007-10-12 Under stair plan-clean.pdf; 2007-10-12 Garage plan-clean.pdf |
| **Subject:** | NPH Grande - plans |

Dear Mr. Grande:

This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs and architects' fees and costs and to enforce the Association's project documents with regard to the subject property. Also, as you know, we are the Association's counsel of record in connection with its affirmative claims against you and your spouse in the pending lawsuit in Hawaii Federal court.

Following up on this morning's telephone conversation, it would be helpful if you indicated on the attached plans the proposed storage areas and returned the same to us for preliminary comment by the ARC. This is in addition to the storage space in the toilet room which you will convert to a storage room.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=======================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 75 of 113**

4/3/2008



LOWER FLOOR PLAN
SCALE: 1/4"=1'-0"

**EXHIBIT "N"**
**Page 76 of 113**



EXHIBIT "N"
Page 77 of 113

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **To:** | "Lance Fujisaki" <lfujisaki@neeley-anderson.com> |
| **Cc:** | "Steve Jacobson" <sjacobson.law@hawaiiantel.net>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Saturday, October 13, 2007 5:11 AM |

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

Lance,

This is in response to you wanting an answer by 10am Monday on whether I accept the timetable you set in your Oct 10 letter.

I think our Oct. 12th conversation went well. But I think you were not bargaining in good faith when you kept drilling me to accept the timeline that you made up.
When I put the bid out, to builders for my house in Hawaii, it took many meetings, phone calls and negotiations. You are only giving me 23 days from the time we have a settlement agreement, to the time I have retained a contractor. Since the settlement agreement will be signed on the 31st of October, that means I have 23 days to meet with my architect, have plans made up, meet with contractors, put the job out for bid, decide on a contractor, and sign a contract with him. All this while I am living in Florida, and working. Most contractors took 3 to 4 weeks to bid the project and that is after they have the plans in hand.
Additionally, you are allotting 38 days for completion of work, from the time I sign with a contractor. It took 4 months for me to get roof tiles delivered to Hawaii once ordered. This seems unreasonable also.
Now no one wants this situation resolved faster than I, but don't you think this timeline is a little unreasonable.
I have and will make my best effort to speed things up.
If you want to submit that timeline as tentative, It is ok with me. But I do not think it is humanly possible.

Thank you,
Anthony Grande

C.C. Honorable Judge Kurren
C.C. Steve Jacobson

**EXHIBIT "N"
Page 78 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Saturday, October 13, 2007 9:57 AM |
| **Attach:** | Jacobson32-fnl.pdf |
| **Subject:** | NPH Grande - letter |

Dear Steve:

Attached is a letter dated 10/13/07.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=========================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 79 of 113

4/3/2008

NEELEY & ANDERSON LLP

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

October 13, 2007

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

**Via E-Mail
and U.S. Mail**

> Re:  <u>Na Pali Haweo Community Association v. Anthony
>       Charles Grande, et al.,</u> Civil No. CV04-00413
>       DAE/LEK

Dear Mr. Jacobson:

This communication is subject to Rule 408 of the Federal Rules of Evidence and Hawai`i Rules of Evidence. At the outset, this confirms that you authorized us to communicate directly with your clients. Per your instructions, Mr. John Zalewski and I spoke with Mr. Grande via telephone on October 12, 2007. While Mr. Grande requested that we send all communications directly to him, I will direct written communications such as this through you. This letter briefly addresses Mr. Grande's October 11 and 13, 2007, e-mail:

**1.      Brochures and Other Documents**

We did not receive the various documents Mr. Grande and/or you claim to have provided. When we asked you for the landscape plans, you initially stated they were provided with paint samples enclosed with your August 20, 2007, letter. However, this letter made no mention of landscaping plans. You then corrected yourself by stating that the plans were delivered upon receipt on a later date without a cover letter. We have no record of such delivery. Contrary to the suggestion of Mr. Grande's e-mail, this is not a case of the Association misplacing the plans. The plans, as well as various product information, were not delivered.

**2.      "Agreement Related to Covenant Violations"**

Mr. Grande contends that he does not have sufficient information to prepare this section of the Settlement Agreement. However, the only outstanding question concerns garage storage. We will provide a response as soon as possible; however, please note we previously provided guidance on this topic via our October 10, 2007, letter. If you would like this firm to prepare the section entitled "Agreement Related to Covenant Violations," please advise and we will do so. Otherwise, please provide us with this section by October 19, 2007, along with comments concerning the settlement agreement.

**3.      Building Envelope Encroachment**

The Grandes should clarify item 13 of my October 10, 2007, letter as this is a critical point.

**EXHIBIT "N"
Page 80 of 113**