Steven B. Jacobson, Esq.
October 13, 2007
Page 2

### 4.    Release of Liens

The Association will not release its lien unless sufficient funds are deposited with the Clerk of the U.S. District Court to secure the reimbursement of attorneys' fees and costs as previously agreed. The Grandes previously agreed to deposit $200,000 with the clerk of the court. While I am not certain whether the Board would still agree to this figure given the significant time that has passed, I will discuss this with the Board if the Grandes wish to renew their proposal to deposit $200,000 with the Court and are able to do so. Please advise if they are doing so.

I would emphasize that the release of liens is not a condition precedent to resolution of this case. The Grandes must obtain funds to retain an architect to prepare as-built and proposed plans and to retain a contractor to complete remedial work in accordance with approved plans. If they can do so without releasing the liens, they should do so. The release of the Association's lien and the contractor's mechanics' lien cannot be accomplished without significant effort your clients' part. Although plans have not been finalized or approved, the Grandes have sufficient information to estimate the cost of the remedial work and explore how they will finance the work. It is critically important that they explore these issues now, even at this belated date, because if this case is not settled, the Association will have little choice but to proceed with litigation which will dramatically increase the fees and costs for which they will ultimately be liable. This may be their final opportunity. They should give this matter and all other matters related to settlement their immediate and utmost attention.

### 5.    Deadlines

We informed Mr. Grande that either he or you must submit a written response to our proposed deadlines for resolving this case by no later than 10:00 a.m. HST Monday October 15, 2007. The Association will agree to proceed with settlement negotiations only if the Grandes agree to give this matter *highest priority* and agree to a very tight compliance schedule. The Association will not agree to open-ended or loose deadlines. This is consistent with U.S. Magistrate Judge Barry M. Kurren's directives. If the Grandes are not willing to give this highest priority, settlement negotiations should be terminated immediately. During the two years in which this case has been in a settlement posture, tens of thousands of dollars in fees and costs have been incurred and we are far from finalizing a settlement agreement. The Association does not wish to expend additional resources towards settlement unless it receives the Grandes' commitment to resolve this case.

Mr. Grande's October 13, 2007, e-mail raises serious concerns as Mr. Grande continues to resist fixed deadlines for resolving this case. Mr. Grande states, "*If you want to submit that timeline as tentative, It is ok with me. But I do not think it is humanly possible.*" This statement is completely unacceptable. We will proceed only if the Grandes commit to a firm schedule of deadlines, not a tentative schedule. Mr. Grande attempts to explain why the schedule is not feasible by drawing on his experience selecting a contractor for the construction of the home. However, the remedial work to be performed is extremely minimal

**EXHIBIT "N"**
**Page 81 of 113**

Steven B. Jacobson, Esq.
October 13, 2007
Page 3

in scope and contractors should have little difficulty preparing bids for the work. If the Grandes anticipate delays in obtaining roof tiles, they should make arrangements now to order the replacement tiles to ensure timely completion of the work. If the Grandes propose to extend the deadline for completion past January 31, 2008, please provide us with documentation from the supplier of the roof tiles showing why an extension is required, including without limitation, (1) the quantity of tiles to be ordered, (2) product information on the tiles selected, including colors selected, (3) the number of days for delivery in Honolulu upon submission of order. Please provide this information by close of business October 19, 2007.

We believe our proposed deadlines are reasonable and that the work may be completed within the specified deadlines assuming the Grandes give this matter highest priority and exercise due diligence. However, if the Grandes wish to propose a different schedule of deadlines, we will consider the Grandes' proposal provided that it is submitted to us by Monday October 15, 2007, 10:00 a.m. HST, and also provided that the Grandes provide written assurances that they will exercise due diligence to meet the deadlines without further delays.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

/s/ Lance S. Fujisaki

Lance S. Fujisaki
Scott R. Grigsby

LSF/SRG:sch


cc:     U.S. Magistrate Judge Barry M. Kurren
        John Zalewski, Esq., Case Lombardi & Pettit
        Client

X:\NaPaliHawea\Grande\Jacobson32-fnl.wpd

**EXHIBIT "N"**
**Page 82 of 113**

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **To:** | "Lance Fujisaki" <lfujisaki@neeley-anderson.com> |
| **Cc:** | "Steve Jacobson" <sjacobson.law@hawaiiantel.net>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Sunday, October 14, 2007 6:22 AM |
| **Subject:** | Response to Lance Fujisaki 10/13/07 |

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

Lance,
This is the reply to your 10/13/07 letter that I received 10/14/07 just
before starting the first day of my trip. Our letters may have crossed at
some time, so I will try to answer your concerns.

1. I think we beat the dead horse enough about who did or did not drop
off/receive the landscaping plans and brochures. I sent the regenerated
ones to you. Please advise if you have them. Let's move on.

2. I realize the association provided guidance in previous letters
about garage storage. They have also rejected my garage storage solution
attempt in the past. It only seems reasonable to me, to get clarification
prior to placing it on paper. That is all I was asking. That way we can
avoid delays.

3. I cannot answer this question of item 13 of your 10/10/07. That is
a question for my architect who will soon be on board. I cannot personally
clarify something I did not understand.

5. Lance, you said we are far from finalizing an agreement. I thought
the garage storage issue and the approval of plans, was all that was left to
having a resolution.

You give me the impression; you think I want to slow down this process.
What would that accomplish for me? More money out of my pocket. But for
you, it puts more money in your pocket. This is not an attack on you,
Lance, but you can stop saying I am trying to slow things down. Let's spend
our time on solving this problem.

Please, Lance, don't slow down our progress with additional work. One step
at a time. I cannot order roof tiles now as you are suggesting. We still
need to submit plans, have them approved, and then we will know how much to
order, based on roof design being accepted. Remember the association only
accepted the roof design in concept. And just so you know, I personally
ordered roof tiles in Hawaii and distributor missed his delivery date by a
few months. As you know, Hawaii seems to have more unexpected delays than
the mainland because everything is shipped in and there are only limited
suppliers. The roof tile delays whatever it may be in the future, for
completing this house, cannot possible be documented. Just "expect' it by
me. If you want a suggested schedule by me, would you please let me se

**EXHIBIT "N"**
**Page 83 of 113**

4/3/2008

the information to the architect when I get off my 12th day of flying. Then he can give me an estimate of plan completion. I will give you a schedule that can be more accurate.

I think you purposely set these deadlines for me knowing I cannot meet them. I gave you my schedule. My first trip is from 3a.m. Oct 14 to 8p.m. October 18th. Knowing that, you set these dates at
October 15th, 10a.m. schedule due,
October 19th tile estimate due,
October 19th agreement related to covenant violation due

I told you before you wrote this letter to me, what my schedule would be. I cannot meet deadlines when I am in the air. Please give me that courtesy and do not say I am not giving it my "highest priority".
I cannot be thinking of this while doing an approach to an airport, in weather, down to minimums. If you were a passenger on my plane, you would not want my mind distracted. Our days in this airline are long now and our nights are very short. Only long enough for sleep. My time at home has been filled with working on this case and not spending it with my family, and I am offended that you would think I am not giving it my all.

You have my promise that if something is complete; I will move on to accomplish the next step asap. I will not be waiting for deadlines to proceed with additional work.

I appreciate the association continuing to make fast decisions when able. Hopefully the association will continue to not have to wait for monthly meetings to make decisions example garage storage space, final plan submission.

I am not trying to argue in this letter. I do not need a response to my ramblings about my job. I just wanted you to realize my limitations. I am doing the best I can.

If I missed a response to anything, please let me know.


Thank you,
Anthony Grande

C.C. Honorable Judge Kurren
C.C. Steve Jacobson


**EXHIBIT "N"
Page 84 of 113**

4/3/2008

**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Tuesday, October 23, 2007 5:27 AM |
| **Attach:** | Jacobson33-fnl.pdf |
| **Subject:** | NPH Grande |

Dear Steve:

Attached is a letter dated 10/23/07. By copy of this letter to Richlyn, we would like to schedule a status conference with the Court as soon as possible, including Mr. and/or Ms. Grande. We have no objections to Mr. and/or Ms. Grande attending either in person or via telephone.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
=======================================================

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 85 of 113**

4/3/2008

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

October 23, 2007

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

**Via E-Mail
and U.S. Mail**

Re:     **Na Pali Haweo Community Association v. Anthony
        Charles Grande, et al., Civil No. CV04-00413 DAE/LEK**

Dear Mr. Jacobson:

This communication is subject to Rule 408 of the Federal Rules of Evidence and Hawai'i Rules of Evidence. We received Mr. Grande's October 14, 2007 e-mail, landscape plans, and product information for the air conditioner, skylight and roof vent(s) and forwarded the plans and product information to the ARC. The ARC is expected to meet on October 23, 2007. We will provide a response shortly.

We are disturbed by Mr. Grande's vague statement in item 3 of his e-mail that he is unable to clarify item 13 of my October 10, 2007, letter. The Grandes' former architect, Ed Resh, prepared plans delivered July 24, 2007, which describe modifications to correct the master bedroom roof and related structures. During our August 6, 2007, settlement conference, we advised that the ARC would **accept** in concept Mr. Resh's proposed fix, subject to submission of revised plans detailing the proposed fix. Our understanding was that this issue would be resolved, pending submission of revised plans.

I see no point in going forward with settlement negotiations if the Grandes will not commit to modify the structure to conform with the building envelope restrictions of the Design Guidelines and Judge Ezra's order granting partial summary judgment. The Grandes submitted numerous proposals to correct these conditions, several of which the Association accepted; however, the Grandes later withdrew their proposals. Mr. Grande's latest e-mail suggests this may happen again.

In light of Mr. Grande's response, the Association will not proceed further with settlement negotiations unless and until the Grandes confirm that they will correct the building envelope violations as proposed by Mr. Resh. To avoid any misunderstandings, we suggest they have their newly retained architect submit preliminary sketches showing how the roof and related structures above the master bedroom will be modified, including modifications to the structural elements of the roof, such as the beam facing Kamehame Drive. Given the exhaustive discussions concerning the master bedroom roof fix, unless we have an agreement in concept on this issue, we will ask that settlement negotiations be terminated based upon the Grandes' bad faith settlement practices.

**EXHIBIT "N"
Page 86 of 113**

Steven B. Jacobson, Esq.
October 23, 2007
Page 2

While Mr. Grande has repeatedly complained about his long work hours, the Association will not allow the settlement negotiation process to be suspended whenever Mr. Grande is traveling away from home. The outstanding issues at this stage are simple. In this era of wireless internet, mobile phones and e-mail, there is no reason why Mr. and Ms. Grande are not able to coordinate the preparation of plans by their architect and resolve other issues during Mr. Grande's absences from home. It is a prerequisite for further settlement discussions that the Grandes exercise due diligence.

To expedite preparation of plans, I suggest that Mr. Grande have his architect meet with the Architectural Review Committee or Chair of the ARC to discuss the outstanding issues. Much of the design work may be accomplished without direct involvement of the Grandes.

My October 10, 2007, letter proposed the following deadlines to resolve this case:

| | |
|---|---|
| October 19, 2007 | Deadline for Grandes to submit comments on draft settlement agreement and proposed section entitled "Agreement Related to Covenant Violations" |
| October 19, 2007 | Deadline for Grandes to identify the name of the architect they have retained to prepare as-built plans and proposed plans |
| October 31, 2007 | Deadline for execution of settlement agreement |
| November 9, 2007 | Deadline for Grandes to submit as-built plans and proposed plans |
| November 23, 2007 | Deadline for Grandes to confirm in writing they have retained a contractor to perform remedial work per the proposed plans |
| January 31, 2008 | Deadline to complete remedial work |

As of the date of this letter, I have yet to receive comments on the draft settlement agreement and proposed section entitled "Agreement Related to Covenant Violations," nor have I received the name of the architect the Grandes have retained to prepare as-built plans and proposed plans. As discussed in prior correspondence, I will contact U.S. Magistrate Judge Barry M. Kurren's chambers to schedule a status conference to discuss the status of this case.

Please do not hesitate to contact us should you have any questions regarding this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki
Scott R. Grigsby

**EXHIBIT "N"**
**Page 87 of 113**

Steven B. Jacobson, Esq.
October 23, 2007
Page 3

LSF/SRG:sch


cc:    John Zalewski, Esq.
       Case Lombardi & Pettit

       U.S. Magistrate Judge Barry M. Kurren

       Client

X:\NaPaliHaweo\Grande\Jacobson33-fnl.wpd

**EXHIBIT "N"**
**Page 88 of 113**

## Sonya Chung-Hirano

**From:**      "Anthony Grande" <tgrande@bellsouth.net>
**To:**        "Lance Fujisaki" <lfujisaki@neeley-anderson.com>
**Cc:**        "Steve Jacobson" <sjacobson.law@hawaiiantel.net>; <Richlyn_Young@hid.uscourts.gov>
**Sent:**      Sunday, October 28, 2007 12:13 PM
**Subject:**   Response to your Oct 23rd letter

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

Lance,

This is in response to your Oct 23rd, 2007, letter.

You mistook my meaning of Number 3. Of course I am submitting the drawings
as Ed had submitted on July 24th, 2007, because the association already
accepted it. I meant that I am not an architect. So, when my architect
starts drawing the plans he will be able to give you a better idea of where
the beams will go. I just fly airplanes. I can not possibly decide beam
placement.

I find it humorous, Lance, that you feel that I am suspending negotiations
when I go on a 5 day trip, but the Association is allowed to wait till their
monthly meeting to respond to me with an answer on the landscape plans,
product info on the air conditioner, skylight and roof vents, and garage
storage.

I think at this point everything has come to an understanding except those
few outstanding items the ARC will get back to me on. I do not want to pay
my architect to meet with the ARC because this will drive up my cost. Once
we hear from the ARC we can put it all down in the plans, submit the plans,
and wait till the next meeting for approval/disapproval.

I agree with you that much of the design work can be accomplished without my
direct involvement. But when you need something from me, you must realize my
computer and files are all at home.

Thank you,
Anthony Grande

C.C. Honorable Judge Kurren
C.C. Steve Jacobson

## EXHIBIT "N"
## Page 89 of 113

4/3/2008

**Sonya Chung-Hirano**

| | |
|---|---|
| **From:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **To:** | "Lance Fujisaki" <lfujisaki@neeley-anderson.com> |
| **Cc:** | "Steve Jacobson" <sjacobson.law@hawaiiantel.net>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Tuesday, October 30, 2007 4:29 PM |
| **Subject:** | Response to your 10-30-07 letter |

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

Lance,

I have asked you before to deal directly with me.
I do not think it is time for a status conference with Judge Kurren until
the Association answers the final questions. We have been patiently waiting
for the Associations' response. The Associations'' meeting was almost a
week ago. Why are we still waiting for a response from them.
If Judge Kurren wants a status conference then I will be happy to oblige.
But, I do not want you to run up the lawyer fees with unnecessary talk. All
we need is the final decision from the Association to proceed with the
plans.
Steve will be glad to write the draft settlement agreement letter once we
have an agreement.

Thank you,
Anthony Grande

C.C. Honorable Judge Kurren
C.C. Steve Jacobson

**EXHIBIT "N"**
**Page 90 of 113**

4/8/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **Cc:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JZalewski@caselombardi.com>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Wednesday, October 31, 2007 3:26 PM |
| **Subject:** | NPH Grande - response to questions |

Project:
Grande Residence
1251 Kamehame Drive
Na Pali Haweo – Phase 2A / Lot 49

Dear Mr. and Ms. Grande:

The ARC reviewed your submissions and provided us with the following information. Except for the landscaping plans which are approved as noted below, the following comments are intended solely to assist you in your architect's preparation of proposed revised plans for the ARC's review and approval.

**I. Submittal 1: Revised Planting & Sprinkler Plans dated 10/01/00 (revised 11/13/03) received 10/08/07.**

Subject plans showing proposed corrective work, including the addition of Macarthur Palms and Fiji Fan Palm to the front and right side yards are approved.

**II. Submittal 2: Owner's Request for Information (RFI) per fax sent 10/12/07.**

You have agreed to convert the toilet room to a storage area. However, there are concerns that this alone will not satisfy the minimum 100 sf storage requirement of NPH Design Guidelines 3.2.4(b). The following information is provided to assist you in preparing proposed plans:

A. Storage alcove

The storage area beneath the kitchen floor (storage alcove) or a portion thereof, as determined by the ARC, may be included in the calculation of the 100 sf storage requirement, subject to the submission of the actual dimensions of the storage alcove. However, without knowing the exact dimensions of the storage alcove, the ARC cannot determine to what extent the area may be used to satisfy the storage area requirements.

B. Storage area along the garage side wall

Per NPH Design Guidelines 3.2.4(b), a double car garage requires a minimum clear width of 18'. This would not allow any significant storage depth and is, therefore, not acceptable.

C. Storage shelves above the washer/dryer.

This area is not acceptable as satisfying 3.2.4(b).

**III. Submittal 3: Manufacturer's Product Literature for Master Flow roof louvers (Exhaust), Lane Aire flat skylight and Fujitsu Split System AC unit received 10/15/07.**

A. Exhaust Fan:

An attached "post-it" note, presumably written by you, reads "RT65. Do not make vents that are on my house anymore. New replacement is RT-65". The ARC does not object to the manufacturer's product literature for RT-65. However, you must provide a statement that the exhaust fans currently inst...

**EXHIBIT "N"**
**Page 91 of 113**

4/3/2008

as or substantially similar to RT-65.

B. Skylights:

An attached "post-it" note, presumably written by you, reads "Skylights are no longer made. New 'like' model being carried/installed by same company. Model #2852." The ARC does not object to the manufacturer's product literature for Model #2852. However, you must provide a statement that the skylights currently installed on the property are the same as or substantially similar to Model #2852.

C. Split System AC:

Listed Models 24C1 (single zone) and 24CD1 (dual zone) were circled. The ARC does not object to the manufacturer's product literature for said models. However, you must identify which of the two air conditioner systems was installed on the property.

I believe the foregoing addresses all questions you raised. If I missed any question, please advise. Should you have any questions regarding the above, please advise.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
==========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 92 of 113**

4/3/2008

**Sonya Chung-Hirano**

_____

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "Anthony Grande" <tgrande@bellsouth.net>; "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Monday, November 05, 2007 8:14 PM |
| **Subject:** | NPH Grande - status conference |

Dear Mr. Steve:

This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property.

Although you will not be available on either 11/14 or 11/20, we would like to proceed with the status conference on either date. However, as you will not attend, before proceeding we must obtain your written consent, the consent of your clients, and the consent of the Court. Please respond as soon as possible as Richlyn cannot hold these dates indefinitely.

With regard to Mr. Grande's 11/1/07 e-mail, if you would like to schedule a telephone conference with Mr. Everett Kaneshige, President, please advise and I will do so. Both attorney John Zalewski and I will be included in the conference call. Mr. Kaneshige will not communicate with your clients in the absence of NPH counsel. If you would like us to schedule the conference call, please advise and also indicate if you will attend.

Per your consent, I have copied your clients on this e-mail as well as several of my prior e-mail. Please advise if you have any questions or objections.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Anthony Grande
**To:** 'Lance S. Fujisaki'
**Cc:** Steve Jacobson ; Richlyn_Young@hid.uscourts.gov
**Sent:** Saturday, November 03, 2007 3:11 AM
**Subject:** RE: NPH Grande - status conference

Lance,
Either one of those dates works for me.
I understand it is a phone conference.
Just let me know.
Tony

**EXHIBIT "N"**
**Page 93 of 113**

4/3/2008

## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Steven B. Jacobson, AAL, ALLLC" <sjacobson.law@hawaiiantel.net>
**Cc:** "John Zalewski" <JZalewski@caselombardi.com>; "Anthony Grande" <tgrande@bellsouth.net>
**Sent:** Wednesday, November 07, 2007 6:24 AM
**Subject:** NPH Grande - status conference

Dear Steve:

I will attempt to schedule a meeting with Mr. Grande today. However, please let me know if you consent to Mr. Grande attending a status conference with Judge Kurren in your absence. If we do not receive a response, we will not be able to have the status conference.

By copy to Mr. Grande - please advise when you are available today. I will check with Mr. Kaneshige on his availability.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=========================================================
This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property.

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

----- Original Message -----
**From:** Steven B. Jacobson, AAL, ALLLC
**To:** Lance S. Fujisaki
**Cc:** Anthony Grande ; John Zalewski
**Sent:** Wednesday, November 07, 2007 4:29 AM
**Subject:** Re: NPH Grande - status conference

Dear Mr. Lance:

I would suggest that the conversation between Messrs. Grande, Kaneshige, and whoever else (you, John, etc.) take place first, as that may change everything. You may have and are hereby authorized to have that conversation without my being present, or my being on the phone. I would suggest that you have it today (Wednesday), as Mr. Grande needs to fly out shortly. I'm leaving for New York later today, and won't be back until next week. I'll be out of cell range, as my cell phone unfortunately got put through our washing machine and the replacement hasn't come yet.

**EXHIBIT "N"**
**Page 94 of 113**

I have not yet been able to draft the settlement agreement, but remain willing to do so.  After finally getting your info from your client's board, I was gone from Thursday through the weekend.  I'm up now, at 4:30am, because I just finished a US Supreme Court reply brief that needs to be printed and go out today before I leave.

SJ

**EXHIBIT "N"**
**Page 95 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **Cc:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski" <JZalewski@caselombardi.com> |
| **Sent:** | Wednesday, November 07, 2007 1:38 PM |
| **Subject:** | NPH Grande - settlement proposal |

Dear Mr. Grande:

This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property.

Following up on this morning's telephone conversation, I have communicated your settlement proposal to Mr. Everett Kaneshige. It would greatly assist the Board if you would send us an e-mail outlining the terms of your proposal in as much detail as possible, inclusive of monetary sums where applicable.

We will forward the same to the Board for review at its next meeting on November 13, 2007.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=========================================================
Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 96 of 113

4/3/2008




## Sonya Chung-Hirano

**From:** "Anthony Grande" <tgrande@bellsouth.net>
**To:** "'Lance S. Fujisaki'" <lfujisaki@neeley-anderson.com>
**Sent:** Wednesday, November 07, 2007 2:17 PM
**Subject:** RE: NPH Grande - settlement proposal

Lance,

**Terms of My Proposal**

I talked to a Bankruptcy lawyer on Tuesday. He agrees that I have a negative equity in my Florida house. Because of 5 years of financial hardship, the only money I have is in the equity in my Hawaii house. My expenses far outweigh my income.

The value of the house is  approximately 1.4 million.

I will turn the house over to the Association, subject to the current mortgage, which the Association would assume responsibility for, $700,000, and I would be released.

I would assign my rights against Brandt and Brandt Homes to the Association, and the Association would assume liability for any amounts owed to Brandt, $50,000 to $60,000.

Association will pay off Steve Jacobson, $100,000.

The Association will pay me $50,000, in order for me to pay off my accumulated credit card debt.

The Association would waive and release all past, present and future claims against me, and my family.

Thank you,

Anthony Grande

-----Original Message-----
**From:** Lance S. Fujisaki [mailto:lfujisaki@neeley-anderson.com]
**Sent:** Wednesday, November 07, 2007 6:39 PM
**To:** Anthony Grande
**Cc:** Steven B. Jacobson; John Zalewski
**Subject:** NPH Grande - settlement proposal

# EXHIBIT "N"
# Page 97 of 113

4/3/2008



Dear Mr. Grande:

This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property.

Following up on this morning's telephone conversation, I have communicated your settlement proposal to Mr. Everett Kaneshige. It would greatly assist the Board if you would send us an e-mail outlining the terms of your proposal in as much detail as possible, inclusive of monetary sums where applicable.

We will forward the same to the Board for review at its next meeting on November 13, 2007.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
=======================================================

Confidentiality Notice: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHIBIT "N"**
**Page 98 of 113**

4/3/2008

## Sonya Chung-Hirano

**From:**      "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:**        "Anthony Grande" <tgrande@bellsouth.net>
**Cc:**        "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski"
               <JZalewski@caselombardi.com>
**Sent:**      Tuesday, November 13, 2007 12:44 PM
**Subject:**   1:04-cv-00413-DAE-BMK Na Pali Haweo v. Grande, et al - status conference

Dear Mr. Grande:

This law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property.

Thank you for your November 7, 2007, e-mail. One of the terms of your settlement proposal is that the Association shall assume your mortgage. Please e-mail us as soon as possible a complete copy of both the mortgage and the note for your Na Pali Haweo property.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 99 of 113

4/3/2008

**Sonya Chung-Hirano**
_____

| | |
|---|---|
| **From:** | "Anthony Grande" <tgrande@bellsouth.net> |
| **To:** | "Lance Fujisaki" <lfujisaki@neeley-anderson.com>; "Steve Jacobson" <sjacobson.law@hawaiiantel.net>; <Richlyn_Young@hid.uscourts.gov> |
| **Sent:** | Sunday, November 25, 2007 5:22 PM |
| **Subject:** | Where are we in negotiations |

FOR SETTLEMENT PURPOSES
PROTECTED BY HRE AND FRE RULES 408

Lance,

I told Steve Jacobson after our meeting in Hawaii in front of Judge Kurren
that I am just going to give in to all the Association demands.  I will say
yes to everything in order to come to a solution.  As Judge Kurren is aware,
from all my letters to you, I have done just that.  I said yes to
everything, or had to get clarification from the association after which I
had said yes to whatever you/the association wanted.  Just when we had all
the items to be changed on the house, figured out, and I had hired an
Architect to put it on paper, you insisted on a meeting that seemed to have
changed our course.  I even offered to give my house away to the Association
and you said this was unacceptable under my simple terms.  There is positive
cash in this house that I am willing to give up.  Everything I have saved
and earned has been poured in this house.  In my opinion, you have been
wasting everyone's time for your personal gain.  THIS SHOULD BE ILLEGAL.
You obviously have no intent on reaching a solution to this problem.  YOU
have not been bargaining in good faith.

The State of Hawaii should review this case and consider disbarring you
because you have done everything in your power to prevent a settlement.
When an opposing party says yes to everything and a solution still is not
reached, something is very wrong.

I have been trying to figure out what you want out of this so I could give
it to you.  When the idea of surrendering my house was rejected, I can only
assume that you just want a judgment against me.  This is not just about the
money.  You also want the judgment so you can have another notch in your
belt.

If I am wrong and there is something I can do to end this, please let me
know what it is because I cannot think of anything else.  I have done
everything asked of me and it apparently is still not enough.

I would like to know if I should have my architect stop making the 2 sets of
plans for submittal to the association?  After the conference call on
11/14/2007, I am confused.  Are the negotiations over?


Thank you,
Anthony Grande

C.C. Honorable Judge Kurren
C.C. Steve Jacobson

**EXHIBIT "N"**
**Page 100 of 113**

4/3/2008

## Sonya Chung-Hirano

| | |
|---|---|
| **From:** | "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com> |
| **To:** | "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net> |
| **Cc:** | "John Zalewski" <JZalewski@caselombardi.com>; "Anthony Grande" <tgrande@bellsouth.net> |
| **Sent:** | Tuesday, November 27, 2007 1:31 PM |
| **Attach:** | Jacobson34-fnl.pdf; Stipulated Jdmt-fnl.pdf; 2007-11-16 consent.pdf |
| **Subject:** | NPH Grande-Stipulated Judgment |

Dear Steve:

Attached is a letter with enclosures. I received an e-mail from Mr. Grande on 11/25/07 and will respond to that e-mail separately.

Please do not hesitate to contact me if you have any questions.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
========================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

# EXHIBIT "N"
# Page 101 of 113

4/3/2008

HID Form 85 (Rev. 7/03) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

## UNITED STATES DISTRICT COURT

District of Hawaii

NA PALI HAWEO COMMUNITY ASSOCIATION

Plaintiff

V.

ANTHONY CHARLES GRANDE, ET AL

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:  Civil No. 04-00413 DAE/BMK

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| Anthony Charles Grande | | |
| Narindar Kaur Grande | | |
| Na Pali Haweo Community Association | | |
| Ronald K. Awa | | |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to  The Honorable Barry M. Kurren
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| Date | United States District Judge |
|---|---|

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# EXHIBIT "N"
# Page 102 of 113

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JOYCE Y. NEELEY        (3131-0)
LANCE S. FUJISAKI      (4224-0)
SCOTT R. GRIGSBY       (6673-0)
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177
X:\NaPaliHaweo\Grande\Usdc PLEADINGS\Stipulated Jdmt-fnl.DOC; 11/27/2007

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation, | ) ) ) ) | CIVIL NO. CV04-00413-DAE-BMK (Injunctive Relief) |
| Plaintiff, | ) ) ) | STIPULATED JUDGMENT REGARDING COMPLAINT FILED JUNE 1, 2004, AND COUNTERCLAIM FILED JULY 19, 2004, AND ORDER |
| vs. | ) ) ) | |
| ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JAME DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ANTHONY CHARLES GRANDE AND NARINDAR KAUR GRANDE, | ) ) ) | |
| Counterclaim Plaintiffs, | ) | |

**EXHIBIT "N"**
**Page 103 of 113**

```
                                    )
        vs.                         )
                                    )
NA PALI HAWEO COMMUNITY             )
ASSOCIATION; RONALD K. AWA          )
AND DOES 1-25,                      )
                                    )
        Counterclaim Defendants.    )
                                    )
```

---

### STIPULATED JUDGMENT REGARDING
### COMPLAINT FILED JUNE 1, 2004, AND
### COUNTERCLAIM FILED JULY 19, 2004, AND ORDER

Pursuant to Rules 54, 57, 58, and 65 of the Federal Rules of Civil Procedure,

and LR 10.4, IT IS HEREBY STIPULATED AND AGREED, by and between

Plaintiff/Counterclaim Defendant Na Pali Haweo Community Association

("Association") and Counterclaim Defendant Ronald K. Awa ("Awa"), through their

attorneys, and Defendants/Counterclaim Plaintiffs Pro Se Anthony Charles Grande

and Narindar Kaur Grande ("Grandes"), and the Court hereby approves and enters

judgment, as follows:

    1.    The dwelling ("Dwelling") on the real property situated at 1251

Kamehama Drive, Lot No. 49, Honolulu, Hawaii 96825 ("Property") is in violation of

the Declaration of Covenants, Conditions and Restrictions of Na Pali Haweo

("DCCR"), recorded in the Bureau of Conveyances of the State of Hawaii as Document

2

**EXHIBIT "N"**
**Page 104 of 113**

No. 91-049173 on April 18, 1991, and the Na Pali Haweo Design Guidelines ("Design Guidelines") (collectively "Governing Documents") for the following reasons:

a.  Portions of the Dwelling, including without limitation two columns supporting the roof above the master bedroom, the roof beam at the front edge of the roof, and more than 2 1/2 feet of the roof eaves (collectively "Building Envelope Encroachments"), violate the Governing Documents as they protrude beyond the building envelope described in the Design Guidelines.

b.  The front section of the Dwelling consisting of the front section of the garage violates the Governing Documents as it is set back 19' 9 1/2" instead of the required 20', from the property line.

c.  The two skylights on the roof of the Dwelling violate the Governing Documents because their frames and flashing are not painted to match the color of the roof.

d.  The air conditioning unit installed at the rear of the Property violates the Governing Documents as it was not shown on the plans prepared by Edward Resh, dated July 2000 ("Approved Plans"), and approved by the Association's Architectural Review Committee ("ARC") by letter dated October 24, 2000, and has been screened with lattice which is not an approved fencing material.

**EXHIBIT "N"
Page 105 of 113**

e.    A sheet metal exhaust vent installed on the roof of the Dwelling violates the Governing Documents as it was not shown on the Approved Plans and sheet metal is not an approved finish for roof exhaust vents.

f.    The omission of a sliding driveway gate violates the Governing Documents as it was specified on the Approved Plans but was not constructed or installed.

g.    The front garden wall which runs along the boundary of the Property adjacent to Kamehame Drive violates the Governing Documents as it exceeds the height restrictions of the Design Guidelines and does not conform with the Approved Plans.

h.    The omission of the roof eyebrow above the garage violates the Governing Documents as it was specified on the Approved Plans but was not constructed.

i.    The garage opening violates the Governing Documents as it was not constructed per the Approved Plans, *i.e.*, the opening is squared-off at the top rather than arched.

j.    The windows above the entry door and at the living room violate the Governing Documents as they differ from the windows specified on the Approved Plans.

k.    The omission of planters on the sides of the front entry balcony violates

4

**EXHIBIT "N"**
**Page 106 of 113**

the Governing Documents as the planters were specified on the Approved Plans but were not installed.

l.   The roof over the entry and the roof over the master bedroom violate the Governing Documents as they were not constructed per the Approved Plans, *i.e.*, they are not separate and distinct elements.

m.   The rear corner of the Dwelling violates the Governing Documents as it was not constructed in accordance with the Approved Plans, *i.e.*, the wall was moved out to align with the living room exterior wall and windows are smaller than shown on the Approved Plans. In addition, the movement of the exterior wall changed the building square footage and affected the roofline of the Dwelling.

n.   The omission of a decorative panel on the side of the Dwelling violates the Governing Documents as it was specified on the Approved Plans but was not constructed.

o.   The exterior windows at the second floor master bedroom violate the Governing Documents as they were not constructed as specified on the Approved Plans.

p.   The balcony off the second floor master bedroom violates the Governing Documents because the metal railing at the balcony corner was not constructed as specified on the Approved Plans.

**EXHIBIT "N"**
**Page 107 of 113**

q.    The garage violates the Governing Documents as it was not constructed in accordance with the Approved Plans and it does not contain 100 square feet of enclosed storage space.

r.    The trash area violates the Governing Documents because the concrete pad was not constructed although specified on the Approved Plans.

The foregoing violations of the Governing Documents are collectively referred to herein as "Deficiencies."

2.    A permanent mandatory injunction is hereby issued in favor of the Association and against the Grandes, jointly and severally, under Count I of the Complaint filed on June 1, 2004, in Civil No. 04-1-1008-06, Circuit Court of the First Circuit, State of Hawaii ("Complaint"):

a.    Compelling the Grandes to either:

(i)    Remove all unauthorized improvements from the Property and bring the Property into compliance with the Governing Documents by constructing the Dwelling, front garden wall and other related structures on the Property in strict compliance with the Approved Plans, provided, however, the Grandes shall submit to the ARC plans for removal of the Building Envelope Encroachments and reconstruction of the affected portions of the Dwelling, the Grandes shall work to resolve any objections or

6

**EXHIBIT "N"**
**Page 108 of 113**

concerns of the ARC, and the Grandes shall complete remedial work, all in accordance with the procedures described below in Paragraph 2.a.(ii), or

(ii)    Perform as follows:

    (a)    By no later than thirty (30) days following the date of this Stipulated Judgment, submit to the ARC for its review and consideration complete plans reflecting all remedial work to be performed on the Property to resolve each of the Deficiencies.

    (b)    Diligently work to resolve the objections and concerns, if any, of the ARC as necessary to obtain the approval of the ARC to said plans.

    (c)    By no later than ninety (90) days following approval of said plans by the ARC, complete the remedial work in strict compliance with the plans approved by the ARC.

b.    Enjoining the Grandes from commencing any work on the Property, including, without limitation, demolition of structures, without first obtaining the written approval of the ARC.

c.    Compelling the Grandes to submit a complete set of as-built plans accurately reflecting the Dwelling.

7

**EXHIBIT "N"**
**Page 109 of 113**

3.    Judgment is hereby entered in favor of the Association under Count I of the Complaint.

4.    A monetary judgment on Count II of the Complaint is hereby entered in favor of the Association and against the Grandes, jointly and severally, in the sum of $162,479.72 in attorneys' fees, $7,675.67 in taxable costs, $7,499.03 in general excise taxes, $7,510.17 in architects fees and cost and $8,696.94 in experts' fees and costs, for a total monetary judgment in the sum of $193,861.53.

5.    Judgment is hereby entered in favor of the Association and Awa and against the Grandes on all claims contained in the Counterclaim filed on July 19, 2004, in this action (the "Counterclaim").

6.    A monetary judgment on the Counterclaim is hereby entered in favor of the Association and against the Grandes, jointly and severally, in the sum of $71,735.00 in attorneys' fees, $2,025.00 in taxable costs and $3,221.00 in general excise taxes for a total monetary judgment in the sum of $76,981.00.

7.    The Court shall retain jurisdiction over the parties and this matter to ensure that the terms of this Stipulated Judgment are complied with and fully satisfied.

8.    This Stipulated Judgment constitutes a full and final judgment and adjudication of all claims asserted in the Association's Complaint and Grandes' Counterclaim.

9.    No appeal shall be taken from this Stipulated Judgment by any party.

**EXHIBIT "N"
Page 110 of 113**

10.    All parties who have appeared in this action have signed this Stipulated

Judgment.

DATED:  Honolulu, Hawaii, _____.

_____
JOYCE Y. NEELEY, ESQ.
LANCE S. FUJISAKI, ESQ.
SCOTT R. GRIGSBY, ESQ.
Attorneys for Plaintiff
Na Pali Haweo Community Association


_____
ANTHONY CHARLES GRANDE
Defendant/Counterclaim Plaintiff Pro Se


_____
NARINDAR KAUR GRANDE
Defendant/Counterclaim Plaintiff Pro Se


_____
JOHN D. ZALEWSKI, ESQ.
Attorney for Counterclaim Defendants Na Pali
Haweo Community Association and Ron K.
Awa

APPROVED AND SO ORDERED:


_____
JUDGE OF THE ABOVE-ENTITLED COURT


_____
Na Pali Haweo Community Association vs. Anthony Charles Grande et al., Civil No.
CV-04-00413-DAE-BMK; Stipulated Judgment Regarding Complaint Filed June 1,
2004, and Counterclaim Filed July 19, 2004, and Order

**EXHIBIT "N"**
**Page 111 of 113**

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

PAMELA J. SCHELL
SCOTT R. GRIGSBY

NEELEY & ANDERSON LLP
A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

November 27, 2007

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

Steven B. Jacobson, Esq.
P.O. Box 240761
Honolulu, Hawai'i 96824-0761

**Via E-Mail
and U.S. Mail**

Re:  **Na Pali Haweo Community Association v. Anthony
     Charles Grande, et al.**, Civil No. CV04-00413 DAE/LEK

Dear Mr. Jacobson:

As you know, this law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property. Per your prior instructions, we are copying this letter to Mr. and Ms. Grande and will do so regarding all further communications regarding this case.

Mr. Grande recently expressed his desire to promptly resolve the pending litigation involving the Grandes' Na Pali Haweo property. We believe it is in each party's interest to resolve this case promptly, without a trial, additional motions, discovery or an appeal. To accomplish this, the Association proposes that the Grandes sign the enclosed Stipulated Judgment Regarding Complaint filed June 1, 2004, and Counterclaim filed July 19, 2004, and Order ("Stipulated Judgment").The Stipulated Judgment will resolve all claims in favor of the Association and, thus, prevent the Association from having to file two Motions for Summary Judgment, conduct discovery, prepare this case for trial, and/or engage in related litigation.  If the Grandes elect not to sign the Stipulated Judgment, the Association will incur additional attorneys' fees and costs to adjudicate the claims in the pending litigation for which, upon conclusion of the litigation, the Association will seek reimbursement from the Grandes. Thus, it is in the Grandes' interest to resolve this case as soon as possible, and we urge the Grandes, through this letter, to sign and return the enclosed Stipulated Judgment as soon as possible.

Also enclosed is a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge ("Consent"). By signing the Consent, the Grandes will waive their right to have United States District Court Judge David A. Ezra preside over proceedings in this case. United States Magistrate Judge Barry M. Kurren will serve as the judge in all further proceedings. Among the benefits of having Judge Kurren preside over this case is that the pending litigation is likely to be completed sooner. The parties will have a guaranteed trial date and motions may be heard sooner. By comparison, hearings before Judge Ezra are scheduled months in advance and Judge Ezra may

**EXHIBIT "N"
Page 112 of 113**

Steven B. Jacobson, Esq.
November 27, 2007
Page 2

continue the scheduled trial due to other matters or conflicts on his calendar. Thus, we urge the Grandes to sign and return to us the enclosed Consent as soon as possible. (The Consent is being proposed subject to approval by the Board.)

If you have any questions, please do not hesitate to contact me. Thank you for your attention to this matter.

Sincerely,

NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

Lance S. Fujisaki
Scott R. Grigsby

LSF/SRG:sch

enclosures:            Stipulated Judgment
                       Consent to the Exercise of Jurisdiction by a United States Magistrate Judge

cc (with encls.):      Mr. and Mrs. Anthony Grande

                       John Zalewski, Esq.
                       Case Lombardi & Pettit
                       Client

X:\NaPali\Hawaoi\Grande\Jacobson34-fnl.wpd

**EXHIBIT "N"**
**Page 113 of 113**