## Sonya Chung-Hirano

**From:**   "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:**     "Tony Grande" <tgrande@bellsouth.net>
**Cc:**     "Steven B. Jacobson" <sjacobson.law@hawaiiantel.net>; "John Zalewski"
            <JZalewski@caselombardi.com>
**Sent:**   Wednesday, January 02, 2008 3:45 PM
**Attach:** Grande2-fnl.pdf
**Subject:** NPH Grande letter

Dear Mr. and Ms. Grande:

As you know, this law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, expert's fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property. Attached is a letter dated January 2, 2008. Thank you for your attention to this matter.

Lance S. Fujisaki


Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone:  (808) 536-8177, ext. 106
Facsimile:  (808) 536-4977
=============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

**EXHBIT "O"**
**Page 1 of 7**

4/3/2008

NEELEY & ANDERSON, LLP

JOYCE Y. NEELEY
M. ANNE ANDERSON
PHILIP L. LAHNE
LANCE S. FUJISAKI

A LIMITED LIABILITY LAW PARTNERSHIP
733 BISHOP STREET, SUITE 2301
HONOLULU, HAWAII 96813

TELEPHONE
(808) 536-8177
FACSIMILE
(808) 536-4977

PAMELA J. SCHELL
SCOTT R. GRIGSBY

January 2, 2008

**VIA E-MAIL**

Mr. Anthony Charles Grande
Ms. Narindar Kaur Grande
125 Mar-Len Drive
Melbourne Beach, FL 32951

Re:     **Na Pali Haweo Community Association v. Anthony
Charles Grande, et al., Civil No. CV04-00413 DAE/BMK**

Dear Mr. and Ms. Grande:

As you know, this law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom the debt referred to herein is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, expert's fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property. This letter responds to your November 25, 2007, e-mail.

1.      The e-mail states, "I told Steve Jacobson after our meeting in Hawaii in front of Judge Kurren that I am just going to give in to all the Association demands. I will say yes to everything in order to come to a solution. As Judge Kurren is aware, from all my letters to you, I have done just that." The Association disputes that you are cooperating to quickly resolve this case. On November 27, 2007, we e-mailed you the Stipulated Judgment and Consent to the Exercise of Jurisdiction by a United States Magistrate Judge. This confirms that you have not signed and returned either document to us. Your statements are not true.

2.      You claim that "[j]ust when we had all the items to be changed on the house, figured out, and I had hired an Architect to put it on paper, you insisted on a meeting that seemed to have changed our course." Your statements are untrue. At the August 6, 2007, status conference, United States Magistrate Judge Barry M. Kurren directed the parties to reach an agreement within 30 days. Relatively little progress was made between the August 6, 2007, and November 14, 2007, status conferences. Indeed, we informed you that we required your commitment to the following deadlines, which you refused to provide:

Deadline for Grandes to submit comments on draft settlement agreement and proposed section entitled "Agreement Related to Covenant Violations"

Deadline for Grandes to identify the name of the architect they have retained to prepare as-built plans and proposed plans

Deadline for execution of settlement agreement

Mr. and Ms. Grande
January 2, 2008
Page 2

Deadline for Grandes to submit as-built plans and proposed plans

Deadline for Grandes to confirm in writing they have retained a contractor to perform remedial work per the proposed plans

Deadline to complete remedial work

As a result of your intransigence, we were unable to meet the Court's deadline.

3.    You claim to have "offered to give [your] house away to the Association . . . under my simple terms." The terms of your offer were far from simple or practicable. The terms included:

a.    The Association shall assume your $700,000 mortgage.

b.    The Association shall pay Brandt Homes any amounts due (this amount is currently $115,790.55)

c.    The Association shall pay Steve Jacobson $100,000.

d.    The Association shall pay you $50,000.

e.    The Association shall release any and all claims against you and your family.

During the November 14, 2007, status conference, Judge Kurren questioned why a homeowners' association would agree to such terms. The Association's rejection of your settlement proposal cannot be faulted.

4.    The record reflects that the Association, its counsel, and the Court did everything possible to resolve this case with you. Settlement was hampered not by the Association or its counsel but rather by your stubborn refusal to resolve this case at an early stage when the attorneys' fees and costs were minimal and the remedial work could be performed at minimal expense.

5.    Neither the Association nor its counsel terminated settlement negotiations. Settlement negotiations were terminated by Judge Kurren on November 14, 2007. After you addressed the Court and after your exchange with Judge Kurren, Judge Kurren set this case for trial. Obviously, Judge Kurren did not believe there was any potential for settlement.

6.    The Association's objective is to resolve this case as soon as possible. The Association has expended substantial resources towards settlement and all efforts have thus far failed. This leaves the Association with no alternative but to proceed with litigation.

7.    You asked whether you should have your architect stop preparing plans for submittal to the Association, you have stated that the status conference on November 14, 2007, has left you confused, and you are asking, "Are the negotiations over?" To the extent you are confused about Court procedures, we cannot give you legal advice and suggest you contact an attorney. If you wish to make a settlement proposal, we invite you to provide us with same. In the interim, given the trial



Mr. and Ms. Grande
January 2, 2008
Page 3


date of July 15, 2008, and your refusal to sign the Stipulated Judgment, we have no choice but to prepare this case for trial.

                                        Very truly yours,

                                        NEELEY & ANDERSON LLP
                                        A Limited Liability Law Partnership

                                        /s/ Lance S. Fujisaki

                                        Lance S. Fujisaki

LSF:sch

cc:     Client


X:\NaPaliHaweo\Grande\Grande2-fnl.wpd



## Sonya Chung-Hirano

**From:** "Lance S. Fujisaki" <lfujisaki@neeley-anderson.com>
**To:** "Sonya Chung-Hirano" <sonyach@neeley-anderson.com>
**Sent:** Friday, February 08, 2008 3:15 PM
**Subject:** NPH Grande - failure to maintain property

Dear Mr. and Ms. Grande:

As you know, this law firm represents Na Pali Haweo Community Association ("Association"), the creditor to whom a debt is owed. We have been retained by the Association to collect the debt for attorneys' fees and costs, architects' fees and costs, expert's fees and costs, interest and other amounts, and to enforce the Association's project documents with regard to the subject property.

Attached is a letter dated January 22, 2008, from the Association's managing agent. This letter is self-explanatory. With regard to the fourth paragraph of the letter, the Association will measure the 14 day compliance period to run from the date of this e-mail.

Thank you for your attention to this matter.

Lance S. Fujisaki

Neeley & Anderson LLP
A Limited Liability Law Partnership
733 Bishop Street, Suite 2301
Honolulu, Hawaii 96813
Telephone: (808) 536-8177, ext. 106
Facsimile: (808) 536-4977
============================================================
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail and destroy the original transmission and its attachments without reading or saving it in any manner. Thank you.

4/3/2008



Hawaiiana Management Company, Ltd.
Pacific Park Plaza, Suite 700
711 Kapiolani Boulevard
Honolulu, Hawaii 96813
Tel: (808) 593-9100
Fax: (808) 593-6333

January 22, 2008

Mr. & Mrs. Anthony Grande
125 Mar-Len Drive
Melbourne Beach, FL 32951

RE:    Design Guidelines / Declaration of Covenants, Conditions & Restrictions (DCC&R's)
       Na Pali Haweo – Lot 2A-49

Dear Mr. & Mrs. Grande:

One of the most important duties of the Board of Directors of Na Pali Haweo is to coordinate and strive for full observance of the Design Guidelines and the DCC&R's for both the safety and quiet enjoyment of all residents. As the managing agent for Na Pali Haweo, one of our regular duties in support of your Association is to perform routine property inspections to assist with compliance. On occasion, when the condition of a residential lot is not quite within the range of compliance, it's hoped that a reminder is all that is necessary to correct the infraction.

On a recent property inspection held January 15, 2008, it was noted that your property is not in compliance with Na Pali Haweo's Declaration of Covenants, Condition & Restrictions and/or Design Guidelines concerning maintenance of landscaping. We believe the specific cause of this non-compliance is as follows:

- **Lot landscaping is not being maintained and is being overtaken by weed growth. Please maintain all areas regularly as per the original plans.**

This condition is not in complete observance of the Declaration; in Article IV 4.6 Exterior Maintenance of Lots it states:

> "Each Owner shall be solely responsible for the exterior maintenance of his Lot, including any and all landscaping thereon, in good repair, condition and appearance. All such work shall be identical in materials, color scheme and workmanship to the work originally approved by the Architectural Committee, unless the alteration thereof is approved in advance by the Architectural Committee in accordance with the provisions of the Design Guidelines and/or this Declaration. If an Owner fails to maintain his Lot, either prior to or after improvement of the Lot, the Association may exercise its remedies under this Declaration including the provisions of Section 6.8.1."

The Board requests that you *please correct the issue noted above* and requests your utmost cooperation in alleviating this non-compliant condition within 14 days of the date of this letter. Another property inspection will be held after that date to follow up.

Please disregard this notice if you have corrected this problem since the date of the inspection.

**EXHBIT "O"
Page 6 of 7**

This letter does not and is not intended to address any issues and/or claims raised in the pending litigation involving your property which are being handled by the Association's legal counsel. The Association reserves any and all rights regarding issues and/or claims raised in the pending litigation.

Thank you in advance for your prompt attention to this matter.

Sincerely,

FOR THE BOARD OF DIRECTORS
NA PALI HAWEO COMMUNITY ASSOCIATION

Jeff Kloetzel
Project Manager

cc:    Board of Directors