# JOURNAL

of the

## HOUSE OF REPRESENTATIVES

of the

### NINETEENTH LEGISLATURE
### STATE OF HAWAII

## REGULAR SESSION OF 1997

Convened Wednesday, January 15, 1997

Adjourned Thursday, May 1, 1997

HOUSE JOURNAL - STANDING COMMITTEE REPORTS
1480

as amended herein, and recommend that it pass Second Reading in the form attached hereto as H.B. No. 1975, HD 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committees except Representatives Cachola, Case, Hiraki, Aiona and Whalen.

SCRep. 978    Consumer Protection and Commerce and Judiciary on H.B. No. 1549

The purpose of this bill is to prohibit the sale or the offering for sale of any aquatic food that misrepresents its origin as being from within the State when it is from outside the State.

The Department of Land and Natural Resources submitted testimony in support of the intent of the bill, but with suggested amendments. The Hawaii Food Industry Association testified that it did not have any problem with the basic concept of the measure, but opposed prohibiting the use of Hawaiian fish names when the fish was not landed in Hawaii. Comments on the bill were submitted by the Board of Agriculture and two individuals.

Your Committees have amended the bill by:

(1) Allowing sellers to use the Hawaiian name for aquatic food originating from outside the State, but requiring it to be labeled as imported;

(2) Deleting the requirement that a seller or a restaurant notify customers specifically of the country of origin of imported aquatic food, while retaining the requirement of a general notification that the aquatic food is imported; and

(3) Making technical, nonsubstantive revisions for purposes of style and clarity.

As affirmed by the records of votes of the members of your Committees on Consumer Protection and Commerce and Judiciary that are attached to this report, your Committees are in accord with the intent and purpose of H.B. No. 1549, as amended herein, and recommend that it pass Second Reading in the form attached hereto as H.B. No. 1549, HD 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committees except Representatives Cachola, Case, Hiraki, Aiona and Whalen.

SCRep. 979    Consumer Protection and Commerce and Judiciary on H.B. No. 1538

The purpose of this bill is to amend the law for nonjudicial foreclosures, which is a process where a lender (mortgagee) may foreclose on a mortgage under a power of sale without filing a lawsuit.

Supportive testimony was received from Title Guaranty of Hawaii and the Hawaii Financial Services Association.

Under a power of sale foreclosure, the court is not involved in the process. The power of sale foreclosure starts when a demand letter is sent to a delinquent borrower. If the loan still remains in default after the stated deadline, a notice of the public auction is sent to the borrower and others. The notice is published in the newspaper and is posted on the mortgaged property. The property is sold to the highest bidder at the public auction. The sale is then closed. This entire process takes approximately three to four months to complete. Currently, power of sale foreclosures in Hawaii generally involve only time share unit foreclosures or foreclosures where the real property involved has a low market value.

Upon further consideration, your Committees have amended this bill by:

(1) Requiring the notice of default to state a date, which is at least sixty days after the date of the notice, by which the default must be cured (rather than thirty days);

(2) Requiring the notice of default to be sent by regular mail, postage prepaid, and by either certified or registered mail;

(3) Requiring that a copy of the public notice sent by regular mail, postage prepaid, and by either certified or registered mail to the mortgagor, borrower, and any prior or junior creditors at least sixty days before the date of the public sale (rather than twenty-one days);

(4) Requiring the foreclosing mortgagee to maintain a record for six years from the date of the recordation of the conveyance documents, which show proof that the written notice of default and the public notice of the public sale were received by those to whom the notices were sent; and

(5) Making technical, nonsubstantive revisions for purposes of clarity and consistency.

As affirmed by the records of votes of the members of your Committees on Consumer Protection and Commerce and Judiciary that are attached to this report, your Committees are in accord with the intent and purpose of H.B. No. 1538, as amended herein, and recommend that it pass Second Reading in the form attached hereto as H.B. No. 1538, HD 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committees except Representatives Hiraki, Pendleton, Thielen and Whalen.

SCRep. 980    Consumer Protection and Commerce and Judiciary on H.B. No. 777

EXHIBIT "R"
Page 2 of 3

HOUSE JOURNAL - STANDING COMMITTEE REPORTS

1481

The purpose of this bill is to provide members of planned community associations with basic procedural rights similar to those provided to condominium associations and cooperative housing corporations.

Specifically, this bill, among other things:

(1) Provides that board of directors be composed only of association members and with no more than one director from any one unit;

(2) Prohibits open-ended or irrevocable proxies under most circumstances;

(3) Provides for the right to attend and participate in board meetings;

(4) Provides for the right of association members to have access to and obtain copies of documents of the association;

(5) Requires that notice of increases in regular assessments be given at least thirty days in advance;

(6) Allows community associations to recover all of their costs, including reasonable attorneys' fees incurred in the collection of assessments and enforcement of covenants; and

(7) Specifies a procedure allowing any party to request mediation in a dispute concerning the interpretation, application, or enforcement of association documents.

The Community Associations Institute, Hawaii Chapter submitted testimony in support of this measure. The Housing Finance and Development Corporation and the Real Estate Commission submitted testimony in support of the intent of this measure. Comments were submitted by the Department of Commerce and Consumer Affairs and the Land Use Research Foundation of Hawaii.

Currently, there is no law that sets forth the basic framework for self-governance by planned community associations. Each planned community association is governed by their respective association documents. Thus, there is no consistency among planned community associations and some have no basic self-governance provisions. This bill will provide the basic framework and owner rights for self-governance.

Upon careful consideration, your Committees have amended this measure by:

(1) Deleting the authorization for planned community associations to utilize collection agencies;

(2) Ensuring consistency with the cooperative housing corporations and condominium property regimes by requiring that a valid proxy:

   (a) Be delivered to the secretary of the association or the managing agent, if any, no later than 4:30 p.m. on the second business day prior to the date of the meeting to which it pertains;

   (b) Contain at least the name of the association, the date of the meeting of the association, the printed name and signature of the person giving the proxy, the unit or units for which the proxy is given, and the date that the proxy is given; and

   (c) Contain boxes wherein the owner has indicated the specific purpose of the proxy;

(3) Providing that if a member is not the prevailing party in any court action against an association, then all reasonable and necessary expense, costs, and attorneys' fees incurred by the association shall be awarded to the association unless the action was filed in small-claims court or prior to filing the action in a higher court, the owner has first submitted the claim to mediation and made a good faith effort to resolve the dispute;

(4) Clarifying that the definition of "member" is to have the same meaning as provided in association documents or if no definition is provided, shall mean the person or persons owning or co-owning a unit or having the right of occupancy of a unit under an agreement of sale or under a recorded lease;

(5) Clarifying that every member of the board of directors shall be a member of the association, except for directors appointed by a developer or declaration as provided in the association documents;

(6) Providing that the partners of a general partnership, the general partners in a limited partnership, and any officer or a corporate owner shall be deemed members; and

(7) Making technical, nonsubstantive revisions for purposes of clarity and consistency.

As affirmed by the records of votes of the members of your Committees on Consumer Protection and Commerce and Judiciary that are attached to this report, your Committees are in accord with the intent and purpose of H.B. No. 777, as amended herein, and recommend that it pass Second Reading in the form attached hereto as H.B. No. 777, HD 1, and be placed on the calendar for Third Reading.

Signed by all members of the Committees except Representatives Hiraki, Pendleton, Thielen and Whalen.

SCRep. 981    Judiciary and Consumer Protection and Commerce on H.B. No. 1588

The purpose of this bill is to implement procedures that will satisfy the mandates imposed by the Federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (Act) passed by Congress on August 22, 1996.

**EXHIBIT "R"**
**Page 3 of 3**