IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>      Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>      Counterclaim Plaintiffs,<br><br>    v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>      Counterclaim Defendants | CIVIL NO. CV04-00413-DAE BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

    The judgment filed in this action incorporates a number of fundamental

errors, and should be altered and amended to correct them.

I.     THE JUDGMENT AND UNDERLYING ORDERS SHOULD BE
       ALTERED AND AMENDED TO DELETE ALL PROVISIONS
       PROVIDING FOR THE ENTRY OF A PERMANENT INJUNCTION.

The Judgment and underlying Order(s) providing for the entry of a

permanent injunction misperceive the importance, and thus disregard, Mr. and

Mrs. Grande's evidence showing that they lack the financial ability, and will soon

(upon foreclosure) lack the legal ability, to hire contractors and architects, and to

otherwise continue their multi-year attempt to ascertain what the Association wants

them to construct -- and to construct the same.

Notwithstanding its obligations to them as Association members, the

Association has bled them dry.

Inability to comply with a requested injunction, by the time a court reaches

the question of whether to issue one, is a defense to its issuance.  See, for example,

*EEOC v. Sheet Metal Workers*, 889 F.Supp. 642, 649-650 S.D.N.Y. 1995), citing

*United States v. Rylander*, 460 U.S. 752, 756-757, 75 L.Ed.2d 521, 527-528

(1983).

Indeed, the District Court in the *Sheet Metal Workers* case not only said that

the question of whether compliance with an injunction is possible should be

considered when an injunction is entered, but also held that impossibility of

compliance cannot be raised later -- unless the circumstances resulting in

impossibility were "unforeseen" when the injunctive order was issued.  See also

*Rylander*.

Note, too, *Reliance Insurance Co. v. Mast Construction Co.*, 159 F.3d 1311,

1317 (10th Cir. 1998) ("whether First Security was capable of complying with the

order is a defense to contempt").

Because Mr. and Mrs. Grande lack the ability to comply with the injunction

the Association requested, no injunction should have been ordered.

II.    <u>THERE IS NO REQUIREMENT THAT OPPOSITIONS TO MOTIONS
COVERED BY LR 60.1 BE ACCOMPANIED BY RESPONSES TO
CONCISE STATEMENTS OF MATERIAL FACT.</u>

The second summary judgment order missed the importance of the fact that

the Association's second series of motions were, in reality, mislabeled motions

seeking reconsideration under LR 60.1 – they sought the same relief sought in the

Association's and Awa's previous motions.

There is no requirement that concise statements of material fact, or

responses to concise statements of fact, be filed when making or opposing LR 60.1

motions.  See the text of LR 60.1.

Accordingly, it is incorrect to say that all facts alleged in concise statements

electively submitted in support of LR 60.1 motions must be *deemed* true unless

countered.  LR 60.1 says nothing of the kind.

Rather, such allegations can be found true only if persuasively supported by *admissible evidence.*

Thus, it was error to deem, as found, all of the Association's purported "facts" which weren't supported by persuasive admissible evidence.

III. <u>THE COURT'S JUDGMENT AND ORDERS SHOULD BE ALTERED AND AMENDED TO DENY THE ASSOCIATION SUMMARY JUDGMENT AS TO THE GARAGE STORAGE SPACE. ALSO, SUMMARY JUDGMENT THEREON SHOULD BE GRANTED TO MR. AND MRS. GRANDE.</u>

With irrelevant exceptions, the CC&Rs expressly deny the ARC the authority to limit Owners' rights to remodel the interiors of their structures. Consequently, the ARC acted outside of its authority in attempting to tell the Grandes what to do inside their garage, and the Court has erred in determining that Grandes had to follow their original plans – and could not remodel – the interior of the garage.

Specifically, the CC&Rs say "Nothing contained herein shall be construed to limit the right of an Owner to remodel or redecorate the interior of structures comprising a lot in any manner desired."  Grande Concise Statement, filed 6-8-06, para. 33 *et seq.*; see *Hiner v. Hoffman*, 90 Haw. 188, 190 (1999) (requiring that CC&Rs be strictly construed in favor of property buyers).

IV.    THE COURT'S JUDGMENT AND ORDERS SHOULD BE ALTERED
       AND AMENDED  INSOFAR AS THEY DENY MR. AND MRS.
       GRANDE'S RIGHT TO RELY UPON, AND BUILD IN ACCORDANCE
       WITH, THE PLANS APPROVED BY THE ARC.

The Court's conclusion that Mr. and Mrs. Grande cannot rely upon the

building height and setback shown on the plans approved by the Association,

because they supposedly "waived" any such right by deviating from the plans in

ways the Association – in its last set of moving papers – itself described as

"minor," remains both (1) contrary to well-established Hawaii law and (2) contrary

to the CC&Rs.  (See first Order, at 16)

Consequently, the Judgment and Orders should be altered and amended to

deny the Association's request for summary judgment on the front building height

and front setback.

First, as a matter of Hawaii law, a waiver exists only where there has been

an *intentional* relinquishment of a known right.  *Schafke v. Reliable Collection*

*Agency, Ltd..*, 96 Haw. 408, 422, 32 P.3d 52, 66 (2001).  Under that standard,

Grandes cannot properly be found to have waived their right to rely on the ARC's

approval of a 10' front setback, and a related increase in the front building height,

on the mere basis that *other* admittedly-"minor" aspects of the plans used by their

builder – unrelated in any way to the building envelope – differed in some ways

from the plans approved by the ARC.

The page of plans approved by the ARC showing the building envelope, and the page showing the building envelope which was submitted to the City and used by the builder, were identical with respect to all aspects of the building envelope. That is shown in Association Exhibit D, at D-3, and Association Exhibit G, at G-2, submitted on 5-06 in support of the Association's first motions.

Such conduct – using plans identical in that respect – is hardly "such conduct as warrants an inference of intentional relinquishment" as to the building envelope. *Schafke, supra.*

Second, paragraph 4.1 of the CC&Rs provided and provides, in relevant part (most recently Ex. 4, filed 3-13-08):

> "No permission or approval shall be required . . . to rebuild in accordance with originally approved plans and specifications."

Consequently, irrespective of the waiver question, the approved plans are a safe harbor the Association cannot mess with. See, again, *Hiner v. Hoffman*, 90 Haw. 188, 190 (1999) (requiring that CC&Rs be strictly construed in favor of property buyers).

That is why Mr. and Mrs. Grande repeatedly demanded that their builder re-build all disputed areas at the front of their house which allegedly failed to exactly match the approved plans (if there were deviations), rather than just walking off the job.

V.    THE COURT'S JUDGMENT AND ORDERS SHOULD BE ALTERED
      AND AMENDED  INSOFAR AS THEY DEAL WITH MATTERS
      WHICH THE ASSOCIATION FAILED TO RAISE BEFORE
      ASSERTING THEM IN THIS ACTION.

The Judgment and Orders should be altered and amended to dismiss all

questions the Association failed to raise – and thus failed to allow the Grandes an

opportunity to remedy – prior to the Association's raising them in this action.

The Order of March 20, 2008, is simply inaccurate (at 16) in inferring that

all of the alleged violations "at issue here" were brought to Grandes' attention

"more than 30 days before the initiation of the suit in state court" – unless the

Court is excluding the Association's subsequently-asserted laundry list of now-

admitted-to-be-minor matters (paint color, skylights, air conditioner screening,

front roof separation, etc.).

A careful reading of the Association's letters shows that only the front

building height and setback, and a couple of other questions, had been raised by

that time.

Furthermore, the Association was issuing directives, by that time, that no

further work be done – apparently hoping to prevent the Grandes from mitigating

their damages by making the house rentable.

The March 20th Order's analysis of Article IX, Section 9.9 of the CC&Rs (at

16-17) is partially correct, but misses the point.  If the right to cite the Grandes for

alleged violations (including non-completion of requirements) did not arise until

they finished construction and submitted a notice of completion, and if they never submitted a notice of completion (since they were never allowed to finish), then the right to cite them never arose!

In reality, however, the pre-litigation notice, hearing, and cure requirements kicked in much sooner, once "framing" of the house has been completed. (Grandes' 6-8-06 Concise Statement, para. 2)

## CONCLUSION

The Judgment and underlying Orders should be altered and amended as requested for each and all of the foregoing reasons.

DATED:  April 14, 2008.

_____
ANTHONY CHARLES GRANDE

_____
NARINDAR KAUR GRANDE