NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY        (3134-0)
jneeley@neeley-anderson.com
LANCE S. FUJISAKI      (4224-0)
SCOTT R. GRIGSBY       (6673-0)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i  96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\MIO Mtn Amend Judgment-fnl.wpd

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs, | CIVIL NO. CV04-00413 DAE/BMK (Injunctive Relief)<br><br>PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO ALTER AND AMEND (FILED APRIL 14, 2008); CERTIFICATE OF SERVICE |

vs.

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA
and DOES 1-25,

    Counterclaim Defendants.

PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS' AND
COUNTERCLAIMANTS' MOTION TO ALTER AND AMEND
(FILED APRIL 14, 2008)

Defendants' Motion to Alter and Amend should be denied as it fails to meet the requirements of Rule 59(e), Federal Rules of Civil Procedure. In All Hawaii Tours v. Polynesian Cultural Center, 116 F.R.D. 645 (D.Haw. 1987), aff'd in part, rev'd in part on other grounds, this Court discussed the criteria for motions to amend a judgment:

> A litigant may move the court to reconsider a grant of summary judgment pursuant to Rule 59(e) or Rule 60(b). However, to avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MGIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).
>
> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986); see also Major v. Benton, 647 F.2d 110, 112 (10th Cir.1981).

Id. at 648-49.

The Motion should be denied as Defendants fail to establish (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. As shown below, all of the arguments

raised by Defendants were previously raised, and Defendants fail to establish any intervening change in controlling law, new evidence or evidence of clear error or manifest injustice.

### A.  AN INTERVENING CHANGE IN CONTROLLING LAW

Defendants do not contend that there was intervening change in controlling law. Indeed, as shown below, Defendants are repeating the same arguments they previously raised.

### B.  THE AVAILABILITY OF NEW EVIDENCE

Defendants do not contend that new evidence has been discovered. This is also confirmed by the fact that Defendants are raising the same arguments as previously raised. Defendants have also failed to attach any exhibits, declarations or affidavits to the Motion.

### C.  THE NEED TO CORRECT CLEAR ERROR OR PREVENT MANIFEST INJUSTICE

The thrust of Defendants' argument is that this Court erred in granting NA PALI HAWEO COMMUNITY ASSOCIATION's ("NPH") summary judgment. However, a motion to amend judgment must not be based upon arguments previously raised in opposition to summary judgment. In <u>All Hawaii Tours v. Polynesian Cultural Center</u>, 116 F.R.D. 645 (D.Haw.1987), this Court expressly held that a motion for reconsideration must be denied where, as here, the motion is based upon the same arguments previously raised:

> The main thrust of plaintiff's motion to alter or amend was that this court had made both factual and legal errors and mistakes, and therefore should reverse its decision. In this circuit, a motion for reconsideration may be brought on the basis of judicial mistakes, as well as mistakes of a party or

his counsel. Liberty Mutual Insurance Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir.1982). However, *a motion for reconsideration that presents no arguments that have not already been raised in opposition to summary judgment should be denied*. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985); see Bronson v. Swinney, 648 F.Supp. 1094, 1102-03 (D.Nev.1986).

Thus, to the extent plaintiff reiterated arguments made in opposition to the summary judgment motion, the motion to alter or amend had no valid legal basis. In addition to its old arguments, plaintiff asserted for the first time the theory that defendant was illegally fixing the prices of transportation.

*Id*. at 649-50 (emphasis added).

The table below illustrates that each argument in Defendants' Memorandum was previously raised, in some instances on multiple occasions:

| Page of Memo | Arguments Raised Re: Motion to Alter or Amend | Grandes Previously Raised Same Argument In: |
|---|---|---|
| 2 | Inability to comply with injunction due to finances | (1) Grandes' Memo filed 3/3/08, at 4-7[1];<br>(2) Grandes' Memo filed 3/14/08, at 12 |
| 2 | Inability to comply with injunction due to alleged foreclosure | (1) Grandes' Memo filed 3/3/08, at 5;<br>(2) Grandes' Memo filed 3/14/08, at 12 |
| 3 | NPH's Motion for Summary Judgment was a motion under LR60.1 | (1) Grandes' Memo filed 3/3/08 at 1-2;<br>(2) Grandes' Memo filed 3/14/08, at 2 |
| 3 | Defendants were not required to file a Concise Statement of Material Fact | Grandes' Memo filed 3/14/08 at 2-3 |

---

[1] This document does not have page numbers. Page number references assume page 1 is the first page following the caption page.

| 4 | ARC has no authority to regulate interior of garage | (1) Grandes' Memo filed 6/8/06 at 6;<br>(2) Grandes' Memo filed 6/21/06 at 6-7 |
|---|---|---|
| 5 | Prelitigation requirements argument | (1) Grandes' Memo filed 3/3/08 at 2-4<br>(2) Grandes' Memo filed 3/14/08<br>(3) Grandes' Memo filed 6/21/06, at 12-13<br>(4) Grandes' Memo filed 8/1/06 at 9-10 |
| 5 | Defendants did not waive their right to rely on approved plans | Grandes' Memo filed 8/1/06 at 5-6 |
| 6 | Defendants should be allowed to rely on approved plans | (1) Grandes' Memo filed 6/21/06 at 3<br>(2) Grandes' Memo filed 6/8/06 at 4 |
| 7 | NPH failed to give Grandes 30 days written notice and demand to cure violations | (1) Grandes' Memo filed 6/8/06 at 7<br>(2) Grandes' Memo filed 6/21/06 at 8-9 |

<u>Descriptions of Memoranda Cited Above</u>

Memo filed 6/8/06     Memorandum In Support of Counter-Motion and In Opposition to Plaintiff's Motion for Summary Judgment

Memo filed 6/21/06    Defendants' Reply Memorandum In Support of Counter-Motion for Summary Judgment

Memo filed 8/1/06     Memorandum In Support of Motion for Reconsideration of "Order Granting In Part and Denying In Part Plaintiff's Motion for Summary Judgment and Denying In Part Defendants' Counter-Motion for Summary Judgment"

Memo filed 3/3/08     Defendants' and Counterclaimants' Memorandum in Opposition to Motions for Summary Judgment Filed by Plaintiff and Counterclaim Defendants; Concise Statement of Material Facts in Opposition

Memo filed 3/14/08   Defendants' and Counterclaimants' Declaration/Memorandum in Response to Reply Memoranda on Motions for Summary Judgment Filed by Plaintiff and Counterclaim Defendants

### D. DEFENDANTS' MOTION IS FRIVOLOUS

Based upon <u>All Hawaii Tours v. Polynesian Cultural Center</u>, 116 F.R.D. 645 (D.Haw.1987), NPH requests that this Court find Defendants' Motion frivolous and award NPH attorneys' fees and costs in preparing this Memorandum in Opposition. This case is analogous to <u>All Hawaii Tours</u> as Defendants have violated Rule 11 of the Federal Rules of Civil Procedure by filing a motion which is objectively frivolous and legally unreasonable because it was made without a proper ground for seeking the requested relief and because the specific contentions have no merit. NPH requests leave to submit an affidavit supporting an award of reasonable attorneys' fees and costs. On April 11, 2008, NPH filed a Motion for Attorneys' Fees and Costs and Expert's Fees and Costs, however, the Motion did not include anticipated fees and costs for the preparation of this Motion which was filed subsequently. If this Court does not award NPH fees and costs under Rule 11, NPH reserves the right to file a supplemental motion for attorneys' fees and costs in connection with the subject Motion.

DATED:  Honolulu, Hawai`i, <u>April 25, 2008</u>.

            /s/ *Lance S. Fujisaki*
            JOYCE Y. NEELEY
            LANCE S. FUJISAKI
            SCOTT R. GRIGSBY
            Attorneys for Plaintiff
            NA PALI HAWEO COMMUNITY ASSOCIATION