IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE, and DOES,<br>Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>NA PALI HAWAO COMMUNITY ASSOCIATION; RONALD K. AWA; and DOES 1-25,<br><br>Counterclaim Defendants | CIVIL NO. CV04-00413-DAE BMK<br><br>DECLARATION OF STEVEN B. JACOBSON |

DECLARATION OF STEVEN B. JACOBSON

Steven B. Jacobson declares as follows:

1. I am a member of the Bar of this Court, and was counsel of record for Mr. and Mrs. Grande in this action from its inception until last summer. I

represented them when Plaintiff's counsel ran up most of the fees and costs now sought in Plaintiff's pending motion, and have extensive knowledge of and experience with the laws and rules governing fee and cost applications. I have personal knowledge of the facts in this Declaration, and could and would competently testify to them if called as a witness.

2. In addition to my private legal practice, I teach three sections of mostly frosh undergraduates at the University of Hawaii and, since March, have been a part-time Appeals Officer hearing cases two days per week for the Hawaii Department of Labor and Industrial Relations (DLIR).

3. My sections at the University include classroom work (lecture and discussion), extensive writing assignments, and written examinations. There is also much counseling, as my students are mostly new to college.

4. At the DLIR, I not only conduct hearings, typically with pro se litigants, but am required by applicable laws and regulations to promptly render written decisions in each of the cases I hear (4 to 6 per day).

5. I am willing, and will, assist Mr. and Mrs. Grande in opposing Plaintiff's fee and cost motion. However, because of my semester-end duties at the University – grading and preparing comments on student's written work, preparing for and conducting class and review sessions, counseling those with academic and other issues (quite a few at this point in the semester), grading final examinations,

and determining final grades – plus my duties at the DLIR, and plus a rush matter for a private client, I have been unable to devote any time to analyzing plaintiff's fee and cost motion – which includes extensive entries approximating $200,000 – or to preparing an opposition thereto, and will be unable to do so for another week.

6. My deadline for turning in my student's grades not later than Tuesday, May 20. Their final examinations are on Monday and Thursday of next week, and many still have other assignments outstanding.

7. The matter for a private client – a condominium association – involves a substantial and just-approved loan scheduled to close on a rush basis because of an earlier-than-anticipated completion of common-area improvements by the end of next week. I need to review the proposed loan documents (just received yesterday), negotiate any necessary changes, prepare an opinion letter (including gathering the information and documents, and preparing and obtain the certifications, enabling me to write an opinion letter), and the like.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May, 2008, at Honolulu, Hawaii.

_____
STEVEN B. JACOBSON