IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawai`i nonprofit corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10, <br><br> Defendants. <br><br> ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE, <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25, <br><br> Counterclaim Defendants. | CV NO 04-00413 DAE/BMK <br> (Injunctive Relief) |

ORDER DENYING DEFENDANTS' AND COUNTERCLAIMANTS' MOTION
TO ALTER AND AMEND

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants/Counterclaim Plaintiffs' motion and the supporting and opposing memoranda, the Court DENIES Defendants' and Counterclaimants' Motion to Alter and Amend (Doc. # 219).

BACKGROUND

The parties are familiar with the underlying facts of this case so the Court only recounts those necessary to its immediate determination. This case arises from a dispute between Plaintiff/Counterclaim Defendant Na Pali Haweo Community Association (the "Association") and two of its members, Defendants/Counterclaim Plaintiffs Anthony Charles Grande and Narindar Kaur Grande (collectively, the "Grandes") concerning construction of a single-family home constructed at 1251 Kamehame Drive (the "Property"). The Grandes are the owners of the Property.

On July 18, 2006, this Court granted in part and denied in part a motion for summary judgment filed by the Association and denied in part a

counter motion for summary judgment filed by the Grandes (the "July 2006 Order") (Doc. # 150). In the July 2006 Order, the Court granted summary judgment to the Association as to: (1) the building envelope, (2) the front setback, (3) the front garden wall, and (4) the sliding garage gate. The Court denied summary judgment on: (1) the skylights, (2) the air conditioning equipment, (3) the roof exhaust vents, (4) the garage, (5) the entry light fixtures, and (6) the concrete pad between the trash storage area and the driveway.

In late 2006, the parties renewed settlement negotiations before Magistrate Judge Leslie E. Kobayashi and Magistrate Judge Barry M. Kurren, reaching a tentative settlement in December 2006. On March 21, 2007, Magistrate Judge Kurren vacated the trial date due to settlement of the case (Doc. # 189).

Final settlement did not in fact occur and, on January 25, 2008, the parties again filed cross motions for summary judgment. On March 20, 2008, following a hearing at which the Grandes did not appear, this Court issued an Order Granting in Part and Denying in Part as Moot Plaintiff Na Pali Haweo Community Association's Motion for Summary Judgment and Permanent Injunction; and Order Granting Counterclaim Defendants' Motion for Summary Judgment ("March 2008 Order") (Doc. # 216). The March 2008 Order granted

summary judgment to the Association on all remaining issues and imposed a permanent injunction (the "Injunction") requiring the Grandes to correct the enumerated violations in accordance with the Association's regulations.

On April 14, 2008, the Grandes filed the instant Motion to Alter and Amend.[1]  On April 25, 2008, the Association filed an opposition (Doc. # 220).

STANDARD OF REVIEW

Despite its caption, the Grandes' instant motion is brought pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and is therefore properly construed as a motion for reconsideration.  "A party may ask the court to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e)."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  The Court, in its discretion, shall grant this "extraordinary remedy" only upon (1) a demonstration of some reason why the court should reconsider its prior decision and (2) presentation of "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id.  Three grounds warrant reconsideration: (1) newly discovered evidence, (2) evidence that the Court has committed clear error

---

[1] For reasons set forth in the next section, the Grandes' motion is properly construed as a motion for reconsideration.  Therefore, the motion will henceforth be referred to as the "Motion for Reconsideration."

or manifest injustice, or (3) evidence of an intervening change in the controlling law. See Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (emphasis in original). Furthermore, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. 2d at 1274.

## DISCUSSION

Initially, the Court notes that the Grandes do not allege an intervening change in controlling law or newly discovered evidence. As such, the Court construes the Motion for Reconsideration as based on the need to correct clear error or to prevent manifest injustice.

The Grandes raise numerous arguments in support of their contention that the March 2008 Order should be altered or amended. Specifically, the Grandes allege that: (1) they are unable to comply with the Injunction for financial reasons; (2) they are unable to comply with the Injunction due to alleged foreclosure; (3) the Association's most recent motion for summary judgment was actually a motion for reconsideration; (4) the Grandes were not required to file a

concise statement of facts; (5) the Association has no authority to regulate the interior of the garage; (6) the Association did not abide by the specified pre-litigation requirements; (7) the Grandes did not waive their right to rely on the approved plans; (8) the Grandes should be allowed to rely on the approved plans; and (9) the Association failed to give the Grandes the required 30 days written notice and demand to cure the violations.

        The Association argues, and the Court agrees, that all of the sub-arguments summarized above have been previously raised by the Grandes in previous filings. The Court relies on its July 2006 Order and March 2008 Order for its discussion of these arguments. As the Ninth Circuit has made clear, a motion for reconsideration that presents no arguments that have not already been raised in opposition to summary judgment should be denied. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). In fact, to the extent that a party reiterates arguments made in opposition to a summary judgment motion, "the motion to alter or amend ha[s] no valid legal basis." All Hawai`i Tours v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649 (D. Haw. 1987). Such is the case here, as the Grandes have raised the same arguments that form the basis of their

Motion for Reconsideration numerous times before. Accordingly, the Grandes present this Court with no viable reason to reconsider its March 2008 Order.

The Association additionally argues that, because the instant motion was objectively frivolous and legally unreasonable, this Court should award the Association attorneys' fees and costs in preparing their opposition pursuant to Rule 11. On April 11, 2008, the Association filed a Motion for Attorneys' Fees and Costs and Expert's Fees and Costs (the "Attorneys' Fees Motion") (Doc. # 218). This motion, however, did not include the fees and costs incurred here. The Association further avers that, if the Court does not award fees and costs under Rule 11, the Association reserves the right to file a supplemental motion for attorneys' fees and costs in connection with the Attorneys' Fees Motion. This Court finds that such a supplemental motion is the advisable course of action here. The issue of attorneys' fees and costs will be most efficiently handled in a single, consolidated order. The Court therefore DENIES the Association's request for the imposition of attorneys' fees and costs with respect to the instant Motion for Reconsideration.

CONCLUSION

For the reasons stated above, the Court DENIES Defendants' and Counterclaimants' Motion to Alter and Amend and DENIES the Association's request for attorneys' fees and costs.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, May 15, 2008.



David Alan Ezra
United States District Judge

Na Pali Haweo Community Association. v. Anthony Grande, et al., CV No. 04-00413 DAE/BMK; ORDER DENYING DEFENDANTS' AND COUNTERCLAIMANTS' MOTION TO ALTER AND AMEND