NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY          (3134-0)
LANCE S. FUJISAKI        (4224-0)
SCOTT R. GRIGSBY         (6673-0)
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2301
Honolulu, Hawai`i  96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\Mtn Fees-Supp-fnl.wpd

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>　　Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　Counterclaim Plaintiffs, | CIVIL NO. CV04-00413 DAE/BMK (Injunctive Relief)<br><br>PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S SUPPLEMENTAL MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LANCE S. FUJISAKI; EXHIBIT "A"; CERTIFICATE OF SERVICE |

vs.

NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA and DOES 1-25,

　　Counterclaim Defendants.

**PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

　　Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("NPH") by and through its attorneys, NEELEY & ANDERSON LLP, A Limited Liability Law Partnership, hereby moves this Court for a supplemental award of attorneys' fees and costs and expert's fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees | $1,880.00 |
| Taxes on Attorneys' Fees (@ 4.712%) | $88.58 |
| Taxable and Non-Taxable Costs | $34.47 |
| Taxes on Costs (@ 4.712%) | $1.62 |
| **Total** | $2,004.67 |

The foregoing fees and costs were incurred in this action in preparing a Memorandum in Opposition to Defendants' and Counterclaimants' Motion to Alter and Amend filed April 25, 2008 (Doc. #220) and preparing this Motion.

　　This Motion supplements NPH's Motion for Award of Attorneys' Fees and Costs and Expert's Fees and Costs filed on April 11, 2008 (Doc. #218), and is made pursuant to Rule 7 and 54, Federal Rules of Civil Procedure, LR54.2 and 54.3 and §§ 421J-10, 607-9 and 607-14, Hawaii Revised Statutes, and the Order Denying Defendants' and Counterclaimants' Motion to Alter and Amend entered May 15, 2008 (Doc. #224), and

2

is based on the memorandum and declaration attached hereto and the records and files herein.

DATED: Honolulu, Hawaii, May 28, 2008.

/s/ Lance S. Fujisaki
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

**PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("NPH") is entitled to a full award of its reasonable attorneys' and experts' fees and costs incurred in preparing its Memorandum in Opposition to Defendants' and Counterclaimants' Motion to Alter and Amend filed April 14, 2008, which was denied by Order entered May 15, 2008 (Doc. #224) and preparation of this Motion. This Motion supplements NPH's Motion for Attorneys' Fees and Costs and Expert's Fees and Costs filed April 11, 2008 (Doc. #218).

As noted in the May 15, 2008, Order, NPH requested an award of fees and costs in its Memorandum in Opposition to Defendants' Motion to Alter or Amend. Although this Court denied NPH's request, its Order states, "This Court finds that such a supplemental motion [for fees and costs in preparing the memorandum in opposition] is the advisable course of action here. The issue of attorneys' fees and costs will be most efficiently handled in a single, consolidated order."

The April 11, 2008, Motion described in detail the facts of this case and the authorities for NPH's recovery of fees and costs. NPH will not repeat the arguments. However, in addition to arguments previously made, NPH is entitled to recover its fees and costs as Defendants' Motion to Alter or Amend was frivolous.

> The Association argues, and the Court agrees, that all of the sub-arguments summarized above have been previously raised by the Grandes in previous filings . . As the Ninth Circuit has made clear, a motion for reconsideration that present no arguments that have not already been raised in opposition to summary judgment should be denied. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). In fact, to the extent that a party reiterates arguments made in opposition to a summary judgment motion, "the motion to alter or amend ha[s] no ***valid legal basis***." All Hawai`i Tours v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649 (D. Haw.

1987). Such is the case here, as the Grandes have raised the same arguments that form the basis of their Motion for Reconsideration numerous times before. Accordingly, the Grandes present this Court with ***no viable reason to reconsider*** its March 2008 Order.

As Defendants' Motion to Alter or Amend presented "no viable reason to reconsider" the March 2008 Order, the motion was by definition frivolous. In <u>All Hawai`i Tours v. Polynesian Cultural Ctr.</u>, 116 F.R.D. 645, 649 (D. Haw. 1987), Judge Pence ruled that a plaintiff's motion to amend was frivolous because it was made without a valid ground under Rule 59(e):

> Fed.R.Civ.P. 11 empowers this court to award sanctions on two grounds: (1) for signing a paper that is frivolous, legally unreasonable, or without factual foundation; or (2) for interposing a paper for an improper purpose. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir.1986); Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). Both grounds are to be tested by an objective "reasonableness" standard. Zaldivar, 780 F.2d at 829, 831. Subjective bad faith is not required. Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 557 (9th Cir.1986); Hewitt, 798 F.2d at 1233; Zaldivar, 780 F.2d at 829.
>
> Plaintiff's motion could not properly be made under Rule 52(b), and was made <u>without a valid ground</u> under Rule 59(e). ***Thus, the motion was frivolous and legally unreasonable,*** within the meaning of Rule 11 and Ninth Circuit case law, on a broad conceptual basis.

*Id.* at 650 (emphasis added). Although the record is clear that Defendants' Motion to Alter or Amend was frivolous, NPH should be awarded fees and costs under its governing documents and/or Chapter 421J.

NPH incurred $1,319.37 in legal fees (including taxes) in preparing the Memorandum in Opposition and $649.21 in legal fees (including taxes) in preparing this Motion. Attached as Exhibit "A" is a description of the legal fees and costs incurred. The legal fees were incurred in motions practice, *i.e.*, Phase E of LR54.3(d)1. The fees incurred on the Memorandum in Opposition are reasonable as Defendants' Motion to Alter or Amend sought to modify this Court's judgment in favor of NPH.

2

Finally, the record should note that the law firm of Neeley & Anderson LLP has represented NPH since 1990 in general matters, covenant enforcement and/or collection matters. The Motion for Award of Attorneys' Fees and Costs erroneously indicated that this firm represented NPH since 2000.

DATED:  Honolulu, Hawaii, May 28, 2008.

/s/ Lance S. Fujisaki
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

3