IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii non-profit corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; and DOES,<br><br>        Defendants,<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE,<br><br>        Counterclaim Plaintiffs,<br><br>   vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; *et al.*,<br><br>        Counterclaim Defendants. | CV NO 04-00413 DAE-LEK |

ORDER GRANTING DEFENDANTS' APPEAL OF THE MAGISTRATE
JUDGE'S ORDERS DATED SEPTEMBER 25, 2006 AND DECEMBER 4, 2006

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendants' Statement of Appeal

and the supporting and opposing memoranda, the Court GRANTS Defendants' appeal of the Magistrate Judge's orders dated September 25, 2006 (Doc. # 158) and December 4, 2006 (Doc. # 173).

## BACKGROUND

As the parties are familiar with the underlying facts of this case, this Court will recite only those necessary to its instant determination. On June 1, 2004, Plaintiffs filed a complaint seeking an injunction compelling Defendants Anthony Charles Grande and Narindar Kaur Grande ("Grandes") to comply with subdivision guidelines. On July 2, 2004, the Grandes removed the case to this Court.

The Grandes, however, did not file their answer on or by its due date of July 15, 2004. The Grandes maintain that they requested a voluntary extension from Plaintiff, who did not respond to their request, and chose not to file an answer in order to avoid a Rule 11(b) infraction. The following day, July 16, 2004, Plaintiffs entered a default pursuant to Rule 55(a). On July 19, 2004, the Grandes filed their answer and counterclaim. On August 9, 2004, Plaintiff filed a Motion to Strike the Grandes' Answer. Opposing and supporting memoranda were filed on September 16, 2004, and September 23, 2004, respectively.

The Grandes then made three separate requests (on August 11, 20, and September 13, 2004) to Plaintiff's counsel to voluntarily set aside the default. Plaintiff's counsel declined each of Grandes' three requests. On September 27, 2004, the Grandes filed a motion to set aside Plaintiff's default ("Motion to Set Aside"). Plaintiff opposed the Grandes' motion on October 8, 2004. On November 19, 2004, Magistrate Judge Leslie E. Kobayashi issued an order setting aside the default and sanctioning the Grandes (Doc. # 38). Magistrate Judge Kobayashi ordered the Grandes to pay Plaintiff's attorney's fees and costs incurred (1) in connection with obtaining the entry of default, (2) in responding to the Grandes' Motion for a Four-Day Extension of Time to File Answer to Complaint, and (3) in responding to the Plaintiff's Motion to Set Aside the Default.

On December 6, 2004, the Grandes filed a Motion for Partial Reconsideration of the Magistrate Judge's Order seeking review of the sanction, (Doc. # 43) and a supporting memorandum. Plaintiff opposed this motion on December 17, 2004.

On December 22, 2004, Magistrate Judge Kobayashi awarded Plaintiff $3,828.70 in fees and costs (Doc. # 48). The Grandes appealed the order to this Court (Doc. # 49) on December 31, 2004. On July 5, 2005, this Court vacated in part the December 22, 2004 order because the Grandes were not given

sufficient opportunity to respond to the sanction.  (See Doc. # 63 at 9.)  This Court remanded the matter to the Magistrate Judge for a hearing on the sanctions issue.

On September 25, 2006, Magistrate Judge Kobayashi issued the Order Regarding Sanctions Associated with Set Aside of Entry of Default ("September 25, 2006 Order") (Doc. # 158), in which she awarded Plaintiff attorney's fees and costs totaling $3,642.42.  As a basis for this award, Magistrate Judge Kobayashi found that it was reasonable to condition the setting aside of the default on the payment of a sanction, absent a specific finding of bad faith, and relied on Nilsson v. Louisiana Hydrolec, 854 F.2d 1538 (1988) for this proposition.  (See Doc. # 158 at 12.)

On October 10, 2006, the Grandes filed a Motion to Reconsider the September 25, 2006 Order (Doc. # 159), which was denied by the Magistrate Judge on December 4, 2006 ("December 4, 2006 Order") (Doc. # 173).  On April 24, 2007, the Grandes filed the instant motion in this Court (Doc. # 175), appealing the September 25, 2006 and December 4, 2006 Orders (the "Appeal").  Plaintiff opposed the Appeal on January 18, 2007.

Subsequent to the filing of the Appeal and relevant briefs, this case was re-assigned to Magistrate Judge Barry M. Kurren.  Shortly thereafter, a tentative settlement between the parties was reached.  The settlement, however, did

not materialize and this litigation continued. On March 20, 2008, this Court granted in part and denied in part as moot Plaintiff's Motion for Summary Judgment and Permanent Injunction (Doc. # 216) and entered judgment in favor of Plaintiff. This matter is currently before Magistrate Judge Kurren on a motion filed by Plaintiff seeking attorney's fees.

## STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge. Fed. R. Civ. P. 72(a); LR 74.1. A district court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LR 74.1. To find a magistrate judge's decision "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed." Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.") "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. March 16, 1998).

## DISCUSSION

The Appeal is premised on two arguments: (1) district courts cannot condition the setting aside of a Rule 55(a) default, as opposed to a Rule 55(b) default judgment, upon sanctions absent a specific finding of bad faith; and (2) even if a court has such authority, the sanctions here are unwarranted.  Because this Court determines, for the reasons set forth below, that the Grandes' second argument has merit, the Court will limit its discussion to this issue.

As the Magistrate Judge determined in the September 25, 2006 Order, the Ninth Circuit has ruled that a court may condition setting aside a default upon the payment of a sanction.  <u>Nilsson</u>, 854 F.2d at 1546-47.  This rule is intended to promote the purposes of court default procedures without subjecting parties to overly harsh consequences.  <u>Id.</u> at 1546.

In <u>Nilsson</u>, the defendants deliberately and willfully frustrated the plaintiff's attempts at discovery, complicated proceedings, and ignored several court orders, resulting in numerous hearings.  <u>Id.</u> at 1547.  Ultimately, the district court set aside the plaintiff's default judgment three times and imposed four separate orders for money sanctions on the defendants.  <u>Id.</u>  Although the <u>Nilsson</u> court did not make a specific finding of bad faith <u>per se</u>, it determined that

conditioning the setting aside of a default judgment upon payment of a sanction was justified based on the defendants' egregious conduct. Id. The Ninth Circuit, in upholding the district court's ruling, determined that, while a default judgment should be entered only in extreme circumstances, the facts at hand justified such a result. Id. "The district court gave defendants many opportunities to avoid this sanction, but its orders had no effect on defendants' behavior. Defendants continued to act in willful or deliberate disregard of discovery rules and court orders." Id. Furthermore, the Ninth Circuit found that "[l]itigants who are wilful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents . . . . [I]n this era of crowded dockets, . . . they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." Id.

    While the Court agrees with the Magistrate Judge that Nilsson allows a court to condition the setting aside of a default on payment of a sanction absent a showing of bad faith, the Court finds that factual circumstances surrounding the instant case are distinguishable, and do not rise to the requisite level of egregiousness required by Nilsson. For example, Plaintiff, not the Grandes, is arguably the party whose actions can be seen as complicating the proceedings

surrounding the initial granting of the default, which caused both parties to incur unnecessary costs. Plaintiff obtained the default on the first day the Federal Rules allowed and continually refused to respond to the Grandes' requests for a continuance and to voluntarily set aside the default. Furthermore, Plaintiff challenged the Grandes' Motion to Set Aside, in spite of having almost no possibility of defeating the motion. The Motion to Set Aside was nearly certain to be granted because (1) Plaintiff's case was not prejudiced by the Grandes' tardiness, (2) the Grandes answered only two business days after the due date, and, (3) Defendants knew, or should have known, an answer was forthcoming because the Grandes had already appeared in the case.

      Based on the foregoing, this Court finds that the imposition of sanctions on the Grandes as a condition of setting aside the default was improper. The Grandes' actions were not sufficiently egregious to warrant such a sanction based on the standard established by <u>Nilsson</u>.

CONCLUSION

For these reasons, this Court GRANTS the Grandes' Appeal and DISMISSES the sanctions award of $3,642.42 and any interest accrued during the pendency of this action.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, June 30, 2008.



                                      _____
                                      David Alan Ezra
                                      United States District Judge

<u>Na Pali Haweo Community Ass'n v. Anthony Charles Grande et al.</u>, CV 04-00413 DAE-LEK; ORDER DEFENDANTS' APPEAL OF THE MAGISTRATE JUDGE'S ORDERS DATED SEPTEMBER 25, 2006 AND DECEMBER 4, 2006