IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>　　　　　Defendants .<br>_____<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>　　　　　Counterclaim Plaintiffs,<br><br>　　vs.<br><br>NA PALI HAWEIO COMMMUNITY ASSOCIATION; RONALD K. AWA, and DOES 1-25.<br>_____ | Civ. No. 04-00413 DAE-BMK<br><br><br>SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART |

SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

Plaintiff Na Pali Haweo Community Association ("NPH") has filed a motion requesting that it be awarded $216,285.33 in attorney's fees and related costs incurred during the course of its litigation against Defendants Anthony Charles Grande and Narindar Kaur Grande ("the Grandes"). After careful consideration of the motion and the supporting and opposing memoranda, the Special Master hereby RECOMMENDS that NPH's motion be GRANTED IN PART and DENIED IN PART, and that NPH be awarded $215,844.69 in attorney's fees, costs, and expenses.

BACKGROUND

On June 23, 2004, NPH filed a complaint in state court alleging that the Grandes' construction of their house violated the terms of the association's Declaration of Covenants, Conditions, and Restriction ("DCC&R"). The case was removed on July 8, 2004, and the parties began to engage in settlement discussions. These settlement talks broke down in late 2005. On July 18, 2006, the Court granted partial summary judgment in favor of NPH, after which the parties entered another round of settlement discussions. After these too broke down, NPH filed a second motion for summary judgment, which the Court granted on March 20,

2008, ordering that judgment be entered against the Grandes, and a permanent injunction issued in favor of NPH.

## DISCUSSION

NPH now seeks to recover its attorney's fees and costs from the Grandes. NPH claims attorney's fees under both the DCC&R, which provides that "the costs of enforcement, including court costs and attorney's fees, shall be paid by any Owner who violates any such limitation, restriction, covenant, or condition . . ." (Pl.'s Mem. Supp., Ex. A, at 7) as well as under Haw. Rev. Stat. § 421J-10, which provides that attorney's fees and costs may be recovered for "[e]nforcing any provision of the association documents." Haw. Rev. Stat. §421J-10. Specifically, NPH requests a total of $216, 285.33 in attorney's fees, costs, and expenses.[1]

The Grandes raise a number of objections to NPH's request. First, they argue that NPH's motion is premature because "plaintiff's Complaint includes a claim for damages which has yet to be litigated," because "no injunction has been issued," and because an appeal from the magistrate judge's sanctions order had not yet been ruled on by the Court. (Mem. Opp. 3.) These arguments are without merit. A final judgment has been entered in this case, and any of plaintiff's claims

---

[1] NPH's original motion requested $214,280.66. It subsequently filed a supplemental motion for fees and costs requesting an additional $2,004.67

not yet prosecuted have now been waived.  An injunction was issued as part of the March 20 summary judgment order, and in the time since the Grandes submitted their opposition to NPH's fee request, the Court granted the Grandes' appeal from the magistrate judge's sanctions order.  Plaintiff's fee motion is in not premature, and is ripe for consideration by the Court.

I.  COSTS AND EXPENSES

The Grandes raise several objections to NPH's requested costs and expenses.  They first argue that the cost request should be denied because rather than filing a separate bill of costs, NPH has included all of its costs in the present motion.  While it is true that the Local Rules detail a separate procedure for obtaining taxable costs, via the filing of a bill of costs with the Clerk's office, it is appropriate to include nontaxable expenses in requests for attorney's fees.  Moreover, where parties are also submitting requests for attorney's fees and nontaxable expenses, this Court has historically allowed parties to include taxable costs in that request as well, rather than requiring a separate bill of costs.

The Grandes claim that NPH is not entitled to expert witness fees because they are not allowed as taxable costs under Local Rule 54.2(f)(3), and because Haw. Rev. Stat. § 421J-10 is "irrelevant to its cost requests, including its request for expert witness fees and costs."  While the Grandes are correct that L.R.

54.2(f)(3) bars expert fees as taxable costs, NPH seeks these expert witness fees as nontaxable expenses, which are allowed under Haw. Rev. Stat. § 421J-10.  And contrary to the Grandes' contention, state attorneys' fees statutes apply where substantive state law has been applied in the case.  See Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016 (9th Cir. 2003) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law." ) Accordingly, NPH will be awarded the expert witness fees it seeks.

        The Grandes object to other costs and expenses sought by NPH as well; namely, local faxes, postage, title reports, recording fees, fees of the clerk, fees for service of summons and subpoena, court reporter fees, and certain copying costs.  As NPH points out, fax charges are taxable under Bjornen v. State Farm Fire and Casualty Co., 81 Haw. 105, 109 (1996).  Since this case was removed by the Grandes, the state court filing fees are also appropriate, as are the postage costs, which this Court has typically awarded.  While NPH may not have used the most efficient or cost-effective means of service possible, it is entitled to recover their actual expenditures on service.  The Special Master also finds that NPH has sufficiently justified its copying costs.  It specifies the number of copies done in-house, and provides receipts for all outside vendors.  While many of these outside vendors charged more than $0.15 per copy, this is understandable, given that many

5

of the copies were for blueprints and items much larger than a piece of standard 8.5" x 11" paper. The overall amount of copying was not excessive given the length and scope of this litigation. In addition, the court reporter fees incurred for Mr. Grande's trial testimony, as well as the fees for deposing city records personnel, appear to have been reasonably incurred in the enforcement of the provisions of the DCC&R.

The Special Master agrees with the Grandes, however, that NPH has failed to adequately justify the $78 it seeks in recording fees. Accordingly, the Special Master recommends that NPH's fee award be reduced by $81.25, which is the after-tax amount sought for the filing of these unspecified documents.

II.  ATTORNEY'S FEES

In addition to disputing NPH's request for costs and expenses, the Grandes also object to NPH's requested attorney's fees. As an initial matter, the Special Master FINDS that NPH's attorneys seek a reasonable rate for the work they performed, and that in general, NPH's attorneys devoted a reasonable amount of time to this litigation. While this case has taken nearly four years to resolve, through multiple rounds of settlement negotiation and two summary judgment proceedings, NPH at no point engaged in dilatory or unwarranted litigation conduct. To the contrary, NPH acted reasonably and prudently throughout the

litigation.

The Grandes do point out certain charges, however, which the Special Master finds to be unreasonable. Specifically, the Special Master recommends that the Court not award NPH the 0.3 hours it seeks for responding to the potential bankruptcy filing of the Grandes, as that is a separate proceeding, not part of this litigation. In addition, the Special Master recommends that the Court not award NPH the 0.2 hours it originally sought for reviewing a complaint filed with the Department of Health.[2] Finally, the Special Master recommends that the Court not award NPH the 1.3 hours objected to by the Grandes for fees NPH incurred for discovery-related work performed in the state mechanic's lien case. NPH's overall attorney's fee award should therefore be reduced by $359.39, which represents the charges incurred in these areas, plus the 4.17% excise tax.

The Grandes' other objections, however, are without merit. The Special Master finds reasonable the 0.2 hours NPH spent reviewing hearing notices and the Court rules regarding briefing, as well as the 0.4 hours it spent reviewing paint colors for roof vents, skylight frames, and flashing. The Special

---

[2]This request was withdrawn by NPH in its Reply Memorandum.

Master also finds that it was reasonable for NPH to investigate the issue of waiver raised by the Grandes in regards to NPH's approval of the Grandes' plans.

The Grandes challenge, in somewhat general terms, the rates that NPH's attorneys charged for telephone calls with Court Clerks and Courtroom Managers. The Special Master finds these rates to be reasonable given the infrequency and brevity of these calls. The Grandes also challenge one entry in particular, namely, a telephone call between one of NPH's attorneys and one of Judge Ezra's law clerks, "who had formerly been a summer law clerk at Mr. Jacobson's former law firm, hired by him while its hiring partner, but had not received an offer of an associate's position at the end of the summer." (Mem. Opp. 8.) Billing 0.2 hours for a conversation with Court staff is entirely reasonable, and is in no way troublesome or improper in the abstract. If the Grandes wish to make specific allegations of ethical improprieties by either NPH's attorneys or by officers of the Court, they may certainly do so in the appropriate forum, and in the appropriate manner. The Special Master will not address this issue, however, when it is presented as unsubstantiated innuendo in opposition to a motion for attorney's fees.

The Grandes continue their opposition by alleging that NPH is requesting fees for much more than litigation activity, and point to work done both

prior to litigation, and "after being notified that defendants had abandoned the property." (Mem. Opp. 8-9.) These fees are proper, however, as they were incurred in "[e]nforcing [a] provision of the association documents," Haw. Rev. Stat. §421J-10.

The Grandes also object to NPH's request for fees for "opposing consolidation of this case with the case against Grandes' contractor and the case brought by Grandes' neighbor" as well as to NPH's fee request for "unsuccessfully trying and drafting documents to get a stipulation to a Magistrate Judge's trial despite being advised that would not happen, and it didn't." (Mem. Opp. 9.) Both the choice to pursue consolidation and the choice to pursue trial by a magistrate judge were litigation strategies selected by NPH. The Special Master will not second-guess these strategies at this time. NPH is entitled to the fees it incurred in achieving a successful outcome; it need not have been successful on each individual portion of the case to obtain those fees.

Interestingly, the Grandes, without providing any specific examples, also object to NPH's "numerous entries for purportedly preparing or reviewing correspondence or memoranda without indicating their subjects or topics researched, and/or without saying who they came from and/or went to." (Mem.

Opp. 9.) The Special Master disagrees, and finds NPH's billing records to be sufficiently specific to recover the fees it seeks.

Next, the Grandes contend that NPH "is seeking fees for conferences among its attorneys, and with attorneys in the neighbor's aborted suit against the Grandes" as well as "for conversations with multiple client representatives on the same subject." (Mem. Opp. 10.) NPH is entitled to recover fees for conferences with attorneys who represented different parties in this action. NPH is also entitled to recover fees for conversations with multiple client representatives, since these representatives were tasked by NPH with different roles and different areas of authority. Finally, the Special Master can find no specific instances of NPH seeking fees for internal conferences between members of the same firm, as alleged by the Grandes.

The Grandes also challenge the fees NPH seeks for "drafting Board minutes and resolutions," for "talking about, or researching or working on, bills, compensation, and other fee matters, including the present motion," "for "internal memos, calls and memos covering the same items, or drafting lengthy memos," and for Westlaw research. (Mem. Opp. 10.) The Grandes fail to point out with particularity which memos and calls it finds offensive, however, and the Special Master finds the time NPH spent on these matters to be generally reasonable under

these circumstances.  The Special Master also recommends that NPH be allowed fees related to the drafting of board minutes and resolutions, since these were "incurred in enforcing the governing documents" against the Grandes.  (Reply Mem. 12.)  Similarly, the Special Master recommends that NPH also be allowed fees for its work on fee matters, and for its Westlaw research, since the Special Master is aware of no rule prohibiting fees for this type of work.

The Grandes further object to NPH's request for fees incurred "relating to a TRO application, and amended complaint, although neither was ever filed," for "a letter advising Grandes' counsel that the Complaint would not be amended," for work done in connection with the Grandes' appeal of a sanctions order, and for opposing the Grandes' motion to disqualify Judge Kobayashi.  (Mem. Opp. 10-11.)  Once again, the Special Master will not second-guess NPH's litigation strategy.  Not every hour worked need have had a productive result for NPH to recover its attorney's fees for that hour.  Here, the overall amount of time that the Grandes dedicated to each task, and their overall strategy, was reasonable.

Finally, the Grandes object to NPH's request for attorney's fees related to the Counterclaim.  As NPH points out, its attorneys in its principal suit needed to communicate with Mr. Zalewski, the counterclaim attorney, since the Counterclaim, if successful, would have completely pre-empted NPH's claims

against the Grandes.  Under these circumstances, the Special Master finds that it was reasonable for NPH's claims attorneys to confer with its counterclaim defense attorney.

The Grandes do not object to any other specific billing entries of NPH, and spend the remainder of their opposition discussing what they view as the "quixotic antics" of NPH, which they believe "needlessly expanded and prolonged the litigation." (Mem. Opp. 11.)   As discussed above, the Special Master disagrees with this assessment of the litigation, and finds that NPH, in general, acted in a reasonable and prudent manner in pursuing its claims.  Accordingly, the Special Master RECOMMENDS that NPH be awarded $215,844.69 in attorney's fees, costs and expenses.[3]

## CONCLUSION

For the foregoing reasons, the Special Master FINDS & RECOMMENDS that NPH's motion for attorney's fees and costs be GRANTED IN PART and DENIED IN PART, and that NPH be awarded $215,844.69.

---

[3] $216,285.33 - ($81.25 + $359.39) = $215,844.69

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: July 18, 2008

Na Pali Haweo Community Association v. Grande; Civ. No. 04-00413 DAE-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART