NEELEY & ANDERSON LLP
A Limited Liability Law Partnership

JOYCE Y. NEELEY      (3134-0)
LANCE S. FUJISAKI    (4224-0)
SCOTT R. GRIGSBY     (6673-0)
733 Bishop Street, Suite 2301
Honolulu, Hawai`i  96813
Telephone: (808) 536-8177
Facsimile: (808) 536-4977

X:\NaPaliHaweo\Grande\Usdc PLEADINGS\Reply to Obj-fnl.wpd

Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION, a Hawaii nonprofit corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; AND DOE GOVERNMENTAL UNITS 1-10,<br><br>    Defendants.<br><br>ANTHONY CHARLES GRANDE and NARINDAR KAUR GRANDE,<br><br>    Counterclaim Plaintiffs, | CIVIL NO. CV04-00413 DAE/BMK<br><br>(Injunctive Relief)<br><br>PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S RESPONSE TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART (FILED AUGUST 7, 2008); DECLARATION OF LANCE S. FUJISAKI; CERTIFICATE OF SERVICE |

vs.

NA PALI HAWEO COMMUNITY
ASSOCIATION; RONALD K. AWA
and DOES 1-25,

      Counterclaim Defendants.

---

**PLAINTIFF NA PALI HAWEO COMMUNITY ASSOCIATION'S
RESPONSE TO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S
REPORT RECOMMENDING THAT PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED
IN PART (FILED AUGUST 7, 2008)**

      Plaintiff NA PALI HAWEO COMMUNITY ASSOCIATION ("NPH") submits the following Response to Objections ("**Objections**") to Special Master's Report Recommending That Plaintiff's Motion for Attorney's Fees and Costs Be Granted in Part and Denied in Part (Filed August 7, 2008) ("**Report**"). As used herein: "**Motion**" refers to NPH's Motion for Award of Attorney's Fees and Costs and Expert's Fees and Costs filed on April 11, 2008; "**MIS**" refers to NPH's Memorandum in Support of the Motion; "**MIO**" refers to Defendants' Memorandum in Opposition to the Motion; "**Reply Memo**" refers to the Reply Memorandum Regarding the Motion filed June 9, 2008; "**Obj**." refers to the Objections; unless otherwise stated, references to exhibits are to the exhibits attached to the Motion and/or Reply Memo.

      Defendants' Objections substantially duplicate their MIO. As this Court is required to review the Report *de novo*, NPH will not repeat arguments previously made in its MIS and/or Reply Memo, except to the extent necessary to respond to new or modified objections.

**A.     Defendants' Objections Are Untimely**

Rule 54(d)(2)(D) authorizes the Court to adopt special procedures to resolve fee-related issues, including referral of "a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." LR53.1 sets forth the procedures for magistrate judges to review motions for fees and costs.

The procedures for objecting to the Report are described in LR74.2:

> LR74.2    MAGISTRATE    JUDGES;    REVIEW    OF RECOMMENDATIONS FOR DISPOSITION--28 U.S.C § 636(b)(1)(B)
>
> Any party may object to a magistrate judge's case dispositive order, findings, or recommendations under LR72.4, 72.5, and 72.6 <u>within eleven (11) calendar days after the entry of the magistrate judge's order, findings, or recommendations</u>. Any party may move for reconsideration before the magistrate judge pursuant to LR60.1. A reconsideration motion shall toll the time in which objections must be filed to the magistrate judge's order, findings, or recommendations; objections must be filed within eleven (11) days from entry of the order disposing of the reconsideration motion . . . . The objecting party shall file with the clerk, and serve on the magistrate judge and all parties, <u>written objections that specifically identify the portions of the order, findings, or recommendations to which objection is made and the basis for such objections</u>. Any party in interest may file a response within eleven (11) calendar days after service thereof . . . . No reply in support of objections or cross-objections to a magistrate judge's case dispositive proposed order, findings, or recommendations shall be filed without leave of court.

Defendants violated LR74.2 by failing to file and serve their objections within 11 calendar days following entry of the Report (plus 3 days for service). The Report was filed on July 18, 2008. Under LR74.2, Defendants had 11 calendar days to file their objections. As the Court's Certificate of Service indicates that the Report was served upon Defendants on July 18, 2008, via First Class Mail, under FRCP Rule 8(d), Defendants had an additional 3 days to file their objections. Thus, Defendants' objections were due <u>August 1, 2008</u>, which is the 14th day after entry of the Report.

(It should be noted that LR74.2 specifies calendar days, not business days. Moreover, FRCP Rule 6(a)(1) specifies that weekends and holidays are not counted in the calculation only if the deadline is less than 11 days.)

On August 7, 2008, <u>20 days</u> after the Report was filed, Defendants filed objections to the Report. Defendants' objections are untimely under Rule 72 of the Federal Rules of Civil Procedure and should be stricken. (The record should reflect that Defendants served the Objections on NPH via U.S. mail, and <u>not</u> via hand delivery; the Certificate of Service describes service via "first-class mail or hand delivery.")

**B.    Defendants' Objections Do Not Satisfy The Requirements of LR74.2**

Defendants are mandated under LR74.2 to submit "written objections that <u>specifically identify</u> the portions of the order, findings, or recommendations to which objection is made and the <u>basis</u> for such objections." The rationale for this requirement is that the magistrate system is intended to streamline the review of motions by District Court judges. Objections should isolate for the District Court judge those findings and recommendations that may be challenged in good faith:

> "[i]f the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Id. at 402-403.

<u>Betancourt v. Ace Insurance Company of Puerto Rico</u>, 313 F. Supp.2d 32, 34 (2004) (quoting <u>Sackall v. Heckler</u>, 104 F.R.D. 401 (D.R.I.1984)).

A similar problem arose in <u>Betancourt v. Ace Insurance Company of Puerto Rico</u>. A magistrate judged issued a report and recommendation on a motion to compel arbitration. Like the Defendants in this case, plaintiff filed objections to the report which were virtually the same as her memorandum in opposition. The Court observed that "the objections presented . . . are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." The Court disregarded the objections noting:

> [T]his Court finds that most of Plaintiff's objections are an <u>exact duplicate of her Opposition</u> to the Motion to Compel Arbitration (Docket No. 15). Betancourt's objections do not reflect an understanding that a plaintiff may <u>not simply restate the arguments</u> that the Magistrate-Judge considered and expect the Court to treat the filing seriously.

> Betancourt again does not provide any specific analysis to contradict or counter the Magistrate's conclusions of law, and instead reiterates the ground already covered by the Magistrate.

<u>Id</u>. at 34 (emphasis added).

Citing <u>Castro-Rivera v. Citibank</u>, 195 F. Supp.2d 363, 365 (D.P.R.2002), the court noted that where plaintiffs simply restate the arguments that the Magistrate Judge had already considered, a party should not expect the Court to treat the filing seriously. *See also* <u>Monfort-Rodríguez v. Hernández</u>, 286 F. Supp.2d 119, 121 (D.P.R.2003) (in which the Court found that plaintiff's objections were simply restatements of the arguments that the Magistrate Judge had already considered, and that they "offered nothing to bolster their objections except their own interpretation of the evidence.")

In <u>Vandiver v. Martin</u>, the District Court for the Eastern District of Michigan stated:

> An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the <u>opportunity to consider the specific contentions of the parties and to correct any errors immediately.</u>" Walters, 638 F.2d at 949-50. The Supreme Court upheld this rule in Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report <u>enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute.</u>" Id. at 147, 106 S.Ct. 466 (footnote omitted). Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all objections a party may have." Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987).

304 F. Supp.2d 934, 937 (emphasis added).

### C.    The June 30, 2008, Order Regarding Sanctions Has No Bearing On this Motion

The thrust of Defendants' objections is that Judge Kurren "essentially ignored this Court's (Judge Ezra's) Order of June 30, 2008." Obj. at 2. This argument has no merit as the June 30, 2008, Order has no bearing on the Motion.

First, the Motion does not seek reimbursement of fees and costs requested as sanctions in the Affidavit of Lance S. Fujisaki filed December 6, 2004. Thus, NPH is not attempting to recover through the Motion fees and costs which this Court previously denied as sanctions.

Second, Defendants misrepresent the rulings of this Court. For example, Defendants argue that "[t]he Special Master also ignored Magistrate Judge Kobayashi's earlier determination that, in any event, a substantial amount of Plaintiff's fees incurred in connection therewith were <u>unreasonable</u>." Obj. at 3 (citing to October 19, 2004, Order). In fact, there is nothing in the order declaring the fees unreasonable.

*See* discussion in Reply Memo at 7. Rather, Judge Kobayashi did not award approximately 10 hours of attorney time due to block billing and time in which multiple attorneys worked on the same task, and additional time for a motion to strike answer, which the Court had not awarded.

Third, as discussed in greater detail in the Reply at 6-7, as the prevailing party, NPH is entitled to its reasonable fees in pursuing its claims although it may have suffered some adverse rulings. The Ninth Circuit has held that the prevailing party is entitled to all reasonably expended fees, even if the court ruled against the prevailing party on a particular sub-issue:

> If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim-even though she may have suffered some adverse rulings. Here, although the Supreme Court vacated our judgment, the Court's order was simply a temporary setback on the way to a complete victory for plaintiff . . .
>
> Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning. The County would have us scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case. This makes little sense.

Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991).

Fourth, despite this Court's June 30, 2008, Order, Judge Kobayashi granted NPH's request for sanctions and upheld her decision by orders entered on November 19, 2004, September 25, 2006 and December 4, 2006. The fact that Judge Kobayashi ruled in favor of NPH is evidence that, while judges may differ on the appropriateness of sanctions, NPH's handling of the entry of default was not unreasonable.

Fifth, Defendants are required to specifically identify the entries, by category and entry number, that they object to. Instead, Defendants merely cite to pages "3, 5, 7, 16-17, 18, 26-27, 28, 31, 39" of Exhibit "B." A number of these pages do not appear to contain any entries relevant to their argument. Having failed to discharge their obligations, Defendants' objections should be disregarded.

Sixth, Defendants are citing the phrase, "Plaintiff, not the Grandes, is arguably the party whose actions can be seen as complicating the proceedings" (June 30, 2008, Order at 7), and arguing that this applies to the <u>entire</u> litigation. This comment was made concerning the narrow issue of default entered in July 2004 which was vigorously litigated by both sides. As Defendants have focused their attention on this statement, NPH will briefly summarize the events that led to and followed the entry of default.

NPH filed its Complaint on June 1, 2004. Defendants filed a Notice of Removal on July 8, 2004, confirming that Defendants knew this action had been filed. Nevertheless, they failed to file an Answer, and default was entered on July 16, 2008. After receiving a copy the entry of default, Defendants filed an Answer and Counterclaim against NPH. On August 9, 2004, counsel for NPH on the Counterclaim filed a motion to strike the Answer and to dismiss the Counterclaim, noting Defendants removed the case to federal court, <u>failed</u> to answer, <u>failed</u> to request or move for additional time to file their Answer before entry of default, <u>failed</u> to move to set aside the entry of default, and <u>failed</u> to seek a stipulation to that effect.

Defendants requested that NPH stipulate to set aside entry of default and consent to the filing on the Counterclaim. NPH had <u>good cause</u> not to stipulate to set aside entry of default as this would validate the Counterclaim which was entirely lacking in

merit, broaden and complicate the litigation, and add a new party to the case, the Chair of the Architectural Review Committee.

On September 16, 2004, Defendants filed a 4 1/2 page Memorandum in Opposition. On September 27, 2004, 2 1/2 months after the Answer was due, Defendants filed a <u>36 page</u> motion to extend time to file an answer and to set aside the entry of default, attaching 19 exhibits. In its breadth, the motion was tantamount to a motion for summary judgment. The most troubling aspect of the motion was the Declaration of Defendants' counsel, Mr. Jacobson, which stated, in part, that in light of his clients' absence, he "telephoned Association's counsel, Neeley & Anderson LLP . . . After I was told that neither of them was available, I left a message for both Ms. Iglesias and Mr. Fujisaki, asking for a week's extension within which to file Grandes' Answer. I confirmed that request with a letter mailed to them the same day. Attached as Exhibit P is a copy of my letter, except that I signed the mailed original." These statements were false. NPH's counsel received no such letter or telephone message from Mr. Jacobson.

On October 8, 2004, NPH filed a 30 page memorandum in opposition to the motion which, in part, responded to Defendants' false representations. This memorandum included a detailed history of communications between NPH and Defendants' counsel and discussion of the merits of NPH's case. The memorandum explained why Mr. Jacobson's contentions were incredible.

Under the circumstances, it was reasonable for NPH not to stipulate to set aside default and the filing of the Counterclaim. Moreover, as NPH prevailed in this case via summary judgment on both its Complaint and the Counterclaim, the record establishes that Defendant's defenses and claims were lacking in merit.

### D.     Response to Other Objections

The following responds to various other objections raised by Defendants. To the extent Defendants are raising new issues not previously raised in their MIO, they should be barred from doing so.

### Objections at 3-4

Defendants argue that the Ninth Circuit Court in <u>Champion Produce, Inc. v. Ruby Robinson Co., Inc.</u>, 342 F.3d 1016 (9th Cir. 2003), "makes clear that awards of costs and expenses in federal courts, 'even in diversity cases,' are to be based upon federal rather than state law." The court rendered no such ruling. The court merely stated, "We also review a denial of attorneys' fees under state law, <u>Barrios v. Cal. Interscholastic Fed'n</u>, 277 F.3d 1128, 1133 (9th Cir.2002), as well [as] a denial of costs under Rule 54(d)(1), <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572, 592(9th Cir.2000) (en banc), for abuse of discretion." The court did not rule that state law does not apply to claims for recovery of costs.

Defendants made essentially the same argument in the MIO at 4 and NPH responded to this argument in its Reply at 3. NPH will not repeat its argument, other than to note that in other cases, this Court has reviewed requests for costs under Hawai`i law, and although not mentioned in the Report, NPH is entitled to costs under the DCC&R and Chapter 421J, Hawai`i Revised Statutes, per Count II of the Complaint.

### Objections at 5

This page duplicates the MIO. Please see Reply Memo.

## Objections at 6

Defendants argue that the "Local rule mandates that 'The cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable.'" *See* discussion at 10.

The remainder of this page duplicates the MIO. Please see Reply Memo.

## Objections at 7

This page is a near duplicate of the MIO. The only difference is that Defendants have slightly modified the argument at the bottom of the page concerning "fees on fees," which was also raised in the MIO at 10 (lines 8-11) and addressed in the Reply Memo.

Defendants cite to the <u>Brandt</u> action. The record should reflect that, although Mr. Jacobson withdrew as counsel in this case, he continues to represent Defendants in the <u>Brandt</u> action and continues to "assist" Defendants in this case. *See* Affidavit of Stephen B. Jacobson filed May 10, 2008 (Doc. #222).

## Objections at 8

This page is a near duplicate of the MIO, however, Defendants are raising the following new arguments which this Court should disregard as untimely:

1.     Defendants are now challenging .3 hours for calling the clerk's office "re filing an errate." See Ex. "B," at 22, entry 513, April 19, 2006. This entry relates to the Errata Supplementing the MSJ filed April 20, 2006.

2.     Defendants are now challenging "2.6 hours . . . spent 'researching allowable interrogatory subparts." See Ex. "B," at 14, entry 330, June 9, 2006. This

describes work in preparation of the letter to Judge Kobayashi attached as Ex. "K," at 15-16.

3.    Defendants are now challenging ".7 hours . . . spent researching whether Grandes' submitting plans during settlement discussions could be called an admission." See Ex. "B," at 22, entry 521, May 24, 2006. Research was needed to insure that NPH's position on the then pending MSJ was not adversely affected by its response to Defendants' proposed plan for remedial work.

4.    Defendants are now challenging "5.4 hours were purportedly spent scheduling a meeting." This is an intentionally misleading statement. At pages 16-17 of its MIS, NPH discussed the difficulties it encountered in scheduling a meeting between the Chair of NPH's Architectural Review Committee and Defendants' architect. For three months, from March through May 2007, N&A had numerous communications with Defendants and counsel for Defendants' architect to reach an agreement for a meeting of architects. This issue was discussed in detail in N&A's April 20, 2007, letter to Judge Kurren. Ex. K at 23.This was the main topic at the Status Conference on April 23, 2007. A substantial amount of time was spent resolving various issues concerning the meeting. Defendants' statements are completely disingenuous.

## Objections at 9

This page is a near duplicate of the MIO. The only differences is the first sentence which does not warrant a response.

## Objections at 10

This page is a near duplicate of the MIO except that Defendants raise the following new objections which this Court should disregard as untimely:

1.      There is a new statement that "[t]here are references to conversations with attorney Wong on another case scattered throughout Plaintiff's Exhibit B" at lines 6-8. The onus is on Defendants to refer specifically to the entries to which they object. Having failed to do so, Defendants' objections should be disregarded.

2.      There is a new statement that "Plaintiff wants fees purportedly relating to a 2004 summary judgment motion that it didn't file" at lines 9-10. Although work on the MSJ began in 2004, it was not filed because the case was removed from the trial calendar by Judge Kobayashi from November 16, 2004, through December 23, 2005, pending settlement discussions. It should be emphasized that the services rendered in 2004 were not wasted as NPH filed the MSJ in 2006 and the MSJ was granted in part and denied in part via order entered July 18, 2006. *See* discussion in the MIS at 5.

### Objections at 11

This page is a near duplicate of the MIO except that Defendants raise the following new objections which this Court should disregard as untimely:

1.      Defendants note a blank entry on page 19 of Ex. "B," entry 445. This is an obvious typographical error. The entry is correctly described on page 63 of Ex. "J" (the actual invoice for services rendered) and should read: "Telephone conference with attorney Zalewski regarding subpoena for records in possession of the City and County of Honolulu."

2.      Defendants question entry 498, "Conduct legal research on potential choice of law issue in diversity case." Ex. "B," at 21, entry 498, April 10, 2006. NPH included in its MSJ a discussion of cases supporting the point that Hawai`i law applies.

3.      Defendants object to "having multiple attorneys in client meetings." As noted in the Report at 10, "NPH is also entitled to recover fees for conferences with

attorneys who represented different parties in this action . . . Finally, the Special Master can find no specific instances of NPH seeking fees for internal conferences between members of the same firm, as alleged by the Grandes." Defendants' objections again fail to cite to any specific entries of improper billing.

### E.    Supplemental Award of Fees and Costs

As the prevailing party, NPH is entitled to an award of fees and costs. NPH incurred $2,952.87 in legal fees (including taxes) and $10.39 in costs in preparing and filing this Response. The legal fees were incurred in motions practice, *i.e.*, Phase E of LR54.3(d)1. Under the authorities cited in the Motion, NPH requests an award of the foregoing fees and costs in addition to other amounts awarded. *See* Affidavit of Lance S. Fujisaki.

DATED:  Honolulu, Hawaii, August 19, 2008.

/s/ *Lance S. Fujisaki*
JOYCE Y. NEELEY
LANCE S. FUJISAKI
SCOTT R. GRIGSBY
Attorneys for Plaintiff
NA PALI HAWEO COMMUNITY
ASSOCIATION