IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NA PALI HAWEO COMMUNITY ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY CHARLES GRANDE; NARINDAR KAUR GRANDE; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants.<br>_____<br><br>ANTHONY CHARLES GRANDE AND NARINDAR KAUR GRANDE,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>NA PALI HAWEO COMMUNITY ASSOCIATION; RONALD K. AWA, and DOES 1-25,<br><br>Counterclaim Defendants.<br>_____ | CV. NO. 04-00413 DAE-BMK |

ORDER ADOPTING IN PART AND REMANDING THE
SPECIAL MASTER'S FINDINGS AND RECOMMENDATIONS
THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
AND COSTS BE GRANTED IN PART AND DENIED IN PART

Pursuant to Local Rule 7.2(e), the Court finds this matter suitable for disposition without a hearing. After reviewing Anthony Grande's and Narindar Grande's ("Defendants") Objections to the Special Master's Findings and Recommendations ("Objections," Doc. # 233) and Na Pali Haweo Community Association's ("NPH" or "Plaintiff") Response to Defendants' Objections ("Response," Doc. # 234) the Court GRANTS in PART and DENIES in PART Defendants' Objections and ADOPTS in PART and REMANDS the Special Master's Findings and Recommendations ("F&R," Doc. # 232) as set forth below.

## BACKGROUND

This Court will dispense with a lengthy recitation of the facts in this case as the parties are familiar with its history. This Court repeats only the background facts necessary for a decision on the objections to the F&R in the discussion section below.

This Court granted summary judgment to NPH on March 20, 2008. (Doc. # 216.) NPH filed a motion for attorneys' fees and costs on April 11, 2008.

("Attorneys' Fee Motion," Doc. # 218.)  Defendants, after properly receiving an extension of time to file, timely filed their opposition on May 29, 2008.  (Doc. # 228.)  In the interim period between the filing of the two aforementioned memoranda, Defendants filed a motion to alter and amend judgment (Doc. # 219), and NPH accrued additional fees of $2,004.67 responding to Defendants' motion.  On May 28, 2008, NPH filed a supplemental memorandum for attorneys' fees to add the $2,004.67 in fees.  (Doc. # 228.)   The Special Master added the $2,004.67 to NPH's original amount of $214,280.66 making the total requested, according to the Special Master, $216,285.33.  (F&R at 3.)  On June 9, 2008, NPH filed a reply ("Reply," Doc. # 230) in support of its Attorneys' Fee Motion and incurred $3,904.74 in so doing.

On June 30, 2008, this Court issued the Order Granting Defendants' Appeal of the Magistrate Judge's Orders Dated September 25, 2006 and December 4, 2006.  ("Order," Docs. # 158 and # 173 respectively.)  The Order dismissed the sanction award of $3,642.42 that had been awarded in NPH's favor.  NPH explicitly claims they did not seek that amount in the Attorneys' Fee Motion and are not seeking it in the current Response to Defendants' Objections.

On July 18, 2008, the Special Master issued the F&R awarding NPH $215,844.69 in attorneys' fees and related non-taxable costs and taxable costs.

Defendants filed the instant Objections on August 7, 2008, and NPH filed their Response on August 19, 2008.

## STANDARD OF REVIEW

Parties may file objections to, or motions to adopt or modify, a master's order, report or recommendations no later than 20 days after a copy is served. Fed. R. Civ. P. 53(f). A district judge may designate a magistrate judge to serve as a special master in appropriate civil cases. 28 U.S.C. § 636(b)(2); LR 53.1. "Unless otherwise ordered by a district judge, the magistrate judge designated to handle non-dispositive matters in a civil case is . . . designated to serve as special master to adjudicate any motion for attorneys' fees and related non-taxable expenses filed in a civil case." LR 53.1.

The District Court reviews all objections to masters' findings and recommendations of facts and conclusions of law de novo. Id. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust and Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

## DISCUSSION

This Court determines, as set forth below, that the Defendants timely filed their Objections, that this Court Adopts in Part the Special Master's F&R and that this matter is remanded to the Special Master for further determination of the extent to which NPH is a prevailing party and the reasonableness of NPH's attorneys' fees and related non-taxable expenses.

I.  Timeliness

NPH argues in their Response that the Defendants did not timely file their Objections pursuant to Local Rule 74.2, which dictates how long a party has to object to a magistrate judge's case dispositive order, findings, or recommendations.[1]

The appropriate length of time to file objections in this case, however, is governed by Federal Rule of Civil Procedure ("FRCP") 53(f)(2).  See Standard of Review, supra.  Magistrate Judge Barry M. Kurren was automatically designated as the special master to adjudicate the motion for attorneys' fees in this civil action according to Local Rule 53.1.  NPH's argument is, therefore, asserted erroneously as Defendants had 20 days to file their objections pursuant to FRCP 53(f)(2). Defendants timely filed their Objections to the Special Master's F&R.

---

[1]  Local Rule 74.2 allows 11 days for a party to file objections.

II. Adopting in Part

This Court Adopts the Special Master's F&R insofar as it correctly applied federal and state law when and where appropriate, and insofar as it granted Defendants' objections to various minimal costs and fees requested by NPH.

   A. State vs. Federal Law, Generally

Defendants assert that the Special Master "misread" Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016 (9th Cir. 2003) when the Special Master awarded attorneys' fees and related non-taxable expenses associated with NPH's litigation of the case based on state law. (Objection 3-4.) Defendants contend that Champion stands for the proposition that costs and "expenses" must be determined according to federal law. (Objection 3-4.)

Attorneys' fees and related non-taxable expenses are awarded according to state laws when a court sitting in diversity applies state substantive law. See Farmers Ins. Exch v. Law Offices of Coranado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001). This assertion naturally stems from the requirement that the motion for attorneys' fees must state the statute, rule, or other authority entitling the moving party to the award. See Fed. R. Civ. P. 54(d)(2)(B)(ii); LR 54.3(d). It is well settled in Hawai`i that "'attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement.'"

Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (quoting Weinberg v. Mauch, 890 P.2d 277, 290 (Haw. 1995)).

The Ninth Circuit in Champion correctly separated its discussion of awarding *costs* and *fees* by distinguishing between *taxable costs*–governed by the Federal Rules of Civil Procedure–and *attorneys' fees and related non-taxable expenses*–governed by state statute when the federal court is sitting in diversity. Champion 342 F.3d at 1025-26 (citing Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). The court in Champion at no time uses the word "expenses" when delineating between costs and fees. Defendants' contention is based on the Special Master's correct use of the word "expenses" in reference to NPH's expert fees as related non-taxable expenses. (F&R 5.) Defendants' argument is not based on a erroneous reading of Champion so much as it is based on their misunderstanding between what are *taxable costs* and what are *attorneys' fees and related non-taxable expenses*.

The Ninth Circuit in Champion declared that "standard costs in federal district court [are] normally governed by Federal Rule of Civil Procedure 53(d), even in diversity cases." Id. at 1022. The court in Champion was referring to taxable costs. Taxable costs can most commonly be referred to as court costs. This is clear in the list of costs allowed under Local Rule 54.2 and 28 U.S.C.

§§ 1821, 1920-1925.  These costs include, but are not limited to, court related copying costs, clerk of court fees, service of process cost, court reporter costs, interpreter costs, and per diem, subsistence, and milage costs for witnesses, including expert witnesses appearing at trial.  The Special Master did not misread <u>Champion</u> when it awarded costs pursuant to FRCP 53(d) and Local Rule 54.2.

        The Special Master did not misread <u>Champion</u> in applying state law to the award for attorneys' fees and related non-taxable expenses.  Attorneys' fees and related non-taxable expenses can be loosely categorized as all other reasonabl*e* expenses incurred in the process of litigation, including, but not limited to, billable hourly rates for law office personnel working on the suit, telephone charges and faxes, conferring with clients, legal research, drafting memoranda, hiring experts for use in developing a case, etc.  Defendants asserted that the Special Master should not have awarded "costs" based on the foregoing categories because none of these types of fees are found in 28 U.S.C. §§ 1821, 1920-1925, FRCP, or this Court's local rules.  (Objection 3-5.)  Again, Defendants' assertion is dependent on a misunderstanding of both the authority to which they cite and the distinction between taxable costs and attorneys' fees and related non-taxable expenses.  None of the attorneys' fees and related non-taxable expenses are allowed under the United States Code sections cited by Defendants, however, attorneys' fees and

related non-taxable expenses are allowed under FRCP 54(d)(2) and Local Rule 53.4.  The FRCP and Local Rule allow for motions to be timely filed in which movants must specify the law upon which they seek the award of attorneys' fees and related non-taxable expenses.  NPH timely filed its Motion in which it stated that Hawai`i Revised Statute ("HRS") § 421J-10 governed the award of attorneys' fees and related non-taxable expenses.  It is also clear from <u>Stanford</u> that the Special Master appropriately awarded attorneys' fees and related non-taxable expenses where a state statute and agreement provided for such an award.  Defendants' objections that the Special Master erroneously relied on Hawai`i state law and a misreading of <u>Champion</u> are, thus, erroneous and without merit.  It is true that even NPH might not have labeled its costs and fees correctly.  The Special Master, however, was correct in delineating between what costs should be awarded under FRCP and Local Rules of the District Court and what fees should be awarded under state law according to its interpretation of <u>Champion</u> and HRS § 421J-10.

    C.  <u>Hawai`i Revised Statute § 421J-10</u>

The Special Master correctly applied HRS § 421J-10 to award attorneys' fees and related non-taxable expenses to NPH.  HRS states in pertinent part:

> All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for . . . enforcing any provision of the association documents or this chapter . . . against a member, occupant, tenant, employee of a member, or any other person who in any manner may use the property, shall be promptly paid on demand to the association by such person or persons.

Haw. Rev. Stat. § 421J-10.  The attorneys representing NPH incurred fees and expenses on behalf of NPH in order for NPH to enforce the association's documents, namely the Declaration of Covenants, Conditions and Restrictions ("DCC&R").  According to Farmers, Stanford, and Champion, supra, this Court ADOPTS the Special Master's application of federal and state law to costs and fees respectively.

    D.  Defendants' Objections to minimal fees and expenses

This Court adopts the Special Master's F&R insofar as it granted Defendants' objections to certain costs and fees.  Regarding the $81.25 (after tax) recording cost to which Defendants objected this Court Adopts the F&R in granting said objection.  (F&R 6.)  This Court also Adopts the F&R insofar as it Grants Defendants objection to $359.39 for various attorneys' fees.  (F&R 7.)

10

III. Remand

This Court Remands this action to the Special Master for the following reasons and with the following instructions.

According to the F&R, "[a]s an initial matter, the Special Master FINDS that NPH's attorneys seek a reasonable rate for the work they performed, and that in general, NPH's attorneys devoted a reasonable amount of time to this litigation." (F&R 6.) This is a conclusory statement supported by little to no analysis. Without more, this Court cannot adopt the finding that NPH's attorneys work was reasonable.

To determine the reasonableness of attorneys' fees the court must first determine the prevailing party. "A typical formulation is that 'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). While it appears obvious that NPH was the prevailing party in this case, it is sometimes important, as the following will show, to determine the level of success of the prevailing party in order to determine the reasonableness of the fees requested. For example, NPH was

only partially successful on two separate motions for summary judgment in this case, and this could alter the amount of fees awarded.

Where a plaintiff was only partially successful, the district court must engage in a two-part process to determine the appropriate fees. Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005). First, the court must consider whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." Hensley, 461 U.S. at 434. If the claims are unrelated, the hours expended on the unsuccessful claims should not be included in the fee award. Dang, 422 F.3d at 813. If the claims are related, the court should determine whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Id. It is appropriate to award attorneys' fees where a party did not necessarily receive all the relief requested, e.g. a party may have received injunctive relief instead of damages, like in the present case. Hensley, 461 U.S. at 435 n. 11.

The next step in determining the reasonableness of attorneys' fees is to calculate the lodestar amount, which is the product of multiplying the number of hours reasonably expended on the litigation by a reasonable rate. Hensley, 461 U.S. at 433 (1983); Dang, 422 F.3d at 812 (9th Cir. 2005). A reasonable rate may be determined by the customary and usual charge made by the legal community in

which the prevailing party's attorneys practice law.  See Sharp v. Hui Wahine, Inc., 49 Haw. 241 (1966).

The F&R contained no analysis of what a reasonable rate in the community is for the purposes of this litigation.  This Court, therefore, must REMAND for further findings relating to reasonableness of rates charged by Neeley and Anderson LLP ("N&A").

Furthermore, the reasonableness of the hours expended must be determined by the level of success of the prevailing party as described above.  The reasonableness of the time expended will depend on whether the hours spent by N&A were spent on claims upon which NPH succeeded and whether this success was significant enough to warrant an award of attorneys' fees for related unsuccessful claims under Dang.  Again, the F&R only makes a conclusive statement that N&A's fees are reasonable without applying any of the aforementioned analysis.  Without a more careful reading and inspection of N&A's exhibits, including a discussion regarding the prevailing party and the reasonableness of attorneys' fees, this Court cannot adopt the Special Master's contention that N&A's fees are reasonable.

## CONCLUSION

For the reasons stated above, the Court ADOPTS in PART and REMANDS the Special Master's Findings and Recommendations that Plaintiff's Motion for Attorneys' Fees be GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2008.

_____
David Alan Ezra
United States District Judge

Na Pali Haweo Community Association vs. Anthony Charles Grande, et al., Civil No. 04-00413 DAE-BMK; ORDER ADOPTING IN PART AND REMANDING THE SPECIAL MASTER'S FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART