IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NA PALI HAWEO COMMUNITY ASSOCIATION,

       Plaintiff,

vs.

ANTHONY CHARLES GRANDE, et al.,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civ. No. 04-00413 DAE-BMK

SPECIAL MASTER'S REPORT UPON REMAND RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

SPECIAL MASTER'S REPORT UPON REMAND RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART

       Before the Court is Plaintiff Na Pali Haweo Community Association's [218] Motion For Attorneys' Fees and Costs and [226] Supplemental Motion For Award of Attorneys' Fees and Costs.[1]  This Court previously issued a Special Master's Report recommending that Plaintiff's requests for fees and costs be granted in part and denied in part.  On October 8, 2008, District Judge David Alan Ezra filed an Order Adopting in Part and Remanding in Part the Special Master's Findings and Recommendations.  This Order addresses the remanded issues.  After careful consideration of the order remanding certain issues, the motions, and the

---

[1] This Order also addresses Plaintiff's requests for fees and costs made in its memoranda filed on 6/9/2008 (Doc. 230) and 8/19/2008 (Doc. 234).

supporting and opposing memoranda, the Special Master hereby RECOMMENDS that Plaintiff's motions be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded $222,712.69 in attorneys' fees, costs, and expenses.

<u>RELEVANT PROCEDURAL BACKGROUND</u>

On July 18, 2008, this Court issued a Special Master's Report, which recommended granting in part and denying in part Plaintiff's requests for fees and costs.  The Special Master recommended the Court award Plaintiff $215,844.69 in fees and costs and deny Plaintiff's request for recording fees, for responding to the potential bankruptcy filing, for reviewing a complaint filed with the Department of Health, and for work performed in the state mechanic's lien case.  (Special Master's Report at 6-7.)

Defendants filed objections to the Special Master's Report on August 7, 2008.  Plaintiff responded to the objections on August 19, 2008.

On October 8, 2008, District Judge Ezra entered an order adopting in part and remanding ("Order Remanding") the Special Master's Report.  Judge Ezra adopted the Special Master's Report "insofar as it correctly applied federal and state law when and where appropriate, and insofar as it granted Defendants' objections to various minimal costs and fees requested by [Plaintiff]."  (Order Remanding at 6.)  The Special Master's Report was remanded "for further findings

relating to reasonableness of rates charged by" Plaintiff's attorneys.  (Id. at 13.)

For guidance, Judge Ezra noted:

> the reasonableness of the hours expended must be
> determined by the level of success of the prevailing
> party . . . .  The reasonableness of the time expended will
> depend on whether the hours spent by [Plaintiff's
> attorneys] were spent on claims upon which [Plaintiff]
> succeeded and whether this success was significant
> enough to warrant an award of attorneys' fees for related
> unsuccessful claims under Dang [v. Cross, 422 F.3d 800
> (9th Cir. 2005)].

(Order Remanding at 13.)

On October 24, 2009, after the Order Remanding was filed, the

Special Master authorized each party to submit a supplemental brief on the

remanded issues.  Plaintiff filed a supplemental brief, but Defendants did not.

On January 13, 2009, this case was stayed after Defendants filed a

petition for relief in bankruptcy court.  The Court has since been notified that the

stay was lifted.

## DISCUSSION

As stated in the Special Master's Report, Plaintiff seeks attorneys'

fees and costs under the Declaration of Covenants, Conditions, and Restriction

("DCCR"), which provides:

> the Association . . . shall have the right to enforce any
> and all of the limitations, covenants, conditions,

3

> restrictions . . . imposed by this Declaration upon the
> Owners . . . , and the costs of enforcement, including
> court costs and attorneys' fees, shall be paid by any
> Owner who violates any such limitation, restriction,
> covenant or condition.

Plaintiff also moves for fees and costs under Haw. Rev. Stat. § 421J-10, which

allows for recovery of "[a]ll costs and expenses, including reasonable attorneys'

fees, incurred by or on behalf of the association for . . . [e]nforcing any provision

of the association documents."

As noted in the Order Remanding, in determining the reasonableness

of attorneys' fees and costs, this Court must first determine the prevailing party.

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if

they succeed on any significant issue in litigation which achieves some of the

benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424,

433 (1983).  Where a plaintiff is partially successful, courts consider whether "the

plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he

succeeded." Id. at 434.  If the claims are related, courts also determine whether

"the plaintiff achieve[d] a level of success that makes the hours reasonably

expended a satisfactory basis for making a fee award." Id.  Even if a plaintiff

succeeded on only some of the claims, "[w]here a plaintiff has obtained excellent

results, his attorney should recover a fully compensatory fee." Id. at 435.  ("In

4

these circumstances the fee award should not be reduced simply because the

plaintiff failed to prevail on every contention raised in the lawsuit.").

In determining the amount of fees to be awarded, the "most useful

starting point . . . is the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate." Id. at 433; see Dang v. Cross, 422 F.3d

800, 812 (9th Cir. 2005). In determining whether the rate is reasonable, courts

consider the prevailing market rates in the community and the experience, skill,

and reputation of the attorneys. Dang, 422 F.3d at 813.

Defendants do not dispute that Plaintiff is the prevailing party.

Indeed, Plaintiff did prevail on significant issues in this litigation. As detailed in

Plaintiff's Exhibit X, Plaintiff brought suit based on Defendants' numerous

violations of the DCCR. (Ex. X at 1-2.) Plaintiff partially prevailed on summary

judgment twice, wherein the Court determined that Plaintiff was entitled to

summary judgment on nine of the twelve violations. (July 18, 2006 and March 20,

2008 Orders Granting in Part and Denying in Part Summary Judgment; Ex. X.) As

to the remaining violations regarding the bubble-type skylights, the roof vents, and

the front entry light fixtures, Defendants voluntarily corrected those violations by

March 2006. (Anthony Grande 6/8/2006 Decl'n ¶ 14, Doc. 120-5; Ronald Yee

6/15/2006 Decl'n ¶ 11, Doc. 133-4). Plaintiff therefore prevailed on each of its

claimed violations either through summary judgment or through Defendants'

voluntary corrections.

Even if the Court considers Plaintiff to have only <u>partially</u> prevailed

on its claims (due to Defendants voluntarily correcting some of the violations), the

Court would nevertheless conclude that Plaintiff is entitled to fees.  Following the

<u>Hensley</u> analysis, where a plaintiff only partially prevails, this Court must

determine if the plaintiff's successful claims are "related to" its unsuccessful

claims.  <u>Dang</u>, 422 F.3d at 813.  Claims are related "if they involve a common core

of facts <u>or</u> are based on related legal theories."  <u>Id.</u> (emphasis in original).  "[T]he

focus is on whether the unsuccessful and successful claims arose out of the same

'course of conduct.'"  <u>Id.</u>  "Claims are <u>unrelated</u> if the successful and unsuccessful

claims are 'distinctly different <u>both</u> legally <u>and</u> factually.'"  <u>Id.</u> (emphases in

original).  Here, all of Plaintiff's claims are based on Defendants' various

violations of the DCCR.  Thus, the claims are factually and legally related.  <u>See</u>

<u>Hensley</u>, 461 U.S. at 434; <u>Dang</u>, 422 F.3d at 813.

Given that Plaintiff prevailed on all of its claims, either by summary

judgment or Defendants' own corrections, Plaintiff obtained "excellent results" in

this litigation.  Stated differently, Plaintiff "achieve[d] a level of success that

makes the hours reasonably expended a satisfactory basis for making a fee award."

6

Id. at 434.  Therefore, Plaintiff's counsel should "recover a fully compensatory fee."  Id. at 435.

In determining a reasonable hourly rate, the Court considers the prevailing market rates in the community and the experience, skill, and reputation of the attorneys.  Dang, 422 F.3d at 813.  Plaintiff's attorneys vary in experience, some having been admitted to the Hawaii Bar more than twenty years ago.  (Ex. D at 2.)  Plaintiff's paralegal also has more than ten years of experience.  (Id.)  The attorneys bill at rates between $150 and $205 per hour, and the paralegal's rate is $75 to $85 per hour.  (Id. at 3.)  According to Christopher Goodwin, a principal of a law firm that represents condominium and community associations, the hourly rates here "are consistent with market hourly rates charged by attorneys in the State of Hawaii when representing community associations in actions for injunctive relief and are comparable to or less than the rates charged by Declarant's firm for similar services."  (Goodwin Decl'n ¶ 7.)  Additionally, Judge Kobayashi previously entered an order finding that Plaintiff's attorneys' rates are manifestly reasonable.[2]  (Order Regarding Sanctions, Doc. 158.)  Likewise, this Special

---

[2] This order was ultimately appealed.  On appeal, the sanctions award was dismissed, but the reviewing court did not address whether the hourly rates were reasonable.

Master FINDS that the hourly rates of Plaintiff's attorneys and paralegal are reasonable.

Regarding the reasonableness of the hours spent on litigation, as noted in the Special Master's Report, the parties attempted to settle this case many times, and very different settlement offers were made throughout the history of this case. This Special Master assisted in settling this case and is very knowledgeable of the twists and turns this case went through. Indeed, Plaintiff's counsel approached settlement in good faith and did not unreasonably delay the settlement or adjudication of this case. For example, after settlement negotiations initially broke down, Plaintiff attempted to resolve this case through summary judgment. After the Court granted that motion in part, settlement discussions resumed. When settlement failed again, the Court entertained Plaintiff's second attempt to resolve this case through summary judgment. With the exception of the Special Master's previous reduction of certain fees and costs, the Special Master FINDS that the hours spent by Plaintiff's counsel on this case are reasonable.

The Special Master addressed Defendants' specific objections to Plaintiff's fees and costs in its previous Report and does not revisit those objections here. The Special Master therefore RECOMMENDS awarding Plaintiff $215,844.69 in fees and costs, as stated in its previous Report. The Special Master

8

notes, however, that its prior Report did not address Plaintiff's supplemental requests for fees and costs in the amount of $6,868.00. (See Doc. 234 at 14 (requesting $2963.26) and Doc. 230 at 15 (requesting $3904.74).) The Special Master FINDS these fees and costs to be reasonable and RECOMMENDS they be awarded to Plaintiff.

<u>CONCLUSION</u>

For the foregoing reasons, the Court FINDS and RECOMMENDS that Plaintiff's motions for attorneys' fees and costs be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded $222,712.69.[3]

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 28, 2009.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

[3] $222,712.69 = ($215,844.69 (original award) + $6,868.00).

Na Pali Haweo Community Association v. Anthony Charles Grande, et al., Civ. No. 04-00413 DAE-BMK; 08-00538 HG-BMK; SPECIAL MASTER'S REPORT UPON REMAND RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART.